Mark F. Buckman      SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman and
Mark F. Buckman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>Defendants.<br><br>And Related Cross-Action | Civil No. CV 24-00129 MWJS-KJM<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>JENNIFER BUCKMAN'S EX PARTE APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY KIMBERLY BUCKMAN SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO OBEY A SUBPOENA TO TESTIFY AT A DEPOSITIN IN A CIVIL ACTION<br><br>Fed. R. Civ. P. 45(g), LR7.10<br><br>Trial Date: November 3, 2025<br><br>ECF # 109, 109.1 |

**EX PARTE APPLICATION**

Defendant Jennifer Buckman respectfully applies to this Court, under Rule 45 of the Federal Rules of Civil Procedure, for an Order directing non-party Kimberly Buckman to appear before United States District Judge Micah Smith as soon as the court's schedule allows, and to show cause why Kimberly Buckman should not be held in contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey the Subpoena To Testify at a Deposition in a Civil Action, ECF 109 and 109.1.  However, if, before the date of the hearing on the Order to Show Cause, Kimberly Buckman fully complies with the Subpoena's commands by appearing for her deposition and giving testimony, and producing the documents sought in the Subpoena, Defendants will notify the Court immediately, so that the Order to Show Cause hearing may be vacated and Kimberly Buckman will not need to appear before the Court.  Defendant requests that the OSC may be served by U.S. Mail and email, at the addresses Kimberly. Buckman provided to the Court in the related action, because it has been challenging to personally serve her.  Those addresses are 3010A Kaunaoa Street, Honolulu, HI 96815 and Kimberlyjeanbuckman@gmail.com.  (ECF 25, p. 1 Case 1:25-cv-00010-MWJS-KJM)

1

This Application is based upon Rule 45 of the Federal Rules of Civil

Procedure, Local Rule 7.10, the facts and pleadings in this case, Mark Buckman's

declaration, the arguments of counsel, and such other evidence as may be properly

before the Court.

DATED: March 30, 2025          /s/ Mark F. Buckman
                               Law Offices of Mark F. Buckman
                               Mark F. Buckman, Esq., Attorneys for Jennifer
                               Buckman and Mark F. Buckman

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF PERTINENT FACTS

On February 28, 2025, Defendant Jennifer Buckman, by and through her attorney of record, served a Subpoena To Testify at a Deposition in a Civil Action (Subpoena) on Kimberly Buckman (hereafter Kimberly)  (*see* ECF 109 [proof of service]).  The Subpoena directed Kimberly Buckman to appear to testify on March 26, 2025, and to produce documents as specified in the subpoena.  (ECF 109.1)

Kimberly had been previously served with a subpoena in February, for a February 26 deposition, but she emailed the day before the scheduled deposition that she was not available until after March 1.  Defendant's counsel rescheduled, Kimberly's deposition to accommodate her schedule.  (Declaration of Mark Buckman in Support of Application for an Order to Show Cause Why Kimberly Buckman Should Not Be Held in Contempt of Court For Failing to Obey a Subpoena To Testify at a Deposition in a Civil Action ("Buckman Decl.") ¶ 5. Defendant then served a second Subpoena resetting Kimberly's deposition for March 26, 2025.

Kimberly is identified on Plaintiff's Initial Disclosures as a potential witness in this case.  ECF 17, ¶ 3.  According to Plaintiff's Initial Disclosures, Kimberly

3

"likely ha[s] personal knowledge with respect to the claims asserted in the complaint, as well as the . . . allegations contained in the counterclaim." ECF 17, ¶ 3. Defendants agree that Kimberly has information relevant to this case. (Buckman Decl., ¶ 15.)

The Subpoena required Kimberly to appear on March 26 to give deposition testimony and produce certain documents, including, among other things, communications and agreements with other identified witnesses, regarding the disputed real estate, regarding the claims of duress and undue influence, agreements between defendant Mark Buckman and Matt Buckman, and possession, ownership, or interests in the disputed real estate, as Kimberly occupies and previously claimed an interest in the "back" house, ownership of which is at issue in this action. (Buckman Decl., ¶ 6.)

On March 25, 2025, counsel for Defendants contacted Kimberly via both email and text to remind her that she was required to attend her scheduled deposition. Kimberly did not respond that day, but confirmed the next morning that she would attend her deposition. Buckman Decl., ¶ 8.

Without providing prior notice or explanation, serving objections to the Subpoena, or seeking a Court order to quash or modify it or for other relief,

4

Kimberly failed to appear for her scheduled deposition and produce documents, leaving defense counsel waiting for her for over an hour.  Buckman Decl., ¶ 9.

Kimberly's failure to comply with the Subpoena inconvenienced Defendants' counsel, who traveled to Hawai'i to take this deposition (along with other potential witnesses identified by Plaintiff in her Initial Disclosures), as well as Plaintiff's counsel, who also waited for Kimberly to show up.  Buckman Decl., ¶ 10. Kimberly's failure to comply with the Subpoena is impeding the discovery process, causing undue delay and prejudice to Defendants as they seek to discover information from the witnesses Plaintiff has identified.[1]  Buckman Decl., ¶ 11.

On March 26, 2025, counsel for Defendants attempted to resolve this matter in good faith by again contacting Kimberly via text and email reminding her of her obligation to comply with the subpoena and suggesting she sit for deposition, and produce the responsive documents, on March 27 or 28, 2025.  Kimberly did not respond.  Buckman Decl., ¶ 14.

---

[1] To date, Defendant has attempted to obtain discovery from 7 of the 21 witnesses that Plaintiff identified in her Initial Disclosures.  One witness, Tamara Buchwald, has been persistently evading service of process.  (Buckman Decl., ¶ 12.)  Of the six other witnesses, attorney Steven Reese agreed to, and did, appear for his first deposition session – but none of the other 5 witnesses, as of the date of this Application, has complied with those subpoenas.  Buckman Decl., ¶ 13.

Defendant Jennifer Buckman therefore seeks relief from the Court so discovery can move forward.

## II.   ARGUMENT

### A.   Defendant Jennifer Buckman Issued a Valid Subpoena to Kimberly Buckman, But She Failed to Comply with It, So Enforcement of the Subpoena Is Warranted

Because Kimberly is not a party to this case, the only means for Defendant Jennifer Buckman to obtain testimony and documents from him is via a subpoena issued under Rule 45.  A subpoena issued to a non-party under Rule 45 is valid if it is signed by an attorney and issued by the federal court where the action is pending. See Fed. R. Civ. P. 45(a)(2), 45(a)(3).  Here, the Subpoena was signed by Mark Buckman, who is the attorney for Defendant Jennifer Buckman, and it was properly issued on the form provided by this Court, where the action is pending. Thus, the Subpoena issued to Kimberly was valid.

The Subpoena was also properly served on Kimberly on February 28, 2025, as established by the Proof of Service from the process server (ECF 109).

The Subpoena seeks information that is subject to discovery under Rule 26(b)(1).  Under Rule 26(b)(1), "relevance" is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Here, Plaintiff has identified

Kimberly as a witness who "likely ha[s] personal knowledge with respect to the

claims asserted in the complaint. . . ." ECF 17, ¶ 3. Kimberly also has other

relevant information, as explained by Defendant's counsel in the Declaration filed

in support of this application. Buckman Decl., ¶ 15. Thus, there can be no

legitimate dispute that a subpoena for Kimberly to testify and produce documents

relevant to the claim seeks information that is discoverable under 26(b)(1). *DAG*

*Enters. v. Exxon Mobil Corp.*, Civil Action No. 00-01 82, 2003 U.S. Dist. LEXIS

26406, at *8 (D.D.C. July 17, 2003) [when the parties agree that a witness has

personal knowledge of events related to the transactions in dispute, their testimony

"is relevant to the claims" at issue within the meaning of Fed. R. Civ. P. 26(b)(1)];

*see also Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 U.S.

Dist. LEXIS 53649, at *41 (N.D. Cal. May 9, 2011) ["when a witness has personal

knowledge of facts relevant to the lawsuit, even a corporate president or CEO is

subject to deposition."].

Kimberly failed to comply with this valid Subpoena without providing any

excuse, serving any objection, or seeking relief from the Court. (Buckman Decl., ¶

9.) Thus, Kimberly has "fail[ed] to offer an adequate excuse for [her]

noncompliance." *Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D. 392, 397

7

(E.D.N.Y. 2024).  Under these circumstances, court enforcement of the Subpoena

is warranted.  *Id.*

> **B.**    **The Court Should Issue an Order Directing Kimberly Buckman to Appear before Judge Smith and Show Cause Why She Should Not Be Held in Contempt, Unless She Submits to Deposition and Produces Documents Before The Hearing Date Set by the Court.**

Under Rule 45(g), a non-party who fails to comply with a duly issued and

served subpoena for that individual's deposition and production of documents may

be found in contempt of the Court from which the subpoena was issued.  Fed. R.

Civ. P. 45(g); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y.

2008); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir.

1991) [valid subpoena "is a legal instrument, non-compliance with which can

constitute contempt of court."].

When a non-party does not comply with a subpoena, the most appropriate

procedural step is for party that issued the subpoena to file an application for an

order to show cause why the non-party should not be held contempt.  *Martinez v.*

*City of Pittsburg*, No. C 11-01017 SBA (LB), 2012 U.S. Dist. LEXIS 27230, at

*12 (N.D. Cal. Mar. 1, 2012).[2]  This is consistent with longstanding principles

---

[2] *Martinez* cites to Fed. R. Civ. P. 45(e); this provision is now found at Fed. R. Civ. P. 45(g), due to the 2013 amendment to Rule 45.  *See Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D. 392, 395 (E.D.N.Y. 2024)

fundamental to the rule of law:  "[P]ersons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery.  A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase."  *United States v. Bryan*, 339 U.S. 323, 331, 70 S. Ct. 724, 730 (1950).

Here, Kimberly has disregarded the validly issued and served Subpoena, and failed to attend her deposition even after it was rescheduled at her request.  Thus, Court intervention is required to compel her compliance.

## CONCLUSION

For all the reasons set forth above, Defendant Jennifer Buckman respectfully requests that this Court issue an Order directing non-party Kimberly Buckman to appear before United States District Judge Micah Smith[3] on a date that the Court will set and show cause why Kimberly Buckman should not be held in Contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to

---

[3] *See* 28 U.S.C. § 636(e)(6)(B)(iii) [when circumstances may constitute a civil contempt of court, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified."]

9

obey the Subpoena To Testify at a Deposition in a Civil Action.  Defendant further requests that the Order include a provision stating that if, before the date set for hearing on the Order to Show Cause, Kimberly Buckman fully complies with the Subpoena's commands by appearing for her deposition and producing the documents sought in the Subpoena, counsel for Defendants is directed to notify the Court immediately, and the Order to Show Cause hearing will be vacated and Kimberly Buckman will not need to appear before the Court..  Finally, Defendant requests that the OSC may be served upon Kimberly Buckman by U.S. Mail to Kimberly Buckman, 3010A Kaunaoa Street, Honolulu, HI 96815 and by e-mail to Kimberlyjeanbuckman@gmail.com, because it has been challenging to personally serve Kimberly Buckman, as attested by the process server.   (ECF 109)

DATED: March 30, 2025___/s/ Mark F. Buckman_____

Law Offices of Mark F. Buckman
Mark F. Buckman, Esq., Attorneys for Jennifer
Buckman and Mark F. Buckman

10

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

### SERVED ELECTRONICALLY THROUGH CM / ECF:

Richard E. Wilson, Esq.rewilson_law@yahoo.com          March 30, 2025
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

### SERVED BY FIRST-CLASS MAIL:

### SERVED BY HAND DELIVERY:

Dated:          Honolulu, Hawaii, March 30, 2025

                    /s/ Mark F. Buckman
                    Law Offices of Mark F. Buckman
                    Mark F. Buckman, Esq.
                    Attorneys for Jennifer Buckman and Mark
                    F. Buckman