Mark F. Buckman       SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman and
Mark F. Buckman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>Defendants.<br><br>And Related Cross-Action | Civil No. CV 24-00129 MWJS-KJM<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY KIMBERLY BUCKMAN SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO OBEY A SUBPOENA TO TESTIFY AT A DEPOSITIN IN A CIVIL ACTION<br><br>Fed. R. Civ. P. 45(g), LR 7.10<br><br>Trial Date: November 3, 2025<br><br>ECF # 109, 109.1 |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1.    I am an attorney licensed to practice law before the Courts of the State of Hawai'i. I am counsel of record for Defendant Jennifer Buckman in these proceedings. I am also a Defendant and Cross-Complainant in these proceedings.

2.    I am over the age of 18.  I have personal knowledge of the facts recited in this Declaration.  If called as a witness in these proceedings, I could and would testify competently to these facts.

3.    It is not possible to submit a stipulation to address this matter because the matter concerns the failure of a non-party witness to comply with a deposition subpoena.  I am submitting an ex parte application for an Order to Show Cause Regarding Contempt, rather than a motion, because this is a proceeding under Rule 45, and the courts in the Ninth Circuit indicate that a party seeking to enforce a deposition subpoena against a non-party who failed to comply should apply for an Order to Show Cause.

4.    Before filing this ex parte application, I notified opposing counsel, Rich Wilson, that I intended to file it and asked if his clients had a position on it.

1

Mr. Wilson indicated that he had no position at that time since he had not seen the papers I intended to file.

5. I caused the Subpoena To Testify at a Deposition in a Civil Action and a check for witness fees to be personally served on Kimberly Buckman (hereafter Kimberly) on February 28, 2025, as shown in ECF 109.

Previously, I had Kimberly served on or about February 12 with a Subpoena that required her to attend her deposition on February 27. I also mailed a copy of the subpoena and witness fee checks to Matt, Kimberly, and Manoa on February 12.

Kimberly emailed me on February 20 about the related case and stated, "Be advised that none of the three of us (Matthew, Kimberly, and Manoa) will be appearing at any deposition." However, Kimberly did not serve any objection to the Subpoena.

The day before her February 20 deposition, after I had already traveled to Hawaii, Kimberly emailed me and stated she had overlooked the Subpoena as it was served at the same time as other legal papers. She then indicated she wanted to reschedule, and I understood she wanted her deposition to be moved to after March 1.

2

So, I rescheduled Kimberly's deposition, but unfortunately it took seven attempts to serve the new Subpoena that was necessary to accommodate her schedule.  (ECF 109).

6. The Subpoena directed Kimberly to appear to testify on March 26, 2025, and to produce certain documents, including, among other things, communications and agreements with other identified witnesses, regarding the disputed real estate, regarding the claims of duress and undue influence, agreements between Defendant Mark Buckman and Matthew, and possession, ownership, or interests in the disputed real estate, as Kimberly is occupying and has previously claimed an interest in the "back" house, the ownership of which is at issue in this action.

7. Kimberly is identified on Plaintiff's Initial Disclosures as a potential witness in this case.  Kimberly is not a party to this case.  Consequently, I issued a Subpoena to him under Rule 45 of the Federal Rules of Civil Procedure.

8. On March 25, 2025 I contacted Kimberly via both email and text to remind her that she was required to attend her deposition.  Kimberly did not respond to either the email or the text that day.  However, early on March 26, which was the morning of her deposition, Kimberly texted me to ask about Matthew's deposition, and later that day confirmed she would be attending

3

her deposition scheduled for 12:30, stating, "I'm planning to be on time to this 12:30 appointment."

9. Both Manoa Buckman and Kimberly Buckman failed to attend their depositions on March 26.  After waiting more than an hour at the deposition reporter's office for Kimberly to show up, and texting her to see if she was on her way, Kimberly emailed me, stating, in effect, that neither she nor Matthew would be sitting for deposition.  Kimberly did not serve any objections to the Subpoena, nor did she seek a Court order to quash or modify it or for other relief.

10. Kimberly's failure to comply with the subpoena inconvenienced me, since I had traveled to Hawaii for a second time to take this deposition (along with other potential witnesses identified by Plaintiff in her Initial Disclosures).  It also inconvenienced Richard Wilson, who had blocked off time for the deposition and also sat around waiting for her.  It also caused my client to incur fees and cost to travel to and stay in Hawaii, as well as my time and travel expenses.

11. Kimberly's failure to comply with the subpoena is impeding the discovery process, causing unnecessary delay and prejudice to Defendants as we seek to discover information from the witnesses Plaintiff has identified.

4

12. To date, Defendant has attempted to obtain discovery from 7 of the 21 witnesses that Plaintiff identified in her Initial Disclosures.  One witness, Tamara Buchwald, has been persistently evading service of process, according to the process servers.  Thus far, 12 attempts have been made to serve Ms. Buchwald at her home, to no avail, even though persons are in the residence, the process server has reported hearing voices, and one time a woman that seemed to match the description of Ms. Buchwald yelled at the process server to "go away."  (This is based on the process server's reports back to me.)

13. Of the 6 other witnesses identified by Plaintiff from whom Defendant has attempted to obtain discovery, attorney Steven Reese is the only one who agreed to, and did, appear for his deposition session, but informed counsel he could only stay for a couple of hours, so we still need to complete his deposition.  As to the other 5 witnesses (Manoa Buckman, Matthew Buckman, Kimberly Buckman, Natalie Pitre, and Carl Pitre), as of the date of this Application, none of them has complied with the subpoenas that were served upon them, and several of them attempted to evade service of process, or stated they were unavailable, requiring multiple attempts before they were served, as reported by the process server.  (ECF 109)

14.    On the afternoon of March 26, 2025, after Manoa and Kimberly failed to appear for their depositions and failed to produce documents in compliance with the Subpoenas, I attempted to resolve this matter in good faith by again contacting Matthew and Kimberly via text and email.  My text and my email to Matthew and Kimberly stated:

> Kimi and Matt,
> I set your depositions in case 24–129 (PWB  v. Mark & Jeni), as stated in the subpoenas served upon you folks.  Those subpoenas are court orders.  There's no legal reason for you folks to not attend your depositions, especially when you confirmed you would be there earlier today.
> I will have to seek a court order for your folks failure to obey the subpoena and attend your depositions unless you and Matt agree to, and actually appear at, your depositions tomorrow and Friday, starting at 9:00 am.  We have deadlines, you were served with subpoenas, and you were obligated to appear.
> Please get back to me before close of business today (4:45 pm) whether you will or will not attend your depositions tomorrow and Friday so that I can inform the court reporter and mom's attorney regarding same.
> Thank you for your prompt attention to this matter.
> Mark Buckman

Neither Matt nor Kimberly responded and agreed to sit for deposition; rather, Kimberly stated that she will not attend the deposition.

15.    Kimberly has other relevant information, as Matthew told her about the agreement he and I reached regarding the disputed "back" house, which preceded my mother deeding the back house to me pursuant to our

6

agreement, as set forth in my counterclaim.  This obviously impacts Jennifer as well, as she is accused of exercising undue influence towards Plaintiff regarding that deed.  Kimberly also lived in Plaintiff's house for many months, served as Plaintiff's caregiver and assistant for many months, and witnessed interactions between Plaintiff and Natalie Pitre, which she described as including Natalie Pitre "brain-washing" Plaintiff as well as other coercive and controlling conduct by Ms. Pitre.  Kimberly also told me that she believed Natalie Pitre, who rented the back house from Plaintiff, had not been paying Plaintiff rent.  Kimberly also knows about Natalie Pitre's controlling Plaintiff and her finances as Kimberly helped Plaintiff shop and do errands.  After this case was filed, Kimberly moved into and occupies the back house and has previously claimed an interest in the back house, which is involved in this litigation.  Kimberly has also stated that Natalie Pitre has exercised improper control over Matthew's medical and financial matters, as well as applied improper pressure on Matthew to support Natalie's position in this and related litigation.  Kimberly has also witnessed Natalie pressuring Plaintiff to dispute the deed at issue in this case, as well as Natalie presenting a false narrative about the matters at issue herein.  Kimberly informed me of the facts above.

7

16.    The documents sought from Kimberly, to which no objection was made, are relevant to the following issues in this case:  (i) agreement and communications with defendants and other witnesses in this case, (ii) an apparently new agreement with Plaintiff regarding the back house, (iii) unwritten agreements or understandings of Plaintiff's estate intent, which are not included in Plaintiff's written 2022 trust amendment (Kimberly, Plaintiff, Matthew, Manoa, and Ms. Pitre all told me that the amendment does not actually contain the real agreement and Plaintiff's intent), (iv) the changes to Plaintiff's trust in 2022, (v) agreements between Plaintiff and Natalie Pitre (No. 11), Mark and Jennifer Buckman (No. 12), and Matt Buckman's and Manoa's claimed rights to the disputed back house (No. 13), Plaintiff's estate plans or ownership of property that is the basis of disputed mortgage in this case (Nos. 15-17, 20-22, 29), the agreement between Mark Buckman and Matt Buckman (and Manoa) concerning the back house (Nos. 18, 19, and 22), disputed documents and duress and undue influence (Nos. 24 and 25), Natalie Pitre impersonating Plaintiff, not paying plaintiff rent on the disputed back house, and Ms. Pitre's real estate violations (Nos. 26, 27), loans, debts, and agreements between Plaintiff and other involved family members (Nos. 30-33), claims to possession or ownership of the disputed

8

back house, which Matthew Buckman, Kimberly Buckman, and I believe

Manoa Buckman all occupy (No. 34), and audio, video or other documents

concerning the claims or allegations made in this matter.  (Nos. 35-39).

I declare under penalty of perjury under the laws of the United States that

the facts recited above are true and correct.

Executed this 30th day of March, 2025, at Honolulu, Hawaii.

__/s/ Mark F. Buckman_____
Mark F. Buckman

9

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

### SERVED ELECTRONICALLY THROUGH CM / ECF:

Richard E. Wilson, Esq.rewilson_law@yahoo.com          March 30, 2025
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

### SERVED BY FIRST-CLASS MAIL:

### SERVED BY HAND DELIVERY:

Dated:          Honolulu, Hawaii, March 30, 2025

                         /s/ Mark F. Buckman
                    Law Offices of Mark F. Buckman
                    Mark F. Buckman, Esq.
                    Attorneys for Jennifer Buckman and Mark
                    F. Buckman

10