Mark F. Buckman      SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman and
Mark F. Buckman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>Defendants.<br><br>And Related Cross-Action | Civil No. CV 24-00129 MWJS-KJM<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY DUKE MANOA BUCKMAN SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO OBEY A SUBPOENA TO TESTIFY AT A DEPOSITIN IN A CIVIL ACTION<br><br>Fed. R. Civ. P. 45(g), LR 7.10<br><br>Trial Date: November 3, 2025<br><br>ECF # 108, 108.1 |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1.  I am an attorney licensed to practice law before the Courts of the State of Hawai'i. I am counsel of record for Defendant Jennifer Buckman in these proceedings. I am also a Defendant and Cross-Complainant in these proceedings.

2.  I am over the age of 18.  I have personal knowledge of the facts recited in this Declaration.  If called as a witness in these proceedings, I could and would testify competently to these facts.

3.  It is not possible to submit a stipulation to address this matter because the matter concerns the failure of a non-party witness to comply with a deposition subpoena.  I am submitting an ex parte application for an Order to Show Cause Regarding Contempt, rather than a motion, because this is a proceeding under Rule 45, and the courts in the Ninth Circuit indicate that a party seeking to enforce a deposition subpoena against a non-party who failed to comply should apply for an Order to Show Cause.

4.  Before filing this ex parte application, I notified opposing counsel, Rich Wilson, that I intended to file it and asked if his clients had a position on it.

Mr. Wilson indicated that he had no position at that time since he had not seen the papers I intended to file.

5.      I caused the Subpoena To Testify at a Deposition in a Civil Action and a check for witness fees to be personally served on Duke Manoa Buckman (hereafter Manoa) on February 26, 2025, as shown in ECF 108. Duke Manoa Buckman was personally served with the Subpoena at 3010A Kaunaoa Street, Honolulu, HI 96815.  (Id)  Duke Manoa's email addresses, which I have used to communicate with him, are Manoabuckman@gmail.com  and Manoaski@gmail.com.  It was difficult to personally serve Duke Manoa, and he is a party to the related case.

6.    The Subpoena directed Manoa to appear to testify on March 26, 2025, and to produce certain documents, including, among other things, communications and agreements with other identified witnesses, regarding the disputed real estate, regarding the claims of duress and undue influence, agreements between defendant Mark Buckman and Matt Buckman, and possession, ownership, or interests in the disputed real estate, as Manoa has claimed an interest in the "back" house, the ownership of which is at issue in this action.

3

7.    Manoa is identified on Plaintiff's Initial Disclosures as a potential witness in this case.  Manoa is not a party to this case.  Consequently, I issued a Subpoena to him under Rule 45 of the Federal Rules of Civil Procedure.

8.    The day before the deposition (on March 25) I contacted Manoa via both email and text to remind him that he was required to attend his deposition the next day.  Manoa did not respond to either the email or the text.

9.    Manoa failed to appear for his scheduled deposition and produce the requested documents.  Manoa did not provide me with any prior notice or explanation, nor did he serve any objections to the subpoena, nor did he seek a Court order to quash or modify it or for other relief,

10.   Manoa's failure to comply with the subpoena inconvenienced me, since I had traveled to Hawai'i to take this deposition (along with other potential witnesses identified by Plaintiff in her Initial Disclosures).  It also inconvenienced Richard Wilson, plaintiff's counsel.  It also caused my client to incur fees to the court reporter for Manoa's non-appearance as well as travel to Hawaii, as well as my time.

11.   Manoa's failure to comply with the subpoena is impeding the discovery process, causing unnecessary delay and prejudice to Defendants as we seek to discover information from the witnesses Plaintiff has identified.

12.  To date, Defendant has attempted to obtain discovery from 7 of the 21 witnesses that Plaintiff identified in her Initial Disclosures.  One witness, Tamara Buchwald, has been persistently evading service of process, according to the process servers.  Thus far, 12 attempts have been made to serve Ms. Buchwald at her home, to no avail, even though persons are in the residence, the process server has reported hearing voices, and one time a woman that seemed to match the description of Ms. Buchwald yelled at the process server to "go away."  (This is based on the process server's reports back to me).

13.  Of the 6 other witnesses identified by Plaintiff from whom Defendant has attempted to obtain discovery, attorney Steven Reese is the only one who agreed to, and did, appear for his deposition session, but informed counsel he could only stay for a couple of hours, so we still need to complete his deposition.  As to the other 5 witnesses (Manoa Buckman, Matt Buckman, Kimberly Buckman, Natalie Pitre, and Carl Pitre), as of the date of this Application, none of them has complied with the subpoenas that were served upon them, and several of them attempted to evade service of process, or stated they were unavailable, requiring multiple attempts before they were served, as reported by the process server.  (ECF 110)

14. On the afternoon of March 26, 2025, after Manoa failed to appear for his deposition and failed to produce documents in compliance with the Subpoena, I attempted to resolve this matter in good faith by again contacting Manoa via text and email.  I reminded Manoa of his obligation to comply with the Subpoena and suggested he sit for deposition, and produce the responsive documents, on March 27 or 28, 2025.  Manoa did not respond to either the text or the email I sent to him on March 26, 2025.  (I also contacted him while we were at the deposition reporters office, where I waited for over an hour for Manoa to appear, to no avail.)

15. I believe Manoa has other relevant information, as he signed off on an agreement between my brother Matt and myself regarding the disputed "back" house, which preceded my mother deeding the back house to me. Manoa also lived in plaintiff's (Tutu's) house for over a year and witnessed interactions between Tutu and Natalie Pitre, which he described as including Natalie Pitre "brain-washing" Tutu regarding the disputed front and back houses as well as other coercive and controlling conduct by Ms. Pitre. Manoa also told me that he and Matt reached an agreement with Tutu, after she deeded the house to me, that is counter to my agreement with plaintiff. Manoa also told me that Natalie Pitre, who rented the back house from

6

Plaintiff, had not been paying Plaintiff rent – something Natalie denied, including under oath.  Manoa also knew and informed Plaintiff about Natalie's problems with the real estate commission.  Both of these facts concerned Plaintiff as Natalie was supposed to be the "property manager" of the back house under Plaintiff's trust documents, and that she had gotten in trouble for property management, violated fiduciary duties to a client (allegedly), and had not been paying rent.  Manoa has also claimed an interest in the back house and the front house, and those properties are involved in this litigation.

16. The documents sought from Manoa, to which no objection was made, are relevant to the following issues in this case:  (i) agreement and communications with defendants and other witnesses in this case, (ii) an apparently new agreement with Plaintiff regarding the back house, (iii) unwritten agreements or understandings of Plaintiff's estate intent, which are not included in Plaintiff's written 2022 trust amendment (Manoa, Plaintiff, and Ms. Pitre all told me that the amendment does not actually contain the real agreement and Plaintiff's intent), (iv) the changes to Plaintiff's trust in 2022, as Manoa witnessed some coercion and "brain-washing" before the changes and then was at Plaintiff's estate attorney's office when the

7

document was signed (plaintiff's estate attorney, Steve Reese, testified he shredded his notes from meetings and other matters before turning over Plaintiff's file, making third-party witnesses more important), (v) agreements between plaintiff and Natalie Pitre (No. 11), Mark and Jennifer Buckman (No. 12), and Matt Buckman's and Manoa's claimed rights to the disputed back house (No. 13), Plaintiff's estate plans or ownership of property that is the basis of disputed mortgage in this case (Nos. 15-17, 20-22, 29), the agreement between Mark Buckman and Matt Buckman (and Manoa) concerning the back house (Nos. 18, 19, and 22), disputed documents and duress and undue influence (Nos. 24 and 25), Natalie Pitre impersonating Plaintiff, not paying plaintiff rent on the disputed back house, and Ms. Pitre's real estate violations (Nos. 26, 27), loans, debts, and agreements between Plaintiff and other involved family members (Nos. 30-33), claims to possession or ownership of the disputed back house, which Matthew Buckman, Kimberly Buckman, and I believe Manoa Buckman occupy (No. 34), and audio, video or other documents concerning the claims or allegations made in this matter.  (Nos. 35-39).

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed this 30th day of March, 2025, at Honolulu, Hawaii.

       \_\_/s/ Mark F. Buckman_____
       Mark F. Buckman

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**SERVED ELECTRONICALLY THROUGH CM / ECF:**

Richard E. Wilson, Esq.rewilson_law@yahoo.com          March 30, 2025
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

**SERVED BY FIRST-CLASS MAIL:**

**SERVED BY HAND DELIVERY:**

Dated:          Honolulu, Hawaii, March 30, 2025

> /s/ Mark F. Buckman
> Law Offices of Mark F. Buckman
> Mark F. Buckman, Esq.
> Attorneys for Jennifer Buckman and Mark
> F. Buckman