Mark F. Buckman      SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman and
Mark F. Buckman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>Defendants.<br><br>And Related Cross-Action | Civil No. CV 24-00129 MWJS-KJM<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>JENNIFER BUCKMAN'S EX PARTE APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY NATALIE PITRE SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO OBEY A SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION<br><br>Fed. R. Civ. P. 45(g)<br><br>Trial Date: November 3, 2025<br><br>ECF # 116, 116-1, 116-2 |

## TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF PERTINENT FACTS ....................2

II.  ARGUMENT ...........................................................................................7

   A. Defendant Jennifer Buckman Issued a Valid Subpoena Duces Tecum to
      Natalie Pitre, But Natalie Pitre Failed to Comply with It, So Enforcement of
      the Subpoena Is Warranted ...........................................................................7

   B. The Court Should Issue an Order Directing Natalie Pitre to Appear before
      Judge Smith and Show Cause Why She Should Not Be Held in Civil
      Contempt. ...............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 U.S. Dist.
    LEXIS 53649, at *41 (N.D. Cal. May 9, 2011) ....................................................9
*Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998)..........................12
*DAG Enters. v. Exxon Mobil Corp.*, Civil Action No. 00-01 82, 2003 U.S. Dist.
    LEXIS 26406, at *8 (D.D.C. July 17, 2003) .......................................................9
*Jennings v. Moreland*, No. 2:08-cv-01305 LKK CKD P, 2012 U.S. Dist. LEXIS
    139863, at *5 (E.D. Cal. Sep. 26, 2012)...........................................................11
*Martinez v. City of Pittsburg*, No. C 11-01017 SBA (LB), 2012 U.S. Dist. LEXIS
    27230, at *12 (N.D. Cal. Mar. 1, 2012) ...........................................................11
*MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) .............................10
*Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D. 392, 397 (E.D.N.Y. 2024) . 10, 12
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978) .....8
*Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983).......11
*United States v. Bryan*, 339 U.S. 323, 331, 70 S. Ct. 724, 730 (1950) ...................12
*Wang v. Hsu*, 919 F.2d 130, 130, 131 (10th Cir. 1990)..........................................13

**Statutes**

28 U.S.C. § 636(e)(6)(B)(iii) ...................................................................................12

**Rules**

Fed. R. Civ. P. 26(b)(1)..........................................................................................8, 9
Fed. R. Civ. P. 45 .............................................................................................. passim
Fed. R. Civ. P. 45(a)(2)..............................................................................................7
Fed. R. Civ. P. 45(a)(3)..............................................................................................7
Fed. R. Civ. P. 45(g) .......................................................................................... 1, 10, 12

## EX PARTE APPLICATION

Defendant Jennifer Buckman hereby respectfully applies to this Court, under Rule 45 of the Federal Rules of Civil Procedure, for an Order directing non-party Natalie Pitre to appear before United States District Judge Micah Smith as soon as the court's schedule allows, and to show cause why Natalie Pitre should not be held in contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action, ECF 116-2. However, if, before the date of the hearing on the Order to Show Cause, Natalie Pitre fully complies with the Subpoena by producing the documents sought therein, without objection, Defendant's counsel will notify the Court immediately, so that the Order to Show Cause hearing may be vacated and Natalie Pitre will not need to appear before the Court.

This Application is based upon Rule 45 of the Federal Rules of Civil Procedure, Local Rule 7.10, the facts and pleadings in this case, Mark Buckman's Declaration, the arguments of counsel, and such other evidence as may be properly before the Court at the time of the hearing.

DATED: March 30, 2025     /s/ Mark F. Buckman
Law Offices of Mark F. Buckman
Mark F. Buckman, Esq., Attorneys for Jennifer Buckman and Mark F. Buckman

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF PERTINENT FACTS

On February 12, 2025, Defendant Jennifer Buckman, by and through her attorney of record, served a Subpoena Duces Tecum on Natalie Pitre.  ECF 116.[1] The Subpoena directed Natalie Pitre to produce documents, as specified in the attachment to the Subpoena, at the offices of Rosenberg Court Reporters on February 26, 2025.  Declaration of Mark Buckman in Support of Application for an Order to Show Cause Why Natalie Pitre Should Not Be Held in Civil Contempt of Court For Failing to Obey a Subpoena To Produce Documents In A Civil Action ("Buckman Decl."), ¶ 7; ECF 116-2 [Subpoena Duces Tecum].

Natalie Pitre is not a party to this case.  However, Plaintiff has testified that Natalie Pitre is her primary caregiver, Natalie has attended every session of Plaintiff's deposition as well as the settlement conference, and the evidence produced to date indicates that Natalie is functioning as Plaintiff's agent.  Buckman Decl., ¶ 8.  Natalie is also identified on Plaintiff's Initial Disclosures as a potential witness in this case.  ECF 17, ¶ 3.  According to Plaintiff's Initial Disclosures, Natalie Pitre "likely ha[s] personal knowledge with respect to the claims asserted

---

[1] The same Subpoena was subsequently re-served on Ms. Pitre on February 20, 2025.  ECF 116-1.

in the complaint, as well as the . . . allegations contained in the counterclaim."

ECF 17, ¶ 3.

Because Natalie Pitre is not a party to this case, counsel for Defendant Jennifer Buckman issued a Subpoena to her under Rule 45 of the Federal Rules of Civil Procedure. Buckman Decl., ¶ 9. For example, the Subpoena required Natalie Pitre to produce the following documents:

- communications or agreements between Ms. Pitre and witnesses identified in Plaintiff's Initial Disclosures, such as Defendant Jennifer Buckman (No. 1), Defendant Mark Buckman (No. 2), Plaintiff Patricia Buckman (No. 3), Matt Buckman (No. 5), Carolyn Watanabe (No. 6), Tamara Buchwald (No. 7);

- communications or agreements between Ms. Pitre and the lawyers who have represented Plaintiff, Richard Wilson (No. 8) and Stephen Reese (No. 9)[2];

- communications and/or agreements between Patricia Buckman and Mark Buckman and/or Jennifer Buckman (No. 10), Natalie Pitre and/or Carl Pitre (No. 11), and Matt Buckman and/or Manoa Buckman (No. 12);

- concerning the ownership or possession of the houses / real property at 3010 Kaunaoa Street that are the subject of this litigation (No. 13),

---

[2] Through this request, Defendants were not seeking any documents that they understand to be protected by the attorney-client privilege. Buckman Decl., ¶ 10. Mr. Wilson has indicated he represents Plaintiff in this matter and does not represent Natalie Pitre. Buckman Decl., ¶ 10. Likewise, Mr. Reese has confirmed that Natalie Pitre was never a client of his and has produced many documents from Plaintiff's file without objection. Buckman Decl., ¶ 10. Documents related to Natalie Pitre's communications and agreements with Plaintiff's attorneys are therefore not privileged, and they are relevant to Defendant's claim that Natalie Pitre has been exercising coercive control over Plaintiff.

any right or claim Natalie Pitre asserts with respect to them (No. 14), Matt Buckman's legal, equitable, or possessory interest in 3010A Kaunaoa Street (No. 29), and Patricia Buckman's agreements with any persons regarding the ownership, possession, or inheritance of the houses / real property located at 3010 and 3010A Kaunaoa Street (No. 34);

- concerning Patricia Buckman's estate plans, trusts, wills, and powers of attorney (No. 15);

- concerning agreements between Mark Buckman and Matt Buckman (No. 18), Manoa Buckman (No. 19), and Patricia Buckman (No. 20) regarding 3010A Kaunaoa Street, and concerning Mark Buckman's claim that Patricia Buckman freely agreed to transfer 3010A Kaunaoa Street, pursuant to Mark's agreement with Matt, as agreed by Manoa (No. 23);

- concerning Mark Buckman's (No. 16) and Patricia Buckman's (No. 17) interests in 714B 16th Avenue, Mark Buckman's claim that he owned a portion of that property (No. 22), concerning Mark Buckman's and Patricia Buckman's agreement regarding her paying him back ~$235,000.00 by way of a promissory note and mortgage secured by 3010 Kaunaoa Street (No. 21), and concerning any payment to Mark Buckman (whether from Patricia Buckman or anyone else), or receipt by him of anything of value, regarding his interest in 714 16th Avenue (No. 28);

- Concerning any loans, debts or agreements regarding real estate or money between Patricia Buckman and Matt Buckman (No. 30), Mark Buckman (No. 31), Natalie Pitre (No. 32), or Manoa Buckman (No. 33);

- concerning Mark Buckman's claim that Patricia Buckman freely signed a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman (No. 24), regarding any claim or allegation that Patricia Buckman acted under duress, undue influence, or was defrauded into signing documents with Mark Buckman in 2023 (No. 25), and

4

concerning any person alleging or communicating that Mark Buckman and/or Jennifer Buckman had wrongfully obtained 3010A Kaunaoa Street, or had taken any other wrongful action as against Patricia Buckman and/or her trust (No. 36);

- Concerning Mark Buckman's claim that Natalie Pitre has impersonated Patricia Buckman, by email, text, Docusign, Authentisign, and has been communicating with and directing Patricia's attorney regarding this case (No. 26) and that Natalie Pitre has taken, stolen, or appropriated Patricia Buckman's money and property, whether by undue influence, by breaching her fiduciary duty, by taking money from Patricia's bank accounts and real estate company, by failing to pay Patricia rent for 3010A Kaunaoa Street, and by having Patricia's funds levied upon by the State of Hawaii to cover Natalie's tax debts (No. 27); and

- Video or audio recordings that include Mark Buckman, Jennifer Buckman, Patricia Buckman, and/or Matthew Buckman in any way related to the claims made in this Case, Patricia Buckman's estate and trust plans and documents, or the real properties located at 714B 16th Avenue and/or 3010 and 3010A Kaunaoa Street (No. 35); and

Through these requests, the Subpoena sought to obtain evidence that is in the possession of a non-party and is relevant to the claims and defenses at issue in this case.

When Natalie Pitre was re-served with the Subpoena and a check to defray the costs of printing or copying the relevant documents, she tore the check up in front of the process server.  ECF 116-1.  The process server told her he was "just doing his job," and Natalie Pitre replied, "Well, I don't have to make it easy." Buckman Decl. 11.

5

After the Subpoena was served, Defendant's counsel wrote Ms. Pitre about it and offered that, "If you make copies of the requested document in advance, I will reimburse you for [this] - just bring a receipt for same to the deposition." Buckman Decl., ¶ 12 & Exh. 1.

Subsequently, on February 20, 2025, Natalie Pitre sent an email to Defendant's counsel asking him to "Please clarify" whether the Subpoena was for testimony, or just documents.  On February 21, 2025, Defendant's counsel replied to Ms. Pitre that the Subpoena was limited to the production of documents, and her deposition testimony would be scheduled for a later date.  Defendant's counsel received no other communication from Natalie Pitre related to the Subpoena. Buckman Decl., ¶ 13 & Exhibit 2.

Natalie Pitre failed to produce any documents as required by the Subpoena. Ms. Pitre did not serve any objections to the Subpoena, nor did she seek a Court order to quash or modify it or for other relief.  Buckman Decl., ¶ 14.  Natalie Pitre's failure to comply with the Subpoena is impeding the discovery process, causing undue delay and prejudice to Defendants as they seek to discover information from the witnesses Plaintiff has identified.[3]  Buckman Decl., ¶ 14.

---

[3] To date, Defendant has attempted to obtain discovery from 7 of the 21 witnesses that Plaintiff identified in her Initial Disclosures.  One witness, Tamara Buchwald, has been persistently evading service of process.  Buckman Decl., ¶ 15.  Of the six

6

Natalie Pitre's failure to comply with her discovery obligations is particularly

egregious, given that Plaintiff has testified Ms. Pitre is Plaintiff's caretaker and

agent, and Ms. Pitre has control over much of the physical evidence related to the

claims in this case.  Buckman Decl., ¶ 16.

Defendant therefore has been forced to seek relief from the Court, as set

forth below.

## II.    ARGUMENT

### A.    Defendant Jennifer Buckman Issued a Valid Subpoena Duces Tecum to Natalie Pitre, But Natalie Pitre Failed to Comply with It, So Enforcement of the Subpoena Is Warranted

Although Natalie Pitre appears to be controlling this litigation, she is not a

party to the case, so the only means for Defendant Jennifer Buckman to obtain

documents from her is via a subpoena issued under Rule 45.  A subpoena duces

tecum issued to a non-party under Rule 45 is valid if it is signed by an attorney and

issued by the federal court where the action is pending. See Fed. R. Civ. P.

45(a)(2), 45(a)(3).  Here, the subpoena was signed by Mark Buckman, who is the

attorney for Defendant Jennifer Buckman, and it was properly issued on the form

---

other witnesses, attorney Stephen Reese agreed to, and did, appear for his first
deposition session – but as to the other 5 witnesses, as of the date of this
Application, <u>none</u> of them has complied with those subpoenas.  Buckman Decl.,
¶ 15.

7

provided by this Court, where the action is pending.  ECF 116-2.  Thus, the

Subpoena Duces Tecum issued to Natalie Pitre was valid.

The Subpoena was also personally served on Ms. Pitre on February 12,

2025, as established by the Proof of Service of the process server.  ECF 116.  (It

was subsequently re-served on February 20, 2025.  ECF 116-1.)

The subpoena seeks information that is subject to discovery under Rule

26(b)(1).  Under Rule 26(b)(1), "relevance" is broadly construed "to encompass

any matter that bears on, or that reasonably could lead to other matter that could

bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.

Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978).  Here, Plaintiff has identified

Natalie Pitre as a witness who "likely ha[s] personal knowledge with respect to the

claims asserted in the complaint. . . ."  ECF 17, ¶ 3.  Furthermore, as Plaintiff's

caregiver, Natalie Pitre has access to numerous documents and electronically

stored information related to the claims at issue in this litigation, such as why

Plaintiff changed her estate documents in 2019 and 2022 to leave an additional

house to Natalie Pitre and her husband Carl, even though this was contrary to

Plaintiff's longstanding testamentary intent dating back to 2006.  Buckman Decl., ¶

17.

8

Thus, there can be no legitimate dispute that a subpoena for Natalie Pitre to produce documents relevant to the claims seeks information that is discoverable under 26(b)(1). *DAG Enters. v. Exxon Mobil Corp.*, Civil Action No. 00-01 82, 2003 U.S. Dist. LEXIS 26406, at *8 (D.D.C. July 17, 2003) [when the parties agree that a witness has personal knowledge of events related to the transactions in dispute, their testimony "is relevant to the claims" at issue within the meaning of Fed. R. Civ. P. 26(b)(1)]; *see also Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 U.S. Dist. LEXIS 53649, at *41 (N.D. Cal. May 9, 2011) ["when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition."].

Natalie Pitre failed to comply with this valid subpoena without serving any objection or seeking relief (such as filing a motion to quash or modify the subpoena) from the Court. *See* Buckman Decl., ¶ 14. Thus, Natalie Pitre has "fail[ed] to offer an adequate excuse for [her] noncompliance" (*Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D. 392, 397 (E.D.N.Y. 2024)) and she has waived all objections to the requests for documents. *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) [a non-party who ignores a validly issued subpoena duces tecum, rather than serving timely objections or filing a timely motion with the court, has waived all objections].

9

Under these circumstances, court enforcement of the subpoena is warranted. *Mizrahi*, 345 F.R.D. at 397.

**B.     The Court Should Issue an Order Directing Natalie Pitre to Appear before Judge Smith and Show Cause Why She Should Not Be Held in Civil Contempt.**

Under Rule 45(g), a non-party who fails to comply with a duly issued and served subpoena for that individual's deposition and production of documents may be found in contempt of the Court from which the subpoena was issued.

The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) [construing Rule 45(f), now found at 45(g)]; Fed. R. Civ. P. 45(g); *see also Jennings v. Moreland*, No. 2:08-cv-01305 LKK CKD P, 2012 U.S. Dist. LEXIS 139863, at *5 (E.D. Cal. Sep. 26, 2012) [interpreting Rule 45 not to permit a motion to compel against non-party that failed to comply with a subpoena duces tecum, but construing motion to compel as an application for an order to show cause for contempt].

When a non-party does not comply with a subpoena, the most appropriate procedural step is for party that issued the subpoena to file an application for an order to show cause why the non-party should not be held contempt. *Martinez v.*

10

*City of Pittsburg*, No. C 11-01017 SBA (LB), 2012 U.S. Dist. LEXIS 27230, at

*12 (N.D. Cal. Mar. 1, 2012).[4]  This is consistent with longstanding principles

fundamental to the rule of law:  "[P]ersons summoned as witnesses by competent

authority have certain minimum duties and obligations which are necessary

concessions to the public interest in the orderly operation of legislative and judicial

machinery.  A subpoena has never been treated as an invitation to a game of hare

and hounds, in which the witness must testify only if cornered at the end of the

chase."  *United States v. Bryan*, 339 U.S. 323, 331, 70 S. Ct. 724, 730 (1950).

Here, the Order to Show Cause should also find that Natalie Pitre has, by

ignoring the properly issued Subpoena, waived any objections to it.  By failing to

object within the 14-day period established by the Federal Rules, Ms. Pitre has

waived the right to object.  *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570

(D.N.M. 1998); *see also Wang v. Hsu*, 919 F.2d 130, 130, 131 (10th Cir. 1990)

[upholding finding that objections to a Rule 45 subpoena duces tecum were waived

by non-party's failure to serve timely objections].

Here, Natalie Pitre not only ignored the Subpoena Duces Tecum, she even

went so far as to tear up the check that was provided to her in front of the process

---

[4] *Martinez* cites to Fed. R. Civ. P. 45(e); this provision is now found at Fed. R. Civ.
P. 45(g), due to the 2013 amendment to Rule 45.  *See Mizrahi*, 345 F.R.D. at 395.

server.  *See* Buckman Decl, ¶¶ 11, 14.  Court intervention is required to compel

Ms. Pitre's compliance with her legal obligations.

## CONCLUSION

For all the reasons set forth above, Defendant Jennifer Buckman respectfully

requests that this Court issue an Order directing non-party Natalie Pitre to appear

before United States District Judge Micah Smith[5] as soon as the court's schedule

allows, and to show cause why Natalie Pitre should not be held in contempt under

Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey

the Subpoena To Produce Documents, Information, Or Objects Or To Permit

Inspection Of Premises In A Civil Action.  Defendant further requests that the

Order include a provision stating that if, before the date set for hearing on the

Order to Show Cause, Natalie Pitre fully complies with the Subpoena Duces

Tecum's commands by producing the documents sought in the Subpoena, without

objections, counsel for Defendants is directed to notify the Court immediately, and

---

[5] *See* 28 U.S.C. § 636(e)(6)(B)(iii) [when circumstances may constitute a civil
contempt of court, "the magistrate judge shall forthwith certify the facts to a
district judge and may serve or cause to be served, upon any person whose
behavior is brought into question under this paragraph, an order requiring such
person to appear before a district judge upon a day certain to show cause why that
person should not be adjudged in contempt by reason of the facts so certified."]

12

the Order to Show Cause hearing will be vacated and Natalie Pitre will not need to appear before the Court.

DATED: March 30, 2025          /s/ Mark F. Buckman

Law Offices of Mark F. Buckman
Mark F. Buckman, Esq., Attorneys for Jennifer Buckman and Mark F. Buckman

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**SERVED ELECTRONICALLY THROUGH CM / ECF:**

Richard E. Wilson, Esq. rewilson_law@yahoo.com          March 30, 2025
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

**SERVED BY FIRST-CLASS MAIL:**

**SERVED BY HAND DELIVERY:**

Dated:       Honolulu, Hawaii, March 30, 2025

                              /s/ Mark F. Buckman
                              Law Offices of Mark F. Buckman
                              Mark F. Buckman, Esq.
                              Attorneys for Jennifer Buckman and Mark
                              F. Buckman

14