Mark F. Buckman        SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman and
Mark F. Buckman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>Defendants.<br><br>And Related Cross-Action | Civil No. CV 24-00129 MWJS-KJM<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO SHOW TO CAUSE WHY NATALIE PITRE SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT FOR FAILING TO OBEY A SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION<br><br>Fed. R. Civ. P. 45(g), LR 7.10<br><br>Trial Date: November 3, 2025<br><br>ECF # 116, 116-1, 116-2 |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1.  I am an attorney licensed to practice law before the Courts of the State of Hawai'i.  I am counsel of record for Defendant and Cross-Complainant Jennifer Buckman in these proceedings.  I am also a Defendant and Cross-Complainant in these proceedings.

2.  I am over the age of 18.  I have personal knowledge of the facts recited in this Declaration except for the facts set forth in Paragraph 11, and as to those facts, I believe them to be true.  If called as a witness in these proceedings, I could and would testify competently to these facts.

3.  On behalf of Defendant Jennifer Buckman, I respectfully apply to this Court, under Rule 45 of the Federal Rules of Civil Procedure, for an Order directing non-party Natalie Pitre to appear before United States District Judge Micah Smith on a date that the Court will set, and to show cause why Natalie Pitre should not be held in civil contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey the Subpoena Duces Tecum, a true and correct copy of which is filed as ECF 116-2.

4.  It is not possible to submit a stipulation to address this matter because the matter concerns the failure of a non-party witness to comply with a

2

deposition subpoena.  I am submitting an ex parte application for an Order to Show Cause Regarding Civil Contempt, rather than a motion, because this is a proceeding under Rule 45, and the courts in the Ninth Circuit indicate that a party seeking to enforce a subpoena duces tecum against a non-party who failed to comply should apply for an Order to Show Cause.

5.    Before filing this ex parte application, I notified opposing counsel, Rich Wilson, that I intended to file it and asked if his clients had a position on it. Mr. Wilson indicated that he had no position at that time since he had not seen the papers I intended to file.

6.    I caused the Subpoena Duces Tecum to be served on Natalie Pitre on February 12, 2025, and to be re-served on her on February 20, 2025.  ECF 116, 116-1.

7.    The Subpoena directed Natalie Pitre to produce documents, as specified in the attachment to the Subpoena, at the offices of Rosenberg Court Reporters on February 26, 2025.  ECF 116-2.

8.    Natalie Pitre is not a party to this case.  However, Plaintiff has testified that Natalie Pitre is her primary caregiver, Natalie has attended every session of Plaintiff's deposition as well as the settlement conference, and the evidence produced to date indicates that Natalie is functioning as Plaintiff's agent.

3

9.    Because Natalie Pitre is not a party to this case, I issued a Subpoena to her under Rule 45 of the Federal Rules of Civil Procedure.

10.   Through the Subpoena, Defendant was not seeking any documents understood to be protected by the attorney-client privilege.  Mr. Wilson has indicated he represents Plaintiff in this matter and does not represent Natalie Pitre.  Likewise, Mr. Reese has confirmed that Natalie Pitre was never a client of his and has produced many documents from Plaintiff's file without objection.

11.   When Natalie Pitre was served with the Subpoena and a check to defray the costs of printing or copying the relevant documents, she tore the check up in front of the process server.  ECF 116-1.  The process server also reported to me that they told Ms. Pitre they were "just doing their job," and Ms. Pitre replied, "Well, I don't have to make it easy."

12.   After the Subpoena was served, I wrote Ms. Pitre about it and offered that, "If you make copies of the requested document in advance, I will reimburse you for [this] - just bring a receipt for same to the deposition."  A true and correct copy of my letter to Ms. Pitre is attached to this Declaration as Exhibit 1.

13.   Subsequently, on February 20, 2025, Natalie Pitre sent me an email asking me to "Please clarify" whether the Subpoena was for testimony, or just

documents.  On February 21, 2025, I replied to Ms. Pitre that the Subpoena was limited to the production of documents, and her deposition testimony would be scheduled for a later date.  I received no other communication from Natalie Pitre related to the Subpoena.  A true and correct copy of my email exchange with Ms. Pitre regarding the Subpoena is attached hereto as Exhibit 2.

14.    Natalie Pitre failed to produce any documents as required by the Subpoena. Ms. Pitre did not serve any objections to the Subpoena, nor did she seek a Court order to quash or modify it or for other relief.  Natalie Pitre's failure to comply with the Subpoena is impeding the discovery process, causing undue delay and prejudice to Defendants as they seek to discover information from the witnesses Plaintiff has identified.

15.    To date, Defendant has attempted to obtain discovery from 7 of the 21 witnesses that Plaintiff identified in her Initial Disclosures.  One witness, Tamara Buchwald, has been persistently evading service of process.  Of the six other witnesses, attorney Stephen Reese agreed to, and did, appear for his first deposition session – but as to the other 5 witnesses, as of the date of this Application, none of them has complied with those subpoenas.

16.    Natalie Pitre's failure to comply with her discovery obligations is particularly egregious, given that Plaintiff has testified Ms. Pitre is Plaintiff's

5

caretaker and agent, and Ms. Pitre has control over much of the physical evidence related to the claims in this case.

17.    As Plaintiff's caregiver, Natalie Pitre has access to numerous documents and electronically stored information related to the claims at issue in this litigation, such as why Plaintiff changed her estate documents in 2019 and 2022 to leave an additional house to Natalie Pitre and her husband Carl, even though this was contrary to Plaintiff's longstanding testamentary intent dating back to 2006.

18.    Because Natalie Pitre has ignored the Subpoena, Defendant has been forced to seek relief from the Court, as set forth in the Application papers.

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed this 30th day of March, 2025, at Honolulu, Hawaii.

_____
Mark F. Buckman

6

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**<u>SERVED ELECTRONICALLY THROUGH CM / ECF:</u>**

Richard E. Wilson, Esq.  rewilson_law@yahoo.com    March 30, 2025
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

**<u>SERVED BY FIRST-CLASS MAIL:</u>**

**<u>SERVED BY HAND DELIVERY:</u>**

Dated:    Honolulu, Hawai'i, March 30, 2025

     /s/ Mark F. Buckman
Law Offices of Mark F. Buckman
Mark F. Buckman, Esq.
Attorneys for Jennifer Buckman and Mark F. Buckman