Mark F. Buckman      SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN,<br><br>   Plaintiffs,<br><br>VS.<br><br>MARK F. BUCKMAN, et al.,<br><br>   Defendants. | Civil No. CV 24-00129 MWJS-KJM<br><br>JENNIFER BUCKMAN'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS FROM PATRICIA W. BUCKMAN; DECLARATION OF MARK F. BUCKMAN AND CERTIFICATE OF COMPLIANCE WITH LR 37.1 CONCURRENTLY FILED<br><br>Magistrate Judge Kenneth J. Mansfield<br><br>Trial Date: November 3, 2025 |

## NOTICE OF MOTION TO COMPEL A RESPONSE AND PRODUCTION

## OF DOCUMENTS FROM PLAINTIFF PATRICIA W. BUCKMAN

PLEASE TAKE NOTICE that as soon as the matter may be heard in the above-entitled court, in the courtroom of Magistrate Judge Kenneth J. Mansfield, at the United States Courthouse for the District of Hawaii, located at 300 Ala Moana Blvd, Honolulu, Hawaii 96850, with oral argument to be held on a date and time to be designated by the Court, Defendant Jennifer Buckman will move the court for orders (i) compelling plaintiff Patricia W. Buckman to serve a further response to Jennifer Buckman's Request for Production of Documents, Sets 1 & 2 in full compliance with FRCP 34, without objection or claim of privilege, and including details on the diligent efforts undertaken to locate all responsive documents, (ii) serve all responsive documents on Jennifer Buckman's counsel, including service of all responsive electronic records (such as videos and/or audio) via thumb drive or other electronic means.

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Mark F. Buckman, the Certificate of Compliance, any arguments of counsel, the pleadings and papers filed herein, and any other materials properly considered by the Court.

DATED: May 7, 2025                    /s/ Mark F. Buckman

Law Offices of Mark F. Buckman
Mark F. Buckman, Esq., Attorneys for
Jennifer Buckman and Mark F. Buckman

_____

## **Table of Contents**

Brief Summary of Issues                                                                 6
I.  SUMMARY AND FACTS                                                      6
A.  Summary of the Case                                                         6
B.  Facts Regarding Requests for Production, Set One          7
C.  Plaintiff Testifies She Has Not Looked for, Nor Been Asked to     7
      Produce, Any Documents
D. Plaintiff's Responses Are Deficient                                     8
II.  ARGUMENT                                                                     10
      A.      Plaintiff Should Be Compelled to Complete a Diligent    10-11
      Search and Produce All Responsive Documents Within
      Her Possession, Custody or Control.
      B.      For the Responses for Which Plaintiff Claims No          15
              Documents Exist, or the Responsive Documents Have
              Been Lost or Destroyed, Plaintiff Must Serve a Certified
              Response, and She Should Be Ordered to Provide an
              Affidavit Describing the Efforts She Made to Locate
              Responsive Documents.
      C.      Plaintiff Failed to Produce a Single Document in         17
              Response to the Second RFP, and Failed to Provide
              a Response in Compliance with Rule 34

## <u>TABLE OF AUTHORITIES</u>

Fed. R. Civ. Pro. 37                                                                                    11

*Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D.         11
370, 375-76 (S.D. Ind. 2009).

*In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)        11

*In Re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).   11

*United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978).   12

*Johnson v. Askin Capital Management, L.P.*, 202 F.R.D.         12
112, 113 (S.D.N.Y. 2001

*United States v. International Union of Petroleum & Industrial*     *12*
*Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

*Searock v stripling* (11th circuit 1984) 736 F2d 650, 653-654       12

*Rowe Entertainment, Inc. v. William Morris Agency*,                 13
205 F.R.D. 421, 428 (S.D.N.Y. 2002).

Fed. R. Civ. Pro. 26(g)                                                               16

*Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 125    16
(D. Md. 2002).

5

## Brief Summary of Issues

Jennifer Buckman brings this motion to compel because Plaintiff's responses to Defendants' Requests for Production of Documents, Sets 1 & 2 are inadequate because: (1) Plaintiff has failed to produce numerous documents within her care, custody, or control that Defendants know exist, because some of them have been provided by third parties, and (2) Plaintiff has not certified that she made a diligent search and reasonable inquiries to locate the documents requested, nor has she specified the steps that she took in undertaking these obligations or certified her claims that these records no longer exist, and (3) Plaintiff has refused to provide electronic records that are in her attorney's and/or her agent, Natalie Pitre's, possession.

As detailed in his declaration, Mr. Buckman tried to meet and confer to resolve obtain a further response and documents, without success.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY AND FACTS

### A.  Summary of the Case

This quasi-estate case revolves around plaintiff Patricia Buckman's estate plans regarding two small houses in Kapahulu (the Front House and the Back

6

House), as well as a debt owed to defendant Mark Buckman on account of a house in Kaimuki Patricia and Mark  co-owned since 1991.

Patricia has suffered cognitive decline, with a marked decline in the last year.

## B.  Facts Regarding Requests for Production, Set One

On July 10, 2024, Defendant Jennifer Buckman caused her first set of "Request for Production of Documents to Plaintiff Patricia W. Buckman" to be personally served on Richard Wilson.  (Declaration of Attorney Mark F. Buckman.; ¶ 2; Exhibit A;  ECF # 49)

Plaintiff did not respond nor produce any documents by the deadline of August 9.  (Buckman Decl.; ¶ 3.)

## C.  Plaintiff Testifies She Has Not Looked for,
## Nor Been Asked to Produce, Any Documents

On the second day of her deposition, August 17, Plaintiff was asked about documents:

Q:    And we asked you yesterday quickly about producing documents or bringing documents to your deposition, and you said you -- you didn't bring any; is that correct?

A:    That's correct.

Q:    And you also said you didn't look for any. Is that still correct?

A:    Correct.

Q:    Did anybody ever ask you to -- to find documents to produce in

this case?

A:    No.

Q:    Do you know if Natalie every looked for documents to produce in this case?

A:    I have no idea.

(Buckman Decl.; ¶ 4.)

## D. Plaintiff's Responses Are Deficient

On or about August 20, Plaintiff sent a response to Jennifer Buckman's First Request for Production of Documents to Mr. Bonner.  (Buckman Decl.; ¶ 5; Exhibit B.) This response is deficient for several reasons.  For numerous categories of requested documents (Nos. 1, 4, 5, 6, 7, 13, 14, 20, 22, 25, 26, 36, 37), the response stated, **"The Plaintiff will produce documents *which she can locate* in her care, custody, and control."** In response to numerous other categories (Nos. 8, 9, 10, 15, 16, 17, 18, 19, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 3) plaintiff's response stated, **"The Plaintiff is unaware of the existence of any responsive documents."**

To date, despite numerous requests from Defendants' counsel dating back to August, Plaintiff has not served an updated response specifying what documents she found, what she was unable to locate, and what steps she took to locate potentially responsive documents, nor has Plaintiff ever certified under Rule 26 that a diligent search was undertaken.  (Buckman Decl.; ¶ 6.)

The only "supplement" to Plaintiff's response was produced through a September 10, 2024 letter sent to Mr. Bonner claiming, among other things, that

8

"many documents have been lost over the years"; that all of her emails and texts had been "wiped out" or deleted in 2023 (though the request was served in 2024); that Plaintiff had left her computer in her former home when she moved out, and Matt Buckman had "sold and/or discarded" it; that Plaintiff has no texts, letters or other documents relating to her agreements with Defendant Mark Buckman concerning real estate or financial matters; that "we have produced what we can find" and "emailed screenshots of texts that we could locate"; that "we are still attempting to locate records" and "will produce" what "we have currently located"; and that, for all categories of documents not addressed in the letter, "we have been unable to locate any responsive records." (Buckman Decl., ¶ 7, Exhibit C.)

Despite the representations in the letter, Plaintiff subsequently produced documents responsive to some of those categories. To date, however, Plaintiff has refused all requests to provide a supplemented or corrected response. (Buckman Decl., ¶ 8.)

Although Mr. Wilson's letter claimed that some of Plaintiff's emails and texts had been deleted by Mr. Buckman and his family, Plaintiff testified as follows:

> Q:   Do you -- there was a suggestion that Mark deleted some emails of yours. Do you know anything about that?
> A:   I do not.
> Q:   Did you ever say that?
> A:   Not that I know of.
> Q:   Have you ever believed that Mark has deleted any of your emails?

9

A:     I have no knowledge of that.

Q:     Have you ever believed that Jennifer deleted any of your emails?

A:     I have no knowledge of that. (Buckman Decl.; ¶ 9.)

Plaintiff has also rejected repeated requests for her to produce responsive documents, even though they are in her care, custody, or control. For example, when Mr. Buckman requested Plaintiff's financial records showing who is paying for what expenses on the houses that are the subject of this dispute, Mr. Wilson has (incorrectly) claimed Plaintiff need not do so because "you already have the financial records anyways." (Buckman Decl.; ¶ 10.) Likewise, Plaintiff has refused to produce copies of responsive audio and video files, even though Mr. Wilson acknowledges they are in his possession and he is Plaintiff's attorney. (Buckman Decl., ¶ 11.) Similarly, Plaintiff has not produced emails and other correspondence between Natalie Pitre and Plaintiff's attorney, nor has she produced emails and other correspondence between Tamara Buchwald and Plaintiff's attorney, although these documents are within Plaintiff's "custody or control," Plaintiff's attorney has filed declarations with this court demonstrating that he has responsive documents, and Plaintiff's former counsel has provided documents showing that other such emails and correspondence exist. (Buckman Decl., ¶ 12, Exhibit G)

## II. ARGUMENT

**A.     Plaintiff Should Be Compelled to Complete a Diligent Search and**

10

## Produce All Responsive Documents Within Her Possession, Custody or Control.

A motion to compel production is the procedure to enforce discovery when the responding party has responded to the request but the responses are incomplete or evasive. Fed. R. Civ. Pro. 37(a)(3)(B)(iv) [motion to compel may be brought when a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34], (a)(4) [an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond, and justifies a motion to compel under (a)(3)].

Rule 34 requires the responding party to conduct a careful and thorough search for all of the responsive documents in its possession, custody, or control. *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375-76 (S.D. Ind. 2009). A document is considered to be within the party's custody or control when it is in the possession of a person or entity over whom the party has a right to control, or from whom the party has a right to obtain it. *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) [party's actual possession of a document not required]; *In Re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). Thus, a party may be ordered to produce documents in the possession of a nonparty, such as an agent, that is under its control. *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978). Under this

11

rule, a party must produce documents in the possession of its present or former counsel. *Johnson v. Askin Capital Management, L.P.*, 202 F.R.D. 112, 113 (S.D.N.Y. 2001). Likewise, a party must produce documents that he or she has the legal right to obtain on demand. *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

A response of inability to comply with rule 34 request may state the following: A diligent and reasonable inquiry has been made in an effort to locate the item requested; and 2 the reason the party is unable to comply: e.g., The document has never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. See *Searock v stripling* (11th circuit 1984) 736 F2d 650, 653-654

Plaintiff has admitted that she did not conduct "a thorough and careful search" for responsive documents.  At her deposition, Plaintiff testified that she was not asked to locate responsive documents, did not locate any, and **when asked how her attorney would have gotten documents to respond, testified that "I have no idea."** (Buckman Decl., ¶ ¶ 4, 14.)

Plaintiff's attorney has also acknowledged that Plaintiff has not turned over all responsive documents that Plaintiff has within her possession, custody, or control. For example, Plaintiff's attorney acknowledges that he has audio and video files

within his possession, but he has refused to produce them. (Buckman Decl., ¶ 12.)

Plaintiff's attorney has also repeatedly filed with this court documents that are

responsive to the request No. 23, 40, and 41 seeking emails and documents between

(1) Natalie Pitre and Plaintiff's attorney, and (2) Tamara Buchwald and Plaintiff's

attorney (ECF # 53-2, 53-3, 88-5) – but none of these responsive documents have

been produced; indeed, the response states "Plaintiff is unaware of the existence of

any responsive documents" (#23, Exhibit ") and "I'm not aware of any."  (## 40, 41,

Exhibit F)   (Buckman Decl., ¶ 13, Exhibit G.)  As plaintiff's counsel is aware of his

own communications, it was improper and evasive to claim that Plaintiff was

unaware of these documents and withhold production – especially as there are likely

many more responsive documents that have not been publicly filed.

Further, Plaintiff's former counsel has produced records in response to

subpoena that show further correspondence between Ms. Pitre and/or Ms. Buchwald

and Plaintiff's attorney, but no such documents have been produced by Plaintiff.

(Buckman Decl., ¶ 12, Exhibit G, last 2 pages.)

"Electronic documents are no less subject to disclosure than paper records."

*Rowe Entertainment, Inc. v. William Morris Agency*, 205 F.R.D. 421, 428 (S.D.N.Y.

2002). At Plaintiff's deposition, she testified that she had an iphone from which she

could send and receive emails. As the Court knows, iphones are also capable of

13

sending text messages and imessages (which are instant messages between or among Apple accounts). Defendants have good cause for obtaining electronically stored information regarding Plaintiff's claims because Plaintiff has testified that she has little to no memory of the facts surrounding the transactions she now disputes. (Buckman Decl., ¶ 13.)

Although Plaintiff's counsel has claimed that Plaintiff's emails and texts were "wiped out" or deleted some time in 2023, this does not explain why Plaintiff failed to produce any emails or texts from late 2023 through early 2025 (at which point, according to testimony given by Plaintiff's caregiver, Natalie Pitre, Plaintiff "lost" her iphone in Carl Pitre's car and lost her ability to text (Buckman Decl., ¶ 15)).

Further, Plaintiff, as the party bringing this lawsuit, was under a duty to preserve electronically stored information, and Defendant's counsel notified Plaintiff's counsel of this expectation at the outset of this case. (Buckman Decl., ¶ 16.) Given that Plaintiff's caregiver, Natalie Pitre, testified that she has access to Plaintiff's email accounts, and that she sometimes deletes emails from those accounts (Buckman Decl., ¶ 17), Plaintiff must obtain backup copies of emails from all of Plaintiff's gmail accounts, which are stored in the cloud.[1] Similarly, since Natalie

---

[1] Because gmail is backed up in the cloud, the fact of it being deleted from a computer is irrelevant to whether it can be produced. Thus, the claim made by Plaintiff's counsel that Plaintiff cannot produce email because she left her computer

Pitre has also testified that Plaintiff "lost" her iphone in Carl Pitre's car during the pendency of this litigation, and Ms. Pitre has previously admitted that she has access to Plaintiff's Apple accounts, Plaintiff must affirm that she and her agent Ms. Pitre have made a diligent search for any iCloud backups of Plaintiff's phone or ipad where responsive documents could be recovered, specifically including all texts requested in demands.

Consistent with Rule 34, Plaintiff should be ordered to conduct a careful and thorough for all of the responsive documents in her possession, custody, or control (including, but not limited to, emails, imessages, texts, and other electronically stored information), and to produce all responsive documents.[2]

**B.**    **For the Responses for Which Plaintiff Claims No Documents Exist, or the Responsive Documents Have Been Lost or Destroyed, Plaintiff Must Serve a Certified Response, and She Should Be Ordered to Provide an Affidavit Describing the Efforts She Made to Locate Responsive Documents.**

---

in the Front House when she moved out of it in January 2024, and Matt Buckman later "sold and/or discarded" it, is unavailing. (Buckman Decl., ¶ 7, Exhibit C.) This claim may constitute evidence of spoliation, but it does not excuse Plaintiff from recovering and producing her responsive emails.

[2] Plaintiff cannot interpose any claims of privilege because she failed to serve timely responses to the Requests.

When there are no documents responsive to the requests, the responding party must serve a certified response so stating. Fed. R. Civ. Pro. 26(g); *Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 125 (D. Md. 2002). Upon request of the propounding party, the responding party may be ordered to provide an affidavit describing the efforts made to locate responsive documents. *Buchanan*, 206 F.R.D. at 125

Plaintiff's responses to Requests Nos. 1, 4, 5, 6, 7, 13, 14, 20, 22, 25, 26, 36, and 37 all state that "The Plaintiff will produce documents which she can locate in her care, custody, and control." Similarly, Plaintiff's responses to Nos. 8, 9, 10, 15, 16, 17, 18, 19, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 38, Plaintiff stated, "The Plaintiff is unaware of the existence of any responsive documents."

It is not sufficient under Rule 34 for Plaintiff to state baldly that "many documents have been lost over the years," nor can Plaintiff merely claim that emails and texts have been lost because she has discarded her computer and "lost" her iphone.

To the extent Plaintiff is unable to locate or retrieve potentially responsive documents, she should be ordered to serve a supplemental response, certified as required by Rule 26, specifying what search was undertaken to locate responsive documents and what documents were found as a result of that search. Moreover,

16

since Plaintiff claims all potentially responsive emails and texts have been deleted, and she has discarded her computer and "lost" her iphone, and the circumstantial evidence strongly suggests spoliation of evidence to prove Defendants' claims and refute Plaintiff's, Plaintiff must specify what steps, if any, were taken to recover the electronically stored information she was under a duty to preserve for this litigation.

**C.**     **Plaintiff Failed to Produce a Single Document in Response to the Requests for Production, Set Two, and Failed to Provide a Response in Compliance with Rule 34**

In many of the responses to Jennifer Buckman's RFP, Set Two, plaintiff responded "I am not aware of any" (## 40, 41, 42, 43, 47, 48, 50, 51, and 54) and thus produced no documents.  It appears Plaintiff's counsel worked with Plaintiff to respond, but it is insufficient to say "I'm not aware of any documents" given Plaintiff's deposition testimony shown above and in Mr. Buckman's declaration.  It is not a question if she is aware of any, but Plaintiff has an obligation to search for, or have her agents / attorney search for, all responsive documents.

Plaintiff similarly stated, "I do not recall any agreements" (# 38), "I think we gave them to you already" (#44),  "I do not know what this means" (#45), "I don't have any of those messages or texts" (# 46).  Again, these are not proper responses and cannot be used to withhold responsive documents.

Notably, the number 53, regarding Matt Buckman's interest in the Back House, the response was "I think you already have my Trust and Will" which is non-responsive.

In response to # 38, Plaintiff responded that "I do not recall any agreements." This request concerns Plaintiff having Mark Buckman assist her with bill paying, which is a subject of the counter-claim because Mr. Buckman has expended money to pay plaintiff's bills, including during this litigation. Stating "I do not recall any agreements" is not compliant with the obligation to respond and produce documents.

Plaintiff should be ordered to provide a supplemental response in compliance with the law, as set forth above, and produce all responsive documents.

## III.  CONCLUSION

Based on the foregoing, Jennifer Buckman respectfully requests that this Court grant her motion to compel further responses and production of documents.

DATED: May 7, 2025                     /s/ Mark F. Buckman
                                       Law Offices of Mark F. Buckman
                                       Mark F. Buckman, Esq., Attorneys for
                                       Jennifer Buckman and Mark F. Buckman

18

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on May 7, 2025 and by the

method(s) of service noted below, a true and correct copy of the foregoing was

served on the following at their last known addresses:

### SERVED ELECTRONICALLY THROUGH CM / ECF:

Richard E. Wilson   rewilson_law@yahoo.com
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

Louise K.Y. Ing         louise.ing@dentons.com
Timothy C. Partelow     timothy.partelow@dentons.com
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813

### SERVED BY FIRST-CLASS MAIL:

### SERVED BY HAND DELIVERY:

Dated:        Honolulu, Hawaii, May 7, 2025.

    /s/ Mark F. Buckman
    Law Offices of Mark F. Buckman
    Mark F. Buckman, Esq.
    Attorneys for Jennifer Buckman and
    Mark F. Buckman

19