Mark F. Buckman      SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Jennifer Buckman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, <br><br> Plaintiffs, <br><br> VS. <br><br> MARK F. BUCKMAN, et al., <br><br> Defendants. | Civil No. CV 24-00129 MWJS-KJM <br><br> DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF MOTION TO COMPEL <br><br> Magistrate Judge Kenneth J. Mansfield <br><br> Trial Date: November 3, 2025 |

I, Mark F. Buckman, declare as follows:

1.    I am the attorney for Defendant Jennifer Buckman as well as a defendant and counterclaimant in this matter.  I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

1

2.      On July 10, 2024, Defendant Jennifer Buckman caused her first set of "Request for Production of Documents to Plaintiff Patricia W. Buckman, Set One" to be personally served on Richard Wilson.  A true and correct copy of same is attached hereto as Exhibit A.

3.      Plaintiff did not respond nor produce any documents by the deadline of August 9, and such deadline was not extended.

4.      I conducted several hours of deposition of Patricia Buckman on or about August 15-17, 2024, and September 18-20, 2024, wherein it appeared to me that she had not initiated this suit nor participated in discovery.  Excerpts of those deposition sessions follow:

> Q:     And we asked you yesterday quickly about producing documents or bringing documents to your deposition, and you said you didn't bring any; is that correct?
>  A:     That's correct.
> Q:     And you also said you didn't look for any. Is that still correct?
> A:     Correct.
> Q:     Did anybody ever ask you to find documents to produce in this case?
> A:     No.
> Q:     Do you know if Natalie every looked for documents to produce in this case?
> A:     I have no idea.

5.      On or about August 20, Plaintiff sent a response to Mr. Bonner, a true and correct copy of which is attached hereto as Exhibit B (although it bears the date of August 15).

2

6.    To date, despite my numerous requests, Plaintiff has not served an updated response specifying what documents she found, what she was unable to locate, and what steps she took to locate potentially responsive documents, nor has Plaintiff ever certified under Rule 26 that a diligent search was undertaken.

7.    The only supplement to Plaintiff's response was produced through a September 10, 2024 letter Mr. Wilson sent to Mr. Bonner claiming, among other things, that "many documents have been lost over the years"; that all of her emails and texts had been "wiped out" or deleted in 2023 (though the request was served in 2024); that Plaintiff had left her computer in her former home when she moved out, and Matt Buckman had "sold and/or discarded" it; that Plaintiff has no texts, letters or other documents relating to her agreements with Defendant Mark Buckman concerning real estate or financial matters; that "we have produced what we can find" and "emailed screenshots of texts that we could locate"; that "we are still attempting to locate records" and "will produce" what "we have currently located"; and that, for all categories of documents not addressed in the letter, "we have been unable to locate any responsive records."  A  true and correct copy of this letter is attached hereto as Exhibit C.

8.    Despite the representations in Mr. Wilson's letter, Plaintiff subsequently produced documents responsive to some of those categories that were

alleged to have no responsive documents. To date, however, Plaintiff has refused all requests to provide a supplemented or corrected response.

9. Further deposition questions by me and answers from Patricia Buckman:

Q: Do you -- there was a suggestion that Mark deleted some emails of yours. Do you know anything about that?
A: I do not.
Q: Did you ever say that?
A: Not that I know of.
Q: Have you ever believed that Mark has deleted any of your emails?
A: I have no knowledge of that.
Q: Have you ever believed that Jennifer deleted any of your emails?
A: I have no knowledge of that.

10. Plaintiff has also rejected repeated requests for her to produce responsive documents, even though they are in her care, custody, or control. For example, when I requested Plaintiff's financial records showing who is paying for what expenses on the houses that are the subject of this dispute, Mr. Wilson has (incorrectly) claimed Plaintiff need not do so because "you already have the financial records anyways."

11. Mr. Wilson emailed a link to some electronic records. However, that link expired, so I could not download the documents. When I asked Mr. Wilson to provide another link, or a thumb drive of the documents, he refused. When Mr. Wilson had a similar issue with a link I provided him, I put all the documents on a

4

thumb drive and served it on him via U.S. Mail.  When Mr. Wilson said he didn't have that thumb drive, I put the documents on another thumb drive and personally handed it to him.  .

12.    Mr. Wilson has repeatedly filed with this court documents that are responsive to the request No. 23, 40, 41 seeking emails and documents between (1) Natalie Pitre and Plaintiff's attorney, and (2) Tamara Buchwald and Plaintiff's attorney (ECF # 53-2, 53-3, 88-5) – but none of these responsive documents have been produced. Also, Plaintiff's former counsel Steve Reese has produced records in response to subpoena that show further correspondence between Ms. Pitre and/or Ms. Buchwald and Plaintiff's attorney, but no such documents have been produced by Plaintiff.    True and correct copies of these documents are attached hereto as Exhibit G.

13.    Plaintiff has testified that she has little to no memory of the facts surrounding the transactions she now disputes

14.    Further deposition questions by me and answers from Patricia Buckman:

Q:    Okay. And so are you aware we asked for some documents in this
        case that have been produced over the last couple of weeks to us?
A:     I'm not clear about all that.
Q:    Okay. Did you look for some documents to give to your attorney?
A:    I did not. Perhaps someone else did.
Q:    Okay. Did -- without telling me anything of the substance of the

5

conversations, were you ever asked by anybody to look for documents related to this case?

A:    Not that I recall.

Q:    . . . We served some -- we call them Requests for Production, that asked you to give us documents. Do you know anything about that at all?

A:    No, I don't.

Q:    Have you ever read any such document requesting papers from you?

A:    No, but my memory is not perfect.

Q:    Okay.  Did – you know if Natalie worked on producing those document to your attorney?

A:    I have no idea.

Q:    Okay. Do you know how your attorney would have got documents to respond, if not from you?

A:    Again, I have no idea.

Q:    Okay. There was some statement that, like, some of the documents that are -- that we asked for no longer exist. Do you know anything about that?

A:    I do not.

15.    Natalie Pitre has testified that she is Plaintiff's caregiver and Natalie is also Plaintiff's agent with respect to the "Front House", as shown by the eviction complaint by Patricia Buckman against Matthew Buckman, filed by Natalie Pitre, plaintiff's managing agent, a certified copy of which is attached hereto as Exhibit H. Natalie Pitre also testified that Plaintiff "lost" her iphone in Carl Pitre's car when he was giving her a ride and that Plaintiff lost her ability to text; however, at his deposition, Carl Pitre denied that Plaintiff lost her phone in his car or that he was giving her a ride when it was allegedly lost.

16.    I told Richard Wilson at the start of this case to have his clients, which include both Plaintiff and Natalie Pitre, preserve all evidence, including electronic

6

evidence.

17.    Natalie Pitre, testified that she has access to Plaintiff's email accounts, and that she sometimes deletes emails from those accounts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 7, 2025 at Honolulu, Hawaii.

                                      /s/ Mark F. Buckman
                                    Mark F. Buckman

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on May 7, 2025 and by the method(s) of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

### SERVED ELECTRONICALLY THROUGH CM / ECF:

Richard E. Wilson   rewilson_law@yahoo.com
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

Louise K.Y. Ing          louise.ing@dentons.com
Timothy C. Partelow      timothy.partelow@dentons.com
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813

### SERVED BY FIRST-CLASS MAIL:

### SERVED BY HAND DELIVERY:

Dated:        Honolulu, Hawaii, May 7, 2025.

                    /s/ Mark F. Buckman
                    Law Offices of Mark F. Buckman
                    Mark F. Buckman, Esq.
                    Attorneys for Jennifer Buckman and
                    Mark F. Buckman

Mark F. Buckman          SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:   (916) 442-8300
Markfbuckman@sbcglobal.net

Attorney for Defendant
Jennifer Buckman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK F. BUCKMAN et al., <br><br> Defendants. | Civil No. CV 24-00129 MWJS-KJM <br><br> **REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN** <br><br> Set No. 1 |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Civil Local Rule 34, Patricia W. Buckman shall, within thirty (30) days, produce copies of the following documents at the following:  Addison D. Bonner, Tamashiro Sogi & Bonner, A Law Corporation, 705 S. King St., Suite 105, Honolulu, Hawaii 96813.

Electronically stored information shall be produced in paper form.

EXHIBIT A

## DEFINITIONS

1.      The term "**Documents**" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

2.      The term "**concerning**" means referring to, describing, evidencing, or constituting.

2.      The term "**you**" and "**your**" means all parties identified as plaintiff in this case, e.g., Patricia W. Buckman, individually and as trustee of her various trusts, along with all such trusts.

3.      The term "**Front House**" means the real property commonly known as 3010 Kaunaoa Street, Honolulu, Hawaii 96815, also known as Unit Diamond of the Cottages at Diamond Head, Tax Map Key No. (1) 3-1-024-043 CPR 0001.

4.      The term "**Back House**" means the real property commonly known as 3010A Kaunaoa Street, Honolulu, Hawaii 96815, also known as Unit Ewa of the Cottages at Diamond Head, Tax Map Key No. (1) 3-1-024-043 CPR 0002.

5.      The term "**714 16th Avenue**" shall mean the real property commonly known as 714B 16th Avenue, Honolulu, Hawaii 96816, and where you lived for many years.

6.      The term "**Back House Deed**" shall mean that certain Deed conveying the Back House from Patricia W. Buckman to Mark F. Buckman, signed and notarized on or about August 10, 2023, and referred to in your FAC at ¶¶ 27, 30.

7.      The term "**Front House Mortgage**" shall mean that certain mortgage recorded against the Front House on or about September 24, 2023, and referred to in your FAC at ¶¶ 36, 37.

8.      The term "**FAC**" shall mean your First Amended Complaint filed on or about June 10, 2024.

8.      The term "**Answer**" shall mean the Answer filed by Mark Buckman on or about July 1, 2024.

8.      The term "**Counterclaim**" shall mean the Counterclaim filed by Mark Buckman on or about July 1, 2024.

## REQUESTS

1.      All Documents identified in your Initial Disclosures, as may have been supplemented.

2.      All Documents that concern, support in any way or refute in any way your claim that you signed, or that you were mistaken, tricked, persuaded, unduly influenced and/or defrauded into signing and/or notarizing any Documents by Mark Buckman and/or Jennifer Buckman, including, without limitation, the Back House

Deed and/or the Front House Mortgage, as alleged in your FAC at, inter alia,  ¶¶ 25-28 and ¶¶ 35-36.

3.       All Documents that support in any way  or refute in any way your claim that you were taken out on extended outings by Mark Buckman and Jennifer Buckman on August 10, 2023 and by Mark Buckman alone on September 24, as alleged in your FAC at, inter alia,   ¶¶ 25-28 and ¶¶ 35-36.

4.       All Documents that constitute, concern, refer, or relate to any emails, texts, letters, agreements, payments, loans, mortgage statements, escrow statements, purchase agreements, promissory notes, loans, to or from Mark Buckman and yourself, or any other family member, or made by any such person(s), from January 1, 1991 to date, that in way refer to (a) 714 16th Avenue, (b) the Back House, or (c) the Front House, and/or (d) your other interactions or agreements with Mark Buckman concerning real estate or financial matters.  (For reference, 1991 was the year 714 16th Avenue was purchased by Mark Buckman.)

5.       All Documents that constitute, concern, refer, or relate to any doctor's examination, report, notes, competency examination, or similar document that relates in any way to your mental faculties and competency from January 1, 2016 to date.  Such Documents include, without limitation, the competency examination you and Richard Wilson stated you had passed in late 2023 in a TRO case last year, including any second opinion, follow-up or re-examination, etc.

6.         All Documents that constitute, concern, refer, or relate to your will and estate planning documents, including any trusts, amendments, modifications, revisions, wills, codicils, exhibits, attachments, letters, instructions, powers of attorney (of all types, including for financial matters and healthcare) trustee resignations, acceptances of trustee, appointment of successor trustee(s), acceptance of appointment, trustee reports as required by your trust or law (such as detailing income and expenses and other financial matters), or similar document regarding same, regardless of title, from January 1, 2006 to date.  This request specifically includes, without limitation, all communications, emails, text messages, imessages, etc. regarding your estate planning and/or such documents through the date you fully respond to this discovery.

7.         All Documents that constitute, concern, refer, or relate to financial accountings or records prepared by or for Natalie Pitre and documenting her managing and responsibility for your money and finances (such as payments of your expenses and receipt of your income), from January 1, 2019 to the date you fully respond to this discovery.  (For reference,  ¶¶ 6(a), 6(k) of the Counterclaim alleged Ms. Pitre acted under a power of attorney from you and that she was the successor trustee of your trust from the latter half of 2020 forward.)

8.         All Documents that constitute, concern, refer, or relate to communications or emails between Patricia Buckman and Mark and/or Jennifer

Buckman, whether or not such emails include other recipients, that in any way mentioned or concern either (i) 714 16th Avenue, the Front House, and / or the Back House, and/or (ii) loans,   investments, or gifts between Patricia Buckman and Mark and/or Jennifer Buckman, from May 1, 1998 to the date you fully respond to this discovery.   (For reference, ¶ 29 of the Counterclaim alleged that "about September 25, 1998, MFB deeded a small portion of 714 16th Ave to PWB. . . .")

9.        All Documents that constitute, concern, refer, or relate to your claim that Mark Buckman and/or Jennifer Buckman (a)   had a "special/confidential relationship" with you, (b) owed you fiduciary or similar duties, and/or (3) in which he or she represented you as an attorney, from January 1, 2016 to date, as alleged in your FAC, including ¶¶ 47 and 50.

10.        All Documents that constitute, concern, refer, or relate to communications or agreements between you and Tamara Buchwald, whether or not such Documents include other participants / recipients, from January 1, 2015 to the date you fully respond to this discovery, including, without limitation, any such Documents that concern your estate planning and/or estate documents and/or concerning any matters alleged in the FAC, Answer, or Counterclaim.   (For reference, ¶ 13 of the Answer alleged that Tammy Yakimetz a/k/a Tamara Buchwald ("Tammy") performed unlicensed legal work by preparing a new trust with input from Natalie and then PWB.)

11.        All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Front House and/or Front House Mortgage, from January 1, 2023 to the date you fully respond to this discovery.

12.        All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Back House and/or Back House Deed, from January 1, 2023 to the date you fully respond to this discovery.

13.        All Documents that constitute, concern, refer, or relate to renting the Back House to Natalie Pitre and/or Carl Pitre starting in or about 2019-2020, including any rental or lease agreements, any authentication or certificate that you, Natalie and/or Carl Pitre signed a rental agreement for same via an electronic signature service (e.g., Authentisign), such as the complete audit trail / verification of such signatures, whether the signatures are considered valid by Authentisign, the date the document was actually electronically signed (as opposed to just the date of the document itself), the ip address of the signatories, email(s) you sent or received when the rental agreement was originally signed (possibly September 2019, but believed to be much later, that is, sometime in 2023), etc.  (For reference, ¶ 14 of the FAC alleges you had Natalie and her family move into the Back House during Covid and there are disputes to whether they paid rent or not.)

14.        All Documents that constitute, concern, refer, or relate to your receiving any rent or other consideration from renting the Back House to Natalie

Pitre and/or Carl Pitre for each month they occupied the Back House, from January 1, 2019 to date.   This request includes, without limitation, any bank deposit of such rent, electronic receipt for rent paid, any cash receipt given, any non-payment of rent, any communication regarding non-payment of rent, etc.   (For reference, ¶ 6(d) of the Counterclaim alleged that Natalie failed to pay you rent for the Back House, and instead falsely claimed to have paid over $15,000 in cash to you, which you denied ever receiving.)

15.       All Documents that constitute, concern, refer, or relate to any communication, observation, recording (audio and/or video, or otherwise),from any one or more of the following persons that have been identified as witnesses in this matter, which in any way concerns allegations asserted in the FAC, Answer, Counterclaim, and/or defenses to same: Patricia Buckman, Bruce Buckman, Matt Buckman, Mark Buckman, Jennifer Buckman, Duke Manoa Buckman, Kimberly Katsarsky Buckman, Carl Pitre, Natalie Pitre, Holli Bettis, Jen Williams, Carolyn Watanable, Ceci Chang, Tamara Buchwald, Daniel Gittelman, Steven Reese, Tanya Pitre.

16.       All Documents that constitute, concern, refer, or relate to any estate documents, communication or agreement with Steve Reese and / or his office from January 1, 2019 to date. (For reference, ¶ 6(o) of the Counterclaim alleged that Steve

Reese spoke extensively with Mark Buckman, in the presence of you and/or with your consent, about your estate documents and communications regarding same,)

17.    All Documents that constitute, concern, refer, or relate to your filing a lawsuit to evict / eject Matthew Buckman from the Front House in 2024, including any authorization you provided Natalie Pitre to pursue that matter on your behalf, along with all demands, settlement proposals, communications and/or agreements, including settlement agreements, concerning such case and/or Matthew Buckman's occupancy / rights in and to the Front House and/or the Back House.  (For reference, ¶ 16 of the Counterclaim alleged that "Natalie, acting as PWB's 'manager,' subsequently evicted Matt from the Front House."   That case was filed on or about March 13, 2024 as Case 1DRC-24-002568.)

18.    All Documents that constitute, concern, refer, or relate to anyone (including, without limitation, you, Natalie Pitre, and/or Tamara Buchwald) agreeing, allowing, consenting, or acquiescing to Matthew Buckman, Rashad Doe, and/or anyone else renting / occupying the Back House at any time from January 1, 2023 to the date you fully respond to this discovery.

19.    All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Matthew Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including any interest by way of one or more of your trusts, which could include, without

limitation, any right to occupy the same, any right to rent out same, any right to receive the rental income from same, any right to sell, transfer, will, or gift same, and/or any right to any ownership or beneficial interest in same.

20.     All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Duke Manoa Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

21.     All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Natalie Pitre and/or Carl Pitre regarding (a)  this lawsuit, and/or (b)  his/her/their legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

22.     All Documents that constitute, concern, refer, or relate to Natalie Pitre taking / transferring approximately $170,000 of your money from your credit accounts and depositing it in a new account controlled by Natalie, and not accessible to you, in or about September 2021, as well as bank statements showing the disposition and/or return of all such funds to you from Natalie.  (For reference, ¶ 6(k) of the Counterclaim alleges "Natalie taking $172,018.63 of PWB's money from her account, via a power of attorney or by acting as a successor trustee of PWB's trust, and putting it in another account, without PWB's knowledge and consent.")

23.     All Documents that constitute, concern, refer, or relate to communications between Richard Wilson and Natalie Pitre and/or Tamara Buchwald that in any way concern this lawsuit.

24.     All Documents that constitute, concern, refer, or relate to recordings, whether audio, visual, still pictures, or otherwise, that depict or capture the voice or image of Mark Buckman and/or Jennifer Buckman from January 1, 2016 to date

25.     All Documents that constitute, concern, refer, or relate to the receipt, payment, sharing, and/or splitting of real estate commissions between Island Properties, you, and/or Natalie Pitre for all properties you either listed, or you co-listed with Natalie Pitre at any time from January 1, 2019 to date.

26.     All Documents that constitute, concern, refer, or relate to (a) the sale, transfer, or gift of your real estate brokerage (Island Properties Sales Development Management Corp.) to Natalie Pitre, as well as (b) the identity of the principal broker for Island Properties, and/or (c) your duties at Island Properties, from January 1, 2019 to date.   (For reference, ¶ 6(l) of the Counterclaim alleges Natalie Pitre took over Island Properties but could not provide any documents to support her claims.)

27.     All Documents that constitute, concern, refer, or relate to communications and/or agreement(s) with Mark Buckman and/or Jennifer Buckman regarding his/her/their legal and/or beneficial interest in 714 16th Avenue, the Back

House, Front House, and/or Front House Mortgage including, without limitation, any interest by way of one or more of your trusts.

28.        All Documents that constitute, concern, refer, or relate to (a) your owning any portion of 714 16th Avenue, (b) Mark Buckman owning any portion of 714 16th  Avenue, and/or (c) your paying, agreeing to pay, or compensating Mark Buckman for his interest in 714 16th Avenue, from January 1, 1991 to date.  (For reference, the Counterclaim ¶¶ 7, 26-36 alleged that Mark Buckman always owned 40%, and you owned 60%, of 714 16th Avenue.)

29.        All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he owned 40% of  714 16th Avenue and/or that you later asked and agreed to pay him for his interest in 714 16th Avenue upon your passing, as alleged in ¶¶ 7, 26-36 of   the Counterclaim.

30.        All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he loaned you approximately $50,000 to pay for repairs / remodeling on 714 16th Avenue in or about 2016, as alleged in ¶ 33 of  the Counterclaim.

31.        All Documents that concern, support in any way or refute in any way your claim that Mark Buckman demanded an additional $100,000.00 compensation for the work he performed [on remodeling 714 16th Avenue in or about 2016], as alleged in ¶ 11 of your FAC.

32.     All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you agreed to have him take over responsibility from Natalie for paying some of your bills, as alleged in ¶¶ 20-21 of the Counterclaim.

33.     All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you had Mark Buckman take over obtaining Matt Buckman's  $40,000 share of your life insurance policy, with $10,000 to be distributed to Matt initially, and the rest to be kept by Mark to be distributed out in MFB's discretion, as alleged in ¶ 11 of  the Counterclaim.

34.     All Documents that concern, support in any way or refute in any way Mark Buckman's claims in ¶ 10 of the Counterclaim that "PWB's main goal [regarding estate planning / the back house] for many years was to ensure that Matt not become homeless. Matt has struggled with substance abuse issues for many years and PWB did not view him as responsible enough to handle maintenance and bills for the property. Matt also, on information and belief, received over $250,000 from PWB over the last several years. PWB was concerned that Natalie was trying to evict Matt (and Manoa) and that her treatment of them would only worsen after PWB's passing."

35.     All Documents that constitute, concern, refer, or relate to the identity of the person who rented a room in the Front House in or about January 2024 who is only known to defendants as Rashad "Doe", including, without limitation, Rashad's

identification documents (drivers license, passport, etc.), any rental application, rental agreement, financial documents, contact information, credit check(s), etc., as well as any Document providing Natalie Pitre with authority to rent any part of the Front House on your behalf, as well as your receipt of any and all monies on account of rental of any part of the Front House, from January 1, 2024 to date.

36. All Documents that constitute, concern, refer, or relate to all loans, gifts, payments to or from Matt Buckman, from January 1, 2016 to date, whether related to the Back House or not.

37. All Documents that constitute, concern, refer, or relate to emails, texts / imessages between (a) yourself / your phone number / apple account, and (b) any one or more of the following named persons from January 1, 2023 to date: (1) Mark Buckman, (2) Jennifer Buckman, (3) Emma Buckman, (4) Natalie Pitre, (5) Carl Pitre, (6) Matt Buckman, (7) Duke Manoa Buckman, (8) Kimberly Katsarsky Buckman, and (9) Tamara Buchwald.  The subject matter is not being limited as this litigation is a family dispute, with allegations of estrangement, confidential relationships, 24-hour care being rendered to plaintiff, and Natalie Pitre improperly controlling your electronic communications, and the perhaps wholesale spoliation of evidence from plaintiff's electronics.  (For reference, ¶ 17 of the Counterclaim alleged that "Natalie also has control of PWB's phone, Apple account, gmail account, and computer, and regularly has impersonated PWB, intercepted her

communications, and deleted communications meant for PWB without informing her of same; indeed, several times Natalie has texted MFB from PWB's phone pretending to be PWB, or has responded to texts from MFB to PWB, again impersonating PWB. Natalie has also admitted to deleting PWB's electronic records, and Natalie's attorney Richard Wilson (also PWB's attorney) has claimed that many of PWB's electronic records are gone.")

DATED: July 10, 2024                                    /s/ Mark F. Buckman
                                        Law Offices of Mark F. Buckman
                                        Mark F. Buckman, Esq.
                                        Attorneys for Defendant Jennifer Buckman

Mark F. Buckman        SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK F. BUCKMAN et al., <br><br> Defendants. | Civil No. CV 24-00129 MWJS-KJM <br><br> **CERTIFICATE OF SERVICE** <br><br> Request for Production of Documents to Plaintiff Patricia W. Buckman, Set No. 1] |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 10, 2024, true and correct copies

of the foregoing documents were duly served upon the following via Hand Delivery

as follows:

RICHARD E. WILSON
Law Offices of Richard E. Wilson, LLC
735 Bishop St., Ste. 306
Honolulu, Hawaii 96813
Attorneys for Plaintiffs

ADDISON D. BONNER
TAMASHIRO SOGI & BONNER
705 S. King Street, Suite 105
Honolulu, Hawaii 96813
Attorney for Defendant Mark F. Buckman


     I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

DATED: Elk Grove, CA, July 12, 2024.

                          /s/ Mark F. Buckman
                         Law Offices of Mark F. Buckman
                         Mark F. Buckman, Esq.
                         Attorneys for Defendant Jennifer Buckman and co-counsel for Defendant / Counter-Claimant Mark F. Buckman

Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON  5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
*Rewilson_law@yahoo.com*

Attorney for Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of
the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST<br><br>        Plaintiffs,<br><br>vs.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>        Defendants. | CV 24-00129 MWJS-KJM<br><br>PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN |

EXHIBIT B

PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN

Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of

the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.

BUCKMAN REVOCABLE TRUST, by and through their undersigned counsel,

hereby respond to REQUEST FOR PRODUCTION OF DOCUMENTS TO

PLAINTIFF PATRICIA W. BUCKMAN as follows:

1.    All Documents identified in your Initial Disclosures, as may have been

supplemented.

The Plaintiff will produce documents which she can locate in her care,

custody, and control.

2.    All Documents that concern, support in any way or refute in any way

your claim that you signed, or that you were mistaken, tricked, persuaded, unduly

influenced and/or defrauded into signing and/or notarizing any Documents by Mark

Buckman and/or Jennifer Buckman, including, without limitation, the Back House

Deed and/or the Front House Mortgage, as alleged in your FAC at, inter alia, ¶¶ 25-

28 and ¶¶ 35-36.

The Plaintiff objects to this request as being incomprehensible. The

Plaintiff is unaware of any other documents than the subject documents that

Defendant Mark Buckman had her sign without explanation.

2

3.    All Documents that support in any way or refute in any way your claim that you were taken out on extended outings by Mark Buckman and Jennifer Buckman on August 10, 2023 and by Mark Buckman alone on September 24, as alleged in your FAC at, inter alia, ¶¶ 25-28 and ¶¶ 35-36.

The Plaintiff is unaware of any such document.

4.    All Documents that constitute, concern, refer, or relate to any emails, texts, letters, agreements, payments, loans, mortgage statements, escrow statements, purchase agreements, promissory notes, loans, to or from Mark Buckman and yourself, or any other family member, or made by any such person(s), from January 1, 1991 to date, that in way refer to (a) 714 16th Avenue, (b) the Back House, or (c) the Front House, and/or (d) your other interactions or agreements with Mark Buckman concerning real estate or financial matters. (For reference, 1991 was the year 714 16th Avenue was purchased by Mark Buckman.)

The Plaintiff will produce documents which she can locate in her care, custody, and control.

5.    All Documents that constitute, concern, refer, or relate to any doctor's examination, report, notes, competency examination, or similar document that relates in any way to your mental faculties and competency from January 1, 2016 to date. Such Documents include, without limitation, the competency examination

3

you and Richard Wilson stated you had passed in late 2023 in a TRO case last year, including any second opinion, follow-up or re-examination, *etc.*

The Plaintiff will produce documents which she can locate in her care, custody, and control.

6.      All Documents that constitute, concern, refer, or relate to your will and estate planning documents, including any trusts, amendments, modifications, revisions, wills, codicils, exhibits, attachments, letters, instructions, powers of attorney (of all types, including for financial matters and healthcare) trustee resignations, acceptances of trustee, appointment of successor trustee(s), acceptance of appointment, trustee reports as required by your trust or law (such as detailing income and expenses and other financial matters), or similar document regarding same, regardless of title, from January 1, 2006 to date.  This request specifically includes, without limitation, all communications, emails, text messages, imessages, *etc.* regarding your estate planning and/or such documents through the date you fully respond to this discovery.

The Plaintiff will produce documents which she can locate in her care, custody, and control.

7.      All Documents that constitute, concern, refer, or relate to financial accountings or records prepared by or for Natalie Pitre and documenting her managing and responsibility for your money and finances (such as payments of your

4

expenses and receipt of your income), from January 1, 2019 to the date you fully respond to this discovery. (For reference, ¶¶ 6(a), 6(k) of the Counterclaim alleged Ms. Pitre acted under a power of attorney from you and that she was the successor trustee of your trust from the latter half of 2020 forward.)

The Plaintiff will produce documents which she can locate in her care, custody, and control.

8.   All Documents that constitute, concern, refer, or relate to communications or emails between Patricia Buckman and Mark and/or Jennifer Buckman, whether or not such emails include other recipients, that in any way mentioned or concern either (i) 714 16th Avenue, the Front House, and or the Back House, and/or (ii) loans, investments, or gifts between Patricia Buckman and Mark and/or Jennifer Buckman, from May 1, 1998 to the date you fully respond to this discovery. (For reference, ¶29 of the Counterclaim alleged that "about September 25, 1998, MFB deeded a small portion of 714 16th Ave to PWB. . . .")

The Plaintiff is unaware of the existence of any responsive documents.

9.   All Documents that constitute, concern, refer, or relate to your claim that Mark Buckman and/or Jennifer Buckman (a) had a "special/confidential relationship" with you, (b) owed you fiduciary or similar duties, and/or (3) in which he or she represented you as an attorney, from January 1, 2016 to date, as alleged in your FAC, including ,¶¶ 47 and 50.

5

The Plaintiff is unaware of the existence of any responsive documents.

10.    All Documents that constitute, concern, refer, or relate to communications or agreements between you and Tamara Buchwald, whether or not such Documents include other participants/recipients, from January 1, 2015 to the date you fully respond to this discovery, including, without limitation, any such Documents that concern your estate planning and/or estate documents and/or concerning any matters alleged in the FAC, Answer, or Counterclaim. (For reference, ¶ 13 of the Answer alleged that Tammy Yakimetz a/k/a Tamara Buchwald ("Tammy") performed unlicensed legal work by preparing a new trust with input from Natalie and then PWB.)

The Plaintiff is unaware of the existence of any responsive documents.

11.    All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Front House and/or Front House Mortgage, from January 1, 2023 to the date you fully respond to this discovery.

The Plaintiff objects to this request in that it is overbroad and indefinite. Nevertheless, to the extent she understands this request, she will produce documents which she can locate in her care, custody, and control.

12.    All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Back House and/or Back House Deed, from January 1, 2023 to the date you fully respond to this discovery.

6

The Plaintiff objects to this request in that it is overbroad and indefinite. Nevertheless, to the extent she understands this request, she will produce documents which she can locate in her care, custody, and control.

13.    All Documents that constitute, concern, refer, or relate to renting the Back House to Natalie Pitre and/or Carl Pitre starting in or about 2019-2020, including any rental or lease agreements, any authentication or certificate that you, Natalie and/or Carl Pitre signed a rental agreement for same via an electronic signature service (*e.g.*, Authentisign), such as the complete audit trail / verification of such signatures, whether the signatures are considered valid by Authentisign, the date the document was actually electronically signed (as opposed to just the date of the document itself), the ip address of the signatories, email(s) you sent or received when the rental agreement was originally signed (possibly September 2019, but believed to be much later, that is, sometime in 2023), *etc.* (For reference, ¶14 of the FAC alleges you had Natalie and her family move into the Back House during Covid and there are disputes to whether they paid rent or not.)

The Plaintiff will produce documents which she can locate in her care, custody, and control.

14.    All Documents that constitute, concern, refer, or relate to your receiving any rent or other consideration from renting the Back House to Natalie Pitre and/or Carl Pitre for each month they occupied the Back House, from January 1, 2019 to

7

date. This request includes, without limitation, any bank deposit of such rent, electronic receipt for rent paid, any cash receipt given, any non-payment of rent, any communication regarding non-payment of rent, *etc*. (For reference, ¶ 6(d) of the Counterclaim alleged that Natalie failed to pay you rent for the Back House, and instead falsely claimed to have paid over $15,000 in cash to you, which you denied ever receiving.)

The Plaintiff will produce documents which she can locate in her care, custody, and control.

15. All Documents that constitute, concern, refer, or relate to any communication, observation, recording (audio and/or video, or otherwise), from any one or more of the following persons that have been identified as witnesses in this matter, which in any way concerns allegations asserted in the FAC, Answer, Counterclaim, and/or defenses to same: Patricia Buckman, Bruce Buckman, Matt Buckman, Mark Buckman, Jennifer Buckman, Duke Manoa Buckman, Kimberly Katsarsky Buckman, Carl Pitre, Natalie Pitre, Holli Bettis, Jen Williams, Carolyn Watanable, Ceci Chang, Tamara Buchwald, Daniel Gittelman, Steven Reese, Tanya Pitre.

The Plaintiff is unaware of the existence of any responsive documents.

16. All Documents that constitute, concern, refer, or relate to any estate documents, communication or agreement with Steve Reese and/or his office from

8

January 1, 2019 to date. (For reference, ¶ 6(0) of the Counterclaim alleged that Steve Reese spoke extensively with Mark Buckman, in the presence of you and/or with your consent, about your estate documents and communications regarding same,)

The Plaintiff is unaware of the existence of any responsive documents.

17.    All Documents that constitute, concern, refer, or relate to your filing a lawsuit to evict/eject Matthew Buckman from the Front House in 2024, including any authorization you provided Natalie Pitre to pursue that matter on your behalf, along with all demands, settlement proposals, communications and/or agreements, including settlement agreements, concerning such case and/or Matthew Buckman's occupancy/rights in and to the Front House and/or the Back House. (For reference, ¶16 of the Counterclaim alleged that "Natalie, acting as PWB's 'manager,' subsequently evicted Matt from the Front House." That case was filed on or about March 13, 2024 as Case 1DRC-24-002568.)

The Plaintiff is unaware of the existence of any responsive documents.

18.    All Documents that constitute, concern, refer, or relate to anyone (including without limitation, you, Natalie Pitre, and/or Tamara Buchwald) agreeing, allowing, consenting, or acquiescing to Matthew Buckman, Rashad Doe, and/or anyone else renting/ occupying the Back House at any time from January 1, 2023 to the date you fully respond to this discovery.

The Plaintiff is unaware of the existence of any responsive documents.

9

19.    All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Matthew Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including any interest by way of one or more of your trusts, which could include, without limitation, any right to occupy the same, any right to rent out same, any right to receive the rental income from same, any right to sell, transfer, will, or gift same, and/or any right to any ownership or beneficial interest in same.

The Plaintiff is unaware of the existence of any responsive documents.

20.    All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Duke Manoa Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

The Plaintiff will produce documents which she can locate in her care, custody, and control.

21.    All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Natalie Pitre and/or Carl Pitre regarding (a) this lawsuit, and/or (b) his/her/their legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

The Plaintiff is unaware of the existence of any responsive documents.

22.    All Documents that constitute, concern, refer, or relate to Natalie Pitre taking/transferring approximately $170,000 of your money from your credit accounts and depositing it in a new account controlled by Natalie, and not accessible to you, in or about September 2021, as well as bank statements showing the disposition and/or return of all such funds to you from Natalie. (For reference, ¶ 6(k) of the Counterclaim alleges "Natalie taking $172,018.63 of PWB's money from her account, via a power of attorney or by acting as a successor trustee of PWB's trust, and putting it in another account, without PWB's knowledge and consent.")

The Plaintiff will produce documents which she can locate in her care, custody, and control.

23.    All Documents that constitute, concern, refer, or relate to communications between Richard Wilson and Natalie Pitre and/or Tamara Buchwald that in any way concern this lawsuit.

The Plaintiff is unaware of the existence of any responsive documents.

24.    All Documents that constitute, concern, refer, or relate to recordings, whether audio, visual, still pictures, or otherwise, that depict or capture the voice or image of Mark Buckman and/or Jennifer Buckman from January 1, 2016 to date[.]

The Plaintiff is unaware of the existence of any responsive documents.

25.    All Documents that constitute, concern, refer, or relate to the receipt, payment, sharing, and/or splitting of real estate commissions between Island

11

Properties, you, and/or Natalie Pitre for all properties you either listed, or you co-listed with Natalie Pitre at any time from January 1, 2019 to date.

The Plaintiff will produce documents which she can locate in her care, custody, and control.

26.    All Documents that constitute, concern, refer, or relate to (a) the sale, transfer, or gift of your real estate brokerage (Island Properties Sales Development Management Corp.) to Natalie Pitre, as well as (b) the identity of the principal broker for Island Properties, and/or (c) your duties at Island Properties, from January 1, 2019 to date.  (For reference, ¶ 6(1) of the Counterclaim alleges Natalie Pitre took over Island Properties but could not provide any documents to support her claims.)

The Plaintiff will produce documents which she can locate in her care, custody, and control.

27.    All Documents that constitute, concern, refer, or relate to communications and/or agreement(s) with Mark Buckman and/or Jennifer Buckman regarding his/her/their legal and/or beneficial interest in 714 16th Avenue, the Back House, Front House, and/or Front House Mortgage including, without limitation, any interest by way of one or more of your trusts.

The Plaintiff is unaware of the existence of any responsive documents.

28.    All Documents that constitute, concern, refer, or relate to (a) your owning any portion of 714 16th Avenue, (b) Mark Buckman owning any portion of

12

714 16th Avenue, and/or (c) your paying, agreeing to pay, or compensating Mark Buckman for his interest in 714 16th Avenue, from January 1, 1991 to date. (For reference, the Counterclaim, ¶¶ 7, 26-36 alleged that Mark Buckman always owned 40%, and you owned 60%, of 714 16th Avenue.)

The Plaintiff is unaware of the existence of any responsive documents.

29. All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he owned 40% of 714 16th Avenue and/or that you later asked and agreed to pay him for his interest in 714 16th Avenue upon your passing, as alleged in ¶¶ 7, 26-36 of the Counterclaim.

The Plaintiff is unaware of the existence of any responsive documents.

30. All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he loaned you approximately $50,000 to pay for repairs/ remodeling on 714 16th Avenue in or about 2016, as alleged in ¶ 33 of the Counterclaim.

The Plaintiff is unaware of the existence of any responsive documents.

31. All Documents that concern, support in any way or refute in any way your claim that Mark Buckman demanded an additional $100,000.00 compensation for the work he performed [on remodeling 714 16th Avenue in or about 2016], as alleged in ¶ 11 of your FAC.

The Plaintiff is unaware of the existence of any responsive documents.

13

32.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you agreed to have him take over responsibility from Natalie for paying some of your bills, as alleged in ¶¶ 20-21 of the Counterclaim.

The Plaintiff is unaware of the existence of any responsive documents.

33.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you had Mark Buckman take over obtaining Matt Buckman's $40,000 share of your life insurance policy, with $10,000 to be distributed to Matt initially, and the rest to be kept by Mark to be distributed out in MFB's discretion, as alleged in ¶ 11 of the Counterclaim.

The Plaintiff is unaware of the existence of any responsive documents.

34.    All Documents that concern, support in any way or refute in any way Mark Buckman's claims in ¶ 10 of the Counterclaim that "PWB's main goal [regarding estate planning/the back house] for many years was to ensure that Matt not become homeless.  Matt has struggled with substance abuse issues for many years and PWB did not view him as responsible enough to handle maintenance and bills for the property.  Matt also, on information and belief, received over $250,000 from PWB over the last several years.  PWB was concerned that Natalie was trying to evict Matt (and Manoa) and that her treatment of them would only worsen after PWB's passing."

The Plaintiff is unaware of the existence of any responsive documents.

14

35.    All Documents that constitute, concern, refer, or relate to the identity of the person who rented a room in the Front House in or about January 2024 who is only known to defendants as Rashad "Doe", including, without limitation, Rashad's identification documents (drivers license, passport, etc.), any rental application, rental agreement, financial documents, contact information, credit check(s), etc., as well as any Document providing Natalie Pitre with authority to rent any part of the Front House on your behalf, as well as your receipt of any and all monies on account of rental of any part of the Front House, from January 1, 2024 to date.

The Plaintiff is unaware of the existence of any responsive documents.

36.    All Documents that constitute, concern, refer, or relate to all loans, gifts, payments to or from Matt Buckman, from January 1, 2016 to date, whether related to the Back House or not.

The Plaintiff will produce documents which she can locate in her care, custody, and control.

37.    All Documents that constitute, concern, refer, or relate to emails, texts/imessages between (a) yourself/your phone number/apple account, and (b) any one or more of the following named persons from January 1, 2023 to date: (1) Mark Buckman, (2) Jennifer Buckman, (3) Emma Buckman, (4) Natalie Pitre, (5) Carl Pitre, (6) Matt Buckman, (7) Duke Manoa Buckman, (8) Kimberly Katsarsky

15

Buckman, and (9) Tamara Buchwald. The subject matter is not being limited as this litigation is a family dispute, with allegations of estrangement, confidential relationships, 24-hour care being rendered to plaintiff, and Natalie Pitre improperly controlling your electronic communications, and the perhaps wholesale spoliation of evidence from plaintiff's electronics. (For reference, ¶ 17 of the Counterclaim alleged that "Natalie also has control of PWB's phone, Apple account, gmail account, and computer, and regularly has impersonated PWB, intercepted her communications, and deleted communications meant for PWB without informing her of same; indeed, several times Natalie has texted MFB from PWB's phone pretending to be PWB, or has responded to texts from MFB to PWB, again impersonating PWB. Natalie has also admitted to deleting PWB's electronic records, and Natalie's attorney Richard Wilson (also PWB's attorney) has claimed that many of PWB's electronic records are gone.")

The Plaintiff will produce documents which she can locate in her care, custody, and control.

DATED: Honolulu, Hawaii, August 15, 2024.

_____/S/ Richard E. Wilson_____
Richard E. Wilson, Esq.
Attorneys for Plaintiffs

16

LAW OFFICES OF RICHARD E. WILSON, LLC

735 Bishop St., Ste. 306
Honolulu, Hawaii 96813
Telephone: (808) 545-1311
Facsimile: (808) 545-1388
Email: rewilson_law@yahoo.com

September 10, 2024

Addison D. Bonner
Tamashiro, Sogi & Bonner
705 S. King St., Ste. 105
Honolulu, HI 96813

Re:    *Plaintiff's response to Buckman's first request for production of documents*

Dear Addison:

I will be sending you documents responsive to the first request for production of documents. Some will be hard copies via the mail, others, such as texts, will be provided via email.

Unfortunately, many documents have apparently been lost over the years. For instance it is my understanding that Matt Buckman was living in Pat Buckman's home office. When he moved out, he apparently sold and/or discarded what he could not sell, including her computer.

With respect to emails and texts, I also understand that when Mr. Buckman visited her, he cleaned out her email account, and deleted all emails which between he and she. I also understand that Emma deleted Ms. Buckman's texts.

With respect to category number 4, Ms. Buckman has no texts, letters, written agreements, promissory notes, or agreements with Mark Buckman concerning real estate or financial matters. We have produced the mortgage and HUD statements.

With respect to category number 5, once a SPO is executed, we will produce Ms. Buckman's capacity evaluation from Marvin W. Acklin, Ph.D.

With respect to category number 6, we have produced her 2011 Trust (Randall Yee) & 2022 Trust (Steven Reese).

With respect to category number 7, there is no formal or documented arrangement.

With respect to category number 8, we have produced what we can find.

With respect to category number 10, we have emailed screenshots of texts that we could locate.

EXHIBIT C

Addison D. Bonner
September 10, 2024
Page – 2 –

With respect to categories number 11 and 12, we produced the mortgages and the note.

With respect to category number 17, we produced Ken Lau's eviction receipt provided

With respect to category number 21, Any discussions would have occurred in person

With respect to category number 22, we produced an email from Mr. Buckman.

With respect to category number 24, we are still attempting to locate records. We will produce the two that we have currently located.

With respect to category number 33, we have produced the amended policy.

With respect to category number 35, we have produced the Rashed D. Ahmad rental agreement.

With respect to category number 37, we have produced what we could locate.

For the categories not mentioned herein, we have been unable to locate any responsive documents.

Very truly yours,

Richard E. Wilson
REW/asa

| | |
|---|---|
| **From:** | Mark Buckman |
| **To:** | "Richard WIlson" |
| **Cc:** | "Addison Bonner" |
| **Subject:** | RE: Proposed Protective Order, Dates for Plaintiff"s Deposition, Production of Documents, Etc. |
| **Date:** | Friday, September 06, 2024 7:07:00 PM |

Hi Rich,

It's almost the end of the week and we've made no progress on a lot of things that I wanted to move forward.  I would like to improve our interactions, but I have not received any response to my email below, nor my requests to:

1.      Set dates for Plaintiff's court-ordered deposition;
2.      Receive even a single document from plaintiff;
3.      Receive a supplemental response from plaintiff regarding non-production of missing, lost, destroyed, etc. documents;
4.      Receive any sort of response from you to many of my emailed meet and confer attempts.

I'm not sure you realize this, but the lack of communication and updates has seriously impacted the completion of plaintiff's deposition.  It makes it difficult for us to conduct the deposition in September as we discussed because I have not made travel and other arrangements yet.  It also is unprofessional to not respond, or to refuse to meet and confer with me, or to refuse to email me about dates for a court-ordered deposition - when I am the questioning attorney.

Please respond so we can move forward.  Please note that, if I don't hear from you, I will be moving forward with appropriate action to resolve the outstanding issues.

Regards,

Mark

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Thursday, September 05, 2024 5:13 PM
**To:** 'Richard WIlson'
**Cc:** 'Addison Bonner'
**Subject:** Proposed Protective Order, Dates for Plaintiff's Deposition, Production of Documents, Etc.

Hi Rich,

Thanks for the draft protective order, I've taken a look at it.  I think you folks only intend to apply it to PWB's mental health capacity report(s), is that correct?  Given that understanding, the draft protective order is very broad and cumbersome if we only have one such document - especially as I've already produced over 600 pages of documents without

EXHIBIT D

such an order.  As stated, given the issues and concerns we have regarding my mom, we need to carve out an exception for use in any litigation, official matters (APS, etc.), and if subpoenaed.  Please clarify so we can resolve this matter this week - thanks.

On a related matter, I would appreciate if you would please email me and Addison a pdf of all plaintiff's produced documents, except for the mental health capacity report(s), with Bates stamping so we all have a clear record.  I don't want plaintiffs' production of all the documents held up based on the issue with a single document.

Also, if there are not a lot of responsive documents, could you please provide the reason why not?  Like, never existed, lost, misplaced, deleted, destroyed, etc.  Also, whether any of plaintiffs' computer(s) or electronic device(s) have been lost, misplaced,  deleted, destroyed, etc.

Neither Addison nor I have heard back from you regarding completing plaintiffs' deposition.  If memory serves, you said you had the week of September 16-20 open, as long as your Kauai trial was continued.  Has that trial been continued?  Do you have those dates available?  If not, what dates do you have?

As I previously mentioned, my wife has a consult with a doctor and will not know her scheduling and availability until September 10, at which time I will get back to you regarding scheduling for our depositions.

Also, I am not done producing documents to you folks.  I apologize on the delay.  I have blocked off time this weekend to work on getting you recordings / videos, etc.   I expect those files to be large (i.e., non-emailable), so will likely send them via U.S. Mail to you on a thumb drive - I will email you an index when I mail it so we have a record of everything produced.  On a related matter, you have not responded to my meet and confer emails regarding plaintiffs' RFPs, so I'm just waiting to hear from you.  Maybe you can write me after you get the stuff next week because that might resolve some, or all, of your concerns.

Hopefully that addresses everything for now.

Regards,

Mark

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Sunday, September 01, 2024 2:05 PM
**To:** Addison Bonner; Mark Buckman
**Subject:** Proposed protective order

Gents, here is my proposed protective order.  Also, as I think I previously mentioned, there are not a lot of responsive documents to your request.  I should be able to produce what has been located by Wednesday.  Please let

me know when Mark's production is complete.  Also, Mark, when are you available for deposition?  Rich


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

Mark F. Buckman          SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:   (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Defendant Jennifer
Buckman and Defendant /
Counterclaimant Mark F. Buckman,
individually and as Trustee of the Mark F.
Buckman Trust

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK F. BUCKMAN et al., <br><br> Defendants. | Civil No. CV 24-00129 MWJS-KJM <br><br> **JENNIFER BUCKMAN'S REQUEST FOR PRODUCTION TO PATRICIA W. BUCKMAN** <br><br> **SET NO. 2** |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Civil Local Rule

34, Patricia W. Buckman shall, within thirty (30) days, comply with the applicable

rules and provide a response and produce Bates-Stamped copies of the following

Page 1 of  6

EXHIBIT E

documents at the following address: Mark F. Buckman, 8359 Elk Grove Florin Rd,

Suite 103-320, Sacramento, CA 95829.

Electronically stored information shall be produced in paper form and Bates-Stamped, or by bates-stamped .pdf or .mov on a thumb drive.

## DEFINITIONS

1.      The term "DOCUMENTS" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

2.      The term "CONCERNING" means referring to, describing, evidencing, or constituting.

## REQUESTS

38.   All DOCUMENTS CONCERNING your agreement to have Mark Buckman handle bill paying and receipt of some of your income, from January 1, 2023 to February 6, 2025.

39.   All DOCUMENTS CONCERNING your estate, trust, and will DOCUMENTS, from January 1, 2020 to February 6, 2025.

40.   All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements, that include Natalie Pitre as one of the senders or recipients, from January 1, 2020 to February 6, 2025.

Page 2 of  6

41. All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements that include Tamara Buchwald as one of the senders or recipients, from January 1, 2020 to February 6, 2025.

42. All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman, Duke Manoa Buckman, or Kimberly Buckman and/or and CONCERNING either 3010 or 3010A Kaunaoa Street, Honolulu, Hawaii 96815, or this lawsuit, from January 1, 2020 to February 6, 2025.

43. All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman regarding 3010A Kaunaoa Street, Honolulu, Hawaii 96815, from January 1, 2003 to January 1, 2020.

44. All DOCUMENTS CONCERNING any doctor's report regarding your cognitive health or competency, from January 1, 2024 to February 6, 2025.

45. All DOCUMENTS CONCERNING your communications or agreements with Mark Buckman, from January 1, 2015 to February 6, 2025.

46. Without limiting the above, all DOCUMENTS CONCERNING your texts or imessages or other instant messages with any one or more of the following persons: Matt Buckman, Kimberly Buckman, Duke Manoa Buckman, Natalie

Page 3 of 6

Pitre, Carl Pitre, Mark Buckman, Jennifer Buckman, Emma Buckman, Brian Buckman, and/or Tamara Buchwald, from January 1, 2015 to February 6, 2025.

47. Without limiting the above, all DOCUMENTS CONCERNING your communications with any other persons regarding this lawsuit or the claims made therein by any party.

48. All DOCUMENTS CONCERNING Mark Buckman's claim to have owned a portion of 714 16th Avenue, Honolulu, Hawaii 96816.

49. All DOCUMENTS CONCERNING Mark Buckman's claim that you freely agreed to transfer 3010A Kaunaoa Street, Honolulu, Hawaii 96815 pursuant to Mark's agreement with Matt and Manoa.

50. All DOCUMENTS CONCERNING Mark Buckman's claim that you freely signed a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney,  Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

51. All DOCUMENTS CONCERNING your claim that you acted under duress, undue influence, or were defrauded into signing a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman,

Page 4 of  6

Power of Attorney,  Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

52.    All DOCUMENTS CONCERNING any payment to Mark Buckman (whether from you or anyone else), or receipt by him of anything of value, regarding his interest in 714 16th Avenue, Honolulu, Hawaii, from January 1, 1991 to February 6, 2025.

53.    All DOCUMENTS CONCERNING Matt Buckman's interest in 3010A Kaunaoa Street, Honolulu, HI 96815 from January 1, 2022 to February 6, 2025.

54.    All DOCUMENTS CONCERNING anyone assisting or helping you or your attorney with this case.

DATED: February 6, 2025                    _____/s/ Mark F. Buckman_____
                                          Law Offices of Mark F. Buckman
                                          Mark F. Buckman, Esq.
                                          Attorneys for Defendant Jennifer Buckman

## CERTIFICATE OF SERVICE

I, Brian Buckman, hereby certify that, on February 6, 2025 and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**SERVED ELECTRONICALLY THROUGH CM / ECF:**

**SERVED BY PRIORITY U.S. MAIL:**

Richard E. Wilson, Esq.
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

**SERVED BY ELECTRONIC MAIL:**

**SERVED BY HAND DELIVERY:**

Dated:    Elk Grove, California, February 6, 2025.

/s/ Brian Buckman_____
Brian Buckman

Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON  5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
*Rewilson_law@yahoo.com*

Attorney for Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of
the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST<br><br>Plaintiffs,<br><br>vs.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>Defendants. | CV 24-00129 MWJS-KJM<br><br>PLAINTIFFS' RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN |

EXHIBIT F

## PLAINTIFFS' RESPONSE TO SECOND REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN

Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST, by and through their undersigned counsel, hereby respond to the SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN as follows:

38.    All DOCUMENTS CONCERNING your agreement to have Mark Buckman handle bill paying and receipt of some of your income, from January 1, 2023 to February 6, 2025.

Response:  I do not recall any agreements.

39.    All DOCUMENTS CONCERNING your estate, trust, and will DOCUMENTS, from January 1, 2020 to February 6, 2025.

Response:  I do not know what "concerning" means.  I believe my lawyer provided you with documents about my trust and will.  I also heard that you subpoenaed my estate lawyer Mr. Reese.  I do not believe that I have anything else.

40.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements, that include Natalie Pitre as one of the senders or recipients, from January 1, 2020 to February 6, 2025.

Response:  I am not aware of any.

2

41.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements that include Tamara Buchwald as one of the senders or recipients, from January J,2020 to February 6, 2025.

Response:  I am not aware of any.

42.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman, Duke-Manoa Buckman, or Kimberly-Buckman and/or and CONCERNING either 3010 or 3010A Kaunaoa Street, Honolulu, Hawaii 96815, or this lawsuit, from January 1, 2020 to February 6, 2025.

Response:  I am not aware of any.

43.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman regarding 3010A Kaunaoa Street Honolulu, Hawaii 96815; from January 1, 2003 to January 1, 2020.

Response:  I am not aware of any.

44.    ALL DOCUMENTS CONCERNING any doctor's report regarding your cognitive health or competency, from January 1, 2024 to February 6, 2025.

Response:  I think we gave them to you already.

45.    ALL DOCUMENTS CONCERNING your communications or agreements with Mark Buckman, from January 1, 2015 to February 6, 2025.

3

Response: I do not know what this means. I do not think that I ever wrote down anything about any phone calls with Mark, but I think he recorded them. I do not recall having any formal agreements with Mark.

46. Without limiting the above, all DOCUMENTS CONCERNING your texts or imessages or other instant messages with any one or more of the following persons: Matt Buckman, Kimberly Buckman, Duke Manoa Buckman, Natalie· Pitre, Carl Pitre, Mark Buckman, Jennifer Buckman, Emma Buckman, Brian Buckman, and/or Tamar Buchwald, from January 1, 2015 to February 6, 2025.

Response: I don't have any of those messages or texts.

47. Without limiting the above, all DOCUMENTS CONCERNING your communications with any other persons regarding this lawsuit or the claims made therein by any party.

Response: I am not aware of any.

48. All DOCUMENTS CONCERNING Mark Buckman's claim to have owned a portion of 714 16th Avenue, Honolulu, Hawaii 96816.

Response: I am not aware of any.

49. All DOCUMENTS CONCERNING Mark Buckman's claim that you freely agreed to transfer 3010A Kaunaoa Street, Honolulu, Hawaii 96815 pursuant to Mark's agreement with Matt and Manoa.

4

Response:  I do not know what Mark's supposed agreement was, so I do not have any documents.

50.   All DOCUMENTS CONCERNING Mark Buckman's claim that you freely signed a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

Response:  I am not aware of any.

51.   All DOCUMENTS CONCERNING your claim that you acted under duress, undue influence or were defrauded into signing a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

Response:  I am not aware of any.

52.   All DOCUMENTS CONCERNING any payment to Mark  Buckman (whether from you or anyone else), or receipt by him of anything of value, regarding his interest in 714 16th Avenue, Honolulu, Hawaii, from January 1, 1991 to February 6, 2025.

Response:  I think there is a statement that he got $50,000.00 from the sale.  I will try to find it.

53.    All DOCUMENTS CONCERNING Matt Buckman's interest in 3010A Kaunaoa Street, Honolulu, HI 96815 from January 1, 2022 to February 6, 2025.

Response:  I think you already have my Trust and Will.

54.    All DOCUMENTS CONCERNING anyone assisting or helping you or your attorney with this case.

Response:  I am not aware of any.

DATED: Honolulu, Hawaii, May 2, 2025.

　　　　　　　　　　　　/S/ Richard E. Wilson
　　　　　　　　　　　　Richard E. Wilson, Esq.
　　　　　　　　　　　　Attorneys for Plaintiffs

6

## First Request for Production of Documents

From:  Richard WIlson (rewilson_law@yahoo.com)

To:     markfbuckman@sbcglobal.net

Bcc:    nataliebpitre@gmail.com; tambuchwald@aol.com

Date:  Friday, May 17, 2024 at 10:38 AM HST

Please find Plaintiffs' First Request for Production of Documents. Hard copies to follow via US Mail.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE: The information contained in this email and any attachments may be privileged, confidential and protected from disclosure. Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

 POD.1.pdf
175.7kB

EXHIBIT G

==Second request for production of documents==

From: Richard WIlson (rewilson_law@yahoo.com)

To: markfbuckman@sbcglobal.net

Bcc: nataliebpitre@gmail.com; tambuchwald@aol.com

Date: ==Thursday, May 30, 2024 at== 02:23 PM HST

==FYI, two copies are being mailed today.==

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE: The information contained in this email and any attachments may be privileged, confidential and protected from disclosure. Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

 POD.2.pdf
174.2kB

Ex "2"

Re: Motion to Consolidate or for Leave to Amend to Add Parties

From: Richard WIlson (rewilson_law@yahoo.com)

To:      markfbuckman@sbcglobal.net

Bcc:    nataliebpitre@gmail.com; tambuchwald@aol.com

Date:  Wednesday, January 8, 2025 at 02:44 PM HST

MarK,

The Scheduling Conference Order is clear on its face -- " All motions to join additional parties or to amend the pleadings shall be filed by January 7, 2025." I do not think you can backdoor missing the deadline by filing a separate action, and then seeking to consolidate. I am not inclined to stipulate to you amending or consolidating the cases. You can proceed as you see fit.

Also, the last batch of documents which I received from you was on September 27, 2024 (7th production). On October 7, 2024, you supposedly sent me an 8th production with recordings via dropbox. I informed you on October 29, 2024 that dropbox had blocked me. You said that you would "look at it and get it fixed." You never did, and I have not heard anything else from you. I have likewise not received any additional documents. Please confirm that aside from the recordings, you will not be producing any additional documents. I reiterate my prior observation, *i.e.*, you have refused to produce several categories of documents. As we have discussed this during deposition breaks, I do not find it necessary to further confer with you. I will be moving to compel.

Also, unless you provide me with dates regarding your and your co-defendant wife's availability for deposition, I will be moving to compel them.

Rich

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE: The information contained in this email and any attachments may be privileged, confidential and protected from disclosure. Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Wednesday, January 8, 2025 at 01:33:34 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Ex "4"

Hello Richard,

Hopefully you had a nice holiday.  I am writing to set up a time to talk with you about filing a motion to consolidate cases or for leave to amend to add parties - specifically, Natalie and Carl Pitre, and Matt, Kimi, and Manoa Buckman.  We can also have our discussion by email, which seems the best option for us.

I have time today or tomorrow to discuss with you or you can simply provide your response by return email.  We need to have complete resolution, so I went ahead and filed a new lawsuit against those parties last night / early this morning.  As the court set a deadline for the motion for leave to amend, I thought it best to discuss that with you - and see if you would agree to the amendment - so we can get all Buckman family members together in one case and resolve all issues with the Kaunaoa houses, my mom's estate documents, the parties' agreements, and the parties' disputes.  I would have filed the motion earlier, but I assumed we did not have to discuss filing a motion for which the court set a deadline.

I look forward to your response to my proposed motion.

Regards,

Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE: Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product. This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise. If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300. Thank you.

KENNETH K.S. LAU   #2158-0
Suite 1308, Century Square
1188 Bishop Street
Honolulu, Hawaii  96813
Telephone: 524-2215

Attorney for Plaintiff

**Electronically Filed**
**FIRST CIRCUIT**
**1DRC-24-0002568**
**13-MAR-2024**
**12:05 PM**
**Dkt. 1 CMPS**

IN THE DISTRICT COURT OF THE FIRST CIRCUIT

HONOLULU DIVISION

STATE OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Trustee ) of the Patricia W. Buckman ) Revocable Trust, by her ) Managing Agent, Natalie B. ) Pitre, ) ) Plaintiff, ) ) vs. ) ) MATTHEW BRUCE BUCKMAN, ) ) Defendant. ) _____ ) | Civil No. (Ejectment) COMPLAINT FOR EJECTMENT; SUMMONS |

## COMPLAINT FOR EJECTMENT

COMES NOW, Plaintiff above-named, by and through her attorney, KENNETH K.S. LAU, and for a Complaint against Defendant above-named, alleges and avers as follows:

**COUNT I:   SUMMARY POSSESSION**

1.   Plaintiff PATRICIA W. BUCKMAN ("Plaintiff") is a resident of the City and County of Honolulu, State of Hawaii, and is the Trustee of the Patricia W. Buckman Revocable Trust, the owner of the premises situated at 3010 Kaunaoa Street, Honolulu, Hawaii 96815,

EXHIBIT H

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 07-MAY-2025, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i

1



hereinafter referred to as "premises."

2.    Plaintiff NATALIE B. PITRE is the Managing Agent for the premises aforementioned.

3.    Defendant MATTHEW BRUCE BUCKMAN ("Defendant") is a resident of the City and County of Honolulu, State of Hawaii, and is the current occupant at the premises aforementioned.

4.    Defendant does not have a Rental Agreement to occupy the premises and Defendant has no ownership interest in said premises.

5.    Defendant has failed and refused to vacate the premises despite repeated demands to do so.

6.    Plaintiff is entitled to have a Writ of Possession issue out of this Court directing the sheriff of the State of Hawaii or other authorized officers of the City and County of Honolulu, to summarily remove said Defendant(s) and all others holding by or through said Defendant(s) from said premises and put Plaintiff in lawful possession thereof.

**COUNT II:    ASSUMPSIT**

7.    Paragraphs 1 through 6 of Count I are realleged as if fully set forth herein.

8.    Plaintiff is entitled to have judgment against Defendant(s) for reasonable unpaid rent accrued to the date upon which Plaintiff is put in possession of the premises.

**COUNT III:    DAMAGES TO PREMISES**

9.    Paragraphs 1 through 6 of Count I are realleged as if

2

fully set forth herein.

10.  On information and belief, Plaintiff alleges that during the course of said occupancy, Defendant(s) inflicted upon, or permitted to be inflicted upon said premises, damages in excess of normal wear and tear, which damages Plaintiff seeks leave of Court to prove at hearing or trial hereon, upon resumption of possession by Plaintiff.

**WHEREFORE**, Plaintiff prays that:

A.  As to Count I, Plaintiff be awarded possession of said premises, with costs of the proceeding, and that a Writ of Possession issue under the seal of this Court, directed to the Sheriff of the State of Hawaii, or a police officer of the City and County of Honolulu, commanding him to remove said Defendant(s) and all persons holding by and through said Defendant(s) from the premises aforementioned, and to put Plaintiff in possession thereof;

B.  As to Count II, Plaintiff to have judgment against Defendant(s) for the accrued reasonable unpaid rent to the date upon which Plaintiff is put in possession of the premises;

C.  As to Count III, Plaintiff to have judgment against Defendant(s) for damages inflicted upon or permitted to be inflicted upon said premises by Defendant(s), beyond normal wear and tear, as shall be proven at trial or a hearing hereon; and

3

D.   Plaintiff be awarded attorney's fees and costs and such other and further relief as this Court deems just and proper.

DATED:   Honolulu, Hawaii, March 13, 2024.

_____
KENNETH K.S. LAU
Attorney for Plaintiff

| | |
|---|---|
| **IN THE DISTRICT COURT OF THE FIRST CIRCUIT**<br>**HONOLULU** ▼ **DIVISION**<br>**STATE OF HAWAIʻI** | |
| **Plaintiff**<br><br>PATRICIA W. BUCKMAN, Trustee of the Patricia W. Buckman Revocable Trust, by her Managing Agent, Natalie B. Pitre, | <br><br><br><br>Reserved for Court Use |
| | Civil No. |
| **Defendant**<br><br><br><br>MATTHEW BRUCE BUCKMAN | Filing Party/Attorney Name, Attorney Number, Firm Name (if applicable), Address, and Telephone Number<br><br>KENNETH K.S. LAU #2158-0<br>Suite 1308, Century Square<br>1188 Bishop Street<br>Honolulu, Hawaii 96813<br>Telephone: 808-524-2215 |

**SUMMONS**

**THE STATE OF HAWAIʻI:**

**TO:** The Director of Law Enforcement of the State of Hawaiʻi, the Director's deputy, or any police officer or other person authorized by the laws of the State of Hawaiʻi:

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge permits, in writing on this Summons, personal delivery during those hours.

**TO THE DEFENDANT:**

You are required to file a written answer or appear before the District Judge of this Court, in the Judge's Courtroom, on the day and at the time designated by the checked box on page 2. If the Defendant is a corporation or limited liability company, Hawaiʻi law requires it to be represented by an attorney licensed to practice in the State of Hawaiʻi.

**IF YOU OR YOUR ATTORNEY FAIL TO ATTEND THE COURT HEARING AT THE TIME AND PLACE DESIGNATED OR FILE A WRITTEN ANSWER A DEFAULT JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

| | |
|---|---|
| Date: | Clerk |

**SEE PAGE 2**

## COURT ADDRESSES AND RETURNABLE DAYS:
**You must check in 15 minutes before your court hearing**

☑ **Honolulu Division, 1111 Alakea Street, Tenth (10ᵗʰ) floor Courtroom 10A or 10B, Honolulu, Hawai'i**

☑ at 8:30 a.m. ☐ 1:30p.m. on Friday, _____ for summary possession. If the Defendant is served with the complaint within five business days of the date listed above, the parties shall appear on the Friday after the date listed above. For remote appearance go to www.zoom.us Meeting ID 936-4644-0201 or call 1 (888) 788-0099.

☐ at 1:30 p.m. on the second Monday following date of service, and should that Monday be a legal holiday then on the next business day. For remote appearance go to www.zoom.us Meeting ID 669-372-3318 or call 1 (888) 788-0099.

☐ **'Ewa Division, 870 Fourth Street, Pearl City, Hawai'i, 96782**

☐ at 9:00 a.m. on Thursday, _____ for summary possession. If the Defendant is served with the complaint within five business days of the date listed above, the parties shall appear on the Thursday after the date listed above. For remote appearance go to www.zoom.us Meeting ID 492-363-9717 or call 1 (888) 788-0099.

☐ at 9:00 a.m. on the second Thursday following date of service, and should that Thursday be a legal holiday then on the next Thursday. For remote appearance go to www.zoom.us Meeting ID 779-575-4192 or call 1 (888) 788-0099.

☐ **Ko'olaupoko OR Ko'olauloa Division, 45-939 Po'okela Street, Kāne'ohe, Hawai'i, 96744**

☐ at 9:00 a.m. on Friday, _____ for summary possession. If the Defendant is served with the complaint within five business days of the date listed above, the parties shall appear on the Friday after the date listed above. For remote appearance go to www.zoom.us Meeting ID 928-747-9610 or call 1 (888) 788-0099.

☐ at 9:00 a.m. on the second Friday following date of service, and should that Friday be a legal holiday then on the next Friday. For remote appearance go to www.zoom.us Meeting ID 928-747-9610 or call 1 (888) 788-0099.

☐ **Wahiawā OR Waialua Division, 1034 Kilani Avenue, Wahiawā, Hawai'i, 96786**

☐ at 9:00 a.m. on Wednesday, _____ for summary possession. If the Defendant is served with the complaint within five business days of the date listed above, the parties shall appear on the Wednesday after the date listed above. For remote appearance go to www.zoom.us Meeting ID 357-427-7279 or call 1 (888) 788-0099.

☐ at 9:00 a.m. on the second Wednesday following date of service, and should that Wednesday be a legal holiday then on the next Wednesday. For remote appearance go to www.zoom.us Meeting ID 357-427-7279 or call 1 (888) 788-0099.

☐ **Wai'anae Division, 4675 Kapolei Parkway, Kapolei, Hawai'i, 96707**

☐ at 9:00 a.m. on the second Tuesday following date of service, and should that Tuesday be a legal holiday then on the next Tuesday. For remote appearance go to www.zoom.us Meeting ID 483-947-9811 or call 1 (888) 788-0099.

☐ at 9:00 a.m. on Tuesday, _____ for summary possession. If the Defendant is served with the complaint within five business days of the date listed above, the parties shall appear on the Tuesday after the date listed above. For remote appearance go to www.zoom.us Meeting ID 483-947-9811 or call 1 (888) 788-0099.

For Civil related matters, **please call (808) 538-5629** or visit the District Court at 1111 Alakea Street, Legal Documents Branch - Third (3ʳᵈ) Floor, Honolulu, Hawai'i 96813

---

**Americans with Disabilities Act Notice**



If you need an accommodation for a disability when participating in a court program, service or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:

- Call (808) 538-5121; or

- Send an email to adarequest@courts.hawaii.gov

**The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.**