Mark F. Buckman     SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd
Suite 103-320
Sacramento, CA 95829
Telephone:  (916) 442-8300
Markfbuckman@sbcglobal.net
Attorneys for Defendant Jennifer Buckman and Defendant / Counterclaimant Mark F. Buckman, individually and as Trustee of the Mark F. Buckman Trust

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK F. BUCKMAN et al., <br><br> Defendants. | Civil No. CV 24-00129 MWJS-KJM <br><br> **JENNIFER BUCKMAN'S NOTICE OF SUBPOENA TO TAMARA BUCHWALD; SUBPOENA; CERTIFICATE OF SERVICE** |

## NOTICE OF SUBPOENA TO TAMARA BUCHWALD

**TO:**

**RICHARD E. WILSON, ESQ.**
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813
rewilson_law@yahoo.com

Attorney for Plaintiffs
PATRICIA W. BUCKMAN, Individually,
and as Trustee of the PATRICIA W.
BUCKMAN REVOCABLE TRUST;
PATRICIA W. BUCKMAN
REVOCABLE TRUST

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena is being served upon Tamara Buchwald, commanding that she attend and testify as well as produce requested documents. Please see attached subpoena for particulars.

DATED: May 13, 2025              /s/   Mark F. Buckman
                                 Law Offices of Mark F. Buckman
                                 Mark F. Buckman, Esq.
                                 Attorneys for Defendant Jennifer Buckman

## CERTIFICATE OF SERVICE

I, Mark F. Buckman, hereby certify that, on May 13, 2025 and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**SERVED ELECTRONICALLY THROUGH CM / ECF:**

Richard E. Wilson   rewilson_law@yahoo.com
Law Offices of Richard E. Wilson, LLC
735 Bishop Street, Suite 306
Honolulu, HI 96813

Louise K.Y. Ing          louise.ing@dentons.com
Timothy C. Partelow      timothy.partelow@dentons.com
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813

**SERVED BY FIRST-CLASS MAIL:**

**SERVED BY ELECTRONIC MAIL:**

**SERVED BY HAND DELIVERY:**

Dated:      Elk Grove, California, May 13, 2025


　　　　　　　　　　　　　　　　　　　　 /s/   Mark F. Buckman                2
　　　　　　　　　　　　　　　　　　　　Mark F. Buckman

Case 1:24-cv-00129-MWJS-KJM   Document 138   Filed 05/13/25   Page 4 of 14
                                                              PageID.1632
HID 88A (Rev. 02/11) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | _____ District of _____ """""""""""""""") |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

    *CLERK OF COURT*

                                                    OR

_____                    *Mark F. Buckman, Esq.*
    *Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

Case 1:24-cv-00129-MWJS-KJM   Document 138   Filed 05/13/25   Page 5 of 14
                                    PageID.1633
AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:24-cv-00129-MWJS-KJM  Document 138  Filed 05/13/25  Page 6 of 14
PageID.1634
AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **EXHIBIT A**

## **INSTRUCTIONS AND DEFINITION**

The following instructions and definitions are to be considered applicable to all requests for production contained herein:

1. In producing these documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators or by your attorneys or their agents, employees, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

3. If any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing, (a) the type of documents or thing, (b) the types of information contained thereon, (c) the date upon which it ceased to exist, (d) the identity of all persons having knowledge of the circumstances under which it ceased to exist, and (e) the identity of all persons having knowledge or who had knowledge of the contents.

THIS IS A CONTINUING REQUEST AND YOU ARE REQUESTED TO PRODUCE THE REQUESTED DOCUMENTS AS THEY ARE OBTAINED, OR AS THEY BECOME AWARE OF ANY FURTHER DOCUMENTS RESPONSIVE TO THIS REQUEST.

4. As used herein, "Document" or "Documents" mean all written or graphic matter, however produced or reproduced, of every kind and description in your actual or constructive possession, custody, care, or control, including without limitation, all writings, emails, texts, imessages, or other electronic messages, photographs, sound tapes or recordings, voice recordings, video recordings, voicemail, papers, books, accounts, letters, telegrams, invoices, statements, notes, minutes, interoffice memoranda, reports, studies, contracts, ledgers,

    books of account, vouchers, bank checks, manifests, charge slips, expense account reports, hotel charges, receipts, working papers, drafts, statistical records, costs sheets, stenographer's notebooks, calendars, appointment books, diaries, checks, check ledgers, bank statements, time sheets, logs, together with any attachments thereto and enclosures therewith, and every other photograph or retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) upon which information can be obtained or can be translated through detection devices into reasonable usable form. By way of explanation and not limitation, the terms "document" or "documents" as used herein shall further mean and refer to any writing and/or recording as defined by Rule 1001 of the Federal Rules of Evidence, which Rule provides:
(a)    A "writing" consists of letters, words, numbers, or their equivalent set down in any form.
(b)    A "recording" consists of letters, words, numbers, or their equivalent recorded in any manner.

5.    As used herein, the word "relating" or "related" means and is defined as referring or relevant in any way to, being evidence of, or memorializing, all or any portion of the specified facts or contentions.

6.    As used herein, the word "Communications" means and includes letters, emails, text messages, I-messages, voicemail, and any other form of conveying information through written or verbal means.

7.    The term "Concerning" means referring to, describing, evidencing, or constituting.

8.    Unless otherwise stated in a request, the time frame for all document requests is from January 1, 2015 to the present.

## DOCUMENTS REQUESTED

1.    All Documents Concerning communications or agreements between you and Jennifer Buckman, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same.

Page 2 of 8

2. All Documents Concerning communications or agreements between you and Mark Buckman, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same, from January 1, 1991 to May 10, 2025.

3. All Documents Concerning communications or agreements between you and Patricia Buckman, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same, from January 1, 1991 to May 10, 2025.

4. All Documents Concerning communications or agreements between you and Natalie Pitre, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same.

5. All Documents Concerning communications or agreements between you and Matt Buckman, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same, from January 1, 1991 to May 10, 2025.

6. All Documents Concerning communications or agreements between you and Carolyn Watanabe, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same.

7. All Documents Concerning any type of factual or legal research and/or legal analysis you have conducted in any way related to (i) Patricia Buckman, her estate planning and estate planning documents, (ii) Natalie Pitre, (iii) Mark Buckman, (iv) Matthew Buckman, (v) this lawsuit or the claims made therein by any party, (vi) 714 16th Avenue (aka 714B 16th Avenue, Honolulu, HI), and/or (vii) and/or 3010 and 3010A Kaunaoa Street, Honolulu, HI.

8. All Documents Concerning communications or agreements between you and Richard Wilson, regardless of whether in person, by phone, letter, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same. In clarification of the above and not in

        limitation, this request specifically includes any and all emails that were transmitted in any way between you and Richard Wilson.

9. All Documents Concerning communications or agreements between you and Stephen Reese, regardless of whether in person, by phone, letter, text, iMessage, email, or other electronic means, and regardless of whether other persons were involved in same. In clarification of the above and not in limitation, this request specifically includes any and all emails that were transmitted in any way between you and Stephen Reese.

10. All Documents Concerning communications and/or agreements between Patricia Buckman and/or any person(s), on the one hand, and Mark Buckman and/or Jennifer Buckman, on the other hand, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether you were part of such communication and/or agreement, from January 1, 1991 to May 10, 2025.

11. All Documents Concerning communications and/or agreements between Patricia Buckman and/or any person(s), on the one hand, and Natalie Pitre and/or Carl Pitre, on the other hand, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether you were part of such communication and/or agreement.

12. All Documents Concerning communications and/or agreements between Patricia Buckman and/or any person(s), on the one hand, and Matt Buckman and/or Manoa Buckman, on the other hand, regardless of whether in person, by phone, text, iMessage, email, or other electronic means, and regardless of whether you were part of such communication and/or agreement.

13. All Documents Concerning any sort of legal, equitable, ownership, or possessory interest of any person(s) or trust(s) in the houses / real property located at 3010 and 3010A Kaunaoa Street, Honolulu, HI, from January 1, 1991 to May 10, 2025.

14.

15. All Documents Concerning Patricia Buckman's estate plans, trusts, wills,

powers of attorney, etc., from January 1, 1991 to May 10, 2025.

16. All Documents Concerning Mark Buckman's interest in 714B 16th Avenue, Honolulu, HI (where Patricia Buckman lived for many years), from January 1, 1991 to May 10, 2025.

17. All Documents Concerning the Pat Buckman's interest in 714B 16th Avenue, Honolulu, HI, from January 1, 1991 to May 10, 2025.

18. All Documents Concerning (i) Mark Buckman's and Matt Buckman's agreement regarding 3010 or 3010A Kaunaoa Street, Honolulu, HI, and/or (ii) Natalie Pitres's and Matt Buckman's agreement regarding 3010 or 3010A Kaunaoa Street, Honolulu, HI, regardless or whether other parties are involved in same, from January 1, 1991 to February 13, 2025.

19. All Documents Concerning Mark Buckman's and Manoa Buckman's agreement regarding 3010A Kaunaoa Street, Honolulu, HI.

20. All Documents Concerning (i) Mark Buckman's and Patricia Buckman's agreement regarding 3010 or 3010A Kaunaoa Street, Honolulu, HI, and/or (ii) Natalie Pitres's and Patricia Buckman's agreement regarding 3010 or 3010A Kaunaoa Street, Honolulu, HI, regardless or whether other parties are involved in same, from January 1, 1991 to February 13, 2025.

21. All Documents Concerning Mark Buckman's and Patricia Buckman's agreement regarding her paying him back ~$235,000.00 by way of a promissory note and mortgage secured by 3010 Kaunaoa Street, Honolulu, HI.

22. All Documents Concerning Mark Buckman's claim that he owned a portion of 714B 16th Avenue, Honolulu, Hawaii 96816.

23. All Documents Concerning Mark Buckman's claim that Patricia Buckman freely agreed to transfer 3010A Kaunaoa Street, Honolulu, Hawaii 96815 pursuant to Mark's agreement with Matt, as agreed by Manoa.

24. All Documents Concerning Mark Buckman's claim that Patricia Buckman freely signed a Warranty Deed, Second Amendment to Declaration of

Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

25. All Documents Concerning any claim or allegation that Patricia Buckman acted under duress, undue influence, or were defrauded into signing documents with Mark Buckman in 2023, including a Warranty Deed (3010A Kaunaoa Street), Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

26. All Documents Concerning Mark Buckman's claim that Natalie Pitre has impersonated Patricia Buckman, whether by email, text, iMessage, Docusign, Authentisign, by written agreements or applications, by communicating with Patricia's attorney regarding this case, and by participating in and essentially Natalie acting as plaintiff in this Case behind the scenes.

27. All Documents Concerning Mark Buckman's claim that Natalie Pitre took, stole, or appropriated Patricia Buckman's money and property, whether by undue influence, by breaching her fiduciary duty, by taking money from Patricia's bank accounts and real estate company, by failing to pay Patricia rent for 3010A Kaunaoa Street, and by having Patricia's funds levied upon by the State of Hawaii for Natalie's tax debts.

28. All Documents Concerning any payment to Mark Buckman (whether from Patricia Buckman or anyone else), or receipt by him of anything of value, regarding (i) his interest in 714 16th Avenue, Honolulu, Hawaii, or (ii) payment / reimbursement for college or law school costs, from January 1, 1991 to May 10, 2025.

29. All Documents Concerning Matt Buckman's legal, equitable, or possessory interest in 3010A Kaunaoa Street, Honolulu, HI 96815 from January 1, 2001 to May 10, 2025.

30. All Documents Concerning any loans, debts or agreements regarding real estate or money between Patricia Buckman and Matt Buckman from January

   1, 2001 to May 10, 2025.

31. All Documents Concerning any loans, debts or agreements regarding real estate or money between Patricia Buckman and Mark Buckman from January 1, 1991 to May 10, 2025.

32. All Documents Concerning any loans, debts or agreements regarding real estate or money between Patricia Buckman and Natalie Pitre from January 1, 2001 to May 10, 2025.

33. All Documents Concerning any loans, debts or agreements regarding real estate or money between Patricia Buckman and Manoa Buckman.

34. All Documents Concerning Patricia Buckman's agreements with any persons regarding the ownership, possession, inheritance, etc. of the houses / real property located at 3010 and 3010A Kaunaoa Street, Honolulu, HI, from January 1, 2001 to February 10, 2025.

35. All Documents Concerning video or audio recordings that include Mark Buckman, Jennifer Buckman, Patricia Buckman, and/or Matthew Buckman in anyway related to the claims made in this Case, Patricia Buckman's estate and trust plans and documents, 714B 16th Avenue, or the real properties located 3010 and 3010A Kaunaoa Street, Honolulu, HI.

36. All Documents Concerning any person alleging or communicating that Mark Buckman and/or Jennifer Buckman had wrongfully obtained the real property commonly known as 3010A Kaunaoa Street, Honolulu, Hawaii 96815, or had taken any other wrongful action as against Patricia Buckman and/or her trust, from January 1, 2022 to date.

37. All Documents Concerning your notes, calendar, or any other Document that relates to Patricia Buckman, Natalie Pitre, Mark Buckman, Jennifer Buckman, Matt Buckman, and / or the claims and defenses made in this Case.

38. Without limiting the above, all Documents Concerning your communications or agreements that any way involve the claims made in this Case.

39. Without limiting the above, all Documents Concerning your texts, iMessages or other instant messages with any one or more of the following persons: Patricia Buckman, Matt Buckman, Kimberly Buckman, Duke Manoa Buckman, Natalie Pitre, Carl Pitre, Mark Buckman, Jennifer Buckman, and/or Richard Wilson which in any way refer to this lawsuit or the claims made therein by any party, or to 714B 16th Avenue and/or 3010 and 3010A Kaunaoa Street, Honolulu, HI, or to Patricia Buckman's estate plans and trust(s).

   ** Electronic Documents responsive to this request shall be produced on a thumb drive and in native format, the same format as that in which they were exported for purposes of collection, search, or review. This includes but is not limited to .eml, .msg, .docx, .xlsx, .pdf, and any other file types used for storing electronic communications. Thus, Documents shall be produced in a searchable format that preserves the presentational features of the original messages, such as emojis, images, video files, animations, and the like. Electronic messages must not be converted to rasterized or non-unitized file formats such as PDF or TIFF.