LOUISE K.Y. ING       2394
TIM PARTELOW       10218
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com
          tim.partelow@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email: markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>              Plaintiffs,<br><br>     v.<br><br>MARK F. BUCKMAN, MARK F. BUCKMAN TRUST, JENNIFER BUCKMAN, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL AGENCIES 1-10,<br><br>              Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>**DEFENDANTS JENNIFER BUCKMAN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS FROM PATRICIA W. BUCKMAN FILED MAY 7, 2025 [DKT. 136]**; DECLARATION OF MARK F. BUCKMAN; EXHIBITS A AND B<br><br>[*Caption continued on next page*] |

15817318\000001\130391724\V-2

HEARING
Date:  May 28, 2025
Time:  10:00 a.m.
Judge:  Hon. Kenneth J. Mansfield


Trial Date: November 3, 2025
Judge: Hon. Micah Smith

**DEFENDANTS JENNIFER BUCKMAN'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER RESPONSES AND
PRODUCTION OF DOCUMENTS FROM
PATRICIA W. BUCKMAN FILED MAY 7, 2025 [DKT. 136]**

## I.    INTRODUCTION

Plaintiff's Opposition to Defendant Jennifer Buckman's Motion to Compel

Further Responses and Production of Documents suggests Plaintiff should be

relieved from her discovery obligations under Rule 34 because: (1) the cases

should be decided based on a presumption of wrongdoing (the "smell test"),

without any reference to the facts or context underlying the two transactions that

Plaintiff now challenges, (2) although Plaintiff has capacity to testify, she suffers

from memory loss, such that the admissions she made in her deposition testimony

regarding her lack of communication with her attorney about responsive

documents should be ignored, and (3) third parties could produce some of the

documents sought by the requests, so Plaintiff should not be required to. None of

these grounds is sufficient to excuse Plaintiff from providing Defendants the

evidence they seek to defend themselves from the baseless claims that have been

2

15817318\000001\130391724\V-2

brought against them.

Moreover, the Opposition concedes that Plaintiff has little to no memory of the facts surrounding the transactions she now disputes. Thus, Defendant Jennifer Buckman ("J. Buckman") has good cause to obtain the documents she seeks through Set One and Set Two of her Requests for Production, and her Motion to Compel should be granted.

## II.    ARGUMENT

### A.    Defendant J. Buckman is Are Entitled to Discover a Broad Range of Evidence to Refute the Claims Plaintiff Has Raised

First, Plaintiff suggests that she should be excused from providing adequate responses to discovery because Defendants are not entitled to present evidence of the context and circumstances that led to the disputed transactions. ECF 140, pp. 3-4. Not so. Evidence of the circumstances and context surrounding the transactions is relevant to the claims Plaintiff has alleged, and Defendants are entitled to discover this evidence to help them disprove those claims.

For example, to refute claims of undue influence, Defendants may present any evidence that "tends to [] disprove the subordination of the will of testator," which "must, except in extreme cases, take a very wide range." *Estate of Herbert*, 84 Haw. 415, 434 (1997), citing 3 Bowe-Parker: Page on Wills § 29.78 (1961) (footnotes omitted). Further, because, under Hawai'i law, "undue influence must be proved to have operated as a present constraint at the very time of making" the

disputed transactions, *In Re Estate of Herbert*, 90 Haw. 443, 458, 979 P.2d 39 (1999), and authorities cited therein, the evidence with the most bearing on an undue influence claim is what occurred in the time leading up to each of the two now-disputed transactions. Indeed, a testator's subsequent dispute of the transaction is not relevant, since the party challenging the transaction has the burden of proving that, at the very time the transaction was made, the grantor was deprived of her free will and the objective of another was substituted for her own. *Id.*; *Cvitanovich-Dubie v. Dubie*, 125 Hawai'i 128, 160, 254 P.3d 439, 471 (2011)

Similarly, because Plaintiff has alleged a confidential relationship between herself and Defendants, and has pled a claim for constructive fraud, Defendants are entitled to any documents concerning "actual evidence of intrusting." *Cf.*, *Swift v. Swift*, 138 Hawai'i 52, 375 P.3d 1290, 2016 Haw. App. LEXIS 316 at *9 (Ct. App. 2016), *citing Kam Oi Lee*, 57 Hawai'i at 140, 552 P.2d at 638.

Further, because Plaintiff alleged a civil conspiracy claim, Defendants are entitled to discover documents tending to prove or disprove the purpose of Defendants' actions and the means used to accomplish them. *Robert's Hawai'i Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawai'i 224, 252 n.28, 982 P.2d 853, 881 n.28 (1999) [defining civil conspiracy as concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means."]. To the extent that Plaintiff suggests

15817318\000001\130391724\V-2

that she can truncate Defendants' discovery in this case, Plaintiff misunderstands the types and burdens of proof that apply to the claims she has filed.

> **B.     The Undisputed Evidence Confirms Plaintiff Has Not Produced All Documents within Her Care, Custody or Control**
>
> > **1.    Plaintiff Must Produce All Responsive Documents within the Custody or Control of Mr. Wilson and Other Agents of Plaintiff**

Under Rule 34, a document that is in the possession of a person or entity over whom the party has a right to control, or from whom the party has a right to obtain it, is deemed to be within that party's "custody or control." *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) [party's actual possession of a document not required]; *In Re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). Thus, a party must produce documents that are in the possession of its present or former counsel. *Johnson v. Askin Capital Management, L.P.,* 202 F.R.D. 112, 113 (S.D.N.Y. 2001).[1]

In the Opposition and the accompanying Declaration, Plaintiff's attorney did not dispute that he has in his possession responsive audio and video files that he has refused to produce to Defendants. Further, Plaintiff's attorney has repeatedly

---

[1] The Opposition incorrectly suggests that Defendant J. Buckman's moving papers attribute improper motives to Plaintiff. ECF 140, p. 2, n. 2. They do not, nor do Defendants. Defendant J. Buckman fully understands that Plaintiff, who will be 90 on June 1, will require assistance in producing the further responses and documents she seeks. However, Plaintiff's age and need for this assistance do not excuse her agents' lack of compliance with the requirements of Rule 34.

15817318\000001\130391724\V-2

filed documents with this court (ECF 53-2, 53-3, 88-5) that show he has documents that are responsive to Request Nos. 23, 40, and 41, which seek emails and documents between (1) Natalie Pitre and Plaintiff's attorney, and (2) Tamara Buchwald and Plaintiff's attorney. Again, neither the Opposition nor the accompanying Declaration makes any attempt to explain why Plaintiff has failed to produce these documents. Defendant J. Buckman therefore respectfully requests that the Court grant its motion to compel Plaintiff's attorney to produce all responsive documents within his custody or control.

### 2. Plaintiff Must Retrieve the Responsive Emails, Texts, and Other Electronically Stored Information That She Claims Have Been "Deleted"

Plaintiff does not dispute, nor could she reasonably do so, that Defendant J. Buckman is entitled to electronically stored information (ESI) under Rule 26. Plaintiff likewise does not dispute that she was under a duty to preserve ESI, and that Defendant's counsel notified Plaintiff's counsel of this expectation at the outset of this case.

Plaintiff has failed to produce any emails or texts from late 2023 (when she consulted attorneys and filed this case) through early 2025 (when, according to testimony given by Plaintiff's caregiver and agent, Natalie Pitre, Plaintiff "lost" her iphone in Carl Pitre's car and lost her ability to text (ECF 136-1, ¶ 15)). Neither Plaintiff's Responses nor the Opposition provides any explanation for what

6

happened to this ESI – which was generated *after* Plaintiff filed this case, and which Plaintiff was under a duty to preserve. However, Plaintiff's caregiver, Natalie Pitre, testified that she has access to Plaintiff's email accounts and sometimes deletes emails from those accounts. ECF 136-1, ¶ 17; see, also, Exh. A to Declaration of Mark Buckman in Support of Reply to Opposition to Motion to Compel Production of Documents ("M. Buckman Decl. ") (Ms. Pitre's text admission that she deleted "many many" of Plaintiff's emails, using her own discretion to determine what to delete and what to keep).

Further, neither the Opposition nor the accompanying Declaration offers any explanation for the reasons Plaintiff has not attempted to retrieve the ESI that her attorney has claimed was "wiped out" or deleted in 2023. Three of Plaintiff's known email accounts that have been in use during the relevant time period – buckmanp@gmail.com, patriciawbuckman@gmail.com, and patbuckman35@gmail.com – are all Gmail accounts. Even if emails sent or received from those accounts were deleted from the computer where they were generated, they are still retained in Google's Cloud storage – a widely known fact which the Opposition did not dispute.

This is, obviously, not the first time that a party has tried to claim that all emails sought by the other side have been "lost" or "deleted", so of course Google has already developed a program (called Vault) and protocols for retrieving such

ESI for purposes of responding to e-discovery. (See

https://support.google.com/vault/answer/6161352?hl=en  for an "overview of

Google Vault's e-discovery features.")

Defendant J. Buckman understands that Plaintiff is 89 years old and is not

capable of locating the missing documents without assistance. To maintain her

case, though, Plaintiff must comply with her discovery obligations, which in this

case means that those acting as her agents to assist her counsel and her in pursuing

this case must retrieve the missing ESI – it does not mean, as the Opposition

incorrectly suggests, that Plaintiff should just be excused because she herself is not

capable of either explaining that she personally conducted a diligent search for all

responsive documents or preparing a declaration setting forth the efforts she

personally has undertaken. ECF 140, p. 8.

Rule 34 requires more than simply throwing up one's hands and claiming

"it's gone" after one's agent has deleted and/or "lost" potentially relevant ESI.

Where, as here, Plaintiff herself is not capable of doing so, she has an obligation

under Rule 34 to get her agents to fulfill these requirements. As noted above,

Plaintiff's attorney is under an obligation to assist her with discovery responses, so

he could undertake the work to retrieve the missing ESI, as could Ms. Pitre, who

has been identified by both Mr. Wilson (*see* ECF 140, p. 5, n. 3; *see also* ECF 53-

2, 53-3, 88-5) and her own attorney as acting as Plaintiff's agent in this litigation.

15817318\000001\130391724\V-2

Yet neither the Opposition nor the accompanying Declaration indicates that any of Plaintiff's agents or representatives made any attempt to access Google Vault to retrieve the deleted emails from Google's Cloud storage.

Similarly, Plaintiff cannot duck her obligation to retrieve the missing texts and imessages. Ms. Pitre has admitted – and the Opposition did not dispute – she has access to Plaintiff's Apple accounts. Ms. Pitre also testified that she has a Mac computer, and, as shown on the documents she produced, Ms. Pitre has iCloud storage. *See* Exh. B to Buckman Decl.

To meet Plaintiff's discovery obligations, Ms. Pitre, or another agent for Plaintiff, must access the iCloud backups of Plaintiff's missing phone (and Plaintiff's missing ipad) to retrieve any potentially responsive emails, texts, or imessages. And, since Plaintiff's Apple account is registered with the Pitre family accounts, Plaintiff's agents must access any TimeMachine backups from Ms. Pitre's Mac and search those for responsive text messages and imessages that have been deleted from Plaintiff's Apple account.

Finally, if Plaintiff's agents are unable or unwilling to access Google Vault, iCloud, and TimeMachine themselves, they have an obligation to engage HON Discovery, or any other e-discovery firm or consultant of their choosing, to try to retrieve the missing ESI. Plaintiff has not indicated that she or her agents have made any such effort. Given all these facts, Plaintiff's agents clearly have not

15817318\000001\130391724\V-2

undertaken all reasonable efforts to locate the responsive ESI.

### 3. Plaintiff Cannot Evade Her Obligation to Produce Documents by Telling Defendants to Subpoena Them From Third Parties

The Opposition acknowledges that Plaintiff has failed to produce "financial and other similar records." ECF 140, p. 4. Citing no authority, Plaintiff claims she should be excused from producing these records because Defendants can subpoena them from third parties. *Id.* This is not a correct statement of the law. Rule 34 requires Plaintiff to produce all documents that are within her custody or control, regardless of whether Defendants can also obtain those documents from a third party source.

### C. Since Plaintiff Concedes That She Personally Cannot Meet Her Rule 34 Obligation to Conduct a Diligent Search for All Responsive Documents and Prepare a Declaration Stating the Efforts She Has Undertaken and What Happened to Documents That Are Now Missing or Lost, Rule 34 Demands That This Task Be Performed by Her Agents.

Plaintiff acknowledges that Rule 26 requires the responding party to serve a certified response when there are no documents responsive to the requests, and that the responding party may be ordered to provide an affidavit describing the efforts made to locate responsive documents. ECF 140, p.8; *see also* Fed. R. Civ. Pro. 26(g); *Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 125 (D. Md. 2002).

10

The Opposition argues Plaintiff should be excused from these requirements because she personally lacks the capacity to perform them. ECF 140, p. 8. Defendant J. Buckman agrees that Plaintiff herself should be excused, but Defendant J. Buckman maintains that whichever agent has assisted Plaintiff in preparing her allegations in her Second Amended Complaint and complying with her Rule 34 obligations should certify the responses and should submit the required affidavit with all the pertinent contents.[2]

### D.    Plaintiff Must Provide a Supplemental Response to the Requests for Production, Set Two.

The Opposition does not specifically address the Requests for Production, Set Two, but it appears that Plaintiff believes this set is covered by her argument that she should be excused from complying with Rule 34 because she personally is unable to provide a supplemental response that complies with the rules. *See* ECF 140, p. 8. As noted above in Section C, Defendant J. Buckman agrees that Plaintiff herself should be excused, but, just as with Set 1, whichever agent has assisted Plaintiff in pursuing her claims and complying with her Rule 34 obligations for Set 2 should certify the responses and submit the required affidavit with all the necessary contents. Simply put, Due Process does not allow Plaintiff to avail

---

[2] Mr. Wilson's Declaration, which merely states that Plaintiff herself "has answered the interrogatories to the best of her ability, and has responded to the defense document requests" (ECF 140-1, p.3), falls far short of what is required.

11

herself of the court seeking a remedy, but then seek to be excused from producing evidence to enable Defendants to defend against the claims she has brought.

### E.    Plaintiff's Memory Impairment Does Not Justify Disregarding the Admissions She Made in Her Deposition Testimony

Citing no authority, the Opposition suggests that the admissions Plaintiff made in her deposition can be discarded by the Court because Plaintiff suffers from memory impairment. ECF 140, pp. 4 – 6. Inconsistently, though, Plaintiff then cites to the Acklin Reports as evidence that Plaintiff has capacity to testify, despite her memory impairment. ECF 140, pp. 6 – 8.

Plaintiff's theory seems to be that she has capacity to testify, but if she testifies to facts that are inconvenient to or undermine her case, her attorney should be able to disregard those admissions because Plaintiff has memory issues.

Plaintiff's attorney cannot have it both ways. If Plaintiff has capacity to testify, as Dr. Acklin opines and her attorney asserts she does, then she is bound by the admissions she has made under oath, including her admissions that she lacked any personal knowledge of the efforts that were made to respond to the document productions.[3]

---

[3] Without any basis, and in violation of the Court's civility directives, the Opposition asserts that Defendant J. Buckman cited Plaintiff's admissions that Plaintiff had no personal knowledge of the document productions for the improper purpose of taking "pot-shots at Plaintiff," rather than for the legitimate discovery issues they raise when such admissions are made by a competent witness. ECF 140, pp. 4, 6. This is untrue. Defendant J. Buckman has no desire to embarrass

15817318\000001\130391724\V-2

## III.    CONCLUSION

The only issue pertinent to this Motion to Compel is whether Plaintiff has satisfied her obligations to produce responses and documents under Rule 34. Plaintiff's Opposition concedes that she has not. Defendant J. Buckman therefore asks this Court to grant her Motion to Compel Plaintiff, by and through her agents, to comply with the obligations of Rule 34 for both Set One and Set Two of the Requests for Production of Documents Served by Defendant Jennifer Buckman.

DATED:  Honolulu, Hawai`i, May 22, 2025.

/s/ *Louise K.Y. Ing*
LOUISE K.Y. ING
TIMOTHY C. PARTELOW

Attorneys for Defendants
MARK F. BUCKMAN, individually and as
Trustee of the MARK F. BUCKMAN
TRUST, and JENNIFER BUCKMAN

/s/ *Mark F. Buckman*
MARK F. BUCKMAN

Attorney for Defendant
JENNIFER BUCKMAN

---

Plaintiff regarding her failing memory. Through this motion, Defendant J. Buckman is merely seeking to hold Plaintiff's agents accountable for their failure, to date, to assist Plaintiff in her obligation to comply with her discovery obligations and to support her claims with facts and documents.

13

15817318\000001\130391724\V-2