IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK F. BUCKMAN, Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1–10; JANE DOES 1–10; DOE CORPORATIONS 1–10; DOE PARTNERSHIPS 1–10; and DOE GOVERNMENTAL AGENCIES 1–10, <br><br> Defendants. <br> _____ | CIVIL NO. 24-00129 MWJS-KJM <br><br> ORDER GRANTING DEFENDANT JENNIFER BUCKMAN'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS FROM PLAINTIFF PATRICIA W. BUCKMAN |

ORDER GRANTING DEFENDANT
JENNIFER BUCKMAN'S MOTION TO COMPEL
FURTHER RESPONSES AND PRODUCTION OF
DOCUMENTS FROM PLAINTIFF PATRICIA W. BUCKMAN

On May 7, 2025, Defendant Jennifer Buckman ("Defendant") filed a Motion

to Compel Further Responses and Production of Documents from Patricia W.

Buckman ("Motion").  ECF No. 136.  On May 15, 2025, Plaintiffs Patricia W.

Buckman, individually and as trustee of the Patricia W. Buckman Revocable Trust, and Patricia W. Buckman Revocable Trust (collectively, "Plaintiffs") filed an Opposition to the Motion. ECF No. 140. On May 22, 2025, Defendant filed a Reply. ECF No. 143.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the memoranda, applicable law, and the record in this case, the Court GRANTS the Motion for the reasons set forth below.

## BACKGROUND

As the district court stated in its May 10, 2024 Order, this action arises "out of a rather sordid list of allegations, to the effect that a son defrauded his ailing mother out of one residential property and into a mortgage on another." ECF No. 24 at 1. Defendant Mark Buckman's Answer and Counterclaim only add to the tally of ignoble accusations concerning the Buckman family. ECF No. 38. Plaintiff Patricia W. Buckman ("Plaintiff") is Defendant Mark Buckman's 89 year-old mother.

On July 10, 2024, Defendant served Plaintiff with a Request for Production of Documents ("First RPOD"). ECF No. 49; ECF No. 136-2 at 9–25. Plaintiff did not serve a written response to the First RPOD by the deadline on August 9, 2024.

ECF No. 136 at 7 (citing ECF No. 136-2 at 2 ¶ 3).  Nor did Plaintiff produce any responsive documents by this deadline.  *Id.* (citing ECF No. 136-2 at 2 ¶ 3).

On August 17, 2024, in response to questions at her deposition, Plaintiff confirmed the following:  (i) Plaintiff did not bring any documents to her deposition; (ii) Plaintiff did not look for any documents; (iii) no one asked Plaintiff to find documents to produce in this case; and (iv) Plaintiff does not know whether Natalie Pitre looked for documents to produce in this case.  *Id.* at 7–8 (citing ECF No. 136-2 at 2 ¶ 4).

On or around August 20, 2024, Plaintiff served a written response to the First RPOD ("First RPOD Response").  *Id.* at 8 (citing ECF No. 136-2 at 2 ¶ 5, 26–41).  Plaintiff's responses to many of the individual requests state:  "The Plaintiff will produce documents *which she can locate* in her care, custody, and control."  *Id.*  In response to other requests, Plaintiff states:  "The Plaintiff is unaware of the existence of any responsive documents."  *Id.*

On or around September 10, 2024, Mr. Wilson sent a letter regarding the First RPOD and Plaintiff's apparent production of documents in response thereto.  *Id.* at 8–9 (citing ECF No. 136-2 at 42–43).  Therein, Mr. Wilson addresses only a certain number of the specific requests in the First RPOD.  ECF No. 136-2 at 42–43.  Plaintiff's counsel states:  "For the categories not mentioned herein, we have been unable to locate any responsive documents."  *Id.* at 43.  Defendant asserts that

3

despite Mr. Wilson's assertions in the foregoing letter, "Plaintiff subsequently produced responsive documents to some of those categories that were alleged to have no responsive documents." ECF No. 136-2 at 3–4 ¶ 8.

On February 6, 2025, Defendant served Plaintiff with a second Request for Production of Documents ("Second RPOD"). ECF No. 136-2 at 47–52. Plaintiff served a written response to the Second RPOD ("Second RPOD Response") dated May 5, 2025. *Id.* at 53–58.

## DISCUSSION

The gravamen of Defendant's Motion is that Plaintiff's First RPOD Response and Second RPOD Response are deficient. Defendant argues that Plaintiff has been unclear as to which responsive documents are not in her possession, custody, or control. Defendant also argues that neither Plaintiff nor Mr. Wilson have established that Plaintiff has made a diligent effort to search for responsive documents. The Court agrees.

Mr. Wilson represents Plaintiffs in this case and signed the First RPOD and Second RPOD Responses on behalf of Plaintiff. ECF No. 136-2 at 41, 58. "[T]he discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (alterations in *Reinsdorf*) (quoting *Smith v. Life Investors Ins. Co. of Am.*,

4

No. 2:07-cv-681, 2009 WL 2045197 at *5 (W.D. Pa. July 9, 2009)).  In fulfilling these obligations, "[c]ounsel bear responsibility for coordinating their clients' discovery production." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) (citation omitted).  Counsel's role is not passive, fulfilled by merely asking a client for all of his or her responsive documents.  Rather, "[c]ounsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).  This involves not only directing the client to search for documents, but also actively participating in the process to verify that all responsive documents are identified and produced.

The attorney's obligations are formalized within Federal Rules of Civil Procedure 26.  Rule 26(g) requires a signing attorney to certify that a reasonable inquiry has been made with respect to the factual and legal basis for any discovery request or response.  Fed. R. Civ. P. 26(g)(1)(B).  The duty to certify discovery responses "requires the lawyer to pause and consider the reasonableness of his request, response, or objection."  Fed. R. Civ. P. 26 advisory committee notes (1983 amendment); *see also See* 6 Moore's Federal Practice – Civil § 26.151 (2025) (stating that the certification requirement deters discovery abuse "by requiring persons certifying disclosures, requests, responses, and objections to carefully consider the legitimacy of the papers before signing them").

The Court has carefully reviewed the Opposition and finds that Plaintiffs' arguments are unpersuasive.  For example, the Court is not at all persuaded by Plaintiffs' argument that although Plaintiff has "moderate memory impairments," ECF No. 140 at 7, Defendant and the Court should accept Mr. Wilson's declaration that Plaintiff "answered the interrogatories to the best of her ability, and has responded to the defense documents requests," ECF No. 140-1 at 3 ¶ 9.  Regardless of Plaintiff's mental capacities, Mr. Wilson cannot rely on Plaintiff's alleged inability to reliably respond to discovery as a means to satisfy either Plaintiff's discovery obligations or his own under Rule 26(g).

Although Plaintiff maintains that the parties and the Court should consider Plaintiff's "age-related challenges," "moderate memory loss," and "dementia" when assessing Plaintiff's discovery responses, Plaintiff has not sought any protective order limiting or precluding discovery based upon her mental impairments.  Nor has Plaintiff asked the Court to appoint a guardian under Federal Rule of Civil Procedure 17(c).  Moreover, Plaintiff's own medical expert appears to reject any claim that she cannot adequately participate in this litigation, purportedly opining that Plaintiff "is able to engage the services of an attorney and serve as a competent witness in litigation."  ECF No. 140 at 7.

Plaintiff and Mr. Wilson have strict discovery obligations in this action, which Plaintiffs initiated.  The Court finds that based on the First RPOD Response,

Mr. Wilson's September 10, 2024 letter, and the Second RPOD Response, Plaintiff and Mr. Wilson have not satisfied these obligations. The Court thus grants the Motion.

CONCLUSION

Based on the foregoing, the Court GRANTS Defendant Jennifer Buckman's Motion to Compel Further Responses and Production of Documents from Plaintiff Patricia W. Buckman (ECF No. 136). The Court ORDERS Plaintiff to provide supplemental written responses to the First RPOD and Second RPOD by **June 6, 2025**. All objections are waived because the initial responses were untimely. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992 (citations omitted) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

There is no room for gamesmanship. In responding to discovery requests, all parties must clearly state whether their production is complete and whether (and on what basis) they are withholding any responsive documents.

For each and every document request in the First RPOD and Second RPOD, Plaintiff must state whether she is withholding any documents on the basis of any objections. If Plaintiff withholds documents, she must satisfy the requirements set forth in Federal Rule of Civil Procedure 26(b)(5)(A) and Local Rule 26.2(d).

Plaintiff must also confirm whether her production in response to each request is complete.  For any production that is not yet complete, Plaintiff must indicate the date by which she will produce all responsive documents, which is to be no later than **June 13, 2025**.  Plaintiff must produce all responsive documents in her possession, custody, or control, regardless of whether Plaintiff believes Defendant may already have copies of the same document from other sources.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 23, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Buckman, et al. v. Buckman, et al.*, Civil No. 24-00129 MWJS-KJM; Order Granting Defendant Jennifer Buckman's Motion to Compel Further Responses and Production of Documents from Plaintiff Patricia W. Buckman