LOUISE K.Y. ING        2394
TIM PARTELOW        10218
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com
              tim.partelow@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email:  markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN, MARK F. BUCKMAN TRUST, JENNIFER BUCKMAN, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>**DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE AS TO CERTAIN WITNESSES;** DECLARATION OF LOUISE K.Y. ING; DECLARATION OF MARK F. BUCKMAN; EXHIBITS 1-6; CERTIFICATE OF COMPLIANCE<br><br>[*Caption continued on next page*] |

15817318\000001\130418834

| | |
|---|---|
| PARTNERSHIPS 1-10, DOE GOVERNMENTAL AGENCIES 1-10, | Trial Date: November 3, 2025 Judge: Hon. Micah Smith |
| Defendants. | |

## DEFENDANTS' MOTION TO EXTEND
## DISCOVERY DEADLINE AS TO CERTAIN WITNESSES

Defendants respectfully this Honorable Court for an order extending the discovery deadline beyond June 6, 2025:

1.      For four specific deponents later in June:  Plaintiff Patricia Buckman (continued deposition), Matthew Buckman (deposition pursuant to Show Cause hearing minutes), Plaintiff's expert witness Dr. Marvin Acklin, and Carolyn Watanabe (continued deposition).

2.      For the return date for a subpoena for deposition and production of documents served on Natalie Pitre on May 21, 2025, and for a subpoena for production of the same requested categories currently out for service.  Defendants seek an extension of the return date until the week of June 16, after Ms. Pitre's lawyer Thomas Bush returns from vacation.

This motion is made pursuant to FRCP 6(b), the submissions supporting this motion and the record of the case.  Good cause, as required under FRCP 6(b), exists because Defendants' repeated efforts to schedule depositions by the June 6 discovery cutoff have been hindered by forces beyond their control:  delayed responses and limited availability of Plaintiff and Ms. Pitre's counsel, limited

2

availability of witness Carolyn Watanabe before June 6, and failures by Matthew

Buckman to appear for his deposition.

## I.    PROCEDURAL BACKGROUND

### A.    Recent efforts to schedule timely depositions

Aiming to complete remaining depositions by the June 6, 2025, discovery

deadline, new counsel for Defendants has been working since their appearance in

the case in April to schedule depositions of Defendants' desired witnesses and

obtain production of documents needed for their defense and pursuit of

counterclaims.  Between April 13 and May 24, Defendants' counsel sent

approximately seven requests to Plaintiff's counsel to schedule depositions.  Ex. 1-

5, attached.  The current status of deposition scheduling and document production

is as follows (the depositions for which an extension of time is sought in this

motion are in boldface type):

| **Plaintiff Patricia Buckman (continued deposition)** | Remains under court order to complete her deposition and remains to be scheduled; no proposed dates received from Plaintiff's counsel despite several requests.  Because of the delays by Mark Buckman's siblings in complying with subpoenas, Defendants have just received documents in the latter half of |
| --- | --- |

15817318\000001\130418834

| | |
|---|---|
| | May that they have never had a chance to ask Plaintiff about.[1] |
| **Matthew Buckman** | Failed to appear for deposition on May 19, 2025, as required by Court Minutes [Dkt. 135] has not provided physician's letter certifying inability to be deposed. Status Report [Dkt. 147]. |
| **Kimberly Buckman** | Deposed May 15, 2025. Produced about 300 pages of documents, and subsequently, a few more via three emails, purportedly on behalf of herself, Matthew and Duke Manoa Buckman. |
| **Duke Manoa Buckman** | Deposed May 21.  Agreed, then declined, to produce documents discussed in his deposition, other than those already produced by Kimberly Buckman. |

---

[1]     In the interests of transparency, Defendants anticipate they may need to bring a motion to compel against Plaintiffs after the discovery deadline for failures to respond or respond completely to discovery requests served on her in February and April, 2025.

15817318\000001\130418834

| Natalie Pitre | Deposed May 23.  Plaintiff's counsel and Ms. Pitre's counsel agreed her continued deposition can proceed 6/19.  Ex. 5.  Produced and may continue to produce documents per February subpoena.  Has refused through counsel to produce documents requested in subpoena served on her May 21, 2025, unless Plaintiff's counsel agreed to a return date after June 6.  Plaintiff's counsel has refused to extend the return date even though Ms. Pitre's counsel is traveling until June 15.  Ex. 6, attached. |
|---|---|
| Tamara Buchwald | To be deposed June 5, 8 a.m. HT/2 p.m. ET |
| Carolyn Watanabe (continued deposition) | Currently scheduled for June 5, 2 p.m. HT but witness set a cutoff time of 3:30 due to other commitments.  May need to be continued a second time again if her June 5 deposition is not completed.  It would be less disruptive to depose Ms. Watanbe in one sitting on a date after June 6. |

5

15817318\000001\130418834

| **Quyn Vu** | Scheduled for deposition June 6, 2:30 p.m. HT |
|---|---|
| **Stephen Reese (continued deposition)** | Scheduled for June 6, 9:00 a.m. HT |
| **Dr. Marvin Acklin** | Not yet scheduled due to limited availability of Plaintiff's counsel by or before June 6. Defendants' counsel inquired of Plaintiffs' counsel if they need to schedule deposition through him.  No response, so Defendants will schedule Dr. Acklin directly. |

Emailed requests by Defendants' counsel Ms. Ing between April 14 and May 24 to Plaintiff's counsel to schedule specific depositions in May and June were met either by no response, partial or refusals to extend.  See Ex. 1-5.  By email dated May 20, 2025, Plaintiff's counsel gave three dates of availability: May 25 or 26 (two different dates stated in two different emails, part of a long weekend), June 5 and June 6.[2] Ex. 3, 4.

---

[2]    Plaintiff's counsel has claimed to be unavailable,  even as he only attended the first hour or so of several depositions (Kimberly Buckman, Duke Manoa Buckman) and then just left, often without saying he would be gone for the rest of the deposition.  Declaration of Louise K. Y. Ing

15817318\000001\130418834

Defendants' counsel duly scheduled four depositions for June 5 and 6, but additional depositions remain to be taken, including Plaintiff's continued deposition. Ex. 5. In a face to face conversation with Plaintiff's counsel on or about May 21, 2025, he informed Defendants' counsel Ms. Ing that he would check with his client about Defendants' request to extend the discovery deadline as to certain deponents. On May 23, 2025, he verbally informed Defendants' counsel he would not agree to any extension and confirmed that position in writing on May 24. Ex. 5.

Starting around May 24, 2025, there was also discussion between counsel for the parties in this lawsuit and counsel for Ms. Pitre about whether or not Ms. Pitre would produce documents pursuant to a subpoena for deposition and documents served on her on May 21, 2025. See Ex. 5-6. (In addition, Ms. Pitre's counsel continued to produce documents on Ms. Pitre's behalf, pursuant to the earlier subpoena, until the night of May 27.) Ms. Pitre's counsel objected to the short notice of return date (set for May 23, the date of Ms. Pitre's deposition) and several new categories of documents requested. Defendants' counsel explained how the new categories were extensions of document categories in the earlier subpoena in most cases, but seeking electronic versions of documents, and in one category (#9), relating to a topic covered in Ms. Pitre's deposition. Ex. 6. Because Ms. Pitre's counsel was leaving for vacation the night of May 28, extending into

7

June, he stated he would not be available until after his return in June, but declined to agree to an extension of the return date beyond June 6, unless agreed to by Plaintiff's counsel. Plaintiff's counsel refused to agree. Id.

**B.    Prior efforts to obtain discovery and delays encountered**

Defendants' inability to complete discovery by the deadline has not been for lack of trying. In addition to Ms. Ing's efforts in the last 1-1/2 months to schedule depositions, Defendants lost several days earlier in the year, when Mark Buckman traveled from California to Honolulu to take depositions of Matthew, Kimberly, and Duke Manoa Buckman in March, pursuant to subpoenas, and they did not appear, in addition to Matthew Buckman's second non-appearance at the court-ordered deposition on May 19, 2025. Declaration of Mark Buckman, attached. Defendants' efforts to obtain discovery from key witnesses in the case have all consumed attorney time, scheduling time, and needlessly-wasted deposition days where Defendants could have deposed other witnesses if Matthew, Kimberly and Duke Manoa Buckman had given advance notice of their non-appearance. Moreover, the delays and the need to bring them before this Court on an Order to Show Cause hearing on May 7, 2025, shifted their depositions to late in the discovery period, squeezing out other depositions in the always-busy period before discovery cutoff.

8

## II.    ARGUMENT

Rule 6(b) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, extend the time" by which an act must be done. Defendants have diligently endeavored to set the depositions they need to take, and obtain discoverable documents, before the June 6 discovery cutoff. They encountered delays for reasons beyond their control: delays by Plaintiff's counsel in responding to scheduling requests and then, the very limited availability of Plaintiff's counsel for depositions (Ex. 1-5); the travel schedule of Ms. Pitre's counsel, even though it is possible to conduct business remotely (Ex. 6); the limited availability of witness Carolyn Watanabe before June 6, and failures by Matthew Buckman to appear for his deposition. Defendants are only seeking a targeted extension of the discovery deadline due to those circumstances and not an extension for all purposes.

Defendant's counsel met and conferred with Plaintiff's counsel via email and in-person discussions but with Ms. Pitre's counsel via email due to his travel schedule, but has not been able to resolve the disputes that are the subject of this motion.

9

15817318\000001\130418834

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that their targeted

extension motion be granted so that they have a fair opportunity to conduct

remaining discovery.

Dated:  Honolulu, Hawai`i, May 30, 2025.

> _/s/ Louise K.Y. Ing_
> LOUISE K.Y. ING
> TIMOTHY C. PARTELOW
> Attorneys for Defendants
> MARK F. BUCKMAN, individually
> and as Trustee of the MARK F.
> BUCKMAN TRUST, and
> JENNIFER BUCKMAN
>
> _/s/ Mark F. Buckman_
> MARK F. BUCKMAN
> Attorney for Defendant
> JENNIFER BUCKMAN

10

15817318\000001\130418834