## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, | Civil No. CV 24-00129 MWJS-KJM |
| Plaintiffs, | |
| vs. | **DECLARATION OF MARK F. BUCKMAN** |
| MARK F. BUCKMAN, et al., | |
| Defendants. | ECF # 108, 108-1, 109, 109-1, 110, 110-1, 112, 112-1, and 147 |
| And Related Cross-Action | Trial Date: November 3, 2025<br>Magistrate Judge Kenneth J. Mansfield |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1.     I am over the age of 18.  I have personal knowledge of the facts recited in this Declaration.  If called as a witness in these proceedings, I could and would testify competently to these facts.

2.     I am an attorney licensed to practice law before the Courts of the State of Hawai'i. I am co-counsel of record for Defendant Jennifer Buckman in these proceedings. I am also a Defendant and Cross-Complainant in these proceedings.

3.     I am providing this declaration in support of Defendants' motion to extend the discovery cutoff deadline for particular discovery.  I am the attorney

1

who has been having subpoenas served on Matthew Buckman (and the other witnesses who are before the Court on the Order to Show Cause) since February, 2025. I have also attended all the depositions to date, and I have personal knowledge of the facts related to Matthew Buckman's non-compliance with the subpoenas.

4.      Plaintiff identified Matthew Buckman ("Matt") as a witness, and Defendants intend to call him to testify at trial.  In my declaration in support of the Application for OSC against Matt (ECF # 114-1), I explained some of the reasons for needing to examine Matt (¶ 15), as well as some of the documents we sought from him (¶¶ 6, 16).

5.      I believe based on personal observation that Matt has the ability to testify, and not just because all persons are assumed competent to testify until it has been established otherwise.

6.      Since this case started, Matt has been involved as a litigating party in 3 other cases, and he has not claimed in any of those cases that he was unable to testify. In one case, Matt, as plaintiff, filed a TRO against Natalie Pitre. In another, he appeared to defend himself against an Eviction Case brought by Natalie Pitre, as the agent for Patricia Buckman. Matt also appeared in an Eviction Case that I brought against him after he moved out of the Front House and into the Back

2

House but failed to pay any of the operations and maintenance expenses for the Back House as we had previously agreed.

7. Matt did not raise the issue of a supposed medical inability to attend a deposition until the day of the OSC, and indeed, it was his former wife Kimberly Buckman and not Matt himself who raised the issue at the hearing. However, he has been aware that Defendants have been trying to obtain his deposition since February.

8. To date, Matt has not produced a letter from a doctor stating that he should be excused from testifying due to medical limitations. Matt first said he would get a letter from his doctor (Dr. Nordyke), but he has not produced any letter from Dr. Nordyke.

9. Matt then apparently consulted another doctor to obtain a letter excusing him from testifying, but that doctor (Dr. Miyamoto) also did not provide a letter stating that Matt could not testify nor did he identify any limitation on his testimony. Rather, Dr. Miyamoto appears to have merely authenticated some of Matt's medical records (though I have not seen those records as they were not attached to the email I received from Matt via my counsel Louise Ing).

10. Since February, Matt has repeatedly failed to comply with subpoenas issued in this case and served on him, but he did not claim his medical condition prevents him from testifying. I first had Matthew served in February with a

3

Subpoena that required him to testify on February 26, 2025.  Before that deposition, I texted Matt on February 20,

> "Hi Matt, I want to confirm your deposition for next week Wednesday.  If Thursday, Friday, or Monday works better, please let me know ASAP.  I would also like to talk with you about resolution. Aloha"

11.    Although I received no response to that text, Matthew's former wife, Kimberly Buckman, emailed me that day, stating "Be advised that none of the three of us (Matthew, Kimberly, and Manoa) will be appearing at any deposition . . ."

12.    I then emailed Matthew to follow up about his deposition, and he responded that he was not free until the first of March.  Matt did not object that he could not testify or attend his deposition. Rather, Matt asked for the deposition to be rescheduled, which I did.  (I later learned that instead of attending his deposition in February, Matt traveled to Montana with Kimberly Buckman and lawyer Brandee Faria, with the trip paid for by Ms. Faria.)

13.    After I rescheduled Matt's deposition to accommodate his schedule, I caused a new Subpoena to be prepared, but the process server had difficulty serving Matt (*See* ECF 110). It appeared that Matt was evading service.

14.    The Subpoena To Testify at a Deposition in a Civil Action and a check for witness fees were personally served on Matthew Buckman on March 17,

4

2025, as shown in ECF 110.  This Subpoena directed him to appear to testify on March 28, 2025.

15.     On March 26, Kimberly Buckman emailed me, purportedly on behalf of herself and Matt Buckman, stating, "As you also know, all the Defendants in the other case (25-cv-10) have not yet been served and have not yet had an opportunity to respond to the request.  Unless and until this important issue is addressed, discovery cannot be had as this is a basic, fundamental issue that must be considered before moving forward and **neither I nor Matt can appear for our depositions until this matter is resolved**."

16.     In response to the Subpoena for March 28, Matt did not claim he was medically unable to testify, nor did he serve any objections or file a motion to quash. He simply did not show up. In my opinion, based on my understanding of the email received from Kimberly Buckman, Matt made a conscious choice to not attend his deposition.

17.     Matt has twice failed to appear for his deposition, even though his deposition has been rescheduled three times to accommodate his schedule.

18.     Matt's failure to comply with the Subpoena and subsequent Court Order is impeding the discovery process, causing unnecessary delay and prejudice to Defendants.

19.     To date, Defendants have incurred approximately $7,000 in costs due to Matthew's repeated failures to appear and to comply with the Subpoenas. Among other things, Defendants have incurred the costs of serving Matthew 3 times (his original subpoena, the second subpoena, and then the OSC).  It cost ~$500 to serve Matt because the process server had to make – and charge Defendants for – multiple attempts before she could serve Matt, and she had to make multiple trips to both Kapahulu and Waimanalo, the location of Matt's workshop / boatyard.

20.     I also incurred costs to travel from California to Honolulu in late March to take the depositions of Matt, Kimberly, and Duke Manoa.  However, they all failed (or refused) to appear for their depositions.  Thus, on that trip, I only got to conduct one of the four depositions that I had scheduled, which was the rescheduled deposition of Carl Pitre.  Nonetheless, it cost me a week of travel as well as airfare, lodging, car rental, and other expenses of approximately $3,000, not including attorneys' fees.

21.     Defendants have spent over $3,000 on Denton's attorneys to attend the OSCs, to correspond with Matt, Kimberly, and Manoa about their depositions and document production, as well as to prepare for and attend Matthew Buckman's deposition.  As Ms. Ing noted, Matthew did not appear, so the time waiting for him and some of the preparation time was wasted.

6

22.     Defendants also incurred $525 of costs for the deposition reporter appearing for the March depositions, which Matt, Kimberly, and Manoa all failed to appear at.  Defendants incurred about $600 in additional costs for the deposition reporter and a videographer to attend Matthew's Deposition on May 19, which Matthew failed to appear at.

23.     Given the continued efforts by Matt and others to obstruct the taking of his deposition, I anticipate needing beyond the June 6, 2025 discovery and motions cutoff to address the issue of compelling discovery from him and/or seeking sanctions.

24.     I tried to complete Patricia Buckman's court-ordered deposition (ECF # 44), but Mr. Wilson has limited each session to just an hour.  Moreover, he unilaterally terminated our last deposition session and refused to resume it.  I checked with Mr. Wilson about the deposition on February 6, 2025, stating in pertinent part, "have you reconsidered your position on refusing to allow plaintiff to complete her deposition, or are you still refusing to allow her to complete it?" Mr. Wilson responded, "No."  I had hoped that Ms. Ing would be able to schedule the completion of the deposition, but Mr. Wilson has not cooperated in providing dates for the completion of Patricia's deposition.

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed this 30th day of May, 2025, at Elk Grove, California.

/s/ Mark F. Buckman_____
MARK F. BUCKMAN