| | |
|---|---|
| **From:** | Ing, Louise K.Y. |
| **Sent:** | Friday, May 30, 2025 10:59 AM |
| **To:** | Richard WIlson; Thomas Bush |
| **Cc:** | Mark Buckman; Partelow, Tim; Somers, Tiare K.F.; Deiner, Venelyn; Bev Descalzi; Jeni Buckman |
| **Subject:** | RE: Buckman v Buckman: May subpoena to Natalie Pitre - extended return date proposal |

Tom and Rich,
In response to your May 28 and 29 emails below, I regret that we haven't been able to reach agreement on a mutually acceptable time for Natalie Pitre responding to the subpoena served on her May 21.  I do not know when Tom will be able to read this email given he may already be 12 hours ahead but assume he has brought electronic devices with him.

In the interests of full disclosure, I had not realized at the time I served the subpoena on Ms. Pitre on May 21 and informed Tom by email of service that the subpoena included anything other than the deposition date/time set at the OSC hearing and categories of documents already requested.  I therefore understand the concern expressed by Tom that additional time beyond May 23 would be needed to respond, and we subsequently provided an explanation of how the more recent categories arise out of the prior longstanding subpoena in specifically seeking electronic records with one new #9 relating to a topic covered at Ms. Pitre's deposition. Defendants are entitled to the assurance that a diligent search has been made for responsive, non-objectionable documents and that none are being withheld other than for legitimate privilege claims.

Were it not for Tom's trip from May 28-June 15, there should have been adequate time by the June 6 discovery cutoff to respond and comply.  However, I offered the courtesy of not requiring a response to the May subpoena until Tom's return (which I had thought was a few days earlier than June 15.)

Tom's refusal of our proposal unless Rich agreed to an extension beyond June 6, and Rich's refusal to agree to an extension, gives us no option in representing our clients' interest but to (A) re-serve Ms. Pitre with a subpoena duces tecum seeking the same categories of documents by the longest timeframe we are currently authorized to give, June 6, and (B) absent subsequent agreement on extended return date, to add to our Motion to Extend a request for leave to extend the return date for the May subpoenas to a date in June *after* Tom's return for his vacation and *before* Ms. Pitre's deposition.

I have had to work from a location 12 hours ahead of Hawai`i, so I know it is possible.  I was hoping as a courtesy to avoid that situation for Tom, but counsel's position has left us no choice in order to prepare adequately for Ms. Pitre's continued deposition and trial preparation.

1

# EXHIBIT 6

Please let me know ASAP if you are willing to meet and confer on this issue beyond our discussion via email or otherwise reconsider your position, so we can resolve at least one discovery issue in dispute before I need to file Defendants' Motion to Extend which I am targeting to do this afternoon given the shortness of time to the discovery cutoff.  Mahalo.

Sincerely,
Louise Ing

Louise K.Y. Ing
Partner

My pronouns are: She/Her/Hers
+1 808 441 6114

**From:** Richard WIlson <rewilson_law@yahoo.com>
**Sent:** Thursday, May 29, 2025 7:09 AM
**To:** Ing, Louise K.Y. <louise.ing@dentons.com>; Thomas Bush <tom@tblawhawaii.com>
**Cc:** Mark Buckman <markfbuckman@sbcglobal.net>; Partelow, Tim <tim.partelow@dentons.com>; Somers, Tiare K.F. <tiare.somers@dentons.com>; Deiner, Venelyn <venelyn.deiner@dentons.com>; Bev Descalzi <bev@tblawhawaii.com>
**Subject:** Re: Buckman v Buckman: May subpoena to Natalie Pitre - extended return date proposal

**[WARNING: EXTERNAL SENDER]**

I am not willing to extend the cutoff.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Wednesday, May 28, 2025 at 04:26:53 PM HST, Thomas Bush <tom@tblawhawaii.com> wrote:

Well, you just won't let me leave for vacation.  I am not in the office and don't have access to my records and notes regarding the May subpoena.   To address this communication.

(1)  Two days notice to the client; no notice to the client's attorney is unreasonable.

(2)  To the extent you claim the requests duplicate one or more of the 38 categories in the prior subpoena, then it was unnecessary.

(3)  With respect to the February subpoena, no timely objection was made.  A timely objection was made to the May subpoena and I am not agreeing to honor what I previously pointed out were new categories in the May subpoena.

(4)  Serving another subpoena with a return after the discovery cut-off in your action doesn't seem proper, but whether you want to do that is up to you and between you and Rich I imagine.

(5)  If Rich is ok with a return date of the May subpoena after your discovery cut-off, I will agree not to object on grounds that the May subpoena asks for documents after your cut-off (though other objections are preserved)

(6)  I return to the office on June 16 (I may have said June 15 in earlier emails but that is a Sunday) so a return date of June 16 is not reasonable in any event.

If we need to meet & confer on this May subpoena, I can do so on 6/17 after the 9 am status conference set in case 1:25-cv-00010.

Thanks, Tom

**Thomas E. Bush, Esq.**

Thomas Bush Law Office LLLC

1001 Bishop Street, Suite 1560

Honolulu, Hawaii  96813

Telephone:  (808) 536-BUSH (2874)

Facsimile:   (808) 536-2875

Email:  Tom@tblawhawaii.com

NOTICE: The information contained in this email is confidential and

> may also be attorney-client privileged.  This information is intended

> only for use by the individual to whom it is addressed.  If you are

> not the intended recipient, you are hereby notified that any use,

> dissemination, distribution or copying of this communication is

> strictly prohibited.  If you have received this email in error, please

> immediately notify the sender by return email, and delete this email,

> any attachments and all copies.

---

**From:** Ing, Louise K.Y. <louise.ing@dentons.com>
**Sent:** Wednesday, May 28, 2025 1:48 PM
**To:** Thomas Bush <Tom@tblawhawaii.com>
**Cc:** Richard Wilson <rewilson_law@yahoo.com>; Mark Buckman
<markfbuckman@sbcglobal.net>; Partelow, Tim <tim.partelow@dentons.com>; Somers, Tiare K.F.
<tiare.somers@dentons.com>; Deiner, Venelyn <venelyn.deiner@dentons.com>; Bev Descalzi
<Bev@tblawhawaii.com>
**Subject:** RE: Buckman v Buckman: May subpoena to Natalie Pitre - extended return date proposal

Tom,

In an effort to address consensually your concerns about the timing of production in the second
subpoena, served on Natalie last week ("May subpoena"), we understand the document turnaround
time was short, occasioned by the desire to obtain as many relevant documents, including
electronic format, as possible before her deposition.  However, in order to allow more time to
respond to the subpoena duces tecum portion in light of your other commitments, we propose that
the return date for production of documents be extended to June 16 (Monday), which would give
Natalie over 3 weeks to provide the documents requested in the subpoena served on May 21 and
would be after you return from your trip.

If agreeing to extend the return date for production of documents is not acceptable, please let me
know today, so we can arrange to serve a new subpoena duces tecum on Natalie, with the same
categories of documents and the June 16 return date.  If we have to go the new subpoena route,
we request your and Natalie's cooperation in arranging an appointment between the process

4

server and Natalie to accept service of the subpoena (or if a responsible person in your office will do so on her behalf), so precious time is not expended on efforts to serve her.

Although we have not reviewed the latest supplemental productions yet in detail, the requests in the May subpoena are for the most part either included within or related to documents subpoenaed earlier ("SDT"), the main difference being we requested electronic records of same categories in the May subpoena so there is no question of missing texts, communications, attachments, etc.  More specifically:

**Category 4**:    This request is generally for electronic messages and emails (in electronic form) between Natalie and Kimberly Buckman.  As such, this request was contained in or related to category 38 of the Subpoena Duces Tecum (SDT), which sought ". . . your texts or imessages or other instant messages with Kimberly Buckman."  Notably, Natalie already produced some responsive paper documents, such as N146-153 (texts between Natalie and Matt (including w/ Kimi for Matt)) as well as N219-234 (texts with Kimi).   Thus, given that documents were produced showing Kimi texting on Matt's phone, #4 is also related to category 5 (text, email, or other electronic means with Matt Buckman).

**Category 7**:  This request is generally for electronic messages and emails (in electronic form) from Patricia Buckman's accounts.  As Natalie is Patricia's agent in this litigation (Case 24-129), she was obligated to produce such documents in response to other discovery requests, which she failed to do.  Further, this request was contained in or related to the categories 10, 11, 12, 13, 15, 16, 17, 20, 21, 22, 26, and 28 of the SDT.

**Category 8**:    This request is generally for electronic messages and emails (in electronic form) from Natalie's accounts. As such, this request was contained in or related to categories 3, 4, 13, 21, 27, 30, and 31 of the SDT.

**Category 9**:    This request is generally for documents regarding the continued management and control of a deceased former client's property while Natalie was the principal broker of Island Properties.  Although this is a new category, Natalie testified about the subject at her deposition, and we understand there was some dispute about this property between Natalie and Patricia.

**Category 10**:  This request is generally for documents related to 3010 and 3010A Kaunaoa Street.  As such, this request was contained in or related to categories 13, 14, 34, 36 of the SDT.  Moreover, although Natalie testified that she did not pay Patricia the required rent for 3010A Kaunaoa, she did not specify the total amount of rent or the time period of nonpayment.

In light of those explanations and in an effort to accommodate your schedule, please let us know if our proposal for an extended time to produce documents requested in the May subpoena is workable.  Thanks and safe travels.

Louise

**Louise K.Y. Ing**
Partner

My pronouns are: She/Her/Hers
+1 808 441 6114

**From:** Thomas Bush <Tom@tblawhawaii.com>
**Sent:** Tuesday, May 27, 2025 12:28 PM
**To:** Ing, Louise K.Y. <louise.ing@dentons.com>; Mark Buckman <markfbuckman@sbcglobal.net>; Partelow, Tim <tim.partelow@dentons.com>
**Cc:** Richard Wilson <rewilson_law@yahoo.com>
**Subject:** RE: Subpoena to Natalie

**[WARNING: EXTERNAL SENDER]**

Dear Counsel,

Separately, it occurs to me that while I stated my objections at Natalie's deposition, I should also make a written record of my objection to the subsequent subpoena served on Natalie on May 21, 2025, to the extent that it required her to provide documents at her deposition 2 days later.   Certainly, requesting her to bring documents with 2 days notice is not reasonable.  Further, the subpoena did not simply repeat document requests from the prior subpoena.  Instead, it purports to expand her obligations, specifically categories 4, 7, 8, 9 and 10 are new

categories.  The remaining categories (1-3, 5, and 6) were requested in the prior subpoena but even here there is a request that she provide documents up until May 21, 2025.  As I stated in my email from last night, we will be providing additional documents before I leave for my vacation but those documents are being provided as a result of the first subpoena and the Order to Show Cause.

Thanks, Tom

**Thomas E. Bush, Esq.**

Thomas Bush Law Office LLLC

1001 Bishop Street, Suite 1560

Honolulu, Hawaii  96813

Telephone:  (808) 536-BUSH (2874)

Facsimile:   (808) 536-2875

Email:  Tom@tblawhawaii.com

NOTICE: The information contained in this email is confidential and

> may also be attorney-client privileged.  This information is intended

> only for use by the individual to whom it is addressed.  If you are

> not the intended recipient, you are hereby notified that any use,

> dissemination, distribution or copying of this communication is

> strictly prohibited.  If you have received this email in error, please

> immediately notify the sender by return email, and delete this email,

> any attachments and all copies.

**From:** Thomas Bush
**Sent:** Monday, May 26, 2025 10:22 PM
**To:** 'Ing, Louise K.Y.' <louise.ing@dentons.com>; Mark Buckman

7

<markfbuckman@sbcglobal.net>; Partelow, Tim <tim.partelow@dentons.com>
**Cc:** 'Richard Wilson' <rewilson_law@yahoo.com>
**Subject:** Subpoena to Natalie

Dear Counsel,

This email updates you and further responds to Louise's 5/15/25 Letter regarding our prior document production.

Initially I want to confirm that on 5/22/25, we produced documents N219A and N260-66.  Also, I believe prior to the start of Natalie's deposition on 5/23/25, we produced additional documents that were not bate-stamped, but which I have since had bate-stamped.  They are provided here as bate-stamp number. N267- N356.

Also regarding the request for Steve Reese documents, while we provided initial documents concerning communications with Steve Reese in our initial production, it appears that in preparing a privilege log, I overlooked additional emails that should be produced.  These are now attached as documents bate-stamped N357-360.  In addition, I said I would provide a privilege log for Steve Reese documents that are being withheld.  Attached please find that privilege log.

Also, regarding Richard Wilson documents, I stated in Natalie's deposition that I believed there was an attorney-client privilege that applied to communications between Natalie and Rich.  After the deposition, I confirmed that there is such a privilege.  Here is my explanation:  Natalie has an attorney-client relationship with Rich regarding the Honolulu District Court eviction proceeding, which I understand is on hold pending resolution of the federal lawsuit between mother and Mark and his wife.  Thus, there is a continuing attorney-client relationship.  Second, Natalie is a "representative of the client" , that is, of her mother in this federal lawsuit as set forth in HRE Rule 503(a)(2) as one with "authority to obtain professional legal services , or to act on advice rendered pursuant thereto, on behalf of the client."  In addition, even if she weren't the client representative, given Patricia's age and physical infirmities, communications with Natalie would remain confidential under Rule 503(a)(5) because such communications between Rich and Natalie were "in furtherance of the rendition of professional legal services to the client" or "reasonably necessary for the transmission of the communication."

In addition, I offered to provide a privilege log regarding records of communications between Natalie and Rich if your client(s) would agree to pay for the preparation of such a log.  You wanted authority for my request for payment.  Under *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178 (9th Cir. 2013), the Ninth Circuit has ruled that when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs from the non-party to the party requesting discovery from the non-party is whether the subpoena imposes significant expense on

the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder non-significant. In *Legal Voice,* $20,000 was found to be significant and the Ninth Circuit noted that $9000 may be enough.  Following *Legal Voice,* the Idaho District Court in *In re Fresh & Process Potatoes Antitrust Litig*., 2016 U.S. Dist. LEXIS 205321 (Idaho 9/30/16) stated that time spent to "review, cull and prepare the privilege log are compensable under Rule 45's standards".  *See also OL Priv. Couns.,LLC v. Olson*, 2024 U.S. Dist. LEXIS 212013 (Utah 11-20-24), $9,100 ordered to be paid to non-party for document and privilege log production.  In this case, Natalie is a non-party and does not have extensive funds unlike Mark Buckman who boasted in an email to Natalie that he "could spend $400,000 on the cases, probably more counting appeals."  We have provided, at Natalie's expense, a privilege log for Steve Reese communications as well as attempting to reasonably respond to 36 categories of documents.  The request that your client(s) agree to pay for the privilege log under these circumstances is very reasonable.

Also, in your 5/15/25 letter you referenced several documents in our initial production that you had concerns about.  We have looked at each and every one of your complaints and report as follows:

N54 – You wanted a date on this document.  This is a screenshot that Natalie took from her mom's phone so there is no date.

N138 and N143 are blank and you wanted to know if there was text.  Yes, they are attached hereto as N138A & B and N143A.

N170 is blank and you wanted to know if there was text.  No.  It is just a blank page.

N219 – you complained the bottom of the text is cut off.  We previously provided N219A which remedies that.

N223 – You wanted to know if there were preceding texts.  Yes.  They are produced as N222A-C and N223A.

N246- You wondered whether there was a gap in the texts.  There is no gap.

N251 – You wanted a copy of the letter shown in the text.  Natalie doesn't have a copy of the letter.

N252 – You wanted a copy of the envelope and any letter in the envelope shown.  Natalie doesn't have the envelope or any letter in that envelope.

N253 – You claim there is a missing text.  There is no missing text.

Finally, I expect to receive some additional documents from my client before I leave for vacation and will produce them before I leave.  I anticipate that that will be the final production.

Thanks, Tom

**Thomas E. Bush, Esq.**

Thomas Bush Law Office LLLC

1001 Bishop Street, Suite 1560

Honolulu, Hawaii  96813

Telephone:  (808) 536-BUSH (2874)

Facsimile:    (808) 536-2875

Email:  Tom@tblawhawaii.com

NOTICE: The information contained in this email is confidential and

> may also be attorney-client privileged.  This information is intended

> only for use by the individual to whom it is addressed.  If you are

> not the intended recipient, you are hereby notified that any use,

> dissemination, distribution or copying of this communication is

> strictly prohibited.  If you have received this email in error, please

> immediately notify the sender by return email, and delete this email,

> any attachments and all copies.