Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON  5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
*Rewilson_law@yahoo.com*

Attorney for Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of
the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST | CV 24-00129 MWJS-KJM |
| | PLAINTIFFS' RESPONSE TO REQUEST FOR INTERROGATORIES TO PLAINTIFF MARK BUCKMAN |
| Plaintiffs, | |
| vs. | |
| MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, | |
| Defendants. | |

**EXHIBIT**

**5**

PLAINTIFFS' RESPONSE TO REQUEST FOR INTERROGATORIES
OF DOCUMENTS TO PLAINTIFF MARK BUCKMAN

Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST, by and through their undersigned counsel, hereby respond to the REQUEST FOR INTERROGATORIES TO PLAINTIFF MARK BUCKMAN as follows:

1.    State all facts of YOUR agreement with Mark Buckman regarding his investment in 714 16th AVENUE in 1991.

ANSWER:

That was a long time ago. I do not recall any specific agreement with him. I do recall paying him for what he did.

2.    If YOU contend that Mark Buckman was not the 40% owner of 714 16th AVENUE at all times from December 16, 1991 to January 4, 2017, state all facts for YOUR contention.

ANSWER:

The fact is he was not.

3.    If YOU contend that Mark Buckman was not the 40% owner of 714 16th AVENUE, please state all facts why YOU signed the document marked as Exhibit C of your deposition when such document contained the notation "... Mark Buckman (He got 40% of house which he earned in construction.)"

ANSWER:

I do not recall signing that. If I did, it would have been at Mark's direction. I think it is important to say that I don't remember questioning Mark about things as I got older. I relied on him.

4.  If YOU contend that Mark Buckman was not an owner of 714 16th AVENUE, state all facts why Mark Buckman was the owner of record of 714 16th AVENUE when it was acquired December 16, 1991 and only deeded it to YOUR trust in 2008 after YOU set up your trust so that Mark Buckman was to receive 40% of 714 16th AVENUE.

ANSWER:

I think I borrowed the money from Mark. I do not recall if I asked him or if he offered. I think Mark wanted security for the loan, but I do not really remember the specifics.

5.  State all facts concerning why Mark Buckman wasn't paid for his interest in 714 16th AVENUE when it was sold on January 4, 2017.

ANSWER:

I do not think he was entitled to interest. He was helping me with buying the property as my son. And I don't think he ever asked for interest.

6.    State all facts explaining YOUR agreement with Mark Buckman regarding his being compensated for his 40% interest in 714 16th AVENUE after it was sold on January 4, 2017.

ANSWER:

Again, I do not recall him having a 40% interest in the property. I do not recall having that agreement with him.

7.    State all facts regarding Mark Buckman allegedly receiving any payment on account of his interest in 714 16th AVENUE, at any time from January 1, 1991 to January 1, 2025.

ANSWER:

I seem to recall Mark got paid $50,000.00 when the property was sold. I do recall him having any interest in the property, but he got paid I think for his time and maybe other things.

8.    If YOU contend the "Agreement Regarding Note and Mortgage" does not accurately reflect the facts regarding YOUR agreement with Mark Buckman, state all facts explaining any alleged factual inaccuracies, including why they are not accurate.

ANSWER:

We never had an agreement. I do not recall signing the agreements. Those would have been prepared by Mark for me to sign. I do not think he gave me

4

copies of the documents to take to my estate lawyer Mr. Reese. I do not recall even when they were signed, and why I would have signed two.

9. If YOU contend the notarized "Promissory Note" to Mark Buckman that you signed on September 24, 2023 is unenforceable, state all facts for YOUR contention.

ANSWER:

I am not a lawyer. I do not recall signing this. This would have been one of the documents which Mark prepared, and had me sign. I do not think he gave me a copy of it to take to my estate lawyer Mr. Reese, or to even show Natalie.

10. State all facts regarding what Mark Buckman told YOU, before YOU signed the "Promissory Note" and "Agreement Regarding Note and Mortgage" on September 24, 2023, about such documents.

ANSWER:

I do know what he told me, if anything. He probably has a tape of some things he may have told me.

11. State all facts regarding what Mark Buckman told YOU, before you signed the Back House Deed on August 10, 2023, about Mark's agreement with Matt Buckman regarding the BACK HOUSE.

ANSWER:

I do not know what he told me, if anything.

12.    State all facts regarding what Matt Buckman had told YOU, before you signed the BACK HOUSE DEED on August 10, 2023, about Matt's agreement with Mark Buckman regarding the BACK HOUSE.

ANSWER:

I do not know what he told me, if anything.

13.    State all facts regarding what YOU meant when YOU informed Mark Buckman, before YOU signed the BACK HOUSE DEED on August 10, 2023, to the effect that "Now I have Matt taken care of by you and by me with the small back house. Thanks so much for stepping up to be your brother's keeper."

ANSWER:

I do not recall making that statement to Mark or having that conversation with him. I do not recall signing the back house deed.

14.    State all facts regarding anything YOU told Mark Buckman, before you signed the BACK HOUSE DEED on August 10, 2023, about YOUR disagreeing with any part of Mark and Matt's agreement regarding the BACK HOUSE.

ANSWER:

I don't recall the conversation, or signing the back house deed. I do not recall any agreement. I recall that I wanted Manoa to receive the back house when I pass away.

15. State all facts why, at the same time that YOU signed the BACK HOUSE DEED on August 10, 2023, that YOU refused to sign the version of the "Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman" containing a clause deleting and replacing Section 5.0l(a) of YOUR trust.

ANSWER:

I have no recollection of that document.

16. State all facts regarding YOUR agreement with Mark Buckman that Mark is to be in charge of Matt Buckman's $40,000.00 share of YOUR life insurance proceeds.

ANSWER:

I do not recall having this agreement with Mark.

17. State all facts regarding YOUR agreement with Mark Buckman that Mark was to help with YOUR finances (such as bill paying and receipt of income) from August 2023 forward.

ANSWER:

I do not recall having this agreement with Mark, but I recall Mark was going to or offered to help me with finances.

18. State all facts of YOUR agreement with Matt Buckman regarding his legal or equitable interest in the BACK HOUSE, from January 1, 2003 to January 1, 2025.

ANSWER:

I do not recall having this agreement with Mark. Mark is a lawyer, so I do not know what he means. I do not recall having a conversation with Mark about ownership of the backhouse. I think at one time I told him that he was not getting the property because he and his wife are lawyers, and they have a lot of money.

19. State all facts explaining what benefit YOU intended Matt Buckman to receive with regards to the BACK HOUSE after YOU signed your "First Amendment to Declaration of Revocable Trust of Patricia W. Buckman", regardless of whether such intent was written in that Amendment.

ANSWER:

I don't think my intent ever changed. I wanted Matt not to be homeless.

20. State all facts explaining Natalie Pitre's involvement in YOUR seeking a Temporary Restraining Order against Mark Buckman.

ANSWER:

[Objection: irrelevant, immaterial, and outside the scope of Fed.R.Civ.P. 26(b)]

_____/S/ Richard E. Wilson_____
RICHARD E. WILSON

21. State all facts explaining YOUR involvement in renting a Marina Palms condo in or about July 2023.

ANSWER:

It was rented. I was okay with that.

22.    State all facts to support YOUR denial of Paragraph 32 of Mark Buckman's AMENDED COUNTERCLAIM, Filed 8/27/2024, Docket 71.

ANSWER:

Because it is untrue.

23.    State all facts to support YOUR response to Paragraph 26 of Mark Buckman's AMENDED COUNTERCLAIM.

ANSWER:

I do not know what else to add. You put up some money to help me with the 16th Avenue property, and I paid you back. And Mark, I trusted you implicitly that you had my best interests at heart because I am your Mother, and I did a lot for you when I had a lot of money.

24.    State all facts to support YOUR allegations in Paragraph 29 of YOUR SECOND AMENDED COMPLAINT.

ANSWER:

I do not know what else to say.

25.    State all facts to support YOUR allegations in Paragraph 39 of YOUR SECOND AMENDED COMPLAINT.

ANSWER:

9

I do not know what else to say.

DATED: Honolulu, Hawaii, May 2, 2025.

_____/S/ Richard E. Wilson_____
Richard E. Wilson, Esq.

Attorneys for Plaintiffs

10