IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICIA W. BUCKMAN,         CIVIL NO. 1:24-CV-00129-MWJS-KJM
Individually and as Trustee
of the PATRICIA W. BUCKMAN
REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST,

          Plaintiffs,
     vs.

MARK F. BUCKMAN, Individually          VOLUME V
and as TRUSTEE OF THE MARK F.
BUCKMAN TRUST; MARK F. BUCKMAN
TRUST; JENNIFER BUCKMAN; et al.,

          Defendants.

_____


     VIDEOTAPED DEPOSITION OF PATRICIA W. BUCKMAN (Continued)


          Taken on behalf of the Defendants,

     at Ralph Rosenberg Court Reporters, Inc.,

     American Savings Bank Tower, Suite 2460

     1001 Bishop Street; Honolulu, Hawaii 96813

          commencing at 10:04 a.m.,

          on Friday, September 20, 2024,

               pursuant to Notice.


     BEFORE:  HEDY COLEMAN, CSR NO. 116
              RMR, CRR, CRC

EXHIBIT

15

things for me.

Q    Would you tell her to sign your name to an email?

MR. WILSON:  Objection; it's been asked and answered in, I think, day two, but go ahead if you understand the question.

BY MR. BUCKMAN

Q    Would you tell Natalie to sign your name on emails to Steve Reese?

A    Probably.

Q    And why would you do that, instead of have Natalie sign her own name?

A    I don't know.  I just feel that -- felt stronger if it came from me.

Q    Would you review emails to Steve Reese that Natalie wrote for you?

A    I would review emails, definitely.

Q    Do you recall Natalie writing an email to Steve Reese, in 2022, asking to change your trust?

A    No.

Q    Do you remember you -- any reason why you wanted to change your trust in 2022?

A    No.

Q    Do you remember wanting to change the beneficiary of the front house at Kaunaoa from Manoa

to Natalie?

A   Yes.

Q   Was that your idea?

A   Yes.

Q   And did you want to take Matt off as a beneficiary of the back house?

A   No.

Q   Did you ever want Matt to move out of the front house when he was living there with you?

A   No.

Q   There was an issue about renting a condo at Marina Palms.  Do you recall that?

A   Slightly.

Q   Did you ever want to move to Marina Palms in the last year or so?

A   No.

Q   Did you ever want Matt or Manoa to move to Marina Palms in the last year or two?

A   No.

Q   Did you ever make an application to rent a condo at Marina Palms?

A   I never did.

(Whereupon, Exhibit J was marked for identification.)

BY MR. BUCKMAN

answer, Counsel.

   MR. BUCKMAN:  It's a yes-or-no question.

   MR. WILSON:  Stop interrupting her.

   MR. BUCKMAN:  If you have an objection,
state --

   MR. WILSON:  No.

   MR. BUCKMAN:  -- it on the record.

   MR. WILSON:  I have a statement.  Stop
interrupting the witness.  That's rude.

BY MR. BUCKMAN

 Q I'm asking you a yes-or-no question.  Do you
recall that?

 A Yes.

 Q Okay.  And so, at that time, when Mark and
Jenny came over on August 10, 2023, did you trust Mark
or Jennifer?

 A No.

 Q Did you think Mark and Jennifer were on your
side and you could rely on their advice?

 A No.

 Q Did you think that they were looking out for
your best interest in any way?

 A They may have told me that they were looking
out for my best interest, but I don't believe they
were.

Q    And so if -- if they would have told you --
do you recall them saying that they were looking out
for your interest?

A    I don't recollect that.

Q    But if they told you that, would you think
that they were lying?

A    Probably.

Q    Okay.  So you would be very much on your
guard if Mark and Jenny were telling you something on
August 10, 2023.  Correct?

A    I have no idea.

Q    But you said they were fishy, and you don't
trust them.  Correct?

A    Mark and Jenny were fishy?

Q    Correct, that's what you had said.

A    It could be.

Q    Are you unsure of that now?  Are they --
fishy means kind of like suspect or unreliable.  Would
you say that's a fair definition?

A    Yes.

Q    Okay.  Do you think Mark and Jenny are
suspect and unreliable or are they reliable and
trustworthy?

A    They are not reliable and trustworthy.

Q    Okay.  So you wouldn't trust them, and you

wouldn't rely on them on August 10, the day that you -- the first day you said you went and signed some documents with them.  Is that correct?

A    Correct.

Q    Okay.  And your lawsuit says that Mark and Jenny took you to the Outrigger for drinks.  Do you recall that -- saying that?

A    Semi.

Q    And how many drinks did you have?

A    One.

Q    Were you inebriated?

A    On one drink?

Q    Yes.

A    Never.

Q    Okay.  So when your Complaint kind of implies that you were incapacitated by a drink, that would be incorrect?

MR. WILSON:  Unless you read it, don't say imply.  That's your opinion, Counsel.  You know better than that.

MR. BUCKMAN:  Excuse me.

THE WITNESS:  Read it, please, as my attorney asks.

BY MR. BUCKMAN

Q    So with -- were you inebriated or

C E R T I F I C A T E

I, HEDY COLEMAN, Certified Shorthand Reporter No. 116, in and for the State of Hawaii, do hereby certify:  That on Friday, September 20, 2024, appeared before me PATRICIA W. BUCKMAN, the witness whose deposition is contained herein;

That prior to being examined, she was by me duly sworn; that the deposition was taken down by me in machine shorthand and reduced to typewriting; that the foregoing represents, to the best of my ability, a correct transcript of the proceedings had in the foregoing matter;

That pursuant to Rule 30(e) of the Hawaii Rules of Civil Procedure, a request for an opportunity to review and make changes to this transcript:

____was MADE by the deponent or a party, and/or their attorney prior to the completion of the deposition.

_X___was NOT MADE by the deponent or a party, and/or their attorney prior to the completion of the deposition.

____was WAIVED.

I further certify that I am not counsel for any of the parties hereto, nor in any way concerned with the cause.

DATED:_____

_____

HEDY COLEMAN, CSR #116

RALPH ROSENBERG COURT REPORTERS, INC.
(808)524-2090