CONVEYANCE
TAX....

300.00

91-172736

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED

'91 DEC 16   AM 8 01

S. FURUKAWA, REGISTRAR

| LAND COURT SYSTEM | REGULAR SYSTEM |
|---|---|

AFTER RECORDATION, RETURN BY MAIL[X]   PICKUP[  ]F:\CONV\OCT\831
  BANK OF HAWAII                                TG:   333695
  RESIDENTIAL LOAN SERVICES, #364               TGE: 911012047
  P.O. BOX 2900                                     Glen Y. Ajimine
  HONOLULU, HAWAII 96846

### APARTMENT DEED

KNOW ALL MEN BY THESE PRESENTS:

THIS DEED made this 13 day of December, 19 91, by HIGGINS DEVELOPMENT COMPANY, INC., a Hawaii corporation, and TERRY CLARK DOWSETT and NINA WILKINSON DOWSETT, husband and wife, all of Honolulu, Hawaii, hereinafter collectively called the "Grantor", in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration to the Grantor paid by MARK FRANK BUCKMAN, unmarried, whose residence and post office address is 714 B 16th Avenue, Honolulu, Hawaii 96816, hereinafter called the "Grantee", the receipt whereof is hereby acknowledged does hereby grant, bargain, sell and convey unto the Grantee, as Tenant in Severalty, his heirs, personal representatives and assigns, all of the following property:

ALL of that certain real property comprising a portion of the Horizontal Property Regime known as "714 16TH AVENUE", being Dwelling No. B, and the undivided percentage interest in the common elements of said Regime appurtenant thereto, more particularly described in Exhibit "A" attached hereto and by this reference made a part hereof, together with the personal property, if any, described in said Exhibit "A", subject,

Jeffrey S. Grad
Attorney At Law
A Law Corporation

however, to the encumbrances, exceptions, reservations and other matters, if any, set forth therein or herein.

TOGETHER WITH the benefits of, but SUBJECT, ALSO to the burdens of the restrictions on use and the other restrictions and all covenants, agreements, obligations, conditions and other provisions, and any and all easements appurtenant to or encumbrances on said Apartment or said common elements, as created by, referred to or set forth in that certain Apartment Deed, Declaration of Horizontal Property Regime, By-Laws attached thereto, and Condominium Map or File Plan, whichever is applicable (as the same may be lawfully amended from time to time), referred to in said Exhibit "A" and in all rules and regulations which from time to time may be duly promulgated pursuant to said Declaration and By-Laws, which provisions are and shall constitute covenants running with the land and equitable servitudes to the extent provided by law and set forth in said instruments.

TO HAVE AND TO HOLD the same, together with the reversions, remainders, rents, issues and profits thereof, and all rights, easements, privileges and appurtenances thereunto belonging or appertaining, and all of the estate, right, title and interest of the Grantor both at law and in equity therein and thereto, unto the Grantee, in the tenancy as aforesaid, absolutely and in fee simple, forever.

AND the Grantor does hereby covenant and agree with the Grantee that the Grantor is lawfully seized in fee simple of the premises hereby conveyed; that the same is free and clear of all encumbrances, except as aforesaid and except for current real property taxes which are to be prorated between the Grantor and the Grantee; that the Grantor is the sole and absolute owner of said personal property, if any, and that said personal property is free and clear of all encumbrances except as aforesaid; that the Grantor has good right to sell and convey said premises and said personal property, if any, as aforesaid; and that the Grantor will WARRANT AND DEFEND the same unto the Grantee against the lawful claims and demands of all persons whomsoever, forever.

IT IS MUTUALLY AGREED that the terms "Grantor" and "Grantee", or any pronoun in place thereof, as and when used hereinabove or hereinbelow, shall mean and include the masculine or feminine, the singular or plural number, individuals, trustees, partnerships, or corporations, and their and each of their respective successors in interest, heirs, executors, administrators and assigns, according to the context thereof, and that if these presents shall be signed by two or more Grantors or

-2-

by two or more Grantees, all covenants of such parties shall be
and for all purposes deemed to be joint and several.

IN WITNESS WHEREOF, the Grantor has executed these
presents on the day and year first above written.

HIGGINS DEVELOPMENT COMPANY, INC.

By_____
Its  president.

By_____
Its

_____
TERRY CLARK DOWSETT

_____
NINA WILKINSON DOWSETT

"Grantor"

-3-

STATE OF HAWAII           )
                          ) SS.
CITY AND COUNTY OF HONOLULU )

On this __11__ day of ___December___, 19_91_, before me personally appeared ___Laurence Higgins___ and _____, to me personally known, who, being by me duly sworn, did say that they are the ___President___ and _____, respectively, of HIGGINS DEVELOPMENT COMPANY, INC., a Hawaii corporation, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and the said _____ and _____ acknowledged said instrument to be the free act and deed of said corporation.

_____
Notary Public, abovementioned State

My Commission expires:___1/16/93___

STATE OF HAWAII           )
                          ) SS.
CITY AND COUNTY OF HONOLULU )

On this _12_ day of ___December___, 19_91_, before me personally appeared TERRY CLARK DOWSETT and NINA WILKINSON DOWSETT, known to me to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

_____
Notary Public, above mentioned State

My Commission expires: ___1/16/93___

-4-

EXHIBIT "A"

FIRST:  Dwelling No. B of that certain Condominium Project known as "714 16TH AVENUE", as shown on Condominium Map No. 1313 and described in the Declaration of Horizontal Property Regime dated April 3, 1990, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 90-050436, as amended.

Together with the following appurtenant easements:

(A)  An exclusive easement to use the Dwelling Lot having the same letter as the Apartment as designated on said Condominium Map.

(B)  Non-exclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for and support of said apartment; in the other common elements for use according to their respective purposes.

(C)  Exclusive easements to use other limited common elements appurtenant thereto designated for its exclusive use by the Declaration, as amended.

SECOND:  An undivided 50 percentage interest in all common elements of the project as established for said apartment by the Declaration, as amended, or such other interest as hereinafter established for said apartment by any amendment of the Declaration, as tenant in common with the other owners and tenants thereof.

Being the land conveyed to HIGGINS DEVELOPMENT COMPANY, INC., a Hawaii corporation, by Deed dated August 31, 1989, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 23589, Page 548, and to TERRY CLARK DOWSETT and NINA WILKINSON DOWSETT, husband and wife, by Deed dated August 3, 1990, recorded as Document No. 90-120393.

SUBJECT, HOWEVER, to the following:

1.  Restrictions, covenants, agreements, obligations, easements and other provisions set forth in said Declaration, as amended.  (Project covered by Condominium Map No. 1313.)

2.  By-Laws of the Association of Apartment Owners of said Condominium Project, dated April 3, 1990, recorded as Document No. 90-050437, as the same may be amended from time to time.

3.  Any and all covenants, conditions, restrictions and easements encumbering said apartment, and/or the common

interests appurtenant thereto, as created by or mentioned in said Declaration, as amended, and/or in said Deeds, and/or on said Condominium Map.

4.    Terms, provisions and conditions of said Deeds.

TOGETHER WITH all built-in furniture, attached fixtures, built-in appliances, water heater, electrical and/or gas and plumbing fixtures, attached carpeting, existing drapes, range, refrigerator, disposal, dishwasher, washer, dryer and T. V. Cable outlet, all of said personal property being situate in or used in connection with the above-described real property.

-2-