LOUISE K.Y. ING        2394
TIM PARTELOW          10218
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com
              tim.partelow@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email:  markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN, ET. AL.<br><br>Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>**DEFENDANTS' OPPOSITION TO MATTHEW BUCKMAN, KIMBERLY JEAN BUCKMAN, AND DUKE MANOA BUCKMAN'S CLARIFICATION AND RESPONSE TO DEFENDANTS' STATUS REPORT ON COMPLIANCE WITH SUBPOENAS BY WITNESSES MATTHEW BUCKMAN, DUKE MANOA BUCKMAN AND**<br><br>[Caption continued on next page] |

15817318\000001\130573633\V-4

**KIMBERLY BUCKMAN, FILED
JUNE 13, 2025 (ECF # 162);
DECLARATION OF MARK F.
BUCKMAN**

Trial Date: November 3, 2025
Judge: Hon. Micah Smith

**DEFENDANTS' OPPOSITION TO MATTHEW BUCKMAN,
KIMBERLY JEAN BUCKMAN, AND DUKE MANOA BUCKMAN'S
CLARIFICATION AND RESPONSE TO DEFENDANTS'
STATUS REPORT ON COMPLIANCE WITH SUBPOENAS BY
WITNESSES MATTHEW BUCKMAN, DUKE MANOA BUCKMAN AND
KIMBERLY BUCKMAN, FILED JUNE 13, 2025 (ECF # 162)**

## I.    INTRODUCTION

Defendants Jennifer Buckman and Mark Buckman, individually and as

Trustee of the Mark F. Buckman Trust, oppose the "Clarification and Response"

filed by Matthew Buckman ("Matt"), et al.  As discussed in more detail below,

Defendants respectfully request the Court find that:

1.      The "Clarification and Response" does not satisfy the Court's Order

issued on June 12, 2025 (Dkt. #159) ("June 12 Order"), requiring Matt to "provide

a physician's explanation as to why he cannot be deposed, by June 20, 2025",

because Matt has not provided the Court with any explanation by any physician

addressing the reasons his current health condition prevents him from being

deposed, either with reasonable accommodations or conditions, or without;

15817318\000001\130573633\V-4

2.     The June 12 Order remains in effect, and Matt must comply with it by "appear[ing] for his deposition, or provid[ing] a physician's explanation as to why he cannot be deposed" (Dkt. # 159) on Friday, June 20, as well as producing responsive documents;

3.     If Matt does not testify at his deposition on June 20, whether because he again fails to appear or because the Court before that time determines that, based on a physician's explanation, Matt cannot testify in this matter, then Defendants respectfully request that the Court enter an Order barring Matt from testifying at trial or offering any other evidence in this matter, as set forth in more detail below.

Concurrently with this filing, Defendants have also filed Evidentiary Objections to the "Declaration" submitted by Kimberly Buckman ("Kimi"). As Kimi does not qualify as an expert to offer medical opinion testimony and does not have personal knowledge of the matters discussed in her Declaration, Defendants respectfully urge the Court to sustain Defendants' objections and disregard the Declaration of Kimberly Buckman in its entirety.

## II.    SUMMARY OF PERTINENT FACTS

Defendants have been attempting to obtain Matt's deposition testimony since February.  The first deposition date was re-scheduled pursuant to Matt's request. Declaration of Mark Buckman ("MFB Decl."), filed concurrently, ¶ 3. On the

3

rescheduled date, Matt failed to appear. MFB Decl., ¶ 3. Thereafter, Defendants

sought an Order to Show Cause regarding Matt's deposition, which the court

issued. Following a hearing, the Court ordered Matt to appear for his deposition on

May 19 ("Matthew Buckman will appear for his Deposition on May 19, 2025 at

9:00 am at the location Defendant will provide") (EP, Dkt. # 135), but he again

failed to appear to be deposed. MFB Decl., ¶ 3; Defendants' Status Report on

Compliance, at 4-5 (Dkt. # 147).

On June 12, 2025, the Court issued an Order requiring Matt to appear for his

deposition, or provide a physician's explanation as to why he cannot be deposed,

by June 20, 2025. ECF #159. Apparently in response to this Order, Matt filed on

June 23, 2025, a "Clarification and Response to Defendants' Status Report on

Compliance With Subpoenas", Etc. (Dkt. #162).

As the Clarification and Response admits, Matt has not "provide[d] a

physician's explanation as to why he cannot be deposed"; in fact, Matt's treating

physicians "have not been asked to provide statements at this time." ECF #162,

p. 3.

Instead, Matt has submitted his medical notes, with a verification of their

accuracy provided from his current primary care physician. *Id*. The medical notes

do not address the question of whether he can or cannot be deposed, given his

current health conditions. *Id*. Thus, the medical notes provided with the

4

Clarification and Response do not meet the requirements of the Court's June 12 Order. *See* ECF #159.

Since this case began, Matt has initiated proceedings against his sister Natalie Pitre and has appeared and given statements in state court proceedings related to the possession and occupancy of the Back House. MFB Decl., ¶ 16.  At that hearing, both Matt and Kimi urged the state court to stay that case pending the outcome of this one. MFB Decl., ¶16. Having convinced the state court to grant the stay so that this case could proceed, Matt now seeks to avoid providing testimony and documents in this case – even as Matt continues to occupy the disputed Back House at 3010A Kauanoa St., Honolulu, Hawai`i, without paying any of the costs associated with it. MFB Decl., ¶ 20. Thus, Matt stands to benefit from this case, although he refuses to provide testimony.

## III.   ARGUMENT

Consistent with the admission contained in the Clarification and Response, Defendants respectfully ask the Court to find that the Clarification and Response does not satisfy the direction of the June 12, 2025 Order that Matt "provide[d] a physician's explanation as to why he cannot be deposed." Compare ECF #159 with ECF #162, p. 3 [admission that physicians have not been asked to submit statements].

5

15817318\000001\130573633\V-4

While Defendants certainly are not seeking to cause Matt to suffer further health issues, they have not seen persuasive evidence, based on the record presented to date, that a doctor would agree that Matt is physically unable to testify at a deposition, even for time-limited periods, without injuring himself.

Circumstantial evidence obtained during discovery suggests to Defendants that Matt has been avoiding his deposition because he has been pressured by Natalie Pitre ("Natalie") to "cooperate" by providing false testimony in this case. On March 9, 2024, when Natalie Pitre was evicting Matt from the Front House at 3010 Kauanoa Street, she texted Matt, stating in part:

> Move into your own house, the back house.  That Persian guy is paying you $1000 a month.  You can use that money however you wish – you could pay the property taxes you could pay the utilities.  There are many things you could do with that money. It's your choice.  **If you cooperate, you will inherit the back house.  Nothing is written in stone, Matt.  You take care of mom by cooperating and vacating and she will take care of you.**

MFB Decl., ¶ 18, Exh. A, emphasis added.

Defendants have also obtained evidence revealing that Matt was not happy with Natalie's pressure, and he filed an application for a Temporary Restraining Order against her based on her actions to evict him from the Front House, get charge of his medical records, and take actions for him under a power of attorney signed while he was hospitalized. In that application, Matt declared under penalty of perjury:

6

15817318\000001\130573633\V-4

> I feel like Nat is trying to mess things up for me and wants me out of the picture so she can manipulate my situation to where she gets both of my mother's house[s]. **Nat told me when I got home from the hospital on 2/28/24 that if I do not cooperate then I will not get the back house.**

MFB Decl., ¶ 18, Exh. B, emphasis added. Thus, it appears to Defendants that Natalie may have applied improper coercion to, or otherwise discouraged, the potential witnesses to keep them from testifying in this case. (Matt is not the only witness who has indicated that Natalie has attempted to influence or delay their testimony. At her deposition yesterday, Qunyh Vu, former accountant for Plaintiff's business Island Properties, testified that Natalie told Ms. Vu to the effect that she did not have show up for her deposition after June 5, 2025.

Defendants are entitled to discover evidence to help them refute the claims that Plaintiff has brought against them. This includes taking the depositions of potential witnesses identified by Plaintiff.

Therefore, should Matt Buckman fail either to sit for deposition and produce documents or to produce an explanation from a physician consistent with the Court's June 12 Order, Defendants request an Order from this Court: (1) preventing any party from calling him as a witness or using any testimony, declaration, or affidavit from Matt for any purpose, including in opposition to Defendants' Motion for Summary Judgment and at trial, (2) preventing Matt from offering any testimony, declaration, or affidavit in this or the related case, and (3) precluding

7

15817318\000001\130573633\V-4

any witness who lacks personal knowledge from testifying regarding Matt's actions

and statements or the "Brothers' Agreement."

Dated:  Honolulu, Hawai`i, June 18, 2025.

/s/ Louise K.Y. Ing
LOUISE K.Y. ING
TIMOTHY C. PARTELOW

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F.
BUCKMAN TRUST, and
JENNIFER BUCKMAN


/s/ Mark F. Buckman
MARK F. BUCKMAN

Attorney for Defendant
JENNIFER BUCKMAN

8