Gmail

---

**FW: Second Attempt to Meet and Confer About Exclusion of Non-Party Witnesses at Depositions**

1 message

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Tuesday, May 21, 2024 3:12 PM
**To:** 'Richard WIlson'
**Subject:** Second Attempt to Meet and Confer About Exclusion of Non-Party Witnesses at Depositions

Hi Rich,

Thanks for your email.  I understand that you will not allow Pat Buckman to sit for deposition even though her complaint against me, and my counterclaim against her, are at issue and finalized.  I also understand that you made an exception to your extrajudicial protective order so that you can serve written discovery and otherwise pursue the case while refusing to have the plaintiff back up her claims via live testimony.

I think you misread the dates in my email for Ms. Pitre's deposition.  I suggested June 3-6.  Does one of those dates work for you?  If not, what is the soonest date after July 8 that works for you?

As to non-witness attendance, please confirm whether you will agree to exclude Natalie Pitre / Tamara Buchwald and other potential witnesses from all depositions where they are not the deponent.  Directing me to other sources while you hide your intent is not helpful nor in good faith.

If you cannot make that agreement to exclude, I suggest we talk tomorrow morning at 8:00 HST to discuss and resolve that issue in good faith.  I will not be flying to Hawaii to talk with you in person, so we have to talk on the phone.  If you will not talk on the phone, I will just state your refusal to meet and confer in good faith in my motion to exclude.

## EXHIBIT E

I intend to file that motion shortly if we cannot resolve that issue so that the court can hopefully resolve all issues with PWB's deposition on the same day.


Regards,


Mark F. Buckman


P.S.   FYI, your "PS" is factually inaccurate.

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Tuesday, May 21, 2024 1:31 PM
**To:** Mark Buckman
**Subject:** Re: Exclusion of Non-Party Witnesses at Depositions


Mark --


First, Pat Buckman's deposition will not take place prior to the ultimate resolution of the amended complaint which we will file before June 10 (addressing the Court's order granting your co-defendant's motion to dismiss with leave to amend).  In other words, if your co-defendant moves to dismiss it, Ms. Buckman's deposition will not take place (for the same reasons I have repeatedly told you) until resolution of the motion.  I also note that your motion to compel is pending before Judge Mansfield, and is set for hearing on June 26th, and 11 a.m.  Suffice it to say, Ms. Buckman will not sit for deposition before then.  Following the hearing, we can discuss scheduling Ms. Buckman's deposition.


Second, requesting documents from you has nothing whatsoever to do with her deposition  To conflate the two is, frankly, specious.  Your motion to dismiss was denied.  Accordingly, propounding written discovery seeking relevant documents was entirely proper.  I have no objection to you sending written discovery requests to Ms. Buckman.


Third, as for Ms. Pitre's deposition, I am unavailable until the week of June 24th.  I will check on her availability, and propose that you proceed with her deposition on either June 25th or June 27th.


Fourth, as for who is permitted to attend any deposition, I direct you to the Fed.R.Civ.P. and the Local Rules.


Fifth, as for meeting and conferring with you via phone calls, your insistence on recording our calls has made that an impossibility.  Unfortunately, based upon your behavior, we can only meet and confer in person.


I trust this adequately responds to your two emails.

Ps., I just learned you slapped a $500,000.00 mortgage on Ms. Buckman's property.  I hope you advised the mortgagee of this lawsuit.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Tuesday, May 21, 2024 at 08:19:03 AM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Hi Rich,

I wanted to address an issue that could occur at PWB's (or other persons') depositions in this case.  I want to confirm that no non-party witnesses / potential witnesses can attend any depositions in this case.  Although I believe this to be the already understood general rule of testimony, I wanted to confirm that this is your understanding and agreement as well.  I'm thinking that Natalie (or other(s)) may want to attend the deposition of PWB, Carl Pitre, etc.

So, please confirm in return email that we have agreed that no non-party witnesses can attend depositions in this matter, regardless of their claimed role.  For but one example, Natalie cannot attend PWB's deposition claiming to be her "caretaker," etc.

If you cannot agree in writing with my proposed stipulation / agreement regarding excluding all non-party witnesses from all depositions in this case, then I would like to set up a phone call with you to meet and confer to try to resolve the issue.  I am available today and can move my schedule around tomorrow to accommodate your schedule so we can move this matter forward.

Thank you for your attention to this matter.

Mark F. Buckman

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Tuesday, May 21, 2024 10:11 AM
**To:** 'Richard WIlson'
**Subject:** Deposition of Patricia Buckman and Natalie Pitre

Hi Rich,

Thanks for your email.

We still want to take Patricia Buckman's deposition ASAP.  June 4-5 works for us - how about you folks?

Hopefully you are now agreeable to allowing PWB to testify at deposition given the court's denying the motion to dismiss as to MFB and your serving discovery on behalf of PWB.

Please confirm if you are willing to allow PWB to sit for deposition and whether June 4-5 works for you folks.  If those dates don't work, please provide alternate dates that work for you and your client.

Regards,

Mark F. Buckman, Esq.

P.S.   We also need to take Natalie Pitre's deposition asap, because, inter alia, she is the one driving this litigation.  How about a day between June 3-6 for her deposition?  You've said you represent her, but declined to say in what matter / capacity.  What matter / capacity do you represent Natalie Pitre?

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Friday, May 17, 2024 1:39 PM
**To:** Mark Buckman
**Subject:** First Request for Production of Documents

Please find Plaintiffs' First Request for Production of Documents. Hard copies to follow via US Mail.


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.