Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON  5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
*Rewilson_law@yahoo.com*

Attorney for Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of
the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST<br><br>        Plaintiffs,<br><br>    vs.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>        Defendants. | CV 24-00129 MWJS-KJM<br><br>PLAINTIFFS' SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN |

**EXHIBIT I**

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W.
BUCKMAN

Pursuant to the Court's Order [ECF # 144], Plaintiffs PATRICIA W.

BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN

REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST, by

and through their undersigned counsel, hereby supplements their response to

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA

W. BUCKMAN as follows:

1.    All Documents identified in your Initial Disclosures, as may have been

supplemented.

There are no additional documents to be produced.

2.    All Documents that concern, support in any way or refute in any way

your claim that you signed, or that you were mistaken, tricked, persuaded, unduly

influenced and/or defrauded into signing and/or notarizing any Documents by Mark

Buckman and/or Jennifer Buckman, including, without limitation, the Back House

Deed and/or the Front House Mortgage, as alleged in your FAC at, inter alia, ¶¶ 25-

28 and ¶¶ 35-36.

Response:  I have no such documents.

3.    All Documents that support in any way or refute in any way your claim

that you were taken out on extended outings by Mark Buckman and Jennifer

2

Buckman on August 10, 2023 and by Mark Buckman alone on September 24, as alleged in your FAC at, inter alia, ¶¶ 25-28 and ¶¶ 35-36.

Response: I have no such documents.

4. All Documents that constitute, concern, refer, or relate to any emails, texts, letters, agreements, payments loans, mortgage statements, escrow statements, purchase agreements, promissory notes, loans, to or from Mark Buckman and yourself, or any other family member, or made by any such person(s), from January 1, 1991 to date, that in way refer to (a) 714 16th Avenue, (b) the Back House, or (c) the Front House, and/or (d) your other interactions or agreements with Mark Buckman concerning real estate or financial matters. (For reference, 1991 was the year 714 16th Avenue was purchased by Mark Buckman.)

Response: I have no such documents. However, I have located and will produce the emails which I have.

5. All Documents that constitute, concern, refer, or relate to any doctor's examination, report, notes, competency examination, or similar document that relates in any way to your mental faculties and competency from January 1, 2016 to date. Such Documents include, without limitation, the competency examination you and Richard Wilson stated you had passed in late 2023 in a TRO case last year, including any second opinion, follow-up or re-examination, *etc.*

3

Response: I have produced those reports.

6.    All Documents that constitute, concern, refer, or relate to your will and estate planning documents, including any trusts, amendments, modifications, revisions, wills, codicils, exhibits, attachments, letters, instructions, powers of attorney (of all types, including for financial matters and healthcare) trustee resignations, acceptances of trustee, appointment of successor trustee(s), acceptance of appointment, trustee reports as required by your trust or law (such as detailing income and expenses and other financial matters), or similar document regarding same, regardless of title, from January 1, 2006 to date.  This request specifically includes, without limitation, all communications, emails, text messages, imessages, *etc.* regarding your estate planning and/or such documents through the date you fully respond to this discovery.

Response: I have no such documents, but I believe that my attorney Steve Reece produced all of the documents requested.

7.    All Documents that constitute, concern, refer, or relate to financial accountings or records prepared by or for Natalie Pitre and documenting her managing and responsibility for your money and finances (such as payments of your expenses and receipt of your income), from January 1, 2019 to the date you fully respond to this discovery. (For reference, ¶¶ 6(a), 6(k) of the Counterclaim alleged

Ms. Pitre acted under a power of attorney from you and that she was the successor trustee of your trust from the latter half of 2020 forward.)

Response: I have no such documents, but I believe that my attorney Steve Reece produced all of the documents requested.

8.     All Documents that constitute, concern, refer, or relate to communications or emails between Patricia Buckman and Mark and/or Jennifer Buckman, whether or not such emails include other recipients, that in any way mentioned or concern either (i) 714 16th Avenue, the Front House, and or the Back House, and/or (ii) loans, investments, or gifts between Patricia Buckman and Mark and/or Jennifer Buckman, from May 1, 1998 to the date you fully respond to this discovery. (For reference, ¶29 of the Counterclaim alleged that "about September 25, 1998, MFB deeded a small portion of 714 16th Ave to PWB. . . .")

Response: I have no such documents.

9.     All Documents that constitute, concern, refer, or relate to your claim that Mark Buckman and/or Jennifer Buckman (a) had a "special/confidential relationship" with you, (b) owed you fiduciary or similar duties, and/or (3) in which he or she represented you as an attorney, from January 1, 2016 to date, as alleged in your FAC, including ,¶¶ 47 and 50.

Response: I have no such documents.

5

10.    All Documents that constitute, concern, refer, or relate to communications or agreements between you and Tamara Buchwald, whether or not such Documents include other participants/recipients, from January 1, 2015 to the date you fully respond to this discovery, including, without limitation, any such Documents that concern your estate planning and/or estate documents and/or concerning any matters alleged in the FAC, Answer, or Counterclaim. (For reference, ¶ 13 of the Answer alleged that Tammy Yakimetz a/k/a Tamara Buchwald ("Tammy") performed unlicensed legal work by preparing a new trust with input from Natalie and then PWB.)

Response:  I have no such documents, but I believe that my attorney Steve Reece produced all of the documents requested.

11.    All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Front House and/or Front House Mortgage, from January 1, 2023 to the date you fully respond to this discovery.

Response:  I have no such documents.

12.    All Documents that in any way concern the allegations in the FAC, Answer, or the Counterclaim regarding the Back House and/or Back House Deed, from January 1, 2023 to the date you fully respond to this discovery.

Response:  I have no such documents.

6

13.    All Documents that constitute, concern, refer, or relate to renting the Back House to Natalie Pitre and/or Carl Pitre starting in or about 2019-2020, including any rental or lease agreements, any authentication or certificate that you, Natalie and/or Carl Pitre signed a rental agreement for same via an electronic signature service (*e.g.*, Authentisign), such as the complete audit trail / verification of such signatures, whether the signatures are considered valid by Authentisign, the date the document was actually electronically signed (as opposed to just the date of the document itself), the ip address of the signatories, email(s) you sent or received when the rental agreement was originally signed (possibly September 2019, but believed to be much later, that is, sometime in 2023), *etc.* (For reference, ¶14 of the FAC alleges you had Natalie and her family move into the Back House during Covid and there are disputes to whether they paid rent or not.)

Response:  I have no such documents.

14.    All Documents that constitute, concern, refer, or relate to your receiving any rent or other consideration from renting the Back House to Natalie Pitre and/or Carl Pitre for each month they occupied the Back House, from January 1, 2019 to date.  This request includes, without limitation, any bank deposit of such rent, electronic receipt for rent paid, any cash receipt given, any non-payment of rent, any communication regarding non-payment of rent, *etc.* (For reference, ¶ 6(d) of the Counterclaim alleged that Natalie failed to pay you rent for the Back House, and

instead falsely claimed to have paid over $15,000 in cash to you, which you denied ever receiving.)

Response: I have no such documents. Island Properties may have retained records, but I do not know.

15. All Documents that constitute, concern, refer, or relate to any communication, observation, recording (audio and/or video, or otherwise), from any one or more of the following persons that have been identified as witnesses in this matter, which in any way concerns allegations asserted in the FAC, Answer, Counterclaim, and/or defenses to same: Patricia Buckman, Bruce Buckman, Matt Buckman, Mark Buckman, Jennifer Buckman, Duke Manoa Buckman, Kimberly Katsarsky Buckman, Carl Pitre, Natalie Pitre, Holli Bettis, Jen Williams, Carolyn Watanable, Ceci Chang, Tamara Buchwald, Daniel Gittelman, Steven Reese, Tanya Pitre.

Response: I have no such documents.

16. All Documents that constitute, concern, refer, or relate to any estate documents, communication or agreement with Steve Reese and/or his office from January 1, 2019 to date. (For reference, ¶ 6(0) of the Counterclaim alleged that Steve Reese spoke extensively with Mark Buckman, in the presence of you and/or with your consent, about your estate documents and communications regarding same,)

Response: I have no such documents.

8

17.    All Documents that constitute, concern, refer, or relate to your filing a lawsuit to evict/eject Matthew Buckman from the Front House in 2024, including any authorization you provided Natalie Pitre to pursue that matter on your behalf, along with all demands, settlement proposals, communications and/or agreements, including settlement agreements, concerning such case and/or Matthew Buckman's occupancy/rights in and to the Front House and/or the Back House. (For reference, ¶16 of the Counterclaim alleged that "Natalie, acting as PWB's 'manager,' subsequently evicted Matt from the Front House." That case was filed on or about March 13, 2024 as Case 1DRC-24-002568.)

Response:  I have no such documents.

18.    All Documents that constitute, concern, refer, or relate to anyone (including without limitation, you, Natalie Pitre, and/or Tamara Buchwald) agreeing, allowing, consenting, or acquiescing to Matthew Buckman, Rashad Doe, and/or anyone else renting/ occupying the Back House at any time from January 1, 2023 to the date you fully respond to this discovery.

The Plaintiff is unaware of the existence of any responsive documents.

19.    All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Matthew Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including any interest by way of one or more of your trusts, which could include, without

limitation, any right to occupy the same, any right to rent out same, any right to receive the rental income from same, any right to sell, transfer, will, or gift same, and/or any right to any ownership or beneficial interest in same.

Response: I have no such documents.

20. All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Duke Manoa Buckman regarding his legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

Response: I have no such documents.

21. All Documents that constitute, concern, refer, or relate to your communications and/or agreement(s) with Natalie Pitre and/or Carl Pitre regarding (a) this lawsuit, and/or (b) his/her/their legal and/or beneficial interest in the Back House and/or Front House, including, without limitation, any interest by way of one or more of your trusts.

Response: I have no such documents.

22. All Documents that constitute, concern, refer, or relate to Natalie Pitre taking/transferring approximately $170,000 of your money from your credit accounts and depositing it in a new account controlled by Natalie, and not accessible to you, in or about September 2021, as well as bank statements showing the disposition and/or return of all such funds to you from Natalie. (For reference, ¶

6(k) of the Counterclaim alleges "Natalie taking $172,018.63 of PWB's money from her account, via a power of attorney or by acting as a successor trustee of PWB's trust, and putting it in another account, without PWB's knowledge and consent.")

Response: I have no such documents.

23. All Documents that constitute, concern, refer, or relate to communications between Richard Wilson and Natalie Pitre and/or Tamara Buchwald that in any way concern this lawsuit.

Response: I have no such documents.

24. All Documents that constitute, concern, refer, or relate to recordings, whether audio, visual, still pictures, or otherwise, that depict or capture the voice or image of Mark Buckman and/or Jennifer Buckman from January 1, 2016 to date[.]

Response: I have no such documents.

25. All Documents that constitute, concern, refer, or relate to the receipt, payment, sharing, and/or splitting of real estate commissions between Island Properties, you, and/or Natalie Pitre for all properties you either listed, or you co-listed with Natalie Pitre at any time from January 1, 2019 to date.

Response: I have no such documents.

26. All Documents that constitute, concern, refer, or relate to (a) the sale, transfer, or gift of your real estate brokerage (Island Properties Sales Development Management Corp.) to Natalie Pitre, as well as (b) the identity of the principal broker

11

for Island Properties, and/or (c) your duties at Island Properties, from January 1, 2019 to date. (For reference, ¶ 6(1) of the Counterclaim alleges Natalie Pitre took over Island Properties but could not provide any documents to support her claims.)

Response: I have no such documents.

27.    All Documents that constitute, concern, refer, or relate to communications and/or agreement(s) with Mark Buckman and/or Jennifer Buckman regarding his/her/their legal and/or beneficial  interest in 714 16th Avenue, the Back House, Front House, and/or Front House Mortgage including, without limitation, any interest by way of one or more of your trusts.

Response: I have no such documents.

28.    All Documents that constitute, concern, refer, or relate to (a) your owning any portion of 714 16th Avenue, (b) Mark Buckman owning any portion of 714 16th  Avenue, and/or (c) your paying, agreeing to pay, or compensating Mark Buckman for his interest in 714 16th Avenue, from January 1, 1991 to date. (For reference, the Counterclaim, ¶¶ 7, 26-36 alleged that Mark Buckman always owned 40%, and you owned 60%, of 714 16th Avenue.)

Response: I have no such documents.

29.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he owned 40% of 714 16th Avenue and/or that you later

asked and agreed to pay him for his interest in 714 16th Avenue upon your passing, as alleged in ¶¶ 7, 26-36 of the Counterclaim.

Response: I have no such documents.

30.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that he loaned you approximately $50,000 to pay for repairs/ remodeling on 714 16th Avenue in or about 2016, as alleged in ¶ 33 of the Counterclaim.

Response: I have no such documents.

31.    All Documents that concern, support in any way or refute in any way your claim that Mark Buckman demanded an additional $100,000.00 compensation for the work he performed [on remodeling 714 16th Avenue in or about 2016], as alleged in ¶ 11 of your FAC.

Response: I have no such documents.

32.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you agreed to have him take over responsibility from Natalie for paying some of your bills, as alleged in ¶¶ 20-21 of the Counterclaim.

Response: I have no such documents.

33.    All Documents that concern, support in any way or refute in any way Mark Buckman's claim that you had Mark Buckman take over obtaining Matt

13

Buckman's $40,000 share of your life insurance policy, with $10,000 to be distributed to Matt initially, and the rest to be kept by Mark to be distributed out in MFB's discretion, as alleged in ¶ 11 of the Counterclaim.

Response: I have no such documents.

34. All Documents that concern, support in any way or refute in any way Mark Buckman's claims in ¶ 10 of the Counterclaim that "PWB's main goal [regarding estate planning/the back house] for many years was to ensure that Matt not become homeless. Matt has struggled with substance abuse issues for many years and PWB did not view him as responsible enough to handle maintenance and bills for the property. Matt also, on information and belief, received over $250,000 from PWB over the last several years. PWB was concerned that Natalie was trying to evict Matt (and Manoa) and that her treatment of them would only worsen after PWB's passing."

Response: I have no such documents.

35. All Documents that constitute, concern, refer, or relate to the identity of the person who rented a room in the Front House in or about January 2024 who is only known to defendants as Rashad "Doe", including, without limitation, Rashad's identification documents (drivers license, passport, etc.), any rental application, rental agreement, financial documents, contact information, credit check(s), etc., as well as any Document providing Natalie Pitre with authority to rent

14

any part of the Front House on your behalf, as well as your receipt of any and all monies on account of rental of any part of the Front House, from January 1, 2024 to date.

Response: I have no such documents.

36. All Documents that constitute, concern, refer, or relate to all loans, gifts, payments to or from Matt Buckman, from January 1, 2016 to date, whether related to the Back House or not.

Response: I have no such documents.

37. All Documents that constitute, concern, refer, or relate to emails, texts/imessages between (a) yourself/your phone number/apple account, and (b) any one or more of the following named persons from January 1, 2023 to date: (1) Mark Buckman, (2) Jennifer Buckman, (3) Emma Buckman, (4) Natalie Pitre, (5) Carl Pitre, (6) Matt Buckman, (7) Duke Manoa Buckman, (8) Kimberly Katsarsky Buckman, and (9) Tamara Buchwald. The subject matter is not being limited as this litigation is a family dispute, with allegations of estrangement, confidential relationships, 24-hour care being rendered to plaintiff, and Natalie Pitre improperly controlling your electronic communications, and the perhaps wholesale spoliation of evidence from plaintiff's electronics. (For reference, ¶ 17 of the Counterclaim alleged that "Natalie also has control of PWB's phone, Apple account, gmail account, and computer, and regularly has impersonated PWB, intercepted her

communications, and deleted communications meant for PWB without informing her of same; indeed, several times Natalie has texted MFB from PWB's phone pretending to be PWB, or has responded to texts from MFB to PWB, again impersonating PWB. Natalie has also admitted to deleting PWB's electronic records, and Natalie's attorney Richard Wilson (also PWB's attorney) has claimed that many of PWB's electronic records are gone.")

Response: I have no such documents.

With respect to the foregoing, no documents have been withheld.

DATED: Honolulu, Hawaii, June 6, 2025.

_____/S/ Richard E. Wilson_____
Richard E. Wilson, Esq.
Attorneys for Plaintiffs

Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON  5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
*Rewilson_law@yahoo.com*

Attorney for Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of
the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST<br><br>        Plaintiffs,<br><br>        vs.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>        Defendants. | CV 24-00129 MWJS-KJM<br><br>PLAINTIFFS' SUPPLEMENTAL RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN |

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. <u>BUCKMAN</u>

Pursuant to the Court's Order [ECF # 144], Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST, by and through their undersigned counsel, hereby supplements their response to the SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICIA W. BUCKMAN as follows:

38.    All DOCUMENTS CONCERNING your agreement to have Mark Buckman handle bill paying and receipt of some of your income, from January 1, 2023 to February 6, 2025.

Response:  I have none.

39.    All DOCUMENTS CONCERNING your estate, trust, and will DOCUMENTS, from January 1, 2020 to February 6, 2025.

Response:  I have not retained any.  All documents were kept by my attorney Steve Reece.

40.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements, that include Natalie Pitre as one of the senders or recipients, from January 1, 2020 to February 6, 2025.

Response:  I have no such documents.

2

41.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements that include Tamara Buchwald as one of the senders or recipients, from January J,2020 to February 6, 2025.

Response:  I have no such documents.

42.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman, Duke-Manoa Buckman, or Kimberly-Buckman and/or and CONCERNING either 3010 or 3010A Kaunaoa Street, Honolulu, Hawaii 96815, or this lawsuit, from January 1, 2020 to February 6, 2025.

Response:  I have no such documents.

43.    All DOCUMENTS CONCERNING you and/or your attorney's communications or agreements with Matt Buckman regarding 30l0A Kaunaoa Street Honolulu, Hawaii 96815; from January l, 2003 to January 1, 2020.

Response:  I have no such documents.

44.    ALL DOCUMENTS CONCERNING any doctor's report regarding your cognitive health or competency, from January 1, 2024 to February 6, 2025.

Response:  I have already produced the two reports.

45.    ALL DOCUMENTS CONCERNING your communications or agreements with Mark Buckman, from January 1, 2015 to February 6, 2025.

Response: I have no such documentws.

46.    Without limiting the above, all DOCUMENTS CONCERNING your texts or imessages or other instant messages with any one or more of the following persons: Matt Buckman, Kimberly Buckman, Duke Manoa Buckman, Natalie· Pitre, Carl Pitre, Mark Buckman, Jennifer Buckman, Emma Buckman, Brian Buckman, and/or Tamar Buchwald, from January 1, 2015 to February 6, 2025.

Response: I have no such documents.

47.    Without limiting the above, all DOCUMENTS CONCERNING your communications with any other persons regarding this lawsuit or the claims made therein by any party.

Response: I have no such documents.

48.    All DOCUMENTS CONCERNING Mark Buckman's claim to have owned a portion of 714 16th Avenue, Honolulu, Hawaii 96816.

Response: I have no such documents.

49.    All DOCUMENTS CONCERNING Mark Buckman's claim that you freely agreed to transfer 3010A Kaunaoa Street, Honolulu, Hawaii 96815 pursuant to Mark's agreement with Matt and Manoa.

Response: I have no such documents.

50.    All DOCUMENTS CONCERNING Mark Buckman's claim that you freely signed a Warranty Deed, Second Amendment to Declaration of Revocable

4

Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

Response: I have no such documents.

51.    All DOCUMENTS CONCERNING your claim that you acted under duress, undue influence or were defrauded into signing a Warranty Deed, Second Amendment to Declaration of Revocable Trust of Patricia W. Buckman, Power of Attorney, Promissory Note, Agreement Regarding Note and Mortgage, Mortgage, and Codicil to the Last Will and Testament of Patricia W. Buckman.

Response: I have no such documents.

52.    All DOCUMENTS CONCERNING any payment to Mark Buckman (whether from you or anyone else), or receipt by him of anything of value, regarding his interest in 714 16th Avenue, Honolulu, Hawaii, from January 1, 1991 to February 6, 2025.

Response: I believe there is an escrow statement. I have been unable to locate it.

53.    All DOCUMENTS CONCERNING Matt Buckman's interest in 3010A Kaunaoa Street, Honolulu, HI 96815 from January 1, 2022 to February 6, 2025.

Response: I have no such documents.

5

54.     All DOCUMENTS CONCERNING anyone assisting or helping you or your attorney with this case.

Response:  I have no such documents.

DATED: Honolulu, Hawaii, June 6, 2025.

_____/S/ Richard E. Wilson_____
Richard E. Wilson, Esq.

Attorneys for Plaintiffs