**Mark Buckman**

---

| | |
|---|---|
| **From:** | Mark Buckman [markfbuckman@sbcglobal.net] |
| **Sent:** | Monday, March 05, 2018 4:53 PM |
| **To:** | 'matt buckman buckman' |
| **Subject:** | FW: FW: Patricia Buckman's Current Estate Documents |

Matt,

FYI, no response yet from mom.

Mark F. Buckman

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Monday, March 05, 2018 11:52 AM
**To:** 'Pat Buckman'
**Cc:** 'matt buckman buckman'
**Subject:** RE: FW: Patricia Buckman's Current Estate Documents

Hi Mom,

I understand how you would want the tax write-off.  Since your name is on the loan, maybe you continue to claim the deduction.

I don't know if you realize it, but you often change your mind.

You, me, and Matt already had a sit down and came to an agreement that you would deed the house to him now, subject to it being in a spendthrift trust.  It feels to me that you trying to change the agreement trying to keep the tax write off and don't want to pay the cost of the trust.  There is a point when, if Matt is paying the mortgage, you don't get the tax write off - that's just the way it is.

Are you trying to change our agreement?  Please clarify.

Mark F. Buckman

---

**From:** Pat Buckman [mailto:buckmanp@gmail.com]
**Sent:** Monday, March 05, 2018 11:09 AM
**To:** mark@buckmanlaw.com
**Subject:** RE: FW: Patricia Buckman's Current Estate Documents

And, Mark, I need the tax write off on this property.  Will it be jeopardized  if back house is spendthrift to Matt.

Sounds as if you think I would take Matt's house from him???  NEVER NEVER NEVER!

And I don't want to spend a lot of money to accomplish that spendthrift trust.  And I need the tax write off.

Why don't you talk to Matt an see if he is worried?

1

EXHIBIT 1

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Monday, March 5, 2018 6:19 AM
**To:** 'Randall Yee'
**Cc:** 'Pat Buckman'
**Subject:** RE: FW: Patricia Buckman's Current Estate Documents

Hi Randall,

Thanks, I appreciate your feedback. I had not yet arrived at the issues of the basis being worse and having to file a gift tax return, so thanks for that.

I would like to keep the favorable tax basis of delayed deeding, but essentially accomplish the same result. We currently have the back house going to Matt via the revocable trust. However, we are looking to make 100% sure that the back house at Kaunaoa goes to Matt, and that it has the best spendthrift / creditor protections reasonably possible. In essence, could we accomplish the same thing by making PWB's "gift" of the back house to Matt irrevocable?

Can we make only part of the trust irrevocable?

Does making it irrevocable trigger a redetermination of basis?

Is there another way to achieve the goals of: (1) back house 100% sure going to Matt; and (2) that Matt has protection against all types of creditors / claims such that he can (hopefully) live in that house forever?

I'm also thinking that since the goal is that Matt lives in or otherwise "owns" the house until he passes, would the lower basis of deeding now come into play, or would the eventual heir of the house have a stepped up basis in either event? That is, if Matt never sells, is his basis then somewhat irrelevant? I'm thinking that property taxes would come into play, but maybe not income taxes.

In thinking about it, I should have started with telling you our goal and asking for your advice on how best to achieve the goal in an efficient and cost-effective way. So, your advice would be much appreciated. Maybe we could schedule a phone call for this week so we could talk about these issues?

Regards,

Mark F. Buckman

**From:** Randall Yee [mailto:randall@yklawhawaii.com]
**Sent:** Friday, March 02, 2018 2:51 PM
**To:** mark@buckmanlaw.com
**Cc:** Pat Buckman
**Subject:** Re: FW: Patricia Buckman's Current Estate Documents

Hi Mark

Confirming that what I sent you several years ago were the last signed docs by mom. Can do as far as deeds and setting up a trust. Remember that gifting now means the basis in the property is mom's adjusted basis and not a step up in basis equal to the value at her passing. Cost is estimated to be $3,000 to do the trust, deed and gift tax return. You will also need an appraisal done.

Randall

On Wed, Feb 28, 2018 at 3:49 PM, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Hi Randall,

Long time no talk.  I'm writing about a couple of things:

1.      We want to deed one of the houses at 3010 Kaunaoa Street into a strict spendthrift trust for the benefit of my brother, Matthew Buckman.  This is in line with my mom's current documents, but having the deeding now instead of when my mom passes away.  The 3010 Kaunaoa property has 2 separate SFRs and is in the process of being CPR'ed (and has been for many years).  Anyway, we would deed 1/2 of the property to the trust to benefit Matt now, with a stipulation that he would be entitled to occupy the back house, but not the front house, on the property. We would also provide that the new trust would consent to the CPR and, once accomplished, would have the CPR unit.  I can explain better later, but I just wanted to email you now to start the process.

What information will you need to set this up?  We really want strong protections against all creditors, including lawsuits, taxes, etc.  I'm hoping you have some sort of list of the information we can gather to assist in getting the trust drawn up.

Roughly how much would it cost to set up such a trust?

2.      Are the attached documents the most recent?  They are from 2011, just wanted to confirm I have the most recent versions.  If not, please email me the most recent versions.

I will be in Honolulu in early April and would like to get everything finalized at that time.  I would like to work with you, Matt, and my mom in the next month to get everything in shape so it can be signed in the first week of April.

3

Regards,


Mark F. Buckman


Mark F. Buckman

---

**From:** Randall Yee [mailto:randall@yklawhawaii.com]
**Sent:** Tuesday, May 10, 2016 4:35 PM
**To:** Mark F. Buckman
**Cc:** Lori Shimabuku
**Subject:** Re: Patricia Buckman's Current Estate Documents


Hi Mark


The only time I have available next week is Thursday at 12 pm. Attached are the latest docs for mom.


Randall


On Mon, May 9, 2016 at 4:55 PM, Mark F. Buckman <markfbuckman@sbcglobal.net> wrote:

Dear Mr. Yee,


I'm working with my mother Patricia W. Buckman to update her estate documents. I will be in Honolulu next week and would like to make an appointment for me and my mom to come in to see you.


In the meantime, could you please email me copies of her most recent documents so I can review them and we can prepare any needed changes?

Thanks.


Mark F. Buckman


--

Randall M. L. Yee

Yee & Kawashima, LLLP

1000 Bishop St., #908

Honolulu, Hawaii  96813

Telephone: (808) 524-4501

Direct: (808) 687-6891

Fax (888) 524-0407

www.yklawhawaii.com


NOTICE: This E-mail has been sent as a confidential communication by Yee & Kawashima, LLLP in furtherance of and for the purpose of facilitating the rendition of professional legal services to a client who has retained and/or consulted Yee & Kawashima, LLLP with a view to obtaining professional legal services. If you are not the addressee or the intended recipient, do not read this E-mail. This E-mail is protected by the attorney-client privilege and the work product doctrine. This E-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this E-mail should not be kept in your regular files. If you print a copy of this E-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.


--
Randall M. L. Yee
Yee & Kawashima, LLLP
1000 Bishop St., #908
Honolulu, Hawaii  96813
Telephone: (808) 524-4501
Direct: (808) 687-6891

Fax (888) 524-0407
www.yklawhawaii.com

NOTICE: This E-mail has been sent as a confidential communication by Yee & Kawashima, LLLP in furtherance of and for the purpose of facilitating the rendition of professional legal services to a client who has retained and/or consulted Yee & Kawashima, LLLP with a view to obtaining professional legal services. If you are not the addressee or the intended recipient, do not read this E-mail. This E-mail is protected by the attorney-client privilege and the work product doctrine. This E-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this E-mail should not be kept in your regular files. If you print a copy of this E-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

 Gmail

Pat Buckman <buckmanp@gmail.com>

---

## RE: Patricia Buckman's Current Estate Documents

---

**Pat Buckman** <buckmanp@gmail.com>                                    Thu, Mar 1, 2018 at 8:41 AM
To: mark@buckmanlaw.com

Thank you Mark for taking the lead in this;  I have a hard time getting to it.........????


xxxmom

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Wednesday, February 28, 2018 3:49 PM
**To:** 'Randall Yee'
**Cc:** 'Pat Buckman'
**Subject:** FW: Patricia Buckman's Current Estate Documents


Hi Randall,


Long time no talk.  I'm writing about a couple of things:


1.      We want to deed one of the houses at 3010 Kaunaoa Street into a strict spendthrift trust for the benefit of my brother, Matthew Buckman.  This is in line with my mom's current documents, but having the deeding now instead of when my mom passes away.  The 3010 Kaunaoa property has 2 separate SFRs and is in the process of being CPR'ed (and has been for many years).  Anyway, we would deed 1/2 of the property to the trust to benefit Matt now, with a stipulation that he would be entitled to occupy the back house, but not the front house, on the property. We would also provide that the new trust would consent to the CPR and, once accomplished, would have the CPR unit.  I can explain better later, but I just wanted to email you now to start the process.


What information will you need to set this up?  We really want strong protections against all creditors, including lawsuits, taxes, etc.  I'm hoping you have some sort of list of the information we can gather to assist in getting the trust drawn up.


Roughly how much would it cost to set up such a trust?


2.      Are the attached documents the most recent?  They are from 2011, just wanted to confirm I have the most recent versions.  If not, please email me the most recent versions.

I will be in Honolulu in early April and would like to get everything finalized at that time.  I would like to work with you, Matt, and my mom in the next month to get everything in shape so it can be signed in the first week of April.

Regards,

Mark F. Buckman

Mark F. Buckman

---

**From:** Randall Yee [mailto:randall@yklawhawaii.com]
**Sent:** Tuesday, May 10, 2016 4:35 PM
**To:** Mark F. Buckman
**Cc:** Lori Shimabuku
**Subject:** Re: Patricia Buckman's Current Estate Documents

Hi Mark

The only time I have available next week is Thursday at 12 pm. Attached are the latest docs for mom.

Randall

On Mon, May 9, 2016 at 4:55 PM, Mark F. Buckman <markfbuckman@sbcglobal.net> wrote:

Dear Mr. Yee,

I'm working with my mother Patricia W. Buckman to update her estate documents.  I will be in Honolulu next week and would like to make an appointment for me and my mom to come in to see you.

In the meantime, could you please email me copies of her most recent documents so I can review them and we can prepare any needed changes?

Thanks.

Mark F. Buckman

--

Randall M. L. Yee

Yee & Kawashima, LLLP

1000 Bishop St., #908

Honolulu, Hawaii  96813

Telephone: (808) 524-4501

Direct: (808) 687-6891

Fax (888) 524-0407

www.yklawhawaii.com

NOTICE: This E-mail has been sent as a confidential communication by Yee & Kawashima, LLLP in furtherance of and for the purpose of facilitating the rendition of professional legal services to a client who has retained and/or consulted Yee & Kawashima, LLLP with a view to obtaining professional legal services. If you are not the addressee or the intended recipient, do not read this E-mail. This E-mail is protected by the attorney-client privilege and the work product doctrine. This E-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this E-mail should not be kept in your regular files. If you print a copy of this E-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.