LOUISE K.Y. ING        2394
TIM PARTELOW          10218

**DENTONS US LLP**
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com
              tim.partelow@dentons.com

Attorneys for Plaintiff
MARK F. BUCKMAN, Individually and
as Trustee of the Mark F. Buckman Trust
dated August 9, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN Individually, as as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; ET AL.<br><br>Defendants. | Civil No. 1:24-cv-00129 MWJS-KJM<br><br>**DEFENDANT MARK F. BUCKMAN'S COUNTERMOTION FOR SUMMARY ADJUDICATION OF THE 6TH COUNT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PARTIAL SUMMARY JUDGMENT, FILED JUNE 6, 2025 [DKT. 152]; DECLARATION OF MARK F. BUCKMAN; EXHIBITS "1"-"13"**<br>**ECF 152**<br><br>Trial Date: November 3, 2025<br>Judge: Hon. Micah Smith |

# TABLE OF CONTENTS

II.   STANDARD OF JUDICIAL REVIEW ..................................................................1

III.   ARGUMENT ......................................................................................................2

    A.   Mark Is Entitled to Summary Judgment in His Favor on the 6th Count for Breach of Contract Related to the Notarized Promissory Note Plaintiff Executed to Repay Mark for His Share of the Proceeds in the 16th Avenue Property .............................2

        1.   Plaintiff Breached the Promissory Note Contract by Anticipatorily Repudiating it By Filing Suit to Cancel It ...........2

        2.   Plaintiff Admitted She Has No Defense to the Sixth Count for Breach of Contract by Failing to Deny It in Her Answer ................................................................................3

        3.   Plaintiff Also Admitted All of Defendants' First and Second Requests for Admission, Including RFA #12, Under Which Plaintiff Admits That the Promissory Note to Mark Buckman Is Fully Enforceable Pursuant to Its Terms ................................................................................4

        4.   Further, Plaintiff's Responses to Interrogatories and Deposition Testimony Have Admitted There is No Dispute Regarding the Repayment Agreement .........................7

    B.   Plaintiff Is Not Entitled to Summary Judgment on Mark's Counterclaim ...................................................................................9

        1.   The Patricia W. Buckman 2019 Trust Is Not Entitled to Judgment on the Pleadings Because Only the Trustee, Not the Trust Itself, Can Serve as Proper Plaintiff ....................9

        2.   The Patricia W. Buckman 2019 Trust Is Not Entitled to Judgment on the Pleadings ..........................................10

        3.   Mark Has Established Over $382,000 of Breach of Contract Damages, Thus, Summary Judgment Cannot be Granted Regarding "General Damages" ..................................13

4.    Plaintiffs Have Not Met Their Burden to Show That No
Genuine Issue of Material Fact Exists with Respect to
Count II to MFB's Counterclaim. ...............................................15

5.    Counts III and IV to Mark's Counterclaim Are
Sufficiently Pled and Plaintiffs Have Failed to Show No
Genuine Issue of Material Fact .................................................18

6.    Given That Count V – Breach of Fiduciary Duty Clearly
Alleges That Plaintiff and Natalie Were the Real Estate
Brokers Who Listed the 16th Avenue Property for Sale,
and That Plaintiff Is Mark's Mother, Plaintiff Is Not
Entitled to Summary Judgment on This Count........................23

7.    Under the Undisputed Evidence, Mark, Not Plaintiff, Is
Entitled to Summary Judgment on Count 6.............................25

IV.    CONCLUSION.....................................................................................25

## TABLE OF AUTHORITIES

**Cases**

*Am. Auto. Ins. Co. v. Hawaii Nut & Bolt, Inc.*, No. CV 15-00245 ACK-KSC, 2016
WL 8677213, at *14 (D. Haw. Dec. 16, 2016) ................................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................11

*Burlington Northern RR Co. v. Huddleston*, 94 F. 3d 1413 (10th Cir. 1996) ..........3

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047 (9th Cir. 2011).......................11

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047
(9th Cir. 2011) .................................................................................................19

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................................1

*Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) ..........................................5

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989) .......................10

*F. T. C. v. Medicor LLC*, 217 F. Supp. 2d 1048 (C.D. Cal. 2002) ...........................4

*Fleming v. Pickard*, 581 F.3d 922 (9th Cir. 2009)............................................ 10, 11

*Geiger v. Z-ULTIMATE SELF Def. STUDIOS, LLC Studios*,
Civil Action No. 14-cv-00240-REB-NYW, 2016 U.S. Dist. LEXIS 202332,
(D. Colo. June 7, 2016)......................................................................................8

*Hancock v. Kulana Partners, LLC*, 145 Hawai`i 374, 452 P.3d 371 (2019) ..........22

*Honolulu Fed. Sav. And Loan Ass'n v. Murphy*, 7 Haw.App. 196, 753 P.2d 807,
(Haw. App. 1988) .............................................................................................22

*Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*,
644 F.3d 934 (9th Cir. 2011) ............................................................................12

*Langer v. Rice*, No. 29636, 2013 WL 5788676 (App. Oct. 28, 2013) .....................2

*Layton v. Int'l Ass'n of Machinists & Aero. Workers*, 285 F. App'x 340
(9th Cir. 2008) ..................................................................................................5

*Matsuda v. Wada*, 101 F.Supp.2d 1315, 1324 (D. Haw. 1999)..............................19

*Palm v. Ser*gi, 463 Ill. Dec. 272, 209 N.E.3d 390 (2022 Ill. App.) ........................10

*Schofield v. Cleveland Trust Co.*, 149 Ohio St. 133, 78 N.E.2d 167 (1948)...........10

*Silva v. Bisbee*, 2 Haw.App. 188, 628 P.2d 214 (Haw. App. 1981).......................22

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ............................................19

*Swift v. Swift*, 375 P.3d 1290 (Haw. Ct. App. 2016) .............................................24

*Tilley v. Bank of New York Mellon*, No. CV 17-00524 HG-RLP,
2018 WL 1415171 (D. Haw. Mar. 21, 2018)......................................................22

*TSA Int'l Ltd. v. Shimizu Corp.*, 990 P.2d 713 (Haw. 1999)..................................24

*United States Bank Tr., N.A. v. Verhagen*, 489 P.3d 419 (Haw. 2021)....................6

**Statutes**

Haw. Rev. Stat. § 490:3-305(a) ...............................................................................6

Haw. Rev. Stat. § 554D-801 ..................................................................................11

Haw. Rev. Stat. § 554D-809 ..................................................................................11

Haw. Rev. Stat. § 554D-815 ...............................................................................11
Haw. Rev. Stat. § 554D-816 ...............................................................................11
Haw. Rev. Stat. § 554D-816(6) ..........................................................................12
Haw. Rev. Stat. § 554D-816(14) ........................................................................11
Haw. Rev. Stat. § 554D-816(24) ......................................................................9, 10
Haw. Rev. Stat. § 554D-816(25) ........................................................................11

**Rules**

Fed. R. Civ. P. 8(b)(6).........................................................................................3
Fed. R. Civ. P. 9(b) ...........................................................................................19
Fed. R. Civ. P. 12(b)(6)......................................................................................10
Fed. R. Civ. P. 12(c)................................................................................... 3, 9, 10
Fed. R. Civ. P. 36(a)(3) ........................................................................................4
Fed. R. Civ. P. 37(b)(2)(A)(ii) .............................................................................8
Fed. R. Civ. P. 37(c)(1).........................................................................................8
Fed. R. Civ. P. 56(a).............................................................................................1

## DEFENDANT MARK F. BUCKMAN'S COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT ON THE COUNTERCLAIM'S 6TH COUNT FOR BREACH OF CONTRACT

Mark Buckman moves for Partial Summary Judgment and asks that Judgment be entered in his favor, and against Counter-Claim Defendants Patricia W. Buckman, individually and as Trustee of the Patricia W. Buckman Revocable Trust, on the Counterclaim's 6th Count for Breach of Contract. This Motion is made on the grounds that Plaintiff has admitted, in both her failure to deny the 6th Count of the Counterclaim and in her lack of responses to the Requests for Admission served by Defendants, that the Promissory Note is valid and enforceable pursuant to its terms, and in her responses to Interrogatories and her deposition testimony, Plaintiff has not been able to identify any facts that would preclude enforcement of the Promissory Note. As such, judgment as a matter of law should be entered on the 6th Count.

This motion is based upon the attached Memorandum of Law in Support of Motion for Partial Summary Judgment, the [Contested] UMF, Concise Statement of Undisputed Material Facts, the Declaration of Mark F. Buckman, with

\\

\\

\\

\\

\\

v

supporting exhibits, all pleadings and records on file in this action, and any oral

argument the Court may permit.

Dated:  July 7, 2025.

/s/ Louise K.Y. Ing
LOUISE K.Y. ING
TIMOTHY C. PARTELOW
Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F.
BUCKMAN TRUST, and
JENNIFER BUCKMAN

/s/ Mark F. Buckman
MARK F. BUCKMAN

Attorney for Defendant
JENNIFER BUCKMAN

vi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>         Plaintiffs,<br><br>   v.<br><br>MARK F. BUCKMAN Individually, as as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>         Defendants. | Civil No. 1:24-cv-00129 MWJS-KJM<br><br>**DEFENDANT MARK F. BUCKMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PARTIAL SUMMARY JUDGMENT, FILED JUNE 6, 2025 [DKT. 152]** |

**DEFENDANT MARK F. BUCKMAN'S MEMORANDUM IN SUPPORT OF COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM'S 6TH CLAIM AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PARTIAL SUMMARY JUDGMENT, FILED JUNE 6, 2025 [DKT. 152]**

Plaintiffs PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST ("PWB"), and the PATRICIA W. BUCKMAN REVOCABLE TRUST's (the "PWB Trust"; together with "PWB," the "Plaintiffs") *Motion for Judgment on the Pleadings and for Partial Summary Judgment* (the "Motion") should be denied. Conclusory characterizations and mischaracterizations of Defendant MARK F. BUCKMAN's ("MFB") allegations and deposition testimony fall far short of the standard Plaintiffs must meet to obtain summary judgment on the Amended Counterclaim. ECF #71. Because Plaintiffs have failed to meet their burden in showing that there is no genuine issue of material fact, Plaintiffs' Motion should be denied in its entirety.

**I.    STANDARD OF JUDICIAL REVIEW**

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). This countermotion is governed by the same *Celotex* standards set forth in Defendants' moving papers. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

1

## II.   ARGUMENT

**A.   Mark Is Entitled to Summary Judgment in His Favor on the 6th Count for Breach of Contract Related to the Notarized Promissory Note Plaintiff Executed to Repay Mark for His Share of the Proceeds in the 16th Avenue Property**

Plaintiff has no defense to the Counterclaim's 6th Count because: (1) she failed to deny this count in her Answer to the Counterclaim (ECF # 86), (2) she admitted the Promissory Note "is fully enforceable pursuant to its terms" in a Request for Admission, and (3) she admitted in her responses to Interrogatories and her deposition that she has no facts to dispute the enforcement of the Promissory Note. (Declaration of Mark F. Buckman ("Decl.") ¶ 4; Exhibit 4 Notarized Promissory Note.)  Since, independently, each of these bases warrants judgment in Mark's favor, Mark is entitled to summary judgment on the Counterclaim's 6th count for Breach of Contract - the Promissory Note.

### 1.   Plaintiff Breached the Promissory Note Contract by Anticipatorily Repudiating it By Filing Suit to Cancel It

Mark obtained the right to sue for breach of the Promissory Note, Count 6, because Plaintiff's filing of a lawsuit to void the Promissory Note and the Mortgage Securing it effectively renounced her obligations under the Note. ECF #61, ¶¶ 40, 41, Prayer ¶ "F" & Exh. 5; *Langer v. Rice*, No. 29636, 2013 WL 5788676, at *13 (App. Oct. 28, 2013). In *Langer*, the Intermediate Court of Appeals of Hawai`i held that "[a]nticipatory repudiation occurs when a party definitely and unconditionally renounces future performance of the contract." *Id*. When that

repudiation occurs, the nonoffending party "acquires the elective right to sue[.]" *Id*. at *15.

Moreover, the Promissory Note also matures when "Patricia W. Buckman permanently moves out of 3010 Kaunaoa Street." (Decl.; ¶ 4, Exh 1.)

As such, Plaintiff breached her obligations under the Promissory Note, and Mark's 6th Count for Breach of Contract was proper.

### 2.     Plaintiff Admitted She Has No Defense to the Sixth Count for Breach of Contract by Failing to Deny It in Her Answer

The Amended Counterclaim (ECF #71) included the 6th count for Breach of Contract regarding the Promissory Note. The Answer Plaintiff filed on November 25, 2024 (ECF # 86) failed to respond to or deny any of the allegations of the 6th Count.

Under Fed. R. Civ. P. 8(b)(6), "An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Thus, by failing to submit an answer to, or deny any of the allegations set forth in, the 6th Count in the Counterclaim, Plaintiff is deemed to have admitted those allegations. *See Burlington Northern RR Co. v. Huddleston*, 94 F. 3d 1413, 1418 (10th Cir. 1996). And, as Plaintiff has conceded by her actions, the pleadings in this case are now closed. ECF #152-4 [Plaintiff moved for judgment on the pleadings, which cannot be filed until "after the pleadings are closed." Fed. R. Civ. P. 12(c).]. Plaintiff therefore cannot amend her answer to deny the 6th Count.

3

Because Plaintiff did not deny the Counterclaim's allegations regarding the 6th Count and the Promissory Note, she is deemed to have admitted them, and Defendant prevails as a matter of law. Even if Plaintiff had a basis for relief from her failure to deny these allegations, though, Plaintiff has no grounds to deny these allegations, as demonstrated below.

**3. Plaintiff Also Admitted All of Defendants' First and Second Requests for Admission, Including RFA #12, Under Which Plaintiff Admits That the Promissory Note to Mark Buckman Is Fully Enforceable Pursuant to Its Terms**

As set forth in Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment or Partial Summary Judgment, Plaintiff failed to respond to Mark's Requests for Admission (RFAs), Set 1, which were served on February 6, 2025, and likewise failed to respond to Mark's RFAs, Set 2, which were served on April 5, 2025. ECF #153-8 (Exh.8) and 153-9 (Exh 8). No extension was sought, nor was one granted, and Plaintiff did not seek any protective order. ECF #153-1, ¶¶ 40-44.  Decl., ¶ 5, Exhs. 2, 3. Thus, the statements in these RFAs are deemed admitted and are binding on Plaintiff. Fed. R. Civ. P. 36(a)(3); *F. T. C. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) [discussing self-executing nature of Rule 36].

Furthermore, Plaintiff did not file a timely motion under Rule 36(b) to Withdraw or Amend Deemed Admissions before the May 7 cutoff for discovery motions established in the Court's Scheduling Order. ECF #63, at p. 1. In

4

considering whether to grant Mark's motion for partial summary judgment, the

District Court properly relies on these deemed admissions. *Cf.*, *Layton v. Int'l Ass'n*

*of Machinists & Aero. Workers*, 285 F. App'x 340, 341 (9th Cir. 2008) [party's

failure to timely respond to RFAs results in facts being deemed admitted;

admissions need not be disregarded to "promote the presentation of the merits of

the action" when the admitting party never made a timely motion for withdrawal];

*Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

Thus, the following facts have been admitted by Plaintiff:

- "Defendant [Mark] Buckman invested money into the 714 16th Avenue [P]roperty." ECF #86, ¶ 10.

- The main reason Plaintiff signed the "Promissory Note" on September 24, 2023 was to pay Mark for his interest in 714 16th Avenue. ECF #153-9 [MFB Decl. ISO MSJ, Exh. 8, RFA #54].

- Plaintiff discussed Mark's ownership interest in the 16th Ave. Property with him at least 3 times before she signed the "Promissory Note" on September 24, 2023. ECF #153-9 [MFB Decl., Exh. 8, RFA #55].

- Before Plaintiff signed the "Promissory Note," Plaintiff asked Mark to allow Natalie & Carl Pitre additional time to pay off that debt after Plaintiff's passing such that they [the Pitres] could continue to own the Front House, aka 3010 Kaunaoa Street, Honolulu. ECF #153-8 [MFB Decl. ¶ 25, Exh.7, RFA #13].

- Before Plaintiff signed the "Promissory Note," she asked Mark to agree to loan her up to an additional $50,000.00 for her personal needs. ECF #153-8 [MFB Decl. ¶ 25, Exh.7, RFA #14].

- Several days before signing the "Promissory Note," Plaintiff discussed that debt with Natalie Pitre. ECF #153-8 [MFB Decl. ¶ 25, Exh.7, RFA #15].

- Several days before signing the "Promissory Note," Plaintiff, Mark, and Natalie discussed the debt [Plaintiff owed Mark] from 16th Avenue, and neither Plaintiff nor Natalie objected to it. ECF #153-8 [MFB Decl. ¶ 25, Exh.7, RFA #16].

- The "Promissory Note" to Mark Buckman that Plaintiff signed on September 24, 2023 is fully enforceable pursuant to its terms. ECF #153-8 [MFB Decl. ¶ 25, Exh.7, RFA #12].

These facts establish that Plaintiff owed Mark his share of the proceeds from the sale of the 16th Avenue Property, and Plaintiff and Mark negotiated the terms and reached agreement regarding how and when she would repay that debt, before Plaintiff signed the Promissory Note. Thus, the Promissory Note is an enforceable contract. *United States Bank Tr., N.A. v. Verhagen*, 489 P.3d 419, 427 (Haw. 2021) ["Promissory notes are a subspecies of written contracts" that "record the terms of an agreement between lender and borrower"]. And here, as Plaintiff has admitted, "The 'Promissory Note' to Mark Buckman that Plaintiff signed on September 24, 2023 is fully enforceable pursuant to its terms." Additional Undisputed Material Fact # 2 [MFB Decl. ¶ 6, Exh.2, RFA #12].

Since Plaintiff breached the Promissory Note and admits that it is "fully enforceable," none of the defenses to enforcement of a promissory note under Hawai'i Revised Statute § 490:3-305(a) are available to Plaintiff. Accordingly, Mark has satisfied all elements of the Counterclaim's 6th Count for Breach of

6

Contract, and the Court should enter partial summary judgment for Mark and against Plaintiff.

### 4. Further, Plaintiff's Responses to Interrogatories and Deposition Testimony Have Admitted There is No Dispute Regarding the Repayment Agreement

At her deposition, Plaintiff admitted that a document written in her own handwriting states that Mark Buckman is to get "40% of the [16th Avenue] house which he earned in construction" and that the document was true when it was written. ECF # 153-12, MFB Decl. ISO MSJ, Exh. 11, Plaintiff's Depo., v. 1, 48:25-49:11; Exh. 13, Plaintiff's Depo., v. 3, 41:14– 42:1; 36:17-37:16; 40:7-18; Exh. 1. Plaintiff also admitted, in Interrogatory Response No. 1, that she does not now remember the deal that she had with Mark regarding the ownership of 16th Avenue. ECF # 153-6, MFB Decl. ISO MSJ Exh. 5, Response #1. (Plaintiff served her Responses to Interrogatories on May 2, 2025, at the close of discovery in this case and after she had deposed both Defendants.)

Plaintiff admitted at deposition she could read and understand the Agreement Regarding Note and Mortgage. ECF #153-14 [MFB Decl. ¶ 25, Exh. 13, Plaintiff's Depo., v. 3, 58:14-23]. Plaintiff admitted the Agreement Regarding Note and Mortgage "seems to be correct." ECF #153-14 [MFB Decl., Exh. 13, Plaintiff's Depo., v. 3, 56:17-19, 56:20-57:7].

Moreover, in her Interrogatory Responses, Plaintiff was unable to identify any factual inaccuracy in the "Agreement Regarding Note and Mortgage" (ECF

7

#153-6, MFB Decl., Exh. 5, Response #8); could not identify a single fact to support her contention that "Mark Buckman was not the 40% owner of 714 16th Avenue at all times from December 16, 1991 to January 4, 2017" (ECF #153-6, MFB Decl. ¶ 45, Exh. 5, Response #2)[1]; and could not identify a single fact to support her contention that the "Promissory Note" is unenforceable. Regarding the enforceability of the Promissory Note, Interrogatory Response No. 9 merely states that Plaintiff is "not a lawyer" and does "not recall signing this [the Promissory Note]" – and then speculates about how the document *could have been* prepared and with whom it *could have been* shared. ECF #153-6 [MFB Decl. ¶ 45, Exh. 5, Response #9].

When a party serves incomplete or evasive formal discovery responses such as these, the court may preclude that party from using information that is not reflected in those responses. Fed. R. Civ. P. 37(b)(2)(A)(ii), (c)(1); *see also Geiger v. Z-ULTIMATE SELF Def. STUDIOS, LLC Studios*, Civil Action No. 14-cv-00240-REB-NYW, 2016 U.S. Dist. LEXIS 202332, at *23 (D. Colo. June 7, 2016).

Here, Plaintiff's deposition testimony and Interrogatory Responses confirm that Plaintiff does not remember her deal with Mark regarding the ownership of 16th Avenue, and she has no factual grounds to contest the

---

[1] The entirety of Plaintiff's Response to this Interrogatory was, "The fact is he was not."

enforceability of the Promissory Note or Mark's 40% ownership interest in the

16th Avenue Property.

The uncontested facts establish that Plaintiff and Mark negotiated the terms

of the Promissory Note and the other Repayment Documents. Thus, for all the

reasons set forth here, as well as in Sections 1 through 3, above, Mark is entitled

to Partial Summary Judgment on the Counterclaim's 6th Count.

**B.      Plaintiff Is Not Entitled to Summary Judgment on Mark's
          Counterclaim**

**1.      The Patricia W. Buckman 2019 Trust Is Not Entitled to
          Judgment on the Pleadings Because Only the Trustee, Not
          the Trust Itself, Can Serve as Proper Plaintiff**

Plaintiff moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) in

favor of the Trust and against Mark on the Counterclaim. ECF 152, pp. 4-8. Under

Hawai'i law, this claim cannot be granted because Plaintiff's Trust is not a proper

plaintiff or defendant. Only the trustee, not the trust itself, has the legal authority to

"Prosecute or defend an action, claim, or judicial proceeding in any jurisdiction to

protect trust property and the trustee in the performance of the trustee's duties. . . "

Haw. Rev. Stat. § 554D-816(24). In 2021, Hawai'i adopted the 2018 Uniform Trust

Code, which is found in Hawaii Revised Statutes, Title 30, Chapter 554D,

"Uniform Trust Code." Under the Uniform Trust Code,

> [i]t is well settled that a trustee is a proper person to bring
> suit against a third person on behalf of the trust and its
> beneficiaries.  See 760 ILCS 3/816(24) (West 2020)
> (trustees may "prosecute or defend an action, claim, or

9

judicial proceeding in any jurisdiction to protect trust property"); 760 ILCS 5/4.11 (West 2016) (repealed eff. Jan. 1, 2020; predecessor statute to 760 ILCS 3/816(24) (West 2020)) (same); *Ready v. Ready*, 33 Ill. App. 2d 145, 152, 178 N.E.2d 650 (1961) ("The right to sue in the ordinary case vests only in the trustee."); see also Restatement (Second) of Trusts § 282 (1959).

*Palm v. Ser*gi, 463 Ill. Dec. 272, 283-84, 209 N.E.3d 390, 401-02 (2022 Ill. App.) [interpreting the same provision of the Uniform Trust Code that Hawai'i adopted as Hawai'i Rev. Stat. § 554D-816(24)]. Thus, the trustee of an express trust, while vested with the legal title to the trust property, is the party with the power to prosecute or defend an action to protect or preserve a trust *res*. *Schofield v. Cleveland Trust Co.*, 149 Ohio St. 133, 139-40, 78 N.E.2d 167, 171 (1948). However, the Trust is not a proper party and therefore cannot bring a motion for judgment on the pleadings – or any other type of judgment – in its favor.

### 2. The Patricia W. Buckman 2019 Trust Is Not Entitled to Judgment on the Pleadings

Even if the Patricia W. Buckman 2019 Trust were a proper plaintiff, it would not be entitled to judgment on the pleadings in this matter. The legal standard for a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In evaluating a Rule 12(c) motion, the district court must determine whether the factual allegations of the complaint, together with all

10

reasonable inferences, state a plausible claim for relief. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & n. 4 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In this context, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Plaintiff seeks judgment on the pleadings on behalf of the Patricia W. Buckman Trust as to the entire Counterclaim. ECF #152-4, pp. 4-8. Without any supporting citation, Plaintiff claims "all challenged actions were purportedly undertaken by Pat, in her individual capacity." ECF #152-4, p. 5. Not so.

The Counterclaim defined "PWB" as "Patricia W. Buckman, individually <u>and</u> as Trustee of the Patricia W. Buckman Revocable Trust." ECF #71, p. 25, ¶ 1, emphasis added. A trust can only act through its trustee. *See* Haw. Rev. Stat. § 554D-801 [vesting trustee with the power to administer the trust], § 554D-809 [charging trustee with duty of taking reasonable steps to take control of and protect the trust property], § 554D-815 [stating trustee's general powers], § 554D-816 [stating trustee's specific powers]. Since Plaintiff is the trustee, her actions bind her Trust. *E.g.*, Haw. Rev. Stat. § 554D-816(14) [empowering trustee to settle a claim by or against the trust], (25) [empowering trustee to enter into contracts on behalf

11

of the trust], (6) [empowering trustee to take any action that may be taken by a partner in a partnership held by the trust].

Thus, the Counterclaim's allegations against "PWB . . . as Trustee of the Patricia W. Buckman Revocable Trust" are sufficient to state claims against the Trust for Count 1 - Declaratory Relief, Count 2 – Breach of Contract, Count 3 – Fraud, Count 4 – Constructive Fraud, and Count 5 – Breach of Fiduciary Duty. (With respect to Count 6 – Breach of Contract related to the Promissory Note, Mark is entitled to Partial Summary Judgment as set forth above.)

The Trust's argument cites extensively to deposition testimony. ECF #152-4, pp. 6-7. This extraneous material is not appropriately considered as part of a 12(c) motion. *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011) [district court's decision on the 12(c) motion generally should not consider material beyond the face of the pleadings]. Even if it were properly considered, though, at most it would establish that Plaintiff misapprehends the legal nature of a trust and does not understand that a trust can only act through its trustee.

The Trust also claims, without citation, that "it is undisputed Mark had not entered into any contracts with the Trust, and that the Trust, either through Pat or anyone else made [*sic*] any misrepresentations to him." ECF 152-4, pp. 7-8. These statements are simply incorrect. First, the Promissory Note and Mortgage on the Front House, which are challenged in the Second Amended Complaint, were both

12

signed by "PWB" as Trustee of the Trust, since the Front House is property of the Trust. MFB Decl., ¶ 4, Exhs. 4, 6. Second, Paragraphs 33 through 42 of the Counterclaim detail the misrepresentations made by PWB individually and as Trustee of her Trust, which held title to the 16th Avenue Property at that time.

### 3. Mark Has Established Over $382,000 of Breach of Contract Damages, Thus, Summary Judgment Cannot be Granted Regarding "General Damages"

Plaintiff is not entitled to summary judgment on Mark's claim for general damages asserted in his Amended Counterclaim. ECF #71, at p. 48, ¶ (i). Plaintiff cannot obtain summary judgment on the *remedy* of "general damages" absent any discussion of the causes of action for which she challenges that remedy. Tellingly, Plaintiff has not cited a single legal authority to support her contention that she can obtain summary judgment as to a remedy without identifying the cause of action to which that remedy applies. *See* ECF #152-4, pp. 8-10.

Plaintiff inaccurately claims that Mark "had no clue" what his general damages were at deposition. ECF #152-4, at 8. Selectively quoting from Mark's deposition, Plaintiff attempts to make it appear that Mark could not identify any of his general damages for Plaintiff's breach of contract, or other otherwise. The real issue was that Plaintiff's counsel sought to exclude breach of contract damages from the definition of general damages, and then proceeded to pose questions based on that incorrect legal premise. Likewise, when Mark testified about written contracts, including "a promissory note, agreement regarding note and mortgage,

13

and . . .a mortgage," Plaintiff's counsel stated, "I generally don't look at those. Those are more financial instruments, not contracts." Plaintiff's counsel then proceeded to try to question Mark based on counsel's faulty understanding of the contractual nature of these documents. MFB Decl.¶ 7, Exh 1, pp. 89-91.

In fact, Mark did testify at his deposition about his damages.[1] Mark has adduced evidence of general damages of $351,323.54 on the Promissory Note (Count 6) and $30,821.96 on the Bill Paying Agreement (Count 2) ; indeed, he provided an approximation of these damages at his deposition ("$235,000 plus Interest" and "Approximately $30,000", respectively).  MFB Decl.¶ 8, Exh 1, pp. 82, 80, respectively.

Regarding the 2nd Count, in response to the question, "What are your breach of contract damages, Mr. Buckman, that you're seeking in this action against your mother and her trust?" Mark testified, "As to the bill paying agreement, I believe I have laid out approximately $30,000 more money for my mom's expenses and the back house expenses than I have received from her. So she would have to reimburse that." MFB Decl., ¶ 10, Exh. 1, 80:17-21. Mr. Buckman explained the

---

[1] At Mark's deposition, Plaintiff's counsel understood Mark's claim for damages, as demonstrated by Plaintiff's counsel stating "I think we're all clear on the note. You say you're entitled to it right now at 235[,000] because of anticipatory repudiation plus interest. Put that aside. The only other number you've given me is $30,000[,] which you said results from your bill pay agreement with your mom. . . ." MFB Decl., ¶ 9, Exh. 1, p. 91:9-14.

14

$30,000 and components of it several times in deposition. MFB Decl., ¶ 11, Exh. 1, 81:10-12; 81:25-82:3.

As to damages related to the 6th Count, Mark testified as follows at his deposition:

> Q    Then you say there's money due under the note; correct?
> A    Correct.
> Q    How much is due under the note?
> A    I believe the face amount of that is $235,000.
> Q    How much has she not paid according to whatever the payment period is?
> A    There's nothing been paid on it.

MFB Decl., ¶ 12, Exh. 1, 8:5-13

Mark also testified about the Promissory Note and the need to add interest as well. MFB Decl., ¶ 13, Exh. 1, p. 89:21-24; Exh. 4. The total due on the Promissory Note is $351,323.54, including interest up to July 5, 2025. MFB Decl., ¶ 14.

Accordingly, Plaintiff has not shown that there is a lack of evidence to support the Counterclaim's demand for general damages, including breach of contract damages, and summary judgment for Plaintiff on this claim is inappropriate.

**4.    Plaintiffs Have Not Met Their Burden to Show That No Genuine Issue of Material Fact Exists with Respect to Count II to MFB's Counterclaim.**

15

Although Plaintiff has moved for summary judgment on Count II, Breach of Contract concerning the "Bill Paying" Agreement, Plaintiff herself does not dispute the Bill Paying Agreement—nor has she filed a declaration in support of her motion.

Plaintiff cannot honestly dispute the existence or validity of the Bill Paying Agreement. In an email sent on August 31, 2023, entitled "Bankoh Ease Account," Mark wrote to Plaintiff stating:

> [Your assistant] asked for information on the Bankoh
> EASE bill paying account.
>
> The goal remains to get your EASE bill paying account
> simplified and  have 2 pieces of income: (1) rent from
> back house, (2) property management commissions from
> Island Properties.
> Then, we will use that money to pay recurring expenses
> of the mortgage, property taxes, insurance (homeowner's,
> life, car, etc.) utilities. Other, non-recurring expenses will
> continue to be paid from your regular checking account. I
> want to build up a buffer in the EASE account so that we
> never miss any of these payments and I will keep up with
> it on a regular basis and update you monthly.
>
> It will probably take about another 6-8 weeks to get
> everything straightened out with the EASE account due
> to everything being on automatic payments and 30-day
> cycles.

Plaintiff responded to Mark later that day, "This is great, thank you!" MFB Decl., ¶ 15, Exh. 7.

Thus, contrary to the unsupported assertions in Plaintiff's moving papers (ECF #152-4, p. 13), the actual evidence shows that the parties to this agreement

16

did indeed have a "meeting of the minds": Mark is to pay the bills, with money obtained from collecting income, all as memorialized in his email. Mark's declaration confirms his understanding of the contract, which is enough to raise a triable issue of material fact regarding same.

Mark has provided updated calculations of the amount he expended through July 5, 2025. Mark is continuing to pay costs for Plaintiff related to the Back House and for her physical therapy. As of July 5, 2025, the total outstanding amount on the Second Count for the Bill Paying agreement is $30,821.96. MFB Decl., ¶ 16, Exh. 8.

Although Plaintiff complains that the Bill Paying agreement is not in writing, oral contracts are enforceable – especially when supported by written memoranda, as this one was through the email cited above. Plaintiff has cited no contrary authority. See ECF #152-4, pp. 12-14.

Moreover, if the Counterclaim shows a valid claim for relief on any grounds, summary adjudication is inappropriate. Here, Mark pled, and has established, that he has paid out over $30,000 for Plaintiff's expenses. Thus, whether it is breach of contract, unjust enrichment, or another theory, Mark should be able to recover from Plaintiff – as Plaintiff herself concedes in footnote 5: "That is not to say that Mark may have a claim against Pat's estate for monies advanced on her behalf during her lifetime. But that is a claim for another time, under other circumstances, in a different venue." ECF #152-4, p. 14, n. 5. This admission that Mark could

17

state a claim "against PWB's estate" effectively undermines Plaintiff's argument because a viable claim against Plaintiff's estate can be brought only if Plaintiff herself was obligated on the claims. Since Plaintiff acknowledges Mark has pled a claim for relief, and the parties dispute this claim, summary adjudication cannot be granted.

Nor is there any merit to Plaintiff's assertion that the Counterclaim is seeking "an advisory opinion from this Court." While the Counterclaim intermixed allegations supporting the breach of contract and declaratory relief counts, the reason was clearly set forth in the Counterclaim and cannot be used to defeat it. Regardless of what should be done with any excess revenue – which was the declaration Mark sought from the court, the fact is there is no excess revenue, nor indeed has Mark attained any revenue as contemplated by the Bill Paying Agreement. Instead, the only action that has occurred is Mark has continued to pay Plaintiff's bills and he is owed $30,821.96. MFB Decl., ¶ 16. As such, and since Plaintiff has not disputed owing Mark for the sums expended on her behalf, the Court should deny her motion for summary judgment on Count II.

> **5.    Counts III and IV to Mark's Counterclaim Are Sufficiently Pled and Plaintiffs Have Failed to Show No Genuine Issue of Material Fact**

Under Hawaii law, "[t]he elements of fraud include: (1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and

18

(4) plaintiff's detrimental reliance." *Matsuda v. Wada*, 101 F.Supp.2d 1315, 1324 (D. Haw. 1999). Counts III and IV of the Counterclaim satisfy these requirements and the heightened pleading standard for fraud claims.

"To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration in original); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (". . . allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."); *Am. Auto. Ins. Co. v. Hawaii Nut & Bolt, Inc.*, No. CV 15-00245 ACK-KSC, 2016 WL 8677213, at *14 (D. Haw. Dec. 16, 2016), adhered to, No. CV 15-00245 ACK-KSC, 2017 WL 5892255 (D. Haw. Sept. 27, 2017).

Counts III and IV of the Counterclaim meet this standard. The Counterclaim pleads that Mark deeded 16th Avenue to PWB's Trust in October 2008. ECF #71, ¶ 32. At the time, Plaintiff was the trustee of her Trust. MFB Decl., ¶ 17. Mark deeded his interest in the 16th Avenue Property to Plaintiff's Trust in reliance on Plaintiff's agreement that Mark would continue to have a 40% ownership interest in the 16th Avenue Property despite title to the property being held solely by the Trust, and with Plaintiff's agreement that Mark's 40% interest would be satisfied

upon Plaintiff's death or the sale of 16th Avenue. MFB Decl., ¶ 18. Mark then

provided an additional ~$50,000 in 2016 to renovate 16th Avenue when he and

Plaintiff decided to sell the property, knowing that this additional money would

increase the amount both he and Plaintiff would realize on the sale of 16th Avenue.

MFB Decl., ¶ 19.

Plaintiff then requested that Mark agree to delay his demand for payment of

his 40% share of 16th Avenue so that she could use the funds for her living

expenses until she resolved her tax issues and earned some additional real estate

commissions. MFB Decl., ¶ 20. Plaintiff represented that she would repay Mark

out of escrow for the entirety of the ~$50,000 he had advanced for remodeling into

16th Avenue in 2016, and that she would pay Mark an additional $100,000 of the

remaining debt when his children graduated from high school and started college.

*Id.*; ECF 71, ¶ 34. That is, Plaintiff agreed to pay $50,000 of the balance when

Mark's older child started college, and an additional $50,000 of the balance when

Mark's younger child started college, and the remaining balance would be paid

upon Plaintiff's death. MFB Decl., ¶ 21. Plaintiff never challenged Mark's

entitlement to his share of the proceeds, and she committed *at that time* to making

a future payment in exchange for Mark agreeing not to present a demand for

payment to escrow upon the sale of 16th Avenue. *Id*.

Later, when Mark's older child started college in fall of 2018, Plaintiff

*reneged* on her obligation to Mark and breached her agreement with him, claiming

20

she did not have any "extra money" and asserting that Mark was "rich" and could pay for his children's education himself. ECF 71, ¶ 36.

When Plaintiff requested that Mark delay payment of his full 40% share of the proceeds from 16th Avenue, Plaintiff falsely represented to Mark that she would pay him $100,000 of the money she owed him as his children started to college, and she would pay him the remainder of the proceeds upon her death. Plaintiff knew the representation she made to Mark was false because she did not intend for her estate to pay him for his 40% share of 16th Avenue. Plaintiff also knew that Mark relied upon her representations insofar as she convinced him not to make a demand for payment to escrow when 16th Avenue was being sold. Mark did rely on Plaintiff's representations to his detriment—he agreed not to seek payment from escrow when the 16th Avenue Property was sold in 2017, in exchange for Plaintiff repaying him for the full ~$50,000 he put into 16th Avenue for its repair in 2016, and her representation that he would be repaid for his 40% ownership share of 16th Avenue with $50,000 in fall 2018, $50,000 in fall 2021, and the remainder upon Plaintiff's death. MFB Decl., ¶ 22. Moreover, when acting as the trustee of Pat's Trust, or under her power of attorney, Natalie Pitre made representations to Mark that he would be repaid, including in the time period 2020 through 2023. MFB Decl., ¶ 22

As to **Count IV**, Plaintiffs argue that because MFB testified at deposition that it is "similar factually to" Count III, that Plaintiffs are entitled to summary

21

judgment on Count IV. ECF 152-4 at 18. Plaintiffs are incorrect. Constructive fraud is a distinct cause of action: "[C]onstructive fraud is characterized by the breach of fiduciary or confidential relationship." *Hancock v. Kulana Partners, LLC*, 145 Hawai`i 374, 382, 452 P.3d 371, 379 (2019)(cleaned up). "Constructive fraud requires a breach of a fiduciary or confidential relationship. *Honolulu Fed. Sav. And Loan Ass'n v. Murphy*, 7 Haw.App. 196, 753 P.2d 807, 811 n.6 (Haw. App. 1988) (cleaned up)." *Tilley v. Bank of New York Mellon*, No. CV 17-00524 HG-RLP, 2018 WL 1415171, at *8 (D. Haw. Mar. 21, 2018).

First, Plaintiff does not dispute that Mark had a confidential and/or fiduciary relationship with her when she induced Mark into deeding 16th Avenue to her in exchange for a 40% interest in 16th Avenue. Plaintiff presents no affirmative evidence to challenge this assertion.

Mark articulated in his Counterclaim that he enjoyed a special/confidential relationship with Plaintiff, "a licensed real estate broker that represented him in numerous real estate deals over the years[.]" ECF #71, ¶¶ 45, 53; MFB Decl., ¶ 24. Mark further provided that Plaintiff acted as a "constructive trustee" for his benefit, and he relied on her representations that Mark owned 40% of 16th Avenue when he conveyed it to Plaintiff's Trust in 2008, and that he would receive compensation for that interest either when 16th Avenue was sold or upon Plaintiff's death. ECF #71, ¶ 32; MFB Decl., ¶ 25. Mark reposed confidence in Plaintiff based on their past dealings, and Plaintiff served as his real estate broker, such that Plaintiff was

22

Mark's fiduciary as to 16th Avenue. MFB Decl., ¶ 26. Plaintiff abused that confidence and trust by defrauding Mark out of his rightful interest in 16th Avenue. MFB Decl., ¶ 27.

Tellingly, Plaintiff's MSJ does not address these issues at all. ECF #152-4, pp. 14-19. Just as with Count III, genuine issues of material fact preclude Plaintiff from obtaining summary judgment on Count IV. Accordingly, Plaintiff is not entitled to judgment on Counts III and IV, for fraud and constructive fraud.

**6.     Given That Count V – Breach of Fiduciary Duty Clearly Alleges That Plaintiff and Natalie Were the Real Estate Brokers Who Listed the 16th Avenue Property for Sale, and That Plaintiff Is Mark's Mother, Plaintiff Is Not Entitled to Summary Judgment on This Count**

Plaintiff's Motion for Summary Judgment incorrectly claims, "Mark does not allege how, and in what capacity, Pat acted as his real estate agent. He does not allege how Pat supposedly breached her fiduciary duty [to] him. Rather, he claims that she made misrepresentations. . . ." ECF #152-4, p. 19.

Plaintiff not only misstates the Counterclaim, she also misunderstands what constitutes a breach of fiduciary duty in Hawai'i. First, the Counterclaim explicitly alleges that Plaintiff had a fiduciary duty to Mark because "PWB and Natalie were the real estate brokers, individually or through Island Properties, who listed the 16th Avenue Property for sale" and "As [Mark]'s mother, and his real estate broker, [Plaintiff] had a fiduciary duty to [Mark]." ECF #71, ¶ 53. In fact, Mark agreed

23

that Plaintiff could sell 16th Avenue through Island Properties, and Mark assisted Plaintiff in preparing the listing information and sale flyer. MFB Decl., ¶ 28.

Second, to state a claim for breach of fiduciary duty under Hawai'i law, all that a plaintiff must show is that a fiduciary relationship existed between the parties, the defendant breached a fiduciary duty to the plaintiff, and the breach proximately caused injury to the plaintiff. *Swift v. Swift*, 375 P.3d 1290 (Haw. Ct. App. 2016). As shown above, the Counterclaim has adequately alleged that Plaintiff had a fiduciary duty to Mark.

Plaintiff suggests that "misrepresentations" cannot form the basis of a breach of fiduciary duty. ECF #152-4, p. 19. The Hawai'i Supreme Court disagrees. *See TSA Int'l Ltd. v. Shimizu Corp.*, 990 P.2d 713, 728 (Haw. 1999) [misrepresentation or concealment of a material fact "such as might be expected to have induced action or forbearance" by the other party can form the basis of a breach of fiduciary duty claim]. The Counterclaim pleads, and Mark contends, that Plaintiff breached her fiduciary duty by making misrepresentations to Mark regarding the payment for his 40% ownership of the 16th Avenue Property. ECF #71, p. 46, ¶¶ 52-57; MFB Decl., ¶ 29. Hence, Plaintiff has not established that there is no genuine issue of material fact allowing Plaintiff to defeat the Counterclaim's Count for Breach of Fiduciary Duty. Consequently, Plaintiff's factually and legally misguided Motion for Summary Judgment on Count V – Breach of Fiduciary Duty fails.

24

### 7.    Under the Undisputed Evidence, Mark, Not Plaintiff, Is Entitled to Summary Judgment on Count 6

Plaintiff requests "dismissal" of Count VI of the Counterclaim because it is purportedly "premature." ECF #152-4, p. 20. Essentially, Plaintiff contends she cannot be liable now for anticipatory repudiation of the Promissory Note and Mortgage when Plaintiff had agreed to pay Mark "upon her passing" *Id.*

This claim misstates the law of anticipatory repudiation, as set forth above in Section A.1, as well as the terms of the Promissory Note.[2] Moreover, as shown above in Section A, Mark is entitled to partial summary judgment on this Count, based on the undisputed evidence. Accordingly, Plaintiff's motion for summary judgment should be rejected, and Defendant's should be granted.

## III.    CONCLUSION

For all the reasons set forth above, Defendant Mark F. Buckman should prevail on his countermotion on Count 6, and Plaintiff's motion for Partial Summary on the Counterclaim's 1st through 5th counts should be denied.

Dated:  July 7, 2025.

/s/ Louise K.Y. Ing
LOUISE K.Y. ING

/s/ Mark F. Buckman
MARK F. BUCKMAN

---

[2] The Promissory Note also matures upon Plaintiff moving out of 3010 Kaunaoa Street, which she did in or about February, 2024. MFB Decl., ¶ 30.