# First Amendment to Declaration of Revocable Trust

## of

## Patricia W. Buckman

THIS FIRST AMENDMENT TO DECLARATION OF REVOCABLE TRUST is made and entered into at Honolulu, Hawaii, by and between **Patricia W. Buckman**, also known as **Patricia Whitaker Buckman**, as "Grantor" and said **Patricia W. Buckman** as "Trustee".

### W I T N E S S E T H :

WHEREAS, the Grantor executed a Declaration of Revocable Trust dated July 25, 2019, (hereinafter referred to as the "Trust Agreement"), with **Patricia W. Buckman** as Trustee, under which there was created a Revocable Trust which has ever since continued and is now in effect; and

WHEREAS, the Grantor reserved the right, under paragraphs 2.03 and 2.04 of Article II of said trust agreement, to revoke and/or amend said trust agreement at any time by an instrument in writing, signed by the Grantor and delivered to the Trustee; and

WHEREAS, the Grantor desires to amend said trust agreement in its entirety;

NOW, THEREFORE, it is hereby agreed by and between the Grantor and the Trustee that said trust agreement is hereby amended in its entirety to read as follows:

**EXHIBIT 12**

# The

# Patricia W. Buckman

# Revocable Trust

# Declaration of Revocable Trust

## of

# Patricia W. Buckman

THIS TRUST AGREEMENT is made in the State of Hawaii between the Grantor and Trustee who have signed below.

## Article I - Introduction

### 1.01.  Grantor.

The Grantor of this trust is **Patricia W. Buckman**, also known as **Patricia Whitaker Buckman**, and all references herein to "the Grantor" shall be to said person.

### 1.02.  Trustee.

The initial Trustee of this trust is **Patricia W. Buckman**, and all references herein to "the Trustee" shall be to said **Patricia W. Buckman** so long as said person serves as Trustee, and during such time said person alone shall have all the powers granted to the Trustee herein.  In the event that **Patricia W. Buckman** dies, resigns or becomes incapacitated, **Tamara Buchwald** shall serve as Trustee.  Any Trustee appointed hereunder shall become Trustee without court order or other action other than the delivery of written notice to the beneficiaries hereunder.

### 1.03.  Name of Trust.

This trust shall be named the Patricia W. Buckman Revocable Trust.

### 1.04.  Spouse.

At the present time, the Grantor is unmarried.

I-1

# Article V - Trust Distribution Provisions Upon Grantor's Death

**5.01.    Disposition of Trust Property Upon Death of Grantor.**

Upon the death of the Grantor, the Trustee shall distribute all the trust property, together with any unpaid income, as follows.

**(a)    Personal Property Distribution.**

The Grantor requests the Trustee to abide by any memorandum by the Grantor directing the disposition of personal and household effects of every kind including but not limited to furniture, appliances, furnishings, pictures, china, silverware, glass, books, jewelry, wearing apparel, and all policies of fire, burglary, property damage, and other insurance on or in connection with the use of this property. Otherwise, the personal and household effects of the Grantor shall be distributed at the sole discretion of **Natalie P. Pitre** with the remaining assets of the Trust.

**(c)    The Grantor's Real Property Located at 3010 Kaunaoa Street, Honolulu, Hawaii, TMK (1) 3-1-24-43-1.**

The Grantor's real property located at 3010 Kaunaoa Street, Honolulu, Hawaii shall be distributed outright and free from any trust to **Natalie P. Pitre** and **Carl Pitre.**

**(c)    The Grantor's Real Property Located at 3010 A Kaunaoa Street, Honolulu, Hawaii, TMK: (1) 3-1-24-43-2.**

The condominium unit containing the rear house and one-half (1/2) of the property located at 3010 A Kaunaoa Street, Honolulu, Hawaii shall be held IN TRUST for the benefit of **Duke M. Buckman** as follows:

**(i)**    Income and Principal shall be used for the benefit of **Duke M. Buckman** at the discretion of the Trustee, as the Trustee determines to be required for said beneficiary's HEALTH, MAINTENANCE AND SUPPORT, adding any excess income to principal.

**(ii)**    Notwithstanding, the Grantor requests that the property continue to be managed as a rental property under the management of **Natalie P. Pitre** and **Carl Pitre** (currently affiliated with Island Properties Hawaii).

**(iii)**    The Grantor requests that the 3010 A Kaunaoa Street, Honolulu, Hawaii continue to be held as a rental property for the benefit of the beneficiary of this Trust.  However, if **Duke M. Buckman** requests that the property be sold, the Trustee shall sell the property and subject to the distribution provided below, shall distribute the remaining proceeds from the sale of the

property for the sole purpose of purchasing another for the benefit of **Duke M. Buckman**.

    **(iv)** Upon the sale of the property, the Trustee shall distribute the sum of Two Hundred Thousand and No/100 Dollars ($200,000.00) as follows:

        **(A)** The sum of Fifty Thousand and No/100 Dollars ($50,000.00) shall be held IN TRUST for the benefit of **Emanuelle Pitre** pursuant to the terms and conditions of paragraph 5.02 hereinbelow.

        **(B)** The sum of Fifty Thousand and No/100 Dollars ($50,000.00) shall be held IN TRUST for the benefit of **Gabrielle Pitre** pursuant to the terms and conditions of paragraph 5.02 hereinbelow.

        **(C)** The sum of Fifty Thousand and No/100 Dollars ($50,000.00) shall be held IN TRUST for the benefit of **Emma Buckman** pursuant to the terms and conditions of paragraph 5.02 hereinbelow.

        **(D)** The sum of Fifty Thousand and No/100 Dollars ($50,000.00) shall be held IN TRUST for the benefit of **Brian Buckman** pursuant to the terms and conditions of paragraph 5.02 hereinbelow.

    **(v)** Special Instructions: The Grantor directs that the Trustee shall not refinance or increase the debt on the property held for the benefit of **Duke M. Buckman**.

**(d)** **Rest, Residue and Remainder.**

The rest, residue and remainder of trust property, shall be distributed outright and free from any trust, in equal shares to **Mark F. Buckman** and **Natalie Pitre** or her issue.

## 5.02. Contingent Beneficiaries.

If no descendants of the Grantor survive the Grantor, or if any descendant of the Grantor dies before becoming entitled to receive distribution of the entire trust set aside for him, and if there are no other descendants of the Grantor then surviving, then in such event the Trustee shall distribute the trust property, outright and free of all trusts, to the Grantor's heirs-at-law determined as if the Grantor had died intestate, simultaneously with the termination of this trust, domiciled in the State of Hawaii.

Subject to the terms and conditions of this amendment, the trust and trust estate first created by and under the provisions of the above-mentioned trust agreement shall in all other respects continue in full force and effect.

IN WITNESS WHEREOF, **Patricia W. Buckman**, as Grantor and as Trustee, has executed this amendment on this _____ day of _____ 2022 _____.

_Patricia W. Buckman_

**Patricia W. Buckman**
Grantor and Trustee

STATE OF HAWAII                          )
                                         ) ss.
CITY AND COUNTY OF HONOLULU   )

On this _____ day of _____ 2022 _____, as certified before me personally appeared **Patricia W. Buckman**, also known as **Patricia Whitaker Buckman**, as Grantor and as Trustee of The First Amendment to the Patricia W. Buckman Revocable Trust dated _____ 9.7. 2022 _____, consisting of _30_ pages, to me known to be the person in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed as such Grantor and Trustee.

Notary Public, State of Hawaii
Name of Notary: **STEPHEN H. REESE**    First Circuit

My commission expires: _12.5. 2023_