LOUISE K.Y. ING       2394
TIM PARTELOW          10218

**DENTONS US LLP**
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:   louise.ing@dentons.com
         tim.partelow@dentons.com

Attorneys for Plaintiff
MARK F. BUCKMAN, Individually and
as Trustee of the Mark F. Buckman Trust
dated August 9, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; ET AL.<br><br>Defendants. | Civil No. 1:24-cv-00129 MWJS-KJM<br><br>**ERRATA DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF DEFENDANT MARK F. BUCKMAN'S COUNTERMOTION FOR SUMMARY ADJUDICATION AND OPPOSITION TO SUMMARY JUDGMENT; EXHIBITS 5 AND 14**<br><br>**ECF 178-1**<br><br>Trial Date: November 3, 2025<br>Judge: Hon. Micah Smith |

## DECLARATION OF MARK F. BUCKMAN

I, MARK F. BUCKMAN, declare that the following is true and correct:

1.     I am an attorney licensed to practice law before the Courts of the State of Hawai'i. I am counsel of record for myself as well as Defendant Jennifer Buckman in these proceedings.

2.     I make this Declaration based on my personal knowledge and am competent to testify about the matters contained in this Declaration.

3.     I make this Declaration to correct and augment my Declaration filed on July 7, 2025 as ECF # 178-1 (pages 7-18) in support of my Countermotion For Summary Adjudication Of The 6th Count And Memorandum In Opposition To Plaintiffs' Motion For Judgment On The Pleadings And For Partial Summary Judgment.

Throughout my earlier declaration, due to cutting and pasting issues, I referred to myself as "Mark" or "him" or "his" etc.  I am not correcting each such reference because I believe the meaning of the declaration is clear with the explanation above and the understanding that I sometimes referred to myself in the third person.  However, I can correct the declaration to remove references to myself in the third person and re-file it IF desired by the Court.

4.     I was unable to file Exhibit 5 due to a technical issue with the pdf and the ECF system would not accept it.  So, I've created another pdf.  Thus, attached hereto as Exhibit 5 is a true and correct copy of the "Agreement Regarding Note

i

and Mortgage" that both my mother and I signed on September 24, 2023 after discussing and negotiating same over several days.  All the facts stated in that Agreement are true.   My mom agreed with it and she told me that she was happy to repay me.  This document explains the background of the Promissory Note, Exhibit 4 to my earlier declaration.

5.      I attached a true and correct copy of a "Mortgage" as Exhibit 6 to my earlier declaration (ECF # 178-6).  My mom signed and notarized that document on September 24, 2025 and it secures the Promissory Note I attached as Exhibit 4.

6.      I attached a true and correct copy of "The Patricia W. Buckman Revocable Trust" as Exhibit 9 to my earlier declaration (ECF # 178-9).which was signed and notarized by my mom on July 25, 2019.

7.      I attached true and correct copies of pages of the "First Amendment to Declaration of Revocable Trust of Patricia W. Buckman" as Exhibit 12 to my earlier declaration (ECF # 178-12). which was signed and notarized by my mom on September 7, 2022.

8.       I attached a true and correct copy of a document entitled "Reliastar Security Connecticut Life Insurance Company" as Exhibit 13 to my earlier declaration (ECF # 178-13).  My mom signed that document on March 25, 2003, which was before she first set up a trust in 2006.  I am familiar with my mom's handwriting and signature.  I recognize all the handwriting and the signature on that document as my mother's.  That document was used as an exhibit at

ii

depositions in this case, and my mother acknowledged at deposition the document contains her handwriting and signature.  I also know that Reliastar was my mom's life insurance company, and that she still has that policy as of earlier this year.  I alone held title to 714 16th Avenue when I acquired it in 1991.  Exhibit 13 shows my mom's agreement that I owned 40% of 714 16th Avenue when she stated, "He got 40% of house which he earned in construction."  I invested over $50,000 in, worked on, and was the onsite manager of construction of the 714 16th Avenue property for over 6 months, and then sold a condo I owned to enable me to obtain a loan for the takeout financing of the house in 1991 (some of these facts are set forth in Exhibit 5).  714 16th avenue was the only real property my mom owned when she signed this document on March 25, 2003, although she acquired the Kaunaoa houses on April 30, 2003.

9.    Related to paragraph 7 of my earlier declaration, the reference to Exhibit A on page 4, line 2 should be to Exhibit 1.  I attached true and correct copies of pages of my deposition transcript as Exhibit 1 to my earlier declaration (ECF # 178-2) and cited to same throughout the papers and separate statement.

10.    Related to paragraph 25 of my earlier declaration, my mom listed me as the 40% beneficiary of 714 16th Avenue when she made her first trust on June 20, 2006 (2nd page, 5-1).  Attached hereto as Exhibit 14 are true and correct copies of  pages of the "Declaration of Revocable Trust of Patricia W. Buckman" (with the exception that the notary stamp is distorted by the pdf process).  I was relying

iii

in part on my being listed in the trust as providing me assurance that I would receive my 40% of 714 16th Avenue upon sale or my mom's passing and I only deeded the property to my mom fully in 2008 based on that designation and my mom's assurances  as discussed in my earlier declaration.

11.    Related to paragraph 27 of my earlier declaration, the last word of that paragraph should be to "brother" singular.  I have only one brother, Matthew Buckman.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Elk Grove, California, July 8, 2025.

/s/ Mark F. Buckman
MARK F. BUCKMAN

iv