Declaration  of Revocable  Trust

of

Patricia  W.  Buckman

THIS TRUST  AGREEMENT  is made  in the State of Hawaii between  the Grantor and Trustee who  have  signed below.

## Article I - Introduction

The Grantor  of  this trust  is  Patricia  W.  Buckman,  also  known  as  Patricia Whitaker Buckman,  and all references  herein  to "the Grantor"  shall be to said person.

The initial Trustee of this trust is Patricia W. Buckman,  and all references herein to "the Trustee" shall be to said Patricia W. Buckman so long as said person serves as Trustee, and during such time said person alone shall have all the powers granted to the Trustee herein. In the event  that  Patricia W.  Buckman dies, resigns or  becomes  incapacitated,  Mark F. Buckman and Natalie P. Pitre, or the survivor of them, shall serve as Trustee. In the event that both Mark F. Buckman and Natalie P. Pitre dies, resigns or is unable or refuses to act, Matthew B.  Buckman  shall  serve  as  Trustee. Any Trustee appointed hereunder shall  become  Trustee without court order  or  other  action other than  the  delivery  of written  notice  to the beneficiaries hereunder.

Grantor's Declarations.   The Grantor  declares  as  follows:

1.1.    Name of Trust.

This trust  shall  be named  the Patricia  W.  Buckman Revocable  Trust.

1.2.    Spouse.

At the present time, the Grantor is unmarried.

1.3.    Children.

The  Grantor's children  are Matthew Bruce  Buckman,  Mark  Frank  Buckman  and Natalie Patricia Pitre, and all references  herein  to  the Grantor's "children", "issue" and "descendants" shall  be  to said persons  and to any other persons  hereinafter  borne  to or adopted  by the Grantor  and to their descendants.

## EXHIBIT 14

# Article V - Trust Distribution Provisions Upon Grantor's Death

**5.1.    Disposition of Trust Property Upon Death of Grantor.**

Subject to the terms of the above Article IV, upon the death of the Grantor, the Trustee shall distribute all the trust property, together with any unpaid income, outright and free from any trust, as follows:

(a)    All of the Grantors' personal and household effects such as jewelry, clothing, automobiles, furniture, furnishings, silver, books and pictures, shall be distributed in accordance with a memorandum attached hereto and incorporated herein by this reference. Said memorandum maybe amended from time to time by the Grantor and delivered to the Trustee. Any personal property not otherwise disposed of by said memorandum shall be distributed in equal shares to the Grantor's surviving children.

(b)    The sum of fifty thousand dollars ($50,000.00) for the benefit of **Manoa Buckman** pursuant to the terms and conditions of paragraph 5.03 hereinbelow.

(c)    The sum of fifty thousand dollars ($50,000.00) for the benefit of the Grantor's surviving grandchildren pursuant to the terms and conditions of paragraph 5.02 hereinbelow.

(d)    The Trustee shall sell the real property located at 714 16'h Avenue, Honolulu, Hawaii and distribute the net proceeds outright forty percent (40%) to **Mark F. Buckman,** thirty percent (30%) to **Matthew B. Buckman** and thirty percent (30%) to **Natalie P. Pitre.** In the event a child of the Grantor is not then surviving, the Trustee shall hold the share to be distributed to such deceased child of the Grantor in trust for the benefit of the issue of said deceased child of the Grantor pursuant to the terms and conditions of paragraph 5.04 hereinbelow. It is the Grantor's intent and direction that the property be listed and sold by **Natalie P. Pitre.**

(e)    The Trustee shall hold the real property located at 708 15'h Avenue, Honolulu, Hawaii, subject to any and all encumbrances, in trust for the benefit of **Natalie P. Pitre** pursuant to the terms and conditions of paragraph 5.07 hereinbelow. In the event said child of the Grantor is not then surviving, the Trustee shall hold the share to be distributed to such deceased child of the Grantor in trust for the benefit of the issue of said deceased child of the Grantor pursuant to the terms and conditions of paragraph 5.04 hereinbelow.

(f) The Trustee shall hold the front house and one half (1/z) of the land for the real property located at 3010 Kaunaoa Street, Honolulu, Hawaii, subject to any and all encumbrances, in trust for the benefit of **Manoa Buckman** pursuant to the terms and conditions of paragraph 5.06 hereinbelow.

(g) The Trustee shall hold the back house and one half (1/z) of the land for the real property located at 3010 Kaunaoa Street, Honolulu, Hawaii, subject to any and all encumbrances, in trust for the benefit of **Matthew B. Buckman and Kimberly Jean Buckman** pursuant to the terms and conditions of paragraph 5.05 hereinbelow.

**(h)** The Trustee shall distribute the rest, residue and remainder of the trust property in equal shares outright to **Mark F. Buckman and Natalie P. Pitre,** and in trust for **Matthew B. Buckman** pursuant to the terms and conditions of paragraph 5.05 hereinbelow. In the event a child of the Grantor is not then surviving, the Trustee shall hold the share to be distributed to such deceased child of the Grantor in trust for the benefit of the issue of said deceased child of the Grantor pursuant to the terms and conditions of paragraph 5.04 hereinbelow.

**5.2.    Disposition of Trust Property Held For the Benefit of the Grantor's Grandchildren.**

The Trustee shall hold the sum of fifty thousand dollars ($50,000.00) in a single trust fund for the benefit of those grandchildren who are surviving as of the date of death of the Grantor.  Said trust shall be held and disposed of as follows:

**(a)    Income and Principal.**

The Trustee shall distribute the sum of two thousand dollars ($2,000.00) upon each surviving grandchild turning the age of twenty one (21) and the sum of eight thousand dollars ($8,000.00) upon each surviving grandchild graduating from college.

**(h)    Termination of Trust.**

After the youngest surviving grandchild shall have graduated from college or reached the age of twenty five (25), this trust shall terminate and the remaining trust property shall be distributed outright in equal shares to those grandchildren surviving as of the date of termination of this trust.

**5.3.    Disposition of Trust Property Held For the Benefit of Manoa Buckman.**

The Trustee shall hold the trust property for the benefit of **Manoa Buckman** (hereinafter "grandchild") as follows:

(a)     **Income and Principal.**

Whenever the Trustee determines that the income of said grandchild of the Grantor from all sources known to the Trustee is not sufficient for said grandchild's EDUCATION, the Trustee may pay to said grandchild or use for said grandchild's benefit, so much of the principal of said grandchild's trust as the Trustee determines to be required for those purposes. The term "education" as used herein shall include, but not be limited to, secondary, undergraduate, graduate, postgraduate, college, university, technical or trade schools, and private lessons in musical instruments and the arts, and whether directed toward the attainment of a specific degree or not. **It** is the Grantor's desire that, insofar as the grandchild of the Grantor is concerned, he be enabled to obtain the highest education to which he is capable, and that the Trustee liberally exercise its power under this provision to provide for said grandchild who elects to pursue his education all of the reasonable costs of tuition, books, supplies, room, board and living expenses at a suitable educational institution, where appropriate.

(b)     **Termination of Trust.**

After said grandchild of the Grantor shall have reached the age of thirty-five (35) years, the Trustee shall distribute to said grandchild such portions or all of the principal of said grandchild's trust as said grandchild from time to time requests by signed instruments delivered to the Trustee during said grandchild's life.

(c)     **Distribution if Grandchild Dies Before Trust Terminates.**

Should said grandchild die before becoming entitled to receive distribution of the entire trust set aside for said grandchild, such trust or its undistributed remainder, including all accumulated undistributed income, shall be distributed outright and free from any trust to said grandchild's issue, such issue taking *per stirpes* or should no such issue then be surviving, such trust shall go to augment equally the shares then held for the Grantor's children, *per stirpes,* pursuant to the terms and conditions of paragraph 5.0l(h) hereinabove.

**5.4.    Disposition of Trust Property Held For the Benefit of the Issue of a Grantor's Deceased Child (Separate Trusts).**

The Trustee shall divide the trust property held for a deceased child of the Grantor into separate trusts, equal in value, one (1) trust for each issue of a deceased child of the Grantor, hereinafter referred to as the Grantor's "grandchild". In the event a grandchild of the Grantor is not then surviving, then said deceased grandchild's share of the trust property shall be distributed outright and free from any trust to said grandchild's issue, such issue taking *per stirpes* or should no such issue then be surviving, such trust shall go

V-3

IN WITNESS WHEREOF, **Patricia W. Buckman,** as Grantor and as Trustee, has executed this trust agreement on        JUN 2.0 2006

*Patricia W. Buckman*

**Patricia W. Buckman**
Grantor and Trustee

STATE OF HAWAII                                    )
                                                   ) SS.
CITY AND COUNTY OF HONOLULU                        )

JUN 2 0 2006

On                                    , before me personally appeared **Patricia W. Buckman,** also known as **Patricia Whitaker Buckman,** as Grantor and as Trustee aforesaid, to me known to be the person in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed as such Grantor and Trustee aforesaid.

Notary PubliC: State of Hawaii
C.AGENA
My Commission expires:        June 16, 2010