**Mark Buckman**

---

| | |
|---|---|
| **From:** | Richard WIlson [rewilson_law@yahoo.com] |
| **Sent:** | Tuesday, June 17, 2025 11:58 AM |
| **To:** | Mark Buckman |
| **Cc:** | Louise K.Y. Ing |
| **Subject:** | Re: Court Ordered Response and Production and Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1 |
| **Attachments:** | +  All PWB Documents - Bates 1-164.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| | |
| **Categories:** | Red Category |

Mark -- that's fine.  You said you would be at Denton's early yesterday to meet and confer, and then showed up 15 minutes late.  Perhaps you will be on time this afternoon.

As for documents, I have searched Pat's emails for responsive documents.   I have spent a significant amount of time with Pat going over your production requests.  I produced what I could locate.  She no longer has the phone number which you identified ... so there are no texts or other electronic communications to be produced.  You have always been free to subpoena her cell phone records.  I am likewise not withholding any documents under attorney/client or work product privilege.  You mistakenly believe that she was a significant texter or emailer over the last several years.  That is not what I have observed  As for non-party Island Properties, Pat is not involved in the operations, nor has she been so over the last several years.  As with her cell phone, you have always been free to subpoena those records.  With respect to communications with Natalie, Tamara, and the others you have identified -- communications were verbal -- there is no email trail.

I will be sending Pat's response to your Defendant Wife's 3rd response momentarily.  I will get the verifications to you hopefully this week.  Rest assured that the answers will not change.

As for documents which I requested, you seem to believe that you can tit-for-tat withhold them.  You know that is improper, as was your piecemeal production, up till the day of your deposition.  When can I expect that production?

Rich


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.


On Monday, June 16, 2025 at 08:01:01 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:


Rich,
Following up on my email below.
I would like to meet and confer with you tomorrow regarding the matters set forth below.  We intend to seek various orders, sanctions, and evidentiary rulings if we are unable to resolve the various issues with plaintiff's discovery responses and production.

1

**EXHIBIT 4**

I will be at Dentons tomorrow at 1:00 pm so we can meet and confer there prior to the deposition.  Please confirm.  Thanks.
Mark Buckman
Sent by my Continuum Transfunctioner

Begin forwarded message:

> **From:** Mark Buckman <markfbuckman@sbcglobal.net>
> **Date:** June 14, 2025 at 9:13:10 AM HST
> **To:** Richard WIlson <rewilson_law@yahoo.com>
> **Cc:** "Ing, Louise K.Y." <louise.ing@dentons.com>, Jeni Buckman Buckman <jeni.buckman@gmail.com>, "Partelow, Tim" <tim.partelow@dentons.com>, markfbuckman@gmail.com
> **Subject: RE: Court Ordered Response and Production and Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1**
> **Reply-To:** markfbuckman@sbcglobal.net

Rich,

My email below omitted the attachment.  Attached are "+  All PWB Documents - Bates 1-164" and "PWB Document 165-248 (June 10, 2025)" which is the Entire, Complete Production of All Responsive Documents from Plaintiffs in this case in response to all Requests for Production.  Please write me asap if Plaintiffs produced any other documents, electronic records, etc. that are not part of the attached 248 pages of documents

Also, I wanted to follow up to schedule a meet and confer with you about (1) the issues identified in the email below, as well as other issues related to the court-ordered discovery responses and documents, (2) Jennifer's Third Request for Production of Documents, and (3) the responses to interrogatories..  Let's plan on sitting down this coming Monday before Steve Reese's deposition.  How about 9:10 at Denton's office?

Our concerns regarding the Third RPD include the delays in responding to the request (I still have not seen any response), the lack of any production, and your representation that you could not locate any responsive documents to the entire set of requests.  Presumably, neither plaintiff nor her litigation agent Natalie were able to locate  any responsive documents.  If that is so, then we need a response following the court's  order of what efforts were made to locate the documents and then a proper response.  We can also discuss why no responsive documents were found or produced.

As to the interrogatories, they lack facts and do not fairly respond to the questions posed, besides being unverified.  We can discuss further issues on Monday.

2

Finally, we understand that Natalie Pitre is assisting Patricia's her trust in this litigation and is thus Patricia's litigation assistant / agent with regard to this case and in responding to discovery and gathering documents, etc.  Please write me asap if this understanding is incorrect.  If so, please clarify Natalie's role.

Thank you for your attention to these matters.

Regards,

Mark F. Buckman

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Friday, June 13, 2025 7:43 PM
**To:** 'Richard WIlson'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman Buckman'; 'Partelow, Tim'
**Subject:** Court Ordered Response and Production and Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1

Hi Rich,

I'm writing to request that you and your client comply with the court's order regarding responding to RPOD 1 and RPOD 2 as well as produce all responsive documents by the court-imposed deadline of June 13.

Louise received a total 84 pages of documents, which I have Bates Stamped 165-248 and attach here so we are all on the same page with what documents were produced.  I understand those 84 pages to be the complete set of documents you have sent in response to the court order regarding RPOD 1 and RPOD 2.  Please correct me if I'm mistaken.

Unfortunately, the responses did not comply with the court order and appear to simply repeat the same type of responses that led to the motions in the first place.  In reviewing the responses, I noted the following discrepancies and ask that you correct them to be in compliance with the court ordered deadline of tomorrow, June 13

**Plaintiff's Responses Do Not Specify Diligent Efforts to Locate Documents, Not That There are No Responsive Documents in Her and Counsel's Possession, Custody, and Control**

3

Plaintiff's responses states numerous times "I have no such documents" and "Plaintiff is unaware of the existence of any responsive documents."  That seems like it is limited to Pat, herself, not having responsive documents.  Also, it's unclear what the difference is between these two responses.  For example, does the first response mean that plaintiff is aware of responsive documents and she, herself, does not have them?

However, the court order required that both Pat and you, as her lawyer look for documents and produce all such documents within your collective possession, custody, or control.  As the court stated, "Defendant argues that Plaintiff has been unclear as to which responsive documents are not in her possession, custody, or control.  Defendant also argues that neither Plaintiff nor Mr. Wilson have established that Plaintiff has made a diligent effort to search for responsive documents.  The Court agrees."

The court further stated that the, ". . . Court is not at all persuaded by Plaintiff's argument that although Plaintiff has 'moderate memory impairments' ECF No. 140 at 7, Defendant and the Court should accept Mr. Wilson's declaration that Plaintiff 'answered the interrogatories to the best of her ability, and has responded to the defense documents requests' ECF No. 140-1 at 3 ¶ 9.  Regardless of Plaintiff's mental capacities, Mr. Wilson cannot rely on Plaintiff's  alleged inability to reliably respond to discovery as a means to satisfy either Plaintiff's discovery obligations or his own under Rule 26(g)."

Thus, please provide a further supplemental response in line with the court's order clearly stating in response to each individual request (i) the diligent efforts made by you, Pat, and any of her other agents (like Natalie Pitre, if applicable) to locate the requested documents, and (ii) that all responsive documents in Pat Buckman's, (Natalie Pitre's), and/or Richard Wilson's possession, custody, or control have been produced.

**Plaintiff's Responses do Not State Whether Production is Complete Or Not**

The responses do not state whether plaintiff's production was complete or not (and I note that the 84 pages were provided *after* the response).

The court order addressed this issue: "There is no room for gamesmanship.  In responding to discovery requests, all parties must clearly state whether their production is complete and whether (and on what basis) they are withholding any responsive documents." The order also provides that "**For any production that is not yet complete, Plaintiff must indicate the date by which she will produce all responsive documents, which is to be no later than June 13, 2025.**"

Thus, please provide a further supplemental response in compliance with the court's order clearly stating in response to each individual request whether production is complete and whether (and on what basis) they are withholding any responsive documents."

**Plaintiff's Responses Do Not State that She / Her Counsel Are Withholding Responsive Documents**

Has Plaintiff withheld any responsive documents?  Below response # 37 of RPOD 1, it says "With respect to the foregoing, no documents have been withheld." However, it is unclear if that is  meant to apply to the whole set, 1-37, or just No. 37.   The response to RPOD does not contain such a statement.

In either case, the order states that, "For each and every document request in the First RPOD and Second RPOD, Plaintiff must state whether she is withholding any documents on the basis of any objections."

Thus, please provide a further supplemental response complying with the court's order by clearly stating in the response to each and every individual document request whether documents are being withheld or not withheld.

**No Privilege Log Provided**

4

We did not receive a privilege log, and understand that you / plaintiff have not asserted any privileges or objection.

However, the order states that, "If Plaintiff withholds documents, she must satisfy the requirements set forth in Federal Rule of Civil Procedure 26(b)(5)(A) and Local Rule 26.2(d).

Thus, to the extent any responsive documents have been withheld, please provide a supplemental response specifying each and every document request for which documents are withheld, and then providing the privilege log in compliance with the order and the FRCP.

If plaintiff has not withheld any responsive documents, please provide a statement along the lines of "plaintiff is not providing any privilege log or log of withheld documents under LR 26.2(d) simply because there are no responsive documents that have been withheld."

**Production of Documents**

Fifth, plaintiff responds to numerous categories (e.g., Nos. 6, 7, 10) "I have no such documents, but I believe that my attorney Steve Reece [sic] produced all of the documents requested."

Another example, states that "I have not retained any.  All documents were kept by my attorney Steve Reece."  A further example is "I have no such documents.  Island Properties may have retained records, but I do not know."

However, the court order specifically required that "Plaintiff must produce all responsive documents in her possession, custody, or control, regardless of whether Plaintiff believes Defendant may already have copies of the same document from other sources."

Pat owns or owned Island Properties, and it is run by her litigation agent Natalie Pitre, so those documents would be under Plaintiff's possession, custody or control, either directly, or through agent Natalie.

Moreover, the court further stated that, "Plaintiff must indicate the date by which she will produce all responsive documents, which is to be no later than June 13, 2025."

Thus, please provide all responsive documents by the court-imposed deadline of June 13, 2025.

Please email both Louise and me the updated responses and documents by the court-imposed deadline of June 13, 2025.

**Documents Not Organized by Responsive Category**

Some responses say, "There are no additional documents to be produced."

This is vague and doesn't specify what documents, if any, have been produced. Since we have Bates stamped every single document you / plaintiff has produced in this entire litigation, please identify which documents are responsive to which categories, as required under FRCP 34(b)(i) ("produce documents as they are kept in the usual course of business or … organize and label them to correspond to the categories in the request.). Otherwise, plaintiff's responses are vague and do not comply with you and your client's discovery obligations.

If there are additional documents to produce, please Bates stamp them so we can all keep track of what you / plaintiff has produced. As the court said, there is no room for gamesmanship, so it's best to not obscure what documents have been produced.

**No Efforts to Recover Texts and Other Items**

No efforts were made to recover plaintiff's texts. She cannot simply delete relevant documents that were made after this case was filed and then say, sorry, I deleted them, don't have them, etc.

Please undertake the required efforts to produce all texts and other responsive materials by the court-imposed deadline, including taking steps to recover them from the cloud or any other source.

Similarly, with respect to the third RPOD, which specifically sought electronic records, your email of earlier today said you could not locate any responsive documents. I have yet to see the response to that request (please email to me asap), but there are many sources to obtain such documents, and I believe that both you and plaintiff have the obligation to produce same. Let's discuss these issues on Monday to see if we can work them out without filing motion.

All that being said, hope you have a good weekend.

Mark

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Friday, June 13, 2025 12:23 PM
**To:** Mark Buckman
**Cc:** 'Ing, Louise K.Y.'
**Subject:** Re: Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1

Mark,

I just dropped off responses to interrogatories at Louise's office. Sorry, but the verification pages will have to come next week. As for the outstanding POD, there are no responsive documents which I could locate. I will send the formal response soon.

Rich

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation

On Friday, June 13, 2025 at 08:46:21 AM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Hi Rich,

    I'm following up as I did not receive the document responses from you.  Louise also said you were meeting with Pat yesterday to review and sign the interrogatory responses.  Could you please email me both of those items along with the verification of the earlier rog responses?  Thanks.

Mark

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Wednesday, June 11, 2025 12:14 PM
**To:** Mark Buckman
**Cc:** 'Ing, Louise K.Y.'
**Subject:** Re: Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1

Hey Mark -- I will have the doc responses to you folks today.  Pat has been a little under the weather so I have yet to finalize the interrogatory responses.  I dropped documents off to Louise on Monday.  As for your responses to my last requests, when should I expect them?  No rush, but would like them when you can.  Rich

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system Thank you for your cooperation.

On Tuesday, June 10, 2025 at 04:37:07 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

7

Rich,

I haven't received the discovery responses from you by email - don't have them in my spam filter.  Did you get a chance to email / serve the outstanding discovery responses?  If sent already, please re-send to me at this email address as well as markfbuckman@gmail.com.  Thanks

Mark

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Tuesday, June 10, 2025 2:20 AM
**To:** 'Richard WIlson'
**Cc:** 'Ing, Louise K.Y.'
**Subject:** RE: Please Email Discovery Responses + MFB's Responses to RFP # 3 and Interrogatories # 1

Hi Rich,

Perhaps you were busy and unable to respond to my emails yesterday and today.  In either case, I went ahead and responded to the late-served discovery so we can continue to move this matter forward.

I look forward to receiving your responses to the outstanding discovery and documents / electronic documents via email ASAP

Regards,

Mark F. Buckman

---

# From: Mark Buckman [mailto:markfbuckman@sbcglobal.net]

**Sent:** Monday, June 09, 2025 10:51 AM
**To:** 'Richard WIlson'
**Subject:** FW: Please Email Discovery Responses

Morning Rich,

Re-sending as I did not receive the requested reply and confirmation.

Mark

8