**From:** Richard WIlson <rewilson_law@yahoo.com>
**Subject: haha Jenn is still in full play**
**Date:** October 30, 2024 at 11:29:41 AM HST
**To:** Natalie Pitre <nataliebpitre@gmail.com>, Tamara Buchwald <tambuchwald@aol.com>
**Reply-To:** Richard WIlson <rewilson_law@yahoo.com>

Enjoy the read.


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments
may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or
copying of this email or any attachments by persons or entities other than the intended recipient
is prohibited. If you have received this email in error, please notify the sender immediately by
replying to the message and deleting this email and any attachments from your system. Thank
you for your cooperation.

**EXHIBIT 16**

N000821

Case 1:24-cv-00129-MWJS-KJM    Document 182-17    Filed 07/16/25    Page 2 of 5
PageID.3007
Case 1:24-cv-00129-MWJS-KJM    Document 82   Filed 10/30/24   Page 1 of 26  PageID.822

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, Individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK F. BUCKMAN Individually, and as TRUSTEE OF THE MARK F. BUCKMAN TRUST; MARK F. BUCKMAN TRUST; JENNIFER BUCKMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>Defendants. | Civil No. 24-00129 MWJS-KJM<br><br>ORDER DENYING DEFENDANT MARK F. BUCKMAN'S MOTION TO DISMISS, GRANTING IN PART AND DENYING IN PART DEFENDANT JENNIFER BUCKMAN'S MOTION TO DISMISS, DENYING PLAINTIFFS' MOTION TO DISMISS, AND STRIKING PARAGRAPH SIX OF THE SECOND AMENDED COUNTERCLAIM |

**INTRODUCTION**

Before the Court is a new round of motions to dismiss in this family's estate

dispute.  On one side of the suit is an ailing mother—Plaintiff Patricia W. Buckman—

and her revocable trust.  Plaintiffs allege that the mother's son and daughter-in-law

defrauded her out of one property and into a mortgage on another.  On the other side

are the son and his wife.  The son, Defendant Mark F. Buckman, has counter-sued for

N000795

Case 1:24-cv-00129-MWJS-KJM    Document 182-17    Filed 07/16/25    Page 3 of 5
PageID.3008
Case 1:24-cv-00129-MWJS-KJM    Document 82    Filed 10/30/24    Page 2 of 26    PageID.823

declaratory relief that he is the lawful owner of the first property and has a valid mortgage on the second.

In a prior order, the Court preserved Plaintiffs' claims against Mark,[1] but dismissed the complaint in part for failure to adequately state a claim against his wife, Defendant Jennifer Buckman.  Plaintiffs have now amended their complaint in hopes of curing the deficiencies of their claims against Jennifer.  In response to the amended complaint, Mark also amended his counterclaims—indeed, he expanded them to encompass not only declaratory relief, but also counter allegations of fraud, breach of contract, and breach of fiduciary duty regarding a separate property.

In three pending motions, Mark, Jennifer, and Plaintiffs have each moved to dismiss the claims and counterclaims against them.  For the reasons set forth below, the Court DENIES Mark's motion to dismiss and GRANTS IN PART AND DENIES IN PART Jennifer's motion to dismiss.  The Court also DENIES Plaintiffs' motion to dismiss the counterclaims, but it STRIKES certain allegations from them.

## BACKGROUND

**A.      Prior Dismissal of the Original Complaint**

Plaintiffs originally brought this suit in state court, and it was removed to this Court on diversity grounds.  *See* ECF No. 1.  Mark and Jennifer then moved to dismiss

---

[1]      For clarity, the Court generally will refer to members of the Buckman family by their first names.

N000796

Case 1:24-cv-00129-MWJS-KJM     Document 182-17     Filed 07/16/25     Page 4 of 5
PageID.3009
Case 1:24-cv-00129-MWJS-KJM   Document 82   Filed 10/30/24   Page 3 of 26   PageID.824

the original complaint against them, ECF Nos. 8 & 9, and the Court denied Mark's motion, but granted Jennifer's motion because the initial complaint failed to adequately state any claim for relief against her, ECF No. 24. Recognizing the possibility that Plaintiffs could cure the complaint's deficiencies even as to Jennifer, the Court granted leave to amend. *Id.* Plaintiffs took the Court up on that offer, *see* ECF No. 33 (First Am. Compl.), and then obtained leave to amend once more, *see* ECF No. 59 (granting motion for leave to amend). Currently before the Court is the Second Amended Complaint (SAC). ECF No. 61.

> **B.     The Second Amended Complaint's Factual Allegations**

The SAC repeats many of the factual allegations laid out in the original complaint, but with some revamping. The most essential of those allegations are repeated here and assumed to be true for purposes of the pending motions to dismiss. As alleged in the SAC, Patricia is an eighty-nine-year-old woman with three children: Mark and his two siblings, Natalie Pitre and Matt Buckman. *Id.* at PageID.572 (¶ 5). As part of her estate planning, Patricia placed some of her property into a revocable trust, including two homes located on a two-lot condominium, known as the "Front House" and the "Rear House." *Id.* (¶ 6). Patricia "never intended" for Mark to receive that property, as the two have been estranged since 2016. *Id.* at PageID.573 (¶¶ 7-8). Instead, the homes were to be passed down to Mark's brother, Matt, and Matt's son, Manoa. *Id.* (¶ 8).

N000797

Case 1:24-cv-00129-MWJS-KJM    Document 182-17    Filed 07/16/25    Page 5 of 5
PageID.3010
Case 1:24-cv-00129-MWJS-KJM    Document 82    Filed 10/30/24    Page 26 of 26  PageID.847

**D.       No Leave to Amend**

Further amendment would not cure the identified deficiencies, and so further

leave to amend is not warranted.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048,

1052 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the Court:

(1) DENIES Defendant Mark F. Buckman's motion to dismiss, ECF No. 37;

(2) GRANTS IN PART AND DENIES IN PART Defendant Jennifer Buckman's

motion to dismiss, ECF No. 70, namely, it GRANTS the motion as to the constructive

trust claim, and DENIES the motion in all other respects;

(3) DENIES Plaintiffs' motion to dismiss, ECF No. 60; and

(4) STRIKES paragraph six of the Second Amended Counterclaim, ECF No. 71.

Further leave to amend is not granted at this time.

IT IS SO ORDERED.

DATED:  October 30, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00129 MWJS-KJM, *Patricia W. Buckman*, et al. *v. Mark F. Buckman*, et al.;
ORDER DENYING DEFENDANT MARK F. BUCKMAN'S MOTION TO DISMISS,
GRANTING IN PART AND DENYING IN PART DEFENDANT JENNIFER
BUCKMAN'S MOTION TO DISMISS, DENYING PLAINTIFFS' MOTION TO DISMISS,
AND STRIKING PARAGRAPH SIX OF THE SECOND AMENDED COUNTERCLAIM

N000820