LOUISE K.Y. ING        2394
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email:  markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>    Plaintiffs,<br><br> v.<br><br>MARK F. BUCKMAN, ET. AL.<br><br>    Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>**DEFENDANTS'/COUNTERCLAIM-ANT'S OPPOSITION TO "PLAINTIFFS'" EX PARTE RULE 6(b) MOTION FOR EXTENSION OF TIME TO FILE RULE 25 SUBSTITUTION OF PARTIES**<br><br>**ECF #195**<br><br>Trial Date: Vacated<br>Judge: Hon. Micah Smith |

Defendant Jennifer Buckman and Defendant and Counterclaimant Mark Buckman, individually and as Trustee of the Mark F. Buckman Trust, hereby oppose the Motion filed by Richard Wilson and request that the Court:

1.      DENY the ex parte motion filed by "Plaintiffs'" counsel, since Mr. Wilson is neither a party or a party's representative and thus has no authority to make filings in this case;

2.      ORDER Richard Wilson to file a statement, under oath, clarifying his role and whom he represents, and in what capacity(ies);

3.      Enter an ORDER TO SHOW CAUSE, or otherwise ORDER, Natalie Pitre to inform the Court whether she or Tamara Buchwald intends to appear in these proceedings as Patricia's Personal Representative or Successor Trustee;

4.      Otherwise DENY the motion because it fails to demonstrate "excusable neglect" for failing to substitute the Plaintiff in a timely manner; and

5.      If inclined to dismiss Plaintiff's claims, then only do so WITH prejudice  and concurrently enter judgment in Mark Buckman's favor on his amended Counterclaim.

Opposing Parties provide support for their requests below.

1. **The Court should Deny Richard Wilson's Ex Parte Motion as His Client Has Died and He Is Neither a Party Nor a Party's Representative**

At this time, Mr. Wilson does not have a client.  While he alleges he represents "Patricia W. Buckman, Individually and as Trustee of the Patricia W. Buckman Revocable Trust,"(ECF 195), Mr. Wilson acknowledges that Patricia died on November 2, 2025 (which was noted on the record on November 17, 2025).  (ECF 194)

As a matter of law, Mr. Wilson's representation of Plaintiffs ended upon Patricia's death.  Rule 25(a)(1) provides that a motion for substitution may be made by any party or by the decedent's successor or representative.  However, Mr. Wilson is neither a party nor a party's representative.  *Woodson v. City of Richmond, Va.*, No. 3:13CV134, 2014 U.S. Dist. LEXIS 178906, 2014 WL 7462509, at *1 (E.D. Va. Dec. 31, 2014) [under Fed. R. Civ. P. 25(a) the deceased party's lawyer lacks authority to file motion for substitution because he is neither a party nor a representative or successor of the deceased party]; *De Los Reyes v. Walmart, Inc.*, No. 24-CV-1319 JLS (KSC), 2025 U.S. Dist. LEXIS 39854, at *1-2 (S.D. Cal. Mar. 5, 2025)[same]; *De Los Reyes v. Walmart, Inc.,* No. 24-CV-1319 JLS (KSC), 2025 U.S. Dist. LEXIS 62544, at *5-6 (S.D. Cal. Apr. 1, 2025).

Given Mr. Wilson's lack of authority, the Court should either strike or deny the motion he purportedly filed "on Plaintiffs' behalf."

**2.      The Court Should Order Richard Wilson To File A Sworn Statement Specifying Exactly Whom He Represents and In What Capacity(ies)**

Although an individual could have taken over as successor trustee of Patricia's 2025 trust without court action (such as Natalie Pitre or Tamara Buchwald), neither Mr. Wilson's motion nor his hearsay declaration claims that Natalie or Tamara has taken such action. Mr. Wilson does not indicate whether he is making his own decisions about what to do in this litigation, or whether another person(s) is or are giving him direction. Though Mr. Wilson does include his hearsay statement that Natalie is purportedly trying to retain probate counsel, and it appears that Mr. Wilson is in contact with Natalie, Natalie has not filed any pleadings with the Court (and thus there is no competent evidence of anything that Natalie may, or may not, be doing with respect to Plaintiff's Trust or Plaintiff's Estate).

Thus, it is unclear who is making the decisions on behalf of Plaintiff, and who might be directing Plaintiff's counsel, since Plaintiff's death.

4

As such, the Court should order Mr. Wilson to provide a sworn statement, similar to that required in ECF 133, specifying exactly who he represents, in what capacity(ies), and when those representation(s) began, specifically include whether and in what capacity(ies) he represents Natalie Pitre and/or Tamara Buchwald, the purported personal representative and successor trustee of Patricia Buckman and her trust.

3.   **The Court Should Enter an Order to Show Cause or other Order to Natalie Pitre to File A Sworn Statement Specifying Whether She or Tamara Buchwald are or Intend to Be the Personal Representative of Patricia's Estate or Successor Trustee of Patricia's 2025 Trust**

Since Natalie Pitre has refused to state whether she or Tamara Buchwald are or plan to be the Personal Representative or Successor Trustee of Patricia's will or trust, the Court should order Natalie Pitre, via OSC or otherwise, to inform the Court under oath whether she or Tamara Buchwald is or intends to be (1) the Personal Representative of Patricia, or, (2) the Successor Trustee of Patricia's trust.

**4.      The Court Should Further Deny The Motion Because The Motion Failed To Demonstrate "Excusable Neglect" For Failing To Substitute A Plaintiff**

As the Court is well aware, Plaintiff was living with Natalie, and Natalie and Mr. Wilson both represented to this Court that Natalie was serving as Plaintiff's "litigation assistant" and was Mr. Wilson's primary point of contact for this case.

Natalie notified Defendants of Plaintiff's November 2, 2025 death on November 4.  (Declaration of Mark F. Buckman)  Natalie did not file a Suggestion of Death, nor did Mr. Wilson file one on her behalf.  Instead, Defendants filed a Suggestion of Death on November 17, and the 90-day period for filing a Rule 25(a) Motion to Substitute would expire on February 15.

At the Court's discretion, the time for complying with Rule 25 by filing a Motion to Substitute may be extended under Rule 6(b)(1).  A request to extend time under Rule 6(b)(1) must either be based on good cause if filed before the "before the original time or its extension expires" (sub. A), or "on motion made after the time has expired if the party failed to act because of excusable neglect." (sub. B)

Here, as shown above, Mr. Wilson filed an ex parte motion before February 15 – but Mr. Wilson was only able to apparently meet the February 15 filing by his admitted and intentional violation of LR 7.8's meet and confer requirement.  (In

6

which he would have had to discuss who he represented and what efforts were taken to move forward with a substitution.)  If Mr. Wilson had complied with the Local Rule, his ex parte motion would have been filed outside of the 90-day window.  A party should not gain an advantage by violating a rule - as happened here.

As such, Mr. Wilson's request to enlarge time must be considered under the standard of excusable neglect.  Under that standard, the paucity of any facts or justification for delay demonstrates that no excusable neglect exists.

Indeed, Mr. Wilson and Ms. Pitre repeatedly ignored defense counsel's multiple, repeated inquiries about the representation of the Plaintiffs following her death, responding with "it'll be sorted out" or "we'll deal with it later" when asked who he represented or whether Natalie Pitre or Tamara Buchwald had or were assuming responsibilities with regard to this case.  (Buckman Declaration, passim, Exhibit 1)  Similarly, it is Messrs. Wilson, Bush, and Ms. Pitre who have failed to comment on the most recent settlement draft which was sent them back in November.  (Id.)

**5.**     **If the Court Dismisses Plaintiff's Amended Complaint, It Should Only do so With Prejudice and Concurrently Enter a Judgment in Mr. Buckman's Favor on his Amended Counter Claim**

In these circumstances, the Court has the discretion to dismiss Plaintiff's claims. Fed. R. Civ. Proc. 25. While Defendants are not advocating for a dismissal at this time, if the Court were to enter such a dismissal of Plaintiff's claims, it should only be entered with prejudice. This is because this matter was settled, with a Term Sheet that all signing parties concede is enforceable, prior to Patricia's passing. Further, Defendants and Counter Claimant have dispositive and sanctions motions pending against Plaintiff based on Plaintiff's admissions, testimony, and other discovery.

Moreover, if Plaintiff's action is dismissed, then the court should enter judgment in Mark Buckman's favor on his amended counter claim. "After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. FRCP 25(a)(2).

## Conclusion

Based on the foregoing, opposing parties respectfully request the Court

Deny the motion and instead order both Mr. Wilson and Ms. Pitre to forthwith file

sworn statements with the Court as set forth above.


Dated:  February 20, 2026.


           /s/ Mark F. Buckman
           MARK F. BUCKMAN

           Attorney for Defendant
           JENNIFER BUCKMAN