LOUISE K.Y. ING        2394
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Email:    louise.ing@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email:  markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST, <br><br>          Plaintiffs, <br><br>    v. <br><br> MARK F. BUCKMAN, ET. AL. <br><br>          Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM <br><br> **DECLARATION OF MARK F. BUCKMAN In OPPOSITION TO "PLAINTIFFS'" EX PARTE RULE 6(b) MOTION FOR EXTENSION OF TIME TO FILE RULE 25 SUBSTITUTION OF PARTIES; EXHIBIT 1** <br><br> ECF 195 <br><br> Trial Date: Vacated <br><br> Judge: Hon. Micah Smith |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1. I am an attorney licensed to practice law before this Court and I am co-counsel of record in this matter. I am also a Defendant and Counter Claimant in this matter. I am over the age of 18, and I have personal knowledge of the facts recited in this Declaration. If called as a witness in these proceedings, I could and would testify competently to these facts.

2. I have attached true and correct copies of certain emails between myself and Richard Wilson, Tom Bush, Natalie Pitre, Carl Pitre, and Tamara Buchwald collectively as Exhibit 1.

3. Jennifer and I want the settlement term sheet we signed with Patricia, Natalie, and Carl enforced.

4. Natalie testified that most communications in this case between Rich Wilson and my mom actually went through Natalie. Natalie also attended both MSCs in this matter.

5. In an email, Tom Bush informed me that Natalie was "a 'representative of the client' , that is, of her mother in this federal lawsuit as set forth in HRE Rule 503(a)(2) as one with 'authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client.'"

1

6.     Natalie is also named as the sole heir and second Personal Representative of my mother's 2025 Will and the second successor Trustee under my mother's 2025 Trust.  Tamara Buchwald is named as the first Personal Representative and successor Trustee under those documents, which we only obtained after the July MSC.

7.     On November 4, Natalie informed me our mom has passed.  (My mom lived at Natalie's house.)

8.     On November 7, Natalie texted me the following:

> Hi Mark,
> Now that Mom has died, we need to settle a few outstanding matters.
> I'd like to schedule a short call tomorrow with you and Tamara, <u>mom's successor trustee,</u> <u>to discuss the status of the settlement agreement —</u> <u>specifically whether you plan to sign it as written by Tom Bush</u> or if we need to consider next steps.
> What time tomorrow works best for you?

9.     On November 10, I texted a response to Natalie "It's better to communicate thru your lawyers."  On November 10, Natalie texted me as follows:

> Hi Mark,
> I saw your note suggesting communication through counsel. That's fine, and **<u>I'll loop Rich</u>** in. **<u>I'm still confirming, on the record, that the three-page</u>** **<u>handwritten agreement signed by all parties in the judge's chambers</u>** **<u>remains binding</u>**. Your 27-page version does not reflect those agreed terms, and your failure to finalize as ordered by the court is a violation of that order.
>
>      In addition, the ongoing criminal and violent activity at the property you hold title to continues to endanger neighbors and create serious liability for you as the titled owner. I've begun documenting incidents and police reports.

2

If I don't hear from you or your attorney by Wednesday at noon, **I'll move forward with counsel to have the court enforce the signed settlement or, if necessary, set the matter for trial.**"

10.     As Natalie said that Rich is her lawyer for these matters, and she was the one that informed me of my mom's passing, I don't understand any reason for further delay.  Further, a week after my mom's passing, Natalie was already insisting I either sign her preferred version of a settlement agreement, or she would move forward to enforce the agreement or set a trial.  I believe she meant that she would take those actions as my mom's personal representative or successor trustee.

11.     On November 12, I emailed Messrs. Wilson and Bush a revised settlement agreement.  Despite my asking them for comments numerous times, neither has provided comments.  (Exhibit 1)

12.     I followed up in November, December, January, and February to try to obtain comments, to no avail.  (Exhibit 1)

13.     On February 6, 2026, I called Messrs. Wilson and Bush, but as neither answered, I left them voice mails.  I also emailed them the same date, stating, in pertinent part:

> I'm again following up on the latest draft to the settlement agreement, which I emailed to you back on November 12 (see email below).

> I'm unsure of your concerns because I have not received any comments nor any substantive response to my other follow-up emails.

I just called both of you (at ~9:50 HST) to comply with LR 7.8 requirement to have a pre-filing conference in both Case 24-129 and Case 25-010 by discussing: motions to lift the stays, correct the EO in case 25-010, enforce the binding term sheet / settlement agreement in both cases, and related matters.

On a related matter, although the 2025 estate documents are subject to dispute, have either of you made any progress moving forward with the administration of my mom's estate or the handling of her 2025 trust? . . . Further, my note on the Front House is overdue, despite my honoring the 3-month extension beyond my mom's passing so that Natalie and Carl could have extra time to possibly refinance their house to pay off my loan. . . .

In either case, let's set up a Rule 7.8 pre-filing conference to see if we can resolve or at lease narrow the issues. I am available either today (pretty wide open, just need some advance notice), or Tuesday afternoon or almost any time on Wednesday. Please confirm which of those times work or propose alternate times so we can move forward. (Exhibit 1)

14. Unfortunately, neither Mr. Wilson nor Mr. Bush responded to my voice mails nor to my emails in a timely manner.

15. On February 10, Mr. Wilson emailed me that "I sent a draft based upon yours. See my October 21 2025 email. I do not believe you ever responded. If so, send it over."

16. The next day, I responded to Mr. Wilson's mistaken email:

Rich,

Thank you for responding. If you go back and look at the email chain, you will find that I did already respond to your draft / comments. My previous email (quoted below) explained that you commented on an outdated draft, not the then-current draft. Nonetheless, I took your comments, as well as Tom's comments, and integrated them into the then-current draft and updated things to reflect my mother's passing and related matters. I emailed you and Tom that draft back on November 12. Although

4

I have requested comments from both of you numerous times since then, I've received none.  Regardless, the most recent draft is attached again for your review, approval, and/or comment.

It's been 3 months since I first sent you the this draft, so please comment by the end of this week so we can move matters forward.  Also, please inform me who you represent, and in what capacity(ies); e.g., Natalie, Carl, Tamara, etc., individually or as purported trustee / executor?  (Tom, if you would also confirm who you represent and in what matter / capacity (e.g., Natalie & Carl with respect to the mortgage on the Front House?).)  Thanks.

Let's schedule a time to talk over any remaining issues and wrap things up. I propose this coming Monday at 11:00 HST.  (Exhibit 1)

17.    The next day, without responding or contacting me in any way, Mr. Wilson filed his ex parte motion.

18.    I have emailed Rich, Tom, Natalie, and Tamara numerous times in an attempt to determine whether Natalie or Tamara Buchwald are or plan to be the personal representative under my mom's 2025 will or the successor trustee under my Mom's 2025 trust.  They have steadfastly refused to confirm one way or the other, although Natalie still simply tells me to sign her settlement agreement, so it appears to me that she remains in charge.

19.    I also waited 90 days after my mother's passing for Natalie and Carl to pay off my Promissory Note / Mortgage on the Front House.  I also informed Messrs. Wilson and Bush about the extension - even though it was not put in writing in the Term Sheet - and included it in the draft settlement agreement.  Although I waited

this time period, Natalie and Carl have refused to pay and all four of them - Rich, Tom, Natalie, and Carl, have refused to respond to my inquiries about repayment.

20.     Despite Mr. Wilson's hearsay accusation, I did not threaten to sue Mr. Kanemitsu.

21.     Jennifer and I do Not want further delays in this case.  We were already complying with LR 7.8 in order to bring a motion to enforce settlement.  We are being harmed by the delay, including by having Matt continue to occupy the Back House, Natalie and Carl not pay my note on the Front House, and continuing to litigate what we believed was a settled case 7 months ago.

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed February 20, 2026 in Elk Grove, California.

 /s/ Mark F. Buckman
MARK F. BUCKMAN