**Mark Buckman**

| | |
|---|---|
| **From:** | Mark Buckman [markfbuckman@sbcglobal.net] |
| **Sent:** | Monday, January 12, 2026 2:50 PM |
| **To:** | 'Richard WIlson'; 'Thomas Bush' |
| **Cc:** | 'Ing, Louise K.Y.'; 'Jeni Buckman' |
| **Subject:** | Status Update Request - Request for Comments to Revised Settlement Agreement |

Rich and Tom,

I haven't heard from you folks in quite a while so I'm following up on the emails below.  FYI, I didn't receive any response to my December 6 email but I'm unsure why you've gone radio silent.

We really need to wrap up case 24-129 so I need your comments to the settlement agreement draft I sent back in November

What is the status of Natalie / Tamara handling my mom's estate and trust?  I'm assuming Rich has been retained to represent Patricia's estate and her trust, is that correct?

Natalie previously informed me that Tamara is the successor trustee of Patricia's trust, is that correct?

As Natalie is the real party in interest, we should move this matter forward now. Even under the settlement draft, the deadline to pay off the mortgage on the Front House is in less than a month.  Please note Natalie has not accepted this extension, so that the note is, by its terms, overdue and thus in default.  Does Natalie intend to pay off the note, or is she intending to sell the Front House?

I would appreciate an update regarding these matters along with your comments to the settlement agreement so we can finalize these matters.

Regards,


Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any

1

**EXHIBIT 1**

disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Saturday, December 06, 2025 8:59 PM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** FW: Revised Settlement Agreement

Rich and Tom,

I'm following up on the emails below.  What is the status?  Has anyone been hired to represent Patricia's estate or her trust?  Has anyone started acting as the successor trustee of her trust?  Please approve or provide comments to the settlement agreement so we can finalize these matters.

Regards,


Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Tuesday, November 18, 2025 11:43 AM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** FW: Revised Settlement Agreement

Good Morning Rich and Tom,

I am responding to Rich's email sent yesterday which included Ms. Yakimetz Buchwald and Ms. Pitre Buckman, and which stated:

"MarK, on November 13, I wrote: "MarK -- I sent you an edit of your draft.  I am not going to do it all over again."  So, please send me your comments.  We can deal with the trust/probate matters in due course.  Rich"

First, I have again requested Rich to stop spelling my name with a capital "K" at the end, that is petty and unprofessional.

Second, Rich, please inform immediately if and when are retained / hired to represent Patricia Buckman's estate or any successor trustee, such as Ms. Yakimetz Buchwald or Ms. Pitre Buckman.

Third, I am re-sending both of you the revised settlement agreement for review and comment.  Rich mistakenly commented on a superseded draft, so I used the updated draft, integrated Rich's and Tom's comments to the extent acceptable, updated things due to my mom's passing, and sent you folks a shorter, cleaner version. (Sending the document to Rich is of course contingent on his being retained to represent my mom's estate or a successor trustee to her trust.)

Tom, please approve my draft or provide comments so we can finalize issues with Natalie and Carl in their individual capacities.

Regards,


Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product. This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Wednesday, November 12, 2025 9:44 PM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** Revised Settlement Agreement

Rich and Tom,

3

I'm sure you must have heard that my mom passed about 10 days ago.  Sad event, hopefully we'll be able to move on from this family conflict and leave it in 2025.

Thank you both for your comments to the draft Settlement Agreement.  As the comments were to an earlier draft, not all of your comments were applicable, but I considered them to the extent that they did still apply.

I also tried to simplify things and shortened up the agreement by several pages. In doing so, I rejected all requests to add terms that are not consistent with the Term Sheet. I also revised the agreement to add the new successor trustee / personal representative for my mom's trust and estate.  I have attached the revised agreement along exhibits A, B, and C.

Regarding the scope of the additional terms that the parties to the Term Sheet contemplated would be addressed in the Settlement Agreement, attached is my hand-written list of the additional terms I discussed with Judge Mansfield at the MSC when we were drafting the Term Sheet (which was not yet signed at that point).  Consistent with my notes, I have included a provision to dismiss Suit II against Tamara Buchwald – as part of a package deal that also includes the other terms as reflected in my notes. I will not agree to dismiss Tamara without the additional terms that formed that package deal.

Tom, the language you proposed to change the previously agreed terms on the interest on the Promissory Note is not acceptable to us, nor is it what we agreed in the Term Sheet.

I have included 3 extra months after my mom's passing for Natalie and Carl to pay the Note, if they sign the Settlement Agreement.  (Please note that, according to its terms, the promissory note is already due, as my mom permanently moved out of the Front House over a year ago.  However, if Natalie and Carl sign the Settlement Agreement, this issue will resolve itself and they will have until February 2 to pay off the Note.)

There is also history on the proposed gift to Gabby and Ellie that you may not know, Tom.  At the MSC, Natalie and my mom represented that Natalie and Carl's girls were not getting anything from my mom's trust and estate, so that's why we offered to provide them $10,000 each from the Back House. This term was included in the Term Sheet.

However, at that time, we still had not been provided copies of my mom's January 2025 estate documents drafted by Frank Kanemitsu. These documents were required to be turned over to us by the Court's outstanding discovery order, and Rich had referred to them in court filings, but we did not get them until Judge Mansfield required Rich to produce them to us in August.  That is how, after the Term Sheet was signed, we learned that the  updated January 2025 trust documents name Natalie as the 100% beneficiary of my mom's trust as well as the sole heir of my mom's will.

Instead of challenging these concealed documents, or the facts related to them (including the facts my mom swore to in her declaration filed on July 7, 2025, 10 days

4

before the settlement conference), we just omitted the payments to Natalie's daughters from the Settlement Agreement - since they are already getting money from Tutu, through Natalie. For that reason, I included a clause in the previous draft of the Settlement Agreement stating, "Tutu Gift to Gabby and Ellie.  Patricia changed her trust in January 2025 to give all her assets to Natalie, or if Natalie passes before Patricia, two-thirds to Natalie's daughters Emmanuelle Pitre and Gabrielle Pitre." Rich struck that language from the draft.

So that is why I struck the Gabby and Ellie gift from Tutu from the Settlement Agreement, even though it appears in the Term Sheet. However, I am happy to talk further with you about this, Tom, if you want to discuss it; we might be able to find a different path forward.

I understand Natalie would like to get this done.  Please get back to me by next Wednesday, November 19 with your comments so we can try to finalize things.  Please feel free to call me in the meantime to discuss any concerns.

Regards,


Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

5

**Mark Buckman**

| | |
|---|---|
| **From:** | Mark Buckman [markfbuckman@sbcglobal.net] |
| **Sent:** | Friday, February 06, 2026 11:46 AM |
| **To:** | 'Natalie Pitre'; 'Natalie Pitre'; 'Carl T Pitre'; 'Carl Pitre' |
| **Cc:** | 'Thomas Bush'; 'Richard WIlson' |
| **Subject:** | Mortgage Due and Payable - Status? |

| | |
|---|---|
| **Categories:** | Red Category |

Good Morning Natalie and Carl,

I'm writing to follow up on my note and mortgage on the Front House.  Although I provided the agreed-upon 3-month extension beyond mom's passing, the note is now due and payable in full.  However, I have not received payment or any communication from you folks as to payoff.  I thought you folks were either going to obtain a loan to payoff my loan or sell the house.

As the loan is overdue, please update on status so we can get this matter resolved.  Thanks.

Mark

P.S.    I've included Tom Bush and Rich Wilson in case they represent you regarding the mortgage on the Fron House.  If so, please have them contact me directly to confirm same.

**Mark Buckman**

___

| | |
|---|---|
| **From:** | Mark Buckman [markfbuckman@sbcglobal.net] |
| **Sent:** | Friday, February 06, 2026 12:06 PM |
| **To:** | 'Mark Buckman'; 'Richard WIlson'; 'Thomas Bush' |
| **Cc:** | 'Ing, Louise K.Y.'; 'Jeni Buckman' |
| **Subject:** | RE: Revised Settlement Agreement |

Good Morning Rich and Tom,

I'm again following up on the latest draft to the settlement agreement, which I emailed to you back on November 12 (see email below).

I'm unsure of your concerns because I have not received any comments nor any substantive response to my other follow-up emails.

I just called both of you (at ~9:50 HST) to comply with LR 7.8 requirement to have a pre-filing conference in both Case 24-129 and Case 25-010 by discussing: motions to lift the stays, correct the EO in case 25-010, enforce the binding term sheet / settlement agreement in both cases, and related matters.

On a related matter, although the 2025 estate documents are subject to dispute, have either of you made any progress moving forward with the administration of my mom's estate or the handling of her 2025 trust? We really need to get this family dispute resolved. Further, my note on the Front House is overdue, despite my honoring the 3-month extension beyond my mom's passing so that Natalie and Carl could have extra time to possibly refinance their house to pay off my loan. Is there anything being done to take care of paying that off my loan on the Front House?

In either case, let's set up a Rule 7.8 pre-filing conference to see if we can resolve or at lease narrow the issues. I am available either today (pretty wide open, just need some advance notice), or Tuesday afternoon or almost any time on Wednesday. Please confirm which of those times work or propose alternate times so we can move forward.

Regards,


Mark F. Buckman


___

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Wednesday, November 12, 2025 9:44 PM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** Revised Settlement Agreement

Rich and Tom,

I'm sure you must have heard that my mom passed about 10 days ago. Sad event, hopefully we'll be able to move on from this family conflict and leave it in 2025.

Thank you both for your comments to the draft Settlement Agreement.  As the comments were to an earlier draft, not all of your comments were applicable, but I considered them to the extent that they did still apply.

I also tried to simplify things and shortened up the agreement by several pages. In doing so, I rejected all requests to add terms that are not consistent with the Term Sheet. I also revised the agreement to add the new successor trustee / personal representative for my mom's trust and estate.  I have attached the revised agreement along exhibits A, B, and C.

Regarding the scope of the additional terms that the parties to the Term Sheet contemplated would be addressed in the Settlement Agreement, attached is my hand-written list of the additional terms I discussed with Judge Mansfield at the MSC when we were drafting the Term Sheet (which was not yet signed at that point).  Consistent with my notes, I have included a provision to dismiss Suit II against Tamara Buchwald – as part of a package deal that also includes the other terms as reflected in my notes. I will not agree to dismiss Tamara without the additional terms that formed that package deal.

Tom, the language you proposed to change the previously agreed terms on the interest on the Promissory Note is not acceptable to us, nor is it what we agreed in the Term Sheet.

I have included 3 extra months after my mom's passing for Natalie and Carl to pay the Note, if they sign the Settlement Agreement.  (Please note that, according to its terms, the promissory note is already due, as my mom permanently moved out of the Front House over a year ago.  However, if Natalie and Carl sign the Settlement Agreement, this issue will resolve itself and they will have until February 2 to pay off the Note.)

There is also history on the proposed gift to Gabby and Ellie that you may not know, Tom.  At the MSC, Natalie and my mom represented that Natalie and Carl's girls were not getting anything from my mom's trust and estate, so that's why we offered to provide them $10,000 each from the Back House. This term was included in the Term Sheet.

However, at that time, we still had not been provided copies of my mom's January 2025 estate documents drafted by Frank Kanemitsu. These documents were required to be turned over to us by the Court's outstanding discovery order, and Rich had referred to them in court filings, but we did not get them until Judge Mansfield required Rich to produce them to us in August.  That is how, after the Term Sheet was signed, we learned that the  updated January 2025 trust documents name Natalie as the 100% beneficiary of my mom's trust as well as the sole heir of my mom's will.

Instead of challenging these concealed documents, or the facts related to them (including the facts my mom swore to in her declaration filed on July 7, 2025, 10 days before the settlement conference), we just omitted the payments to Natalie's daughters from the Settlement Agreement - since they are already getting money from Tutu,

2

through Natalie. For that reason, I included a clause in the previous draft of the Settlement Agreement stating, "Tutu Gift to Gabby and Ellie.  Patricia changed her trust in January 2025 to give all her assets to Natalie, or if Natalie passes before Patricia, two-thirds to Natalie's daughters Emmanuelle Pitre and Gabrielle Pitre." Rich struck that language from the draft.

So that is why I struck the Gabby and Ellie gift from Tutu from the Settlement Agreement, even though it appears in the Term Sheet. However, I am happy to talk further with you about this, Tom, if you want to discuss it; we might be able to find a different path forward.

I understand Natalie would like to get this done.  Please get back to me by next Wednesday, November 19 with your comments so we can try to finalize things.  Please feel free to call me in the meantime to discuss any concerns.

Regards,


Mark F. Buckman, Esq.
8359 Elk Grove Florin Rd
Suite 103 - 320
Sacramento, CA 95829
Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

**Mark Buckman**

| | |
|---|---|
| **From:** | Mark Buckman [markfbuckman@sbcglobal.net] |
| **Sent:** | Wednesday, February 11, 2026 4:04 PM |
| **To:** | 'Richard WIlson' |
| **Cc:** | 'Thomas Bush'; 'Ing, Louise K.Y.'; 'Jeni Buckman' |
| **Subject:** | RE: Revised Settlement Agreement |
| **Attachments:** | +  Settlement Agreement November 11.docx; 2  Settlement Term Sheet - Supplemental with Letters.pdf; Exhibit A - Back House Deed.pdf; Exhibit B - Promissory Note, ARNM, and Mortgage.pdf; Exhibit C - Term Sheet.pdf |

Rich,

     Thank you for responding.  If you go back and look at the email chain, you will find that I did already respond to your draft / comments.  My previous email (quoted below) explained that you commented on an outdated draft, not the then-current draft.  Nonetheless, I took your comments, as well as Tom's comments, and integrated them into the then-current draft and updated things to reflect my mother's passing and related matters.  I emailed you and Tom that draft back on November 12.  Although I have requested comments from both of you numerous times since then, I've received none.  Regardless, the most recent draft is attached again for your review, approval, and/or comment.

     It's been 3 months since I first sent you the this draft, so please comment by the end of this week so we can move matters forward.  Also, please inform me who you represent, and in what capacity(ies); e.g., Natalie, Carl, Tamara, etc., individually or as purported trustee / executor?  (Tom, if you would also confirm who you represent and in what matter / capacity (e.g., Natalie & Carl with respect to the mortgage on the Front House?).)  Thanks.

     Let's schedule a time to talk over any remaining issues and wrap things up. I propose this coming Monday at 11:00 HST.

Regards,

Mark F. Buckman

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Tuesday, February 10, 2026 10:45 AM
**To:** 'Mark Buckman'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** Re: Revised Settlement Agreement

Mark,

I sent a draft based upon yours.  See my October 21 2025 email.  I do not believe you ever responded.  If so, send it over.

Rich

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE: The information contained in this email and any attachments may be privileged, confidential and protected from disclosure. Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Friday, February 6, 2026 at 10:05:48 AM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Good Morning Rich and Tom,

I'm again following up on the latest draft to the settlement agreement, which I emailed to you back on November 12 (see email below).

I'm unsure of your concerns because I have not received any comments nor any substantive response to my other follow-up emails.

I just called both of you (at ~9:50 HST) to comply with LR 7.8 requirement to have a pre-filing conference in both Case 24-129 and Case 25-010 by discussing: motions to lift the stays, correct the EO in case 25-010, enforce the binding term sheet / settlement agreement in both cases, and related matters.

On a related matter, although the 2025 estate documents are subject to dispute, have either of you made any progress moving forward with the administration of my mom's estate or the handling of her 2025 trust? We really need to get this family dispute resolved. Further, my note on the Front House is overdue, despite my honoring the 3-month extension beyond my mom's passing so that Natalie and Carl could have extra time to possibly refinance their house to pay off my loan. Is there anything being done to take care of paying that off my loan on the Front House?

In either case, let's set up a Rule 7.8 pre-filing conference to see if we can resolve or at lease narrow the issues. I am available either today (pretty wide open, just need some advance notice), or Tuesday afternoon or almost any time on Wednesday. Please confirm which of those times work or propose alternate times so we can move forward.

 Regards,

 Mark F. Buckman

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Wednesday, November 12, 2025 9:44 PM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** Revised Settlement Agreement

Rich and Tom,

I'm sure you must have heard that my mom passed about 10 days ago. Sad event, hopefully we'll be able to move on from this family conflict and leave it in 2025.

2

Thank you both for your comments to the draft Settlement Agreement.  As the comments were to an earlier draft, not all of your comments were applicable, but I considered them to the extent that they did still apply.

I also tried to simplify things and shortened up the agreement by several pages. In doing so, I rejected all requests to add terms that are not consistent with the Term Sheet. I also revised the agreement to add the new successor trustee / personal representative for my mom's trust and estate.  I have attached the revised agreement along exhibits A, B, and C.

Regarding the scope of the additional terms that the parties to the Term Sheet contemplated would be addressed in the Settlement Agreement, attached is my hand-written list of the additional terms I discussed with Judge Mansfield at the MSC when we were drafting the Term Sheet (which was not yet signed at that point). Consistent with my notes, I have included a provision to dismiss Suit II against Tamara Buchwald – as part of a package deal that also includes the other terms as reflected in my notes. I will not agree to dismiss Tamara without the additional terms that formed that package deal.

Tom, the language you proposed to change the previously agreed terms on the interest on the Promissory Note is not acceptable to us, nor is it what we agreed in the Term Sheet.

I have included 3 extra months after my mom's passing for Natalie and Carl to pay the Note, if they sign the Settlement Agreement.  (Please note that, according to its terms, the promissory note is already due, as my mom permanently moved out of the Front House over a year ago.  However, if Natalie and Carl sign the Settlement Agreement, this issue will resolve itself and they will have until February 2 to pay off the Note.)

There is also history on the proposed gift to Gabby and Ellie that you may not know, Tom.  At the MSC, Natalie and my mom represented that Natalie and Carl's girls were not getting anything from my mom's trust and estate, so that's why we offered to provide them $10,000 each from the Back House. This term was included in the Term Sheet.

However, at that time, we still had not been provided copies of my mom's January 2025 estate documents drafted by Frank Kanemitsu. These documents were required to be turned over to us by the Court's outstanding discovery order, and Rich had referred to them in court filings, but we did not get them until Judge Mansfield required Rich to produce them to us in August.  That is how, after the Term Sheet was signed, we learned that the  updated January 2025 trust documents name Natalie as the 100% beneficiary of my mom's trust as well as the sole heir of my mom's will.

Instead of challenging these concealed documents, or the facts related to them (including the facts my mom swore to in her declaration filed on July 7, 2025, 10 days before the settlement conference), we just omitted the payments to Natalie's daughters from the Settlement Agreement - since they are already getting money from Tutu, through Natalie. For that reason, I included a clause in the previous draft of the Settlement Agreement stating, "Tutu Gift to Gabby and Ellie.  Patricia changed her trust in January 2025 to give all her assets to Natalie, or if Natalie passes before Patricia, two-thirds to Natalie's daughters Emmanuelle Pitre and Gabrielle Pitre." Rich struck that language from the draft.

So that is why I struck the Gabby and Ellie gift from Tutu from the Settlement Agreement, even though it appears in the Term Sheet. However, I am happy to talk further with you about this, Tom, if you want to discuss it; we might be able to find a different path forward.

I understand Natalie would like to get this done.  Please get back to me by next Wednesday, November 19 with your comments so we can try to finalize things.  Please feel free to call me in the meantime to discuss any concerns.

Regards,

Mark F. Buckman, Esq.

8359 Elk Grove Florin Rd

Suite 103 - 320

Sacramento, CA 95829

Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged. They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300. Thank you.

**Mark Buckman**

---

| From: | Mark Buckman [markfbuckman@sbcglobal.net] |
|---|---|
| Sent: | Monday, February 16, 2026 10:54 AM |
| To: | 'Natalie Pitre'; 'Natalie Pitre'; 'Carl T Pitre'; 'Carl Pitre' |
| Cc: | 'Thomas Bush'; 'Richard WIlson'; 'Tamara' |
| Subject: | RE: Mortgage Due and Payable - Status? |

Good Morning Natalie and Carl,

I'm writing to follow up again on my email below regarding my note and mortgage on the Front House. Although I provided the agreed-upon 3-month extension beyond mom's passing, the note is now due and payable in full. However, I have not received payment or any communication from you folks as to payoff. I thought you folks were either going to obtain a loan to payoff my loan or sell the house.

Are you in the process of obtaining a refinance to payoff this loan and, if so, when do you expect to pay it off? Unfortunately, if I don't hear from you, I will have to take action to collect. As it would be better to avoid that, please update me ASAP. Thanks.

Mark

P.S.    I've also included Tamara Buchwald in case she is acting as the trustee of mom's trust (which I would dispute) as the debt must be paid in either case. I've included Tom Bush and Rich Wilson in case they represent you regarding the mortgage on the Front House. If so, please have them contact me directly to confirm same.

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Friday, February 06, 2026 11:46 AM
**To:** 'Natalie Pitre'; 'Natalie Pitre'; 'Carl T Pitre'; 'Carl Pitre'
**Cc:** 'Thomas Bush'; 'Richard WIlson'
**Subject:** Mortgage Due and Payable - Status?

Good Morning Natalie and Carl,

I'm writing to follow up on my note and mortgage on the Front House. Although I provided the agreed-upon 3-month extension beyond mom's passing, the note is now due and payable in full. However, I have not received payment or any communication from you folks as to payoff. I thought you folks were either going to obtain a loan to payoff my loan or sell the house.

As the loan is overdue, please update on status so we can get this matter resolved. Thanks.

Mark

P.S.    I've included Tom Bush and Rich Wilson in case they represent you regarding the mortgage on the Fron House. If so, please have them contact me directly to confirm same.

1

**Mark Buckman**

| | |
|---|---|
| **From:** | Natalie Pitre [nataliebpitre@gmail.com] |
| **Sent:** | Monday, February 16, 2026 6:29 PM |
| **To:** | markfbuckman@sbcglobal.net |
| **Cc:** | Natalie Pitre; Richard WIlson; Tamara |
| **Subject:** | Re: Note |

Mark,

Your email is noted.

There is an outstanding Settlement Agreement awaiting your signature. Until that agreement is executed, no further issues will be addressed or discussed on a piecemeal basis.

Sign and return the Settlement Agreement so the parties can proceed accordingly.

Natalie
Sent from my iPhone

On Feb 16, 2026, at 8:55 AM, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Good Morning Natalie and Carl,

I'm writing to follow up again on my email below regarding my note and mortgage on the Front House. Although I provided the agreed-upon 3-month extension beyond mom's passing, the note is now due and payable in full. However, I have not received payment or any communication from you folks as to payoff. I thought you folks were either going to obtain a loan to payoff my loan or sell the house.

Are you in the process of obtaining a refinance to payoff this loan and, if so, when do you expect to pay it off? Unfortunately, if I don't hear from you, I will have to take action to collect. As it would be better to avoid that, please update me ASAP. Thanks

Mark

P.S.    I've also included Tamara Buchwald in case she is acting as the trustee of mom's trust (which I would dispute) as the debt must be paid in either case. I've included Tom Bush and Rich Wilson in case they represent you regarding the mortgage on the Front House. If so, please have them contact me directly to confirm same.

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Friday, February 06, 2026 11:46 AM
**To:** 'Natalie Pitre'; 'Natalie Pitre'; 'Carl T Pitre'; 'Carl Pitre'
**Cc:** 'Thomas Bush'; 'Richard WIlson'
**Subject:** Mortgage Due and Payable - Status?

1

Good Morning Natalie and Carl,

I'm writing to follow up on my note and mortgage on the Front House.  Although I provided the agreed-upon 3-month extension beyond mom's passing, the note is now due and payable in full.  However, I have not received payment or any communication from you folks as to payoff.  I thought you folks were either going to obtain a loan to payoff my loan or sell the house.

As the loan is overdue, please update on status so we can get this matter resolved.  Thanks.

Mark

P.S.    I've included Tom Bush and Rich Wilson in case they represent you regarding the mortgage on the Fron House.  If so, please have them contact me directly to confirm same.

2