# Last Will and Testament
## Of
## Patricia W. Buckman

I, **Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman, Patricia Whitaker Buckman, Patricia L. W. Buckman, and Patricia Buckman, currently domiciled in the State of Hawaii, being of sound and disposing mind and memory, hereby declare this to be my Last Will and Testament and revoke all Wills or Codicils heretofore made by me:

**First**:        I direct my Personal Representative to pay all my debts, funeral and administrative expenses, and expenses necessary to effect the transfer and delivery to all devisees at their residences of all devises made in this Will and any Codicil hereto.

**Second**:        I direct my Personal Representative to pay out of my residuary estate all state or federal transfer taxes, penalties, and interest (other than taxes imposed by Chapter 13 of the Internal Revenue Code of 1986, as amended to my date of death [hereinafter the "Code"]) that may be payable with respect to my estate, including taxes on all insurance policies payable at my death, on jointly-owned property, and on all specific legacies, devises, and bequests made in this Will and any Codicil hereto, and I hereby waive on behalf of my estate any right to recover from any person any part of such taxes so paid.

Notwithstanding the foregoing, if any part of my gross estate for tax purposes consists of property, the value of which is includable in my gross estate by reason of Section 2041 or Section 2044 of the Code, I direct my Personal Representative to recover from any person receiving such property the amount of federal estate tax payable by my estate that is attributable to such property, as provided by Section 2207 or Section 2207A, whichever is applicable, of the Code.

My revocable living trust agreement provides that my trustee pay directly the aforesaid taxes and expenses or pay to my Personal Representative such amount as my Personal Representative certifies to be necessary or advisable for the payment of the aforesaid taxes and expenses, and I direct my Personal Representative to deliver an appropriate certificate to my trustee within three years after the date of my death.

**Third**:        I am not married. I have three (3) children, who are **Matthew Bruce Buckman**, **Mark Frank Buckman**, and **Natalie Buckman Pitre.** I have no other children, living or deceased.

**Fourth**:        I give all my tangible personal property of whatever description and wherever situated (including all insurance policies pertaining to any such property),

BUC02/1/60100

*P. W. B.*

**EXHIBIT 4**

except for any such property used in my trade or business and any such property otherwise specifically disposed of by this will, to my daughter, **Natalie Buckman Pitre**, or if she shall not survive me, to her issue per stirpes, or if any of them is a minor at the time of my death or if they are unable to agree on such division, as my Personal Representative shall determine in my Personal Representative's absolute discretion.  In making such a determination, my Personal Representative shall take into consideration, but shall not be bound by, the desires of each child.  If there is no one qualified to take under this Article, then all of such tangible personal property shall be distributed as a portion of my residuary estate.

**Fifth**:    I hereby do not exercise any powers of appointment that I may have over any property or interests therein.

**Sixth**:    I give all the remainder of my estate and any property over which I may possess any power of appointment by Will or otherwise, (herein my "residuary estate") to the trustee then acting under that certain Trust Agreement dated July 25, 2019, heretofore executed by me as settlor, as may be amended from time to time, to be added to and be and become a part of the trust estate created thereby and to be held, administered, and distributed under such Agreement as may be amended by me prior to my death. I direct that such trust shall not be administered under court supervision, control, or accounting, and the trustee shall not be required to give bond in such capacity.

**Seventh**:    If at any time the foregoing provisions do not provide persons qualified to take all or any portion of my residuary estate, then said property shall be distributed to those persons who would constitute my heirs-at-law as then determined under, and in the proportions then provided by, the laws of the State of Hawaii at the date of my death relating to descent and distribution of property.

**Eighth**:    As used herein, the words "child" and "children" include persons who have been or are in the future legally adopted by or born to me, but do not mean or include grandchildren or more remote descendants.  The word "descendants" includes natural and adopted lineal descendants of whatever degree. "Per stirpes" means in equal shares as necessary to distribute or allocate one share to each then living child of a person and to provide one share collectively for the then living descendants of each child of such person who is then deceased leaving one or more descendants then living with each share provided for the descendants of a deceased child of such person to be distributed or divided and allocated in the same manner.

**Ninth**:    If any devisee or appointee under this Will is not living 30 days after my death, he or she shall be deemed to have predeceased me.

**Tenth**:    In the event that it is determined by clear and convincing evidence that I am unable to manage my property and business affairs, then I appoint **Natalie Buckman Pitre** as my conservator, without bond. If **Natalie Buckman Pitre** is, at

BUC02/1/60100

*P. W. B.*

any time or for any reason, unable or unwilling to serve as my conservator, then I appoint **Carl Thomas Pitre** as my successor conservator, to serve as such conservator, without bond.

**Eleventh**:    If it becomes necessary or advisable to sell any of my real property, I authorize and empower my Personal Representative to sell and convert into cash such real property belonging to my estate; I direct that such sale and conversion may be made at public or private sale without the approval, consent, or authority of any court or courts; I authorize my Personal Representative to deliver such deeds, bills of sale, and other instruments of conveyance as may be necessary to carry any sale into effect; I direct that no purchaser shall be required to see to the application of the purchase money; my Personal Representative may give good and valid receipts, releases, and discharges therefor; and my Personal Representative shall have full discretion as to the time or times, terms, and manner of any such sale or sales.

**Twelfth**:    If the appointment of a Personal Representative of my estate is necessary or desirable in any jurisdiction in which no Personal Representative of mine is able and willing to act, I appoint as my Personal Representative in that jurisdiction such person as may be designated in an instrument signed by my domiciliary Personal Representative, to act without bond, and to have all powers and discretion with respect to my estate in that jurisdiction during administration that my domiciliary Personal Representative is given with respect to the balance of my estate (including the power to sell real or personal property at public or private sale, for any purpose, and to hold title to property in the name of a nominee), to be exercised without court order.

**Thirteenth**:   My Personal Representative may exercise all powers that an absolute owner would have and any other powers appropriate to achieve the proper investment, management, and distribution of: (1) any kind of computing device of mine; (2) any kind of data storage device or medium of mine; (3) any electronically stored information of mine; (4) any user account of mine; and (5) any domain name of mine.  My Personal Representative may obtain copies of any electronically stored information of mine from any individual or entity that possesses, custodies, or controls that information.   I hereby authorize any individual or entity that possesses, custodies, or controls any electronically stored information of mine or that provides to me an electronic communication service or remote computing service, whether public or private, to divulge to my Personal Representative: (1) any electronically stored information of mine; (2) the contents of any communication that is in electronic storage by that service or that is carried or maintained on that service; and (3) any record or other information pertaining to me with respect to that service.  This authorization is to be construed to be my lawful consent under the Revised Uniform Fiduciary Access to Digital Assets Act; the Electronic Communications Privacy Act of 1986, as amended; the Computer Fraud and Abuse Act of 1986, as amended; and any other applicable federal or state data privacy law or criminal law.   My Personal Representative may employ any consultants or agents to advise or assist my Personal Representative in decrypting any encrypted electronically stored information of mine or in

BUC02/1/60100

*P. W. Buckman*

STATE OF HAWAII                              )
                                            )  SS
CITY AND COUNTY OF HONOLULU                 )


   We, **Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman, Patricia Whitaker Buckman, Patricia L. W. Buckman, and Patricia Buckman, **Joy Lind**, and **Natalie Pitre**, the testatrix and the witnesses, respectively, whose names are signed to the foregoing instrument, being first duly sworn, declare to the undersigned authority that: the testatrix signed and executed the instrument as her last will; she signed willingly; she executed her last will as her free and voluntary act for the purposes therein expressed; each of the witnesses, in the presence and hearing of the testatrix, signed the will as witness; and that to the best of the witnesses' knowledge, the testatrix was at that time eighteen or more years of age, of sound mind, and under no constraint or undue influence.


_Patricia W. Buckman_
**Patricia W. Buckman**, Testatrix


_____
Witness


_____
Witness


STATE OF HAWAII                              )
                                            )  SS
CITY AND COUNTY OF HONOLULU                 )


   This *Last Will and Testament of Patricia W. Buckman*, dated January 9, 2025, consisting of 5 pages, was subscribed, sworn to, and acknowledged before me by **Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman, Patricia Whitaker Buckman, Patricia L. W. Buckman, and Patricia Buckman, the testatrix, and subscribed and sworn to before me by **Joy Lind** and **Natalie Pitre**, witnesses, on this 9th day of January, 2025.




_____
Frank T. Kanemitsu, Notary Public
First Circuit, State of Hawaii
My Commission Expires: January 6, 2027

bypassing, resetting, or recovering any password or other kind of authentication or authorization, and I hereby authorize my Personal Representative to take any of these actions to access: (1) any kind of computing device of mine; (2) any kind of data storage device or medium of mine; (3) any electronically stored information of mine; and (4) any user account of mine.  The terms used in this paragraph are to be construed as broadly as possible, and the term "user account" includes without limitation an established relationship between a user and a computing device or between a user and a provider of Internet or other network access, electronic communication services, or remote computing services, whether public or private.

        **Fourteenth**:  I appoint **Tamara Yakimetz Buchwald** to serve as my Personal Representative, without bond.  If **Tamara Yakimetz Buchwald** for any reason fails to qualify or ceases to act, then I appoint **Natalie Buckman Pitre** to serve as my Personal Representative, without bond.

        IN WITNESS WHEREOF, I have hereunto and to the three (3) preceding pages hereof set my hand at Honolulu, Hawaii, this 9th day of January, 2025.


*Patricia W. Buckman*

**Patricia W. Buckman**


        Signed, published, and declared by the said testatrix, as and for her Last Will and Testament, in the presence of us, all being present at the same time, who at her request, in her presence, and in the presence of each other have hereunto signed our names as witnesses on the date above written, and we certify that the said testatrix is in our opinion and belief of sound and disposing mind and memory.


BUC02/1/60100