# Third Amendment to the
# Patricia W. Buckman Revocable Trust

This Third Amendment to the Patricia W. Buckman Revocable Trust is made and entered into at Honolulu, Hawaii, by and between **Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman and Patricia Whitaker Buckman, hereinafter referred to as the "Grantor" and **Patricia W. Buckman**, as "Trustee".

## WITNESSETH:

WHEREAS, the Grantor executed a revocable living trust on July 25, 2019, known as the "Patricia W. Buckman Revocable Trust", with Patricia W. Buckman as Trustee, under which there was created a revocable living trust which has ever since continued and is now in effect; and

WHEREAS, the Grantor reserved the power to amend, change or alter and revoke said trust agreement under paragraphs 2.03 and 2.04 Article II thereof; and

WHEREAS, the Grantor amended and restated the Trust by instrument dated September 7, 2022; and

WHEREAS, the Grantor further amended the Trust by instrument dated August 10, 2023; and

WHEREAS, the Grantor desires to further amend said trust agreement.

NOW, THEREFORE, the Grantor does hereby alter and amend said trust agreement dated July 25, 2019, in the following particulars.

IT IS ACCORDINGLY AGREED by and between the Grantor and the Trustee that said trust agreement, is hereby amended as follows:

1.     Paragraph 1.02. or Article I is amended in its entirety to read as follows:

"**1.02. Trustee**.

The Initial Trustee of this Trust is **Patricia W. Buckman**, and all references herein to "the Trustee" shall be to said **Patricia W. Buckman** as long as said person serves as Trustee, and during such time said person alone shall have all the powers granted to the Trustee herein.  In the event that **Patricia W. Buckman** dies, resigns or becomes incapacitated, **Tamara Yakimetz Buchwald** shall serve as Trustee.   In the event that **Tamara Yakimetz Buchwald** dies, resigns or becomes incapacitated, **Natalie**

BUC02/1/60101

**EXHIBIT 5**

**Buckman Pitre** shall serve as Trustee. Any Trustee appointed hereunder shall become Trustee without court order or other action other than the delivery of written notice to the beneficiaries hereunder."

2.    Paragraph 5.01 or Article V is amended in its entirety to read as follows:

"**5.01. Disposition of Trust Property Upon Death of Grantor**.

Upon the death of the Grantor, the Trustee shall distribute all the trust property, together with any unpaid income, outright and free from any trust to Natalie Buckman Pitre. If Natalie Buckman Pitre does not survive the Grantor, the Trustee shall then divide the trust property, equal in value, one (1) each for Emanuelle Marigold Pitre, Gabrielle Jasmine Pitre, and Duke Manoa Buckman, hereinafter referred to collectively as "grandchildren" or in the singular as "grandchild." The Trustee shall distribute the trust property to said grandchildren as set forth in paragraph 5.02. hereinbelow."

3.    Paragraph 5.02 or Article V is amended in its entirety to read as follows:

"**5.02. Grandchildren's Trust**.

Each separate trust set aside for a living grandchild of the grantor, as set forth in paragraph 5.01 hereinabove, shall be held and disposed of as follows:

**(A)  Income and Principal**.

The Trustee shall pay all the net income of said grandchild's trust to said grandchild in convenient installments at least as often as quarter-annually. Whenever the Trustee determines that the income of any grandchild of the grantor from all sources known to the Trustee is not sufficient for said grandchild's health, education, maintenance, and support, the Trustee may pay to said grandchild or use for said grandchild's benefit, so much of the principal of said grandchild's trust as the Trustee determines to be required for those purposes.

The term "health" as used throughout this Article V shall include medical, dental, hospital and nursing expenses as well as expenses of invalidism. The term "education" as used throughout this Article V shall include, but not be limited to,

BUC02/1/60101

2

elementary, intermediate, secondary, undergraduate, graduate, postgraduate, college, university, technical or trade schools, and private lessons in musical instruments and the arts, and whether directed toward the attainment of a specific degree or not, except as otherwise provided herein. It is the grantor's desire that, insofar as the descendants of the grantor are concerned, each be enabled to obtain the highest education to which he or she is capable, and that the Trustee liberally exercise its power under this provision to provide for him or her all of the reasonable costs of tuition, books, supplies, room, board and living expenses at a suitable educational institution, where appropriate. In making any distributions, the Trustee may take into consideration all other funds available to such beneficiaries for such purposes.

(B) **Termination of the Trust for the Benefit of Grantor's Grandchild**.

After the grantor's grandchild shall have reached the age of twenty-five (25) years, the Trustee shall distribute to the grantor's grandchild such portion or all of the principal of said grandchild's separate trust as such grandchild from time to time requests by signed instrument delivered to the Trustee during said grandchild's life.

(C) **Distribution if Grandchild Dies Before Trust Terminates**.

Should grantor's grandchild die before becoming entitled to receive distribution of the entire share set aside for said grandchild, such share or its undistributed remainder, including all accumulated undistributed income, shall be held for and distributed, to said grandchild's then living issue, such issue taking per stirpes, or should no such issue then be living, such share shall go to augment equally the shares then held for the benefit of, and those previously distributed to, the other of the grantor's grandchild."

3.     Paragraph 5.03 or Article V is amended in its entirety to read as follows:

"**5.03. Contingent Beneficiaries**.

If no descendants of the grantor survives the grantor, or if any descendant of the grantor dies before becoming entitled to receive distribution of the entire trust set aside for him or her, and if there are no other descendants of the grantor then surviving, then in such

BUC02/1/60101

3

event the Trustee shall distribute the trust property, outright and free of all trusts to Carl Thomas Pitre."

4.      A new paragraph 5.04 or Article V is added to read as follows:

**"5.04. Mark F. Buckman and Matthew B. Buckman.**

The Grantor acknowledges her children Mark Frank Buckman and Matthew Bruce Buckman and intentionally fails to provide for them."

5.      In all other respects, the remaining provisions of the Patricia W. Buckman Revocable Trust as amended and restated on September 7, 2022 and further amended on August 10, 2023, are hereby ratified, confirmed and republished.

Subject to the terms and conditions of this Amendment, the trust and trust estate first created by and under the provisions of the above-mentioned trust agreement of Patricia W. Buckman, also known as Patricia Lou Whitaker Buckman and Patricia Whitaker Buckman, dated July 25, 2019, as amended and restated on September 7, 2022 and further amended on August 10, 2023, shall in all other respects continue in full force and effect.

The Grantor and Trustee have executed this Instrument for the purpose of evidencing their acceptance of the amendment to trust created by this Instrument at Honolulu, Hawaii, this 9th day of January, 2025.

*Patricia W. Buckman*

**Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman and Patricia Whitaker Buckman

Grantor

*Patricia W. Buckman*

**Patricia W. Buckman**

Trustee

BUC02/1/60101

4

STATE OF HAWAII      )
                                  )   SS

CITY AND COUNTY OF HONOLULU    )

On this 9th day of January, 2025, before me personally appeared **Patricia W. Buckman**, also known as Patricia Lou Whitaker Buckman and Patricia Whitaker Buckman, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the *Third Amendment to the Patricia W. Buckman Revocable Trust*, consisting of 5 pages, dated January 9, 2025, as the free act and deed of such person, and if applicable, in the capacity shown having been duly authorized to execute such instrument in such capacity.



Frank T. Kanemitsu, Notary Public
First Circuit, State of Hawaii
My Commission Expires: January 6, 2027

STATE OF HAWAII      )
                                  )   SS

CITY AND COUNTY OF HONOLULU    )

On this 9th day of January, 2025, before me personally appeared **Patricia W. Buckman, Trustee of the Patricia W. Buckman Revocable Trust**, dated July 25, 2019, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the *Third Amendment to the Patricia W. Buckman Revocable Trust*, consisting of 5 pages, dated January 9, 2025, as the free act and deed of such person, and if applicable, in the capacity shown having been duly authorized to execute such instrument in such capacity.



Frank T. Kanemitsu, Notary Public
First Circuit, State of Hawaii
My Commission Expires: January 6, 2027

BUC02/1/60101

5