LOUISE K.Y. ING          2394
TIM PARTELOW             10218
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:    louise.ing@dentons.com
          tim.partelow@dentons.com

Attorneys for Defendants
MARK F. BUCKMAN, individually
and as Trustee of the MARK F. BUCKMAN TRUST,
and JENNIFER BUCKMAN

MARK F. BUCKMAN   SBN 7080
Law Offices of Mark F. Buckman
8359 Elk Grove Florin Rd., Suite 103-320
Sacramento, CA  95829
Email:  markfbuckman@sbcglobal.net

Attorney for Defendant
JENNIFER BUCKMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN, ET. AL.<br><br>Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>**DECLARATION OF MARK F. BUCKMAN IN SUPPORT OF DEFENDANTS' RULE 11 MOTION AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**<br><br>Trial Date: November 3, 2025<br>Judge: Hon. Micah Smith |

## DECLARATION OF MARK F. BUCKMAN

I, Mark F. Buckman, declare as follows:

1.      I am an attorney licensed to practice law before this Court and I am co-counsel of record for Defendant Jennifer Buckman in this matter. I am also a Defendant in this matter.

2.      I am over the age of 18, and I have personal knowledge of the facts recited in this Declaration. If called as a witness in these proceedings, I could and would testify competently to these facts.

3.      I am providing this Declaration in Support of Defendants' Rule 11 motion.

4.      Attached to this Declaration as Exhibit 1 is a true and correct copy of an email chain, which was produced by Natalie Pitre's counsel in discovery as documents N000686-687, and which includes an email dated May 10, 2024 from Plaintiff's attorney Richard Wilson to Natalie Pitre and Tamara Buchwald. This email states, among other things, "We need to add more facts to Jennifer's involvement in the scheme." Plaintiff was not copied on the email.

5.      The email chain that is attached to this Declaration as Exhibit 1 also includes a true and correct copy of an email dated May 16, 2024 from Plaintiff's attorney to Natalie and Tamara (but not Plaintiff) reiterating the need for the First

Amended Complaint to add facts sufficient to state a claim against Jennifer. This email states:

Ladies,

We need to allege facts that tie in Jennifer as part of the conspiracy to defraud Pat. **She was not there, did not prepare the deed and mortgage, and did not call the mobile notary.** But she did come to Hawaii with Mark, butter Mom up, *et cetera.* Things she had never done in the prior several years. Natalie – so I need facts, when did she come to Hawaii the last time prior to August 2023. [*sic*] What did she do differently with Pat? We need to tell the story. Let's get on this sooner rather than later.

Rich

6.      Neither Natalie nor Tamara has any personal knowledge of the transactions that are now disputed in the Complaint because neither Natalie nor Tamara was present for any of the meetings or discussions between Mom and I that gave rise to these transactions on August 10, 2023 or September 24, 2023.

7.      Attached to this Declaration as Exhibit 2 are true and correct copies of excerpts of the Deposition of Natalie Pitre, volume 1, taken in this case.

8.      Attached to this Declaration as Exhibit 3 are true and correct copies of excerpts of the Deposition of Natalie Pitre, volume 2, taken in this case.

9.      Attached to this Declaration as Exhibit 4 are true and correct copies of excerpts of the Deposition of Tamara Buchwald taken in this case.

10.     Attached to this Declaration as Exhibit 5 is a true and correct copy of a text chain, which was produced by Natalie Pitre's counsel in discovery as

documents N000224-225, and which includes a May 20, 2024 text sent by Natalie

to Kimberly Katsarsky Buckman ("Kimi") seeking facts "to make the case against

Jeni." In this text, Natalie told Kimi:

> Unless we have Jeni involved, Mark will have no pressure to settle the
> case. Jeni cannot afford to be debarred.

The text chain also includes a May 21, 2024 text Natalie sent Kimi speculating that

Jennifer must have participated in the transactions because "Jenny [*sic*]" "supports"

Mark, and stating Natalie's opinion that Mark could not accomplish such things

"without Jeni keeping him focused and on track."

11.    Like Natalie and Tamara, Kimi was not present on August 10, the

only day on which Jennifer was present for signing of any of the disputed

documents. Nor was Kimi present for any of the other transactions disputed in the

Complaint, or the meetings or discussions that gave rise to those transactions on

August 10, 2023 or September 24, 2023.

12.    Attached to this Declaration as Exhibit 6 are true and correct copies of

excerpts of the Deposition of Tamara Buchwald taken in this case.

13.    On May 24, 2024, after the Court had granted Jennifer's Motion to

Dismiss but before the deadline for Plaintiff to file her amended Complaint, I sent

Plaintiff's counsel an email suggesting that Plaintiff should drop her claims against

Jennifer. This email explicitly noted: "One option is that PWB could just drop

Jennifer because Jennifer did nothing wrong. [¶] But, maybe the reason that my

4

mom hasn't alleged anything against Jennifer is that there is nothing to honestly allege against her." A true and correct copy of my May 24, 2024 email to Plaintiff's counsel is attached hereto as Exhibit 7.

14.    Attached to this Declaration as Exhibit 8 is a true and correct copy of an email dated June 9, 2024 from Plaintiff's attorney Richard Wilson to Natalie Pitre and Tamara Buchwald, which was produced by Natalie Pitre's counsel in discovery as document N000692. In this email to Natalie and Tamara transmitting a revised draft of the First Amended Complaint, Plaintiff's attorney stated, "Check this one out. It is starting to sing."

15.    Concurrently with this Declaration, Defendants have caused to be lodged with the Court Clerk a thumb drive that includes 3 audio or video files. One of these files is Exhibit 9, which is a true and correct copy of videotape I took on November 15, 2023 in Honolulu, HI, and which was previously produced to the Hawai'i state court in connection with the TRO proceedings instituted by Natalie B. Pitre v. Mark F. Buckman, Case No. 1FDA-23-0002459.  After trial, Natalie's case was dismissed with prejudice and the case sealed.

16.    Attached to this Declaration as Exhibit 10 is a true and correct copy of an email, which was produced by Natalie Pitre's counsel in discovery as document N000821, dated October 30, 2024 from Plaintiff's attorney Richard Wilson to Natalie Pitre and Tamara Buchwald forwarding a copy of the Court's Order

denying Jennifer's Motion to Dismiss for Failure to State a Claim. This email is entitled, "**haha Jenn is still in full play**," and the message reads, "Enjoy the read."

17. Later, Natalie anonymously mailed copies of the First Amended Complaint, and then the Second Amended Complaint, to the attorneys in the law firm where Jennifer works. Natalie admitted this in her deposition testimony. See Exh. 2, at 171:10-15, 172:16-22. Natalie also sent texts defaming Jennifer and me to Jennifer's parents.

18. While Natalie did attempt to embarrass Jennifer through moves such as these, throughout the discovery period Plaintiff never served any written discovery on Jennifer.

19. Attached to this Declaration as Exhibit 11 are true and correct copies of excerpts of the Deposition of Patricia Buckman, volume 1, taken in this case.

20. Attached to this Declaration as Exhibit 12 are true and correct copies of excerpts of the Deposition of Patricia Buckman, volume 2, taken in this case.

21. Attached to this Declaration as Exhibit 13 are true and correct copies of excerpts of the Deposition of Patricia Buckman, volume 3, taken in this case.

22. Attached to this Declaration as Exhibit 14 are true and correct copies of excerpts of the Deposition of Patricia Buckman, volume 4, taken in this case.

23. Attached to this Declaration as Exhibit 15 are true and correct copies of excerpts of the Deposition of Patricia Buckman, volume 5, taken in this case.

24.    Attached to this Declaration as Exhibit 16 is a true and correct copy of an email that Natalie's counsel, Tom Bush, sent to Mr. Wilson, Ms. Ing, and me on June 18, 2025. In this email, Mr. Bush states that he "spoke with Rich" and confirmed "Natalie did assist her mom in communications with counsel." On this basis, Mr. Bush asserts that Natalie is a "representative" of Plaintiff's in this suit, as contemplated by HRE Rule 503(a)(2). Mr. Bush further states that, "Given [Plaintiff's] age and physical infirmities, communications with Natalie would remain confidential under Rule 503(a)(5) because such communications between Rich and Natalie were 'in furtherance of the rendition of professional legal services to the client' or 'reasonably necessary for the transmission of the communication.'"

25.    Attached to this Declaration as Exhibit 17 is a true and correct copy of a Settlement Conference Statement and cover email sent by Plaintiff's counsel to Natalie and Tamara on October 28, 2024; these documents were produced by Natalie's counsel in discovery as documents N000789-794.

26.    Attached to this Declaration as Exhibit 18 is a filing that Mr. Wilson made on behalf of Natalie and Carl Pitre in the state court proceedings related to the Pitres' eviction, for failure to pay rent, and subsequent failure to turn over possession, of the Back House at Kaunaoa Street. These documents were produced in discovery by Natalie's counsel as documents N000732-734. This pleading filed by Mr. Wilson in the state court action acknowledges Natalie and Carl "relocated"

7

to "4837 Kolohala Street" "in February 2024." Prior to February 2024, Plaintiff was not residing in the same house with Natalie.

27.    After the close of discovery, Natalie's attorney produced documents showing that Plaintiff was going to submit to a factual interview, conducted before a court reporter, in early January 2024. A true and correct copy of Natalie's January 4, 2024 email to Tamara and Plaintiff's counsel discussing the plan to have Plaintiff provide a factual interview with a court reporter and list of questions to be posed to Plaintiff is attached hereto as Exhibit 19. Natalie's counsel produced these documents in discovery as documents N000559-574.

28.    Plaintiff did not produce any documents with the contents of this factual interview, so Defendants are unable to verify if the facts provided by Plaintiff are consistent with the allegations made in the Complaint. It is unclear to Defendants whether this interview ever occurred.

29.    Attached to this Declaration as Exhibit 20 is a true and correct copy of an email Plaintiff's counsel sent to my co-counsel, Louise Ing, on April 14, 2025, which Ms. Ing forwarded to me. In this email, Mr. Wilson sought to meet and confer with Ms. Ing regarding Plaintiff's failure to complete responses to interrogatories I had served.  Mr. Wilson's email claimed these facts were "way above [Plaintiff's] pay grade . . . She is 90 [*sic*], and is not going to be able to answer them."

8

30.    Attached to this Declaration as Exhibit 21 are true and correct copies

of excerpts of the Deposition of Natalie Pitre, taken in a defamation case I filed in

California, *Buckman v. Pitre,* Placer County Superior Court Case No. SCV

0051637.

31.    Attached to this Declaration as Exhibits 22 and 23, respectively, are

true and correct copies of Plaintiff's 2006 and 2011 Trusts. Both of these trusts

listed me as one of the heirs/beneficiaries of Plaintiff's real property.

32.    Attached to this Declaration as Exhibit 24 is a true and correct copy of

a text sent by Plaintiff to Qunyh Vu, which Ms. Vu authenticated at her deposition.

This text shows that Plaintiff sometimes expressed a wish to keep her financial or

other information private and not disclose it to Natalie. Regarding the August 10,

2023 transaction related to the Back House, Plaintiff asked Defendants not to

inform Natalie about it. However, I did inform Matt that Plaintiff had signed the

Deed the next day because I wanted him to know that we were moving forward

with implementing the Brothers' Agreement.

33.    Attached to this Declaration as Exhibit 25 is a true and correct copy of

a letter prepared by Plaintiff, with notations in Plaintiff's handwriting, regarding

how Natalie treats Plaintiff. This letter was produced from Plaintiff's office files,

which were left behind when Natalie moved Plaintiff out of the Front House in

February 2024; some of these files were recovered by Kimberly Katsarsky

9

Buckman ("Kimi"), and this document was produced as "Kimberly Buckman 195 - 197."

34.    Attached to this Declaration as Exhibit 26 is a true and correct copy of a September 2016 email exchange between Plaintiff and Natalie. This email was produced by Matt Buckman and Kimi Buckman pursuant to the subpoenas Defendants issued to them.

35.    One of the files on the thumb drive that Defendants caused to be lodged concurrently with this Declaration is Exhibit 27, which is a true and correct copy of an excerpt of a videotape I took on September 19, 2023. Another file on the thumb drive is Exhibit 28, which is a true and correct copy of an excerpt of an audio recording I made of a conversation with my mom on September 19, 2023.

36.    The August 10, 2023 "outing" with my mom, my wife, and me lasted approximately 5 hours total. My mom, Jennifer, and I returned to Kaunaoa around 5 PM, and Natalie was there when we arrived back at the house. The outing included lunch, attending and waiting for medical tests and prescriptions to be filled, and drafting and signing documents.

37.    On September 19, 2023, the documents were signed in late morning, and my mom, in a celebratory mood, and I then went for lunch at an Italian restaurant of her choosing near the Royal Hawaiian. A true and correct copy of a

10

photo that I took of my mom on my phone's camera while we were at that lunch is attached hereto as Exhibit 29.

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed this 7th day of July in Elk Grove, California.

/s/ Mark F. Buckman
MARK F. BUCKMAN