IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICIA W. BUCKMAN,   : CIVIL NO.

PATRICIA W. BUCKMAN   : 1:24-CV-00129-

REVOCABLE TRUST,   : MWJS-KJM

       Plaintiffs,   :

      Vs.   :

MARK F. BUCKMAN,   :

MARK F. BUCKMAN TRUST, :

JENNIFER BUCKMAN, JOHN :

DOES 1-10; JANE DOES   :

1-10; DOE CORPORATIONS :

1-10; DOE PARTNERSHIPS   :

1-10; DOE GOVERNMENTAL :

AGENCIES 1-10,   :

      Defendants.   :

_____ :

Deposition of NATALIE PITRE taken by the Defendants at the Law Offices of Dentons US LLP, 1001 Bishop Street, Suite 1800, Honolulu, Hawaii 96813 on May 23, 2025, commencing at approximately 9:00 a.m. HST pursuant to Notice.

REPORTED BY:  Kathryn Plizga, RPR, CSR No. 497

RALPH ROSENBERG COURT REPORTERS, INC.

**EXHIBIT 2**

APPEARANCES

    For Plaintiffs:

      RICHARD E. WILSON, ESQ.

        735 Bishop Street, Suite 306

        Honolulu, HI  96813


    For Defendants:

      LOUISE K.Y. ING, ESQ.

        Dentons US, LLP

        1001 Bishop Street, Suite 1800

        Honolulu, HI  96813.

      MARK F. BUCKMAN, ESQ.

        (Individually and as Trustee of the

        Mark F. Buckman Trust)


    For the Deponent:

      THOMAS E. BUSH, ESQ.

        1001 Bishop Street, Suite 1560

        Honolulu, HI  96813

ALSO PRESENT:

Keone Sallas, Videographer, Certified Legal & Video

Services

RALPH ROSENBERG COURT REPORTERS, INC.

verbal one?

A.    He didn't speak to her about the rental at all.

Q.    Did he agree to it?

A.    I don't know.  I mean, he moved in.  We both moved in.

Q.    When did you move in?  Was that like July of 2019?

A.    I think it was like September because the girls just started school.  August or September, I'm not sure.

Q.    And did you have to move out of your other house because of problems with your dog?

A.    We chose to move out of our other house to -- I'm sorry -- I'm drawing a blank.

Q.    You had problems with your dog Mellie at 15th Avenue, correct?

A.    Mellie would poop on the neighbor's grass and they didn't like that, so they don't got a restraining order against her.  And then they wanted to have her put to sleep.  So we thought it would be better to rehouse ourselves than rehouse the dog.

Q.    So would it be fair to say the main reason you moved out of 15th Avenue was so you could keep Mellie with you?

RALPH ROSENBERG COURT REPORTERS, INC.

A.   Yes.

Q.   Previous to that you had filed some sort of statement that the dog had been moved off the property even before you moved, correct, like with your dog trainer?

A.   I don't recall.  Filed a statement with whom?

Q.   And so, would it be fair to say the main reason then you moved down to Kaunaoa is because you had to move to be able to keep Mellie with you?

A.   We chose to move to keep Mellie with us.

Q.   And then did you put Mellie on the lease when you went down to Kaunaoa?

A.   No.

Q.   Did she also then defecate on the neighbor Wendy's property?

A.   I don't know.

Q.   Did Wendy talk to you about that several times?

A.   Wendy told me about it once.

Q.   And if Wendy said she talked to you at least three times about it, would you disagree with that?

MR. BUSH:  Objection, lacks foundation. Also irrelevant.

A.   I don't know.  Like, I don't know how to

RALPH ROSENBERG COURT REPORTERS, INC.

get unplugged you would run over there pretty quick to plug it back in, right?

MR. BUSH:  Objection, vague.

A.   So Mom listened to music on the Alexa on a regular basis.  And like what would I possibly want to spend my time for listening to you guys.

Q.   You're not denying it though?

A.   No.  There's absolutely no way I did that. I don't know how to use the drop-in feature.

Q.   Did you mail a copy of the complaint in this lawsuit to other attorneys at Jeni's firm?

A.   Yes.

Q.   And did you mail another -- a second copy of the complaint to attorneys at Jeni's firm?

A.   Yes.

Q.   And why did you do that?

A.   Because I wasn't sure whether she was going to report it.  And by law she's supposed to report if she's named in a lawsuit.  So I was helping that along.

Q.   Where do you get that legal opinion from? Rich Wilson?

A.   No.

Q.   Where did you get that legal opinion from?

A.   Alexa.

RALPH ROSENBERG COURT REPORTERS, INC.

MR. BUSH:  Objection to the extent it calls for -- characterizes legal opinion.  You can answer.

A.  Where did I get that opinion?  I don't recall, I think maybe Shea.  You know Shea Harding?

Q.  Is he an attorney?

A.  No.  But he has a friend who is an attorney and his friend told him in Sacramento.

Q.  That you should mail this to all the attorneys?

A.  No, that she's supposed to report it.

Q.  So why did you send it again to all the attorneys?  What does that have to do with reporting it?

A.  Just to make them aware in case she wasn't reporting it.

Q.  And you sent it out anonymously though, right?

A.  Uh-huh.

Q.  And why did you send it anonymously without identifying yourself as the sender?

A.  I just thought it would be better to do it anonymous.

Q.  And then you also sent a text to Sue Thompson, right, complaining about what you said Jeni and Mark did, correct?

RALPH ROSENBERG COURT REPORTERS, INC.

STATE OF HAWAII            )

COUNTY OF HONOLULU )     SS.

I, KATHRYN PLIZGA, RPR, Hawaii CSR, Notary Public, State of Hawaii, hereby certify:

That on May 23, 2025 at approximately 9:00 a.m. appeared before me NATALIE PITRE, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That pursuant to Rule 30 (e) of the Hawaii Rules of Civil Procedure, a request for an opportunity to review and make changes to the transcript was made by the deponent or a party (and/or their attorney) prior to the completion of the deposition.

That the foregoing represents, to the best of my ability, a full, true and correct transcript of said deposition.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

_____

KATHRYN PLIZGA, RPR, Hawaii CSR 497

RALPH ROSENBERG COURT REPORTERS, INC.