IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICIA W. BUCKMAN,         CIVIL NO. 1:24-CV-00129-MWJS-KJM
Individually and as Trustee
of the PATRICIA W. BUCKMAN
REVOCABLE TRUST; PATRICIA W.
BUCKMAN REVOCABLE TRUST,

                    Plaintiffs,
        vs.

MARK F. BUCKMAN, Individually          VOLUME V
and as TRUSTEE OF THE MARK F.
BUCKMAN TRUST; MARK F. BUCKMAN
TRUST; JENNIFER BUCKMAN; et al.,

                    Defendants.

_____


     VIDEOTAPED DEPOSITION OF PATRICIA W. BUCKMAN (Continued)


          Taken on behalf of the Defendants,

        at Ralph Rosenberg Court Reporters, Inc.,

        American Savings Bank Tower, Suite 2460

        1001 Bishop Street; Honolulu, Hawaii 96813

               commencing at 10:04 a.m.,

             on Friday, September 20, 2024,

                  pursuant to Notice.


     BEFORE:  HEDY COLEMAN, CSR NO. 116
              RMR, CRR, CRC

EXHIBIT

15

things for me.

Q    Would you tell her to sign your name to an email?

MR. WILSON:  Objection; it's been asked and answered in, I think, day two, but go ahead if you understand the question.

BY MR. BUCKMAN

Q    Would you tell Natalie to sign your name on emails to Steve Reese?

A    Probably.

Q    And why would you do that, instead of have Natalie sign her own name?

A    I don't know.  I just feel that -- felt stronger if it came from me.

Q    Would you review emails to Steve Reese that Natalie wrote for you?

A    I would review emails, definitely.

Q    Do you recall Natalie writing an email to Steve Reese, in 2022, asking to change your trust?

A    No.

Q    Do you remember you -- any reason why you wanted to change your trust in 2022?

A    No.

Q    Do you remember wanting to change the beneficiary of the front house at Kaunaoa from Manoa

to Natalie?

A    Yes.

Q    Was that your idea?

A    Yes.

Q    And did you want to take Matt off as a beneficiary of the back house?

A    No.

Q    Did you ever want Matt to move out of the front house when he was living there with you?

A    No.

Q    There was an issue about renting a condo at Marina Palms.  Do you recall that?

A    Slightly.

Q    Did you ever want to move to Marina Palms in the last year or so?

A    No.

Q    Did you ever want Matt or Manoa to move to Marina Palms in the last year or two?

A    No.

Q    Did you ever make an application to rent a condo at Marina Palms?

A    I never did.

(Whereupon, Exhibit J was marked for identification.)

BY MR. BUCKMAN

Q   It says that you were at the Kaiser clinic on August 10 with Mark and Jennifer.  Do you recall that?

A   I recall being with Mark.  I don't recall Jenny.

Q   Okay.  So, do you recall Jennifer ever being there when you signed any of these documents that you're complaining about in your lawsuit?

A   What documents?

Q   For example, I believe the documents you're claiming for Jennifer being there are a deed, and an amendment to your trust agreement.  Was Jennifer there when you signed those?

A   Probably.

Q   And why do you say probably?

A   Because that's just my feeling.

Q   Okay.  What else do you have besides your feeling?  Do you remember if Jennifer looked at the documents with you?

A   That's getting pretty particular about a small event.  I have no idea.

Q   Did you ask Jennifer anything about the documents?

A   No.

Q   Did she tell you anything about the documents?

A    I don't know.

Q    Did you rely on Jennifer in any way to help you with any documents you signed?

A    Perhaps.

Q    And why do you say perhaps?

A    Because at that time I thought Jennifer or Jenny was on my side, helping me.

Q    Let me get clarification.  Earlier, you said she was fishy, or suspect, or unreliable the same day.  Had your opinion changed within one day?

A    Different circumstances.

Q    What do you mean?

A    Explain to me what you are asking me now about the money.

Q    It seems like you start the day saying they're fishy, suspect, untrustworthy, correct?

A    Yes.

Q    And then you say, maybe in the same day, you might be relying on Jenny.

A    That's true.

Q    And how did that come about?  How the quick change?

A    Because Jennifer is a respected attorney in California, and I thought that she would respond with a truthful answer to me.

                       C E R T I F I C A T E

     I, HEDY COLEMAN, Certified Shorthand Reporter

No. 116, in and for the State of Hawaii, do hereby

certify:  That on Friday, September 20, 2024, appeared

before me PATRICIA W. BUCKMAN, the witness whose

deposition is contained herein;

          That prior to being examined, she was by me duly

sworn; that the deposition was taken down by me in

machine shorthand and reduced to typewriting; that the

foregoing represents, to the best of my ability, a

correct transcript of the proceedings had in the

foregoing matter;

          That pursuant to Rule 30(e) of the Hawaii Rules

of Civil Procedure, a request for an opportunity to

review and make changes to this transcript:

     ____was MADE by the deponent or a party, and/or their
attorney prior to the completion of the deposition.

     _X___was NOT MADE by the deponent or a party, and/or
their attorney prior to the completion of the deposition.

     ____was WAIVED.

     I further certify that I am not counsel for any of

the parties hereto, nor in any way concerned with the

cause.

          DATED:_____

                _____

                   HEDY COLEMAN, CSR #116


                RALPH ROSENBERG COURT REPORTERS, INC.
                           (808)524-2090