L A W   O F F I C E S   O F   R I C H A R D   E.   W I L S O N ,   L L C

---

735 Bishop St., Ste. 306
Honolulu, Hawaii 96813
Telephone: (808) 545-1311
Facsimile: (808) 545-1388
Email: rewilson_law@yahoo.com

October 28, 2024

Honorable Kenneth J. Mansfield
777 Punchbowl Street
4th Floor, Courtroom 17
Honolulu, Hawai`i  96813

Re:    1:24-cv-00129-MWJS-KJM *Buckman v. Buckman, et al.*
       Settlement Conference Statement

Dear Judge Mansfield:

For starters, it's always a pleasure appearing in your Court.  Excuse my colorful language.

Before turning to the specifics, I have to give you my five-cents about Mark Buckman, and the manner in which he has conducted himself in this litigation.  I think is a f'ing jackass, and while I'd like to be objective and impersonal, that is a herculean task far above my paygrade.  As will be further discussed, this guy (and his lawyer wife) went behind the family's back to get his 89-year-old Mom (Patricia Buckam) to essentially sign away her property via mortgage and deed.  He also had her sign away her individual autonomy to them with an incredibly comprehensive and overarching power of attorney.[1]  All of this occurred off the proverbial campus with a mobile notary in tow.  And to top it off, he recorded her at the Royal Hawaiian (I think)[2] leading her with questions like "aren't you happy we resolved our issues about the house" or words to that effect.

At the conference, his tone may now be that he is interested in ADR.  Funny thing (not really, but) is that I have repeatedly suggested mediation or sitting down with you and discussing resolution.  I even suggested that he sit down with Rick Freed, a close family friend, with NO lawyers and just family to work this out.  Each time it is a flat-out refusal.  I have enclosed two emails that I received last week wherein he is now floating mediation.

---

[1]   The mortgage, deed, amendments to her will and trust, and power of attorney are attached to the Second Amended Complaint as Exhibits.

[2]  He dropped that video at her last deposition (installment number 3) via his cell phone. He has produced none of these videos.  I mean, I get the ambush – one of my limited skill sets – but attempting to do it to your own Mom 3/4ths the way into her depo when she is fading is, quite frankly, if not unethical, pure chicken-shit.

N000789

**EXHIBIT
17**

Honorable Kenneth J. Mansfield
October 28, 2024
Page – 2 –

While being aggressive with his Mom and sister (Natalie whom he claims is driving the litigation boat),[3] he refuses to provide me with a date for his and his co-defendant wife's deposition. With respect to his wife, he is banking on Judge Smith granting her motion to dismiss the Second Amended Complaint ("SAC") against her. He said if that happens, I'll have to subpoena her to testify in California – gamesmanship. I have asked repeatedly over the last three months for deposition dates. His response started with "I'll have to look at my calendar and get back to you" to "my wife is ill, and I'll let you know on September 10th" to "give us your availability".[4] Obviously, being deposed by me is that last thing that he wants – he knows he cannot explain his actions in a logical, good faith, and reasonable manner. I have not pressed him because I am trying to keep costs down for my clients.

Judge Mansfield, tell me what you want me to do and how to play this for settlement. I am open to all options, as are my clients. Since there are no cane fields on Oahu, I guess that obvious option is off the table.

I.      BRIEF STATEMENT OF THE CASE

I have enclosed the SAC because it accurately lays out the facts. Suffice it to say, Mark and his wife has been estranged from the family for several years. They both live in California, and between approximately 2015 and 2022ish, rarely came to Hawaii. Mark initially became upset when he discovered in 2015 that his Mom had decided not to split her property 1/3 each to her three children.

Fast forward to mid-2023 when he was informed that his Mom had amended her Trust again, giving the back house to her grandson and the front house to her daughter Natalie. That apparently set him off. He returned to Hawaii with his wife and daughter to shmooze his Mom. Like any mother, she was stoked when he came home.

In late July, early August, he first insisted that Natalie agree to split the front house with him. On August 3, 2023, he wrote:

> "Hi Natalie, please get back to me by Sunday. That gives you time to think about it [splitting the front house with him] and talk with Carl if you'd like."

On August 7th, Natalie responded that she was she was "not in the position to split the house with you."

---

[3] She is my main contact. Ms. Buckman has lived with her, her husband, and two kids for the last several years.

[4] As I've told him till I'm literally blue in the face, my availability is irrelevant.

N000790

Honorable Kenneth J. Mansfield
October 28, 2024
Page – 3 –

What he could not get by agreement, he then took by deception. Three days later, Mark and his wife took his Mom out and had her deed away the back house while at the her doctor's appointment. He explained nothing to her – just that these are documents which she should sign. The mobile notary showed up at the Kaiser clinic. No other family members were told, and Mark did not give his mother a copy of the deed.

Six weeks later, he took her out again, and had her place a $235k mortgage on the front house (supposedly because of an oral agreement from a decade prior, that Mom would pay him his equity from the sale of another property).

There was no consideration, all of the documents were prepared by Mark, none were shared with his siblings, and he did not provide copies to his Mom. To top it off, her Trust, the owner of the properties, was represented by counsel at the time, whom was not involved in any of this. It does not take a rocket scientist to figure out what he has done – and while he was born here, he and his wife come across as full-on, mainland haoles. Moreover, all of my conversations with him have ended with him simply walking away. The long and short of it is that he will, how shall I say, suck as a witness, and turn any jury against him.

I have attached a November 9, 2023, Mental Health Evaluation. Dr. Acklin drew the following conclusions:

> Values and preferences: Patricia expresses strong desires to maintain her personal autonomy and protect her self-interests. **At the current time, she feels that she has been taken advantage of financially by one of her sons**.

> Forensic Opinion: Based on the interviews and clinical assessment, Patricia demonstrates the elements of testamentary capacity. **She demonstrates moderate memory impairments which would need to be accommodated in communications concerning her financial affairs**. She has a rational and factual understanding of her circumstances and can make reasonable decisions concerning her financial affairs. She is able to comprehend information, consider and weigh options in her best interest, and express her preferences. **She demonstrates the ability to allocate her assets according to her wishes. She is able to engage the services of an attorney and serve as a competent witness in litigation.** She demonstrates no impairments in her ability to execute amendments to her Will and Trust. She can factually and rationally allocate the disposition of her assets.

N000791

Honorable Kenneth J. Mansfield
October 28, 2024
Page – 4 –

I can say, based upon my interaction, that she is a very nice lady that sometimes forgets things. Her mind wanders sometimes, but not more than any other 90-year-old. You can tell that she was a mover and shaker in her early years. However, she has no problem telling you want she wants, and who she wanted to leave her property to – and that was not to Mark. Feel free to talk to her alone, without me.

And as the *coup de grâce*, Mark unilaterally, purportedly on behalf of his Mom, attempted to get a restraining order against Natalie. Indeed, on November 14, 2023, he filed a Petition for and Order of Protection on Behalf of a Family or Household Member, affirming under oath that she was an incapacitated adult. (also enclosed) The family court found her competent and denied the Petition.

Mom and her Trust are the plaintiffs in this case and have essentially sued for the return of the Trust properties, unencumbered. Mark initially sought declaratory relief that he was legally and lawfully entitled to the back house and the mortgage he placed on the front house. He has now attempted to expand his counterclaim, alleging that his Mom committed fraud, breached contracts with him, as well as some sort of fiduciary duty. This guy is incredible.

That is were we are. Mark's wife has a renewed motion to dismiss the complaint against her, and we have a motion to dismiss Mark's amended counterclaim. Both motions have been briefed and are pending before Judge Smith.

## II.    STATEMENT OF CLAIMS AND DEFENSES

The Plaintiffs' claims sound primarily in fraud (undue influence/failure to disclose), as well as breach of fiduciary duty. There is a conspiracy claim (between Mark and his wife), as well as a constructive trust claim. I'd have a better factual handle on my likelihood of success if Mark and his wife would sit for deposition. However, just based upon what I can glean from the documents and the manner in which they were executed, no jury is going to buy Mark's claim that this was all kosher.

His Mom testified that Mark took her stuff – words to that effect. She also explained that she did not give Mark anything because he and his wife are both successful attorneys on the mainland. She also paid for Mark's education, including law school, she sent him to Europe, and always gave him big chunks of her commissions. She wanted her grandson to get the back house, and for Natalie and her family to have the front house because they are taking care of her.

I can go into more detail at the settlement conference, but the foregoing is the basic play.

N000792

Honorable Kenneth J. Mansfield
October 28, 2024
Page – 5 –

### III.    PROCEEDINGS TO DATE AND DISCOVERY

As I noted, two motions are pending. Mark has maybe another 3 ½ hours with his Mom. Mark and his wife have refused to provide me with dates for their depositions. The Plaintiffs have provided all responsive documents, while Mark has yet to fully respond to outstanding documents requests. We have received no videos, although a Dropbox account was set up to do so.

### IV.    ESTIMATE TIME TO PREPARE FOR TRIAL

I simply need to depose Mark, his wife, and perhaps the mobile notary. He will likely retain a capacity expert for his Mom. There might be one or two other depositions which I need to take. Seriously, this is not a complicated case. If I had to, I could go mid-November, no further discovery. Mark is a sociopath, and he will crater on the stand. His wife will fare no better.

### V.    DEMANDS AND OFFERS

I have had no discussions with Mark since he tapes all of our conversations. And now with Addisson withdrawing, there will be no further discussions, just emails. I have told him to undo the transfers, meet with whomever the family trusts, no lawyers, and work it out. He said no.

### VI.    SETTLEMENT POSITION

My client wants her property back unencumbered.

Judge Mansfield, again, I will do whatever you think necessary to get this case settled. And if it doesn't, I will move to compel his deposition, and go after him.

Very truly yours,

Richard E. Wilson
REW/asa
(enclosures)

N000793

**From:** Richard WIlson <rewilson_law@yahoo.com>
**Subject: Fw: Message from KM_4750i**
**Date:** October 28, 2024 at 10:26:23 AM HST
**To:** Natalie Pitre <nataliebpitre@gmail.com>, Tamara Buchwald <tambuchwald@aol.com>
**Reply-To:** Richard WIlson <rewilson_law@yahoo.com>

FYI, without exhibits.


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

N000794