Of Counsel:
Law Offices of Richard E. Wilson, LLC

RICHARD E. WILSON      5614
735 Bishop Street, Suite 306
Honolulu, Hawaii 96813
Telephone (808) 545-1311
Facsimile (808) 545-1388
Email: rewilson_law@yahoo.com

Attorney for Defendants NATALIE PITRE, and CARL PITRE

IN THE DISTRICT COURT OF THE FIRST CIRCUIT

HONOLULU DIVISION

STATE OF HAWAII

| | |
|---|---|
| MARK F. BUCKMAN, Individually and as Trustee of the Mark F. Buckman Trust dated August 9, 2022,<br><br>Plaintiffs,<br><br>vs.<br><br>NATALIE PITRE and CARL PITRE<br><br>Defendants. | CIVIL NO. 1DRC-24-0002238<br><br>DEFENDANTS' POSITION ON JURISDICTION AND RELATED MATTERS; DECLARATION OF RICHARD E. WILSON and EXHIBIT "1"; CERTIFICATE OF SERVICE<br><br>Hearing Date: July 22, 2024<br>Time: 8:30 a.m.<br>Courtroom: 10B |

DEFENDANTS' POSITION ON JURISDICTION AND RELATED MATTERS

I.      INTRODUCTION

If this were an academic analysis of the Haw.Rev.Stat. § 604-5(a), Mr. Buckman was the legitimate owner of the premises (there was no pending federal court action brought by his Mother against him challenging his ownership of the subject property, and accusing him of fraud and undue influence), and the Defendants had refused to vacate when they received the eviction notice, this Court would undeniably have jurisdiction over this proceeding. No question. However, the facts of this case, unique as they are, counsel hesitation. And even if, notwithstanding those facts, the Court concludes that it retains jurisdiction over this case, it ought to stay enforcement until the federal court ultimately decides the issue of ownership of the subject property.

**EXHIBIT 18**

N000732

II.     MR. BUCKMAN HAS NOT DEMONSTRATED THAT
        HE IS THE LAWFUL OWNER OF THE SUBJECT PROPERTY

Claim as he might that he is the *de facto* legitimate owner of the subject property, there is a federal lawsuit brought by his Mother that says otherwise. Attached to the Wilson declaration is a true and correct copy of the First Amended Complaint. Mr. Buckman attempts to downplay the federal case, referring to it as "a federal court case in which Patricia Buckman (not a party to this case) is litigating against Mark F. Buckman's *regarding* the Premises[.]" [Dkt. 54, at page 1] Yeah, no, it is not a case "regarding" the premises; his Mother has alleged that he basically defrauded her out of her property and she is suing him to get it back.[1]

Mr. Buckman's motion to dismiss the federal action was denied. It would therefore be appropriate for the court to either dismiss this case without prejudice, or stay it until the federal court definitively determines who is the rightful owner of the property. Indeed, staying the proceeding also protects against inconsistent outcomes – rather than simply "taking his word for it" that he is the rightful owner of the property, the more attractive alternative would be to allow the ownership issue to play out in federal court. If Mr. Buckman prevails in federal court, he suffers no prejudice from maintaining a stay and the status quo – the Defendants have already vacated the property, and he is free to proceed accordingly in the meantime. However, if this court proceeds now, and the federal court concludes that Mr. Buckman defrauded his Mother and returns the property to her Trust, the Defendants will be irreparably harmed, and the court will have expended its precious resources in vain.

III.    THE DEFENDANTS VACATED THE PREMISES
        BEFORE MR. BUCKMAN FILED THE INSTANT ACTION

Mr. Buckman initiated this action on March 8, 2024. [Dkt. 1] Defendants were served on March 20, 2024, at 4837 Kolohala Street, where she and her husband had relocated to in February 2024. [Dkt.s 15 and 17] Accordingly, Mr. Buckman knew that the Defendants were no longer residing at the subject premises. As such, there was nothing to possess. Accordingly,

---

[1] What is particularly disturbing is that Ms. Buckman and her Trust, the owner of the subject property, were represented by counsel. Yet, he separated Ms. Buckman, who was 88 years old, presented her with the deed, and had a mobile notary meet them to notarize her signature. He never provided her with the deed, and kept the whole matter secret.

N000733

he should have been candid with this Court,[2] dismissed the summary possession action, and proceeded against the Defendants (as third-party defendants) in the federal action.

## IV.   THE DEFENDANTS ARE NOT CHALLENGING THE STATUS QUO

Mr. Buckman repeatedly harps about the undersigned stating that the Defendants are not looking to set aside the writ or to get the property back.  He conflates the two:

> Having disclaimed any grounds or rights to reclaim possession, Defendants are estopped from now seeking to set aside or stay the Writ of Possession.

[Dkt. 54, at page 8]  There are several points to the forgoing.  Point one is that the Defendants moved out, and moved on.  Point two is that the proper forum for addressing the Plaintiffs' claims is the pending federal court matter filed first.  Point three is that the Defendants do not believe that this court acquired jurisdiction as there was nothing to summarily possess.

## V.   OTHER MATTERS

There is a problem with service of process.  The summons that the Defendants received [Dkt. 2] does not have the necessary information on the return date.  It was ineffective as a matter of law.  The court should vacate the writ (Mr. Buckman has possession), and either dismiss the case without prejudice, and/or stay it pending a decision from federal court.

Defendants also point out that Plaintiffs filings, [Dkt.s 55 and 56] were unsigned. While they are not requesting that the court strike them, perhaps the Plaintiffs should be advised that /S/ is ineffective as a signature.

Lastly as for the "subtenants", Mr. Buckman can proceed against them as he sees fit.  There is no legal basis for the Pitres to pay any monies into the "Rent Trust Fund".

DATED:  Honolulu, Hawaii, July 19, 2024.

_/S/ Richard E. Wilson_
RICHARD E. WILSON
Attorney for the Defendants

---

[2] The federal case was initially filed in the circuit court on January 19, 2024, in 1CCV-24-0000095.

N000734