# First Amendment to Declaration of Revocable Trust

## of

## Patricia W. Buckman

THIS AMENDMENT TO DECLARATION OF REVOCABLE TRUST is made and entered by and between **Patricia W. Buckman**, also known as **Patricia Whitaker Buckman**, as "Grantor" and said **Patricia W. Buckman**, as "Trustee", a resident of the State of Hawaii.

## W I T N E S S E T H :

WHEREAS, the Grantor executed a Declaration of Revocable Trust dated June 20, 2006 (hereinafter referred to as the "Trust Agreement"), with **Patricia W. Buckman** as Trustee, under which there was created a Revocable Trust which has ever since continued and is now in effect;

WHEREAS, the Grantor reserved the power to alter, amend and revoke said Trust Agreement under Article II thereof; and

WHEREAS, the Grantor desires to further alter and amend said Trust Agreement.

NOW, THEREFORE, the Grantor does hereby further alter and amend said original Trust Agreement dated June 20, 2006, as amended, in the following particulars.

IT IS ACCORDINGLY AGREED by and between the Grantor and the Trustee that said Trust Agreement, is hereby further altered and amended as follows:

1.    The second paragraph of Article I of said Trust Agreement is hereby revoked in its entirety and the following substituted therefor:

"The initial Trustee of this trust is **Patricia W. Buckman**, and all references herein to "the Trustee" shall be to said **Patricia W. Buckman** so long as said person serves as Trustee, and during such time said person alone shall have all the powers granted to the Trustee herein.  In the event that **Patricia W. Buckman** dies, resigns or becomes incapacitated, **Mark F. Buckman** shall serve as Trustee.  In the event that **Mark F. Buckman** dies, resigns or is unable or refuses to act, **Natalie P. Pitre** shall serve as Trustee.  In the event that **Natalie P. Pitre** dies, resigns, fails to qualify or is unable or ceases to act, **Matthew B. Buckman** shall serve as Trustee.  In the event that **Matthew B. Buckman** dies, resigns, fails to qualify or is unable or ceases to act, **Carl T. Pitre** shall serve as Trustee.  Any Trustee appointed hereunder shall become Trustee without court order or other action other than the delivery of written notice to the beneficiaries hereunder."

## EXHIBIT 23

2.      Article II of said Trust Agreement is hereby revoked in its entirety and the following substituted therefor:

## "Article II - Trust Provisions During Grantor's Lifetime

### 2.01.  Trust Property.

The Grantor transfers to the Trustee the sum of One Dollar ($1.00) together with the property described in the attached Schedule A and has caused or will cause the Trustee to be designated as beneficiary, but not the owner, of certain policies of insurance on the Grantor's life.  Such property and policies, any other property that hereafter may be received by the Trustee and the proceeds of all policies payable to the Trustee shall be held and disposed of upon the following trusts.

### 2.02.  Payments to Grantor.

During the life of the Grantor, the Trustee shall pay all the net income of the trust to the Grantor or as the Grantor otherwise directs in writing, and the Trustee shall pay any part of the principal of the trust as the Grantor directs in writing.  However, during any period in which the Grantor, in the opinion of the Trustee, is incapable of managing the Grantor's own affairs, the Trustee, in its discretion, may pay to or use for the benefit of the Grantor and the Grantor's spouse so much of the income and principal of the trust as the Trustee determines to be required for the Grantor and the Grantor spouse's support, comfort and welfare, in the Grantor and the Grantor spouse's accustomed manner of living, or for any other purposes the Trustee believes to be for the Grantor and the Grantor spouse's best interest.  Any excess income shall be added to principal at the discretion of the Trustee.

### 2.03.  Possession and Use of Residence.

So long as the Grantor shall be surviving and competent, the Trustee shall permit the Grantor to be in full, free and undisturbed possession of that real property which shall be included in the Trust and be used as the Grantor's residence (there may be more than one such residence), and the Grantor shall have the right to occupy and use that property and to receive and retain all rents and income therefrom to the fullest extent incident to ownership thereof, without any rental or accounting therefor to the Trustee.  The Trustee shall not be required to procure or maintain any insurance on any buildings on the property, to pay or secure the payment of any rents, liens or encumbrances, taxes or other charges against the property, to collect or disburse any rentals therefor or to protect or preserve the property or the improvements thereon or any title the Trustee may have thereto.  It is the intention of the Grantor that all responsibilities toward the property shall, during the aforesaid period, rest solely and exclusively on the Grantor and not the Trustee.

Unless otherwise agreed to by the Grantor and the Trustee, the Trustee shall hold bare legal title to such property and shall have no liability therefore during the Grantor's competence.

### 2.04. Possession and Use of Tangible Personal Property.

Possession of any or all jewelry, personal effects, furniture, furnishings, rugs, books, papers, pictures, prints, paintings and objects of art, silverware, china, glass, linens and other household effects and supplies, automobiles and other vehicles and all other similar tangible personal property of whatsoever description which may at any time be included in the Trust may be transferred, in the Trustee's discretion, to the Grantor or such person or persons as the Grantor, during the Grantor's life and competency, may direct, without being required to divide the property equally, and the Trustee shall not thereafter be liable for any damage to or loss of the property. The Trustee shall be entitled to regain possession of the property at any time.

### 2.05. Revocation.

The Grantor alone reserves the right to revoke this agreement at any time by an instrument in writing, signed by the Grantor, acknowledged before a notary public and delivered to the Trustee. No guardian, committee, conservator or similar legal representative shall have any power of revocation. Upon revocation the Trustee shall return to the Grantor any and all property, including life insurance policies if held for safekeeping by the Trustee which may have been added to the trust during the lifetime of the Grantor. This Trust shall become irrevocable upon the death of the Grantor.

### 2.06. Amendment.

The Grantor alone reserves the right to amend this agreement in whole or part at any time by an instrument in writing, signed by the Grantor, acknowledged before a notary public and delivered to the Trustee. No amendment shall increase the duties, obligations or responsibilities of the Trustee without said Trustee's consent."

3.    Article V of said Trust Agreement is hereby revoked in its entirety and the following substituted therefor:

## "Article V - Trust Distribution Provisions Upon Grantor's Death

### 5.01. Disposition of Trust Property Upon Death of Grantor.

Subject to the terms of the above Article IV, upon the death of the Grantor, the Trustee shall distribute all the trust property, together with any unpaid income, outright and free from any trust, as follows:

3

(a)    All of the Grantors' personal and household effects such as jewelry, clothing, automobiles, furniture, furnishings, silver, books and pictures, shall be distributed in accordance with a memorandum attached hereto and incorporated herein by this reference.  Said memorandum maybe amended from time to time by the Grantor and delivered to the Trustee.  Any personal property not otherwise disposed of by said memorandum shall be distributed outright in equal shares to the Grantor's surviving children.

(b)    The Grantor's automobile shall be sold and the net proceeds distributed outright to **Sokda Pich** residing in Cambodia and if the Grantor's net estate is greater than three hundred thousand dollars ($300,000.00).  In the event the Grantor's net estate is less than three hundred thousand dollars ($300,000.00), **Sokda Pich** shall receive the sum of five thousand dollars ($5,000.00). In the event **Sokda Pich** is not then surviving this bequest shall lapse.

(c)    The sum of ten thousand dollars ($10,000.00) shall be distributed outright to **Jennifer Buckman** and if she is not then surviving this bequest shall lapse.

(d)    The sum of ten thousand dollars ($10,000.00) shall be distributed outright to **Carl T. Pitre** and if he is not then surviving this bequest shall lapse.

(e)    The sum of five thousand dollars ($5,000.00) to **Rita Wong** which shall be used to help pay for a trip of her choice and if she is not then surviving this bequest shall lapse.

(f)    The Trustee shall set aside the sum of ten thousand dollars ($10,000.00) for each grandchild surviving as of the date of death of the Grantor.  Said sum plus any appreciation and net earnings shall be distributed outright to each grandchild upon graduation from college or when said grandchild reaches the age of twenty five (25) years, whichever is the first to occur.  In the event said grandchild should die prior to said distribution, said funds shall be distributed to said deceased grandchild's issue and if none are then surviving said bequest shall lapse.

(g)    The Trustee shall sell the real property located at 714 16th Avenue, Honolulu, Hawaii.  It is the intent of the Grantor that the Residence shall first be offered for sale to the Grantor's children.  **Natalie P. Pitre** shall have the first option to purchase the residence.  This option to purchase granted herein may not be assigned by any child of the Grantor.  The Trustee shall offer the property for sale at 90% of the fair market value of the Residence as of the date of death of the Grantor in an "as is" condition and subject to any and all encumbrances.  This option shall be decided within fifteen (15) days after the Grantor's child having received written notice by the Trustee of the Trustee's intention to sell the Residence.  If said option is exercised, the child shall have ninety (90) days from

4

the date the option was exercised to close the purchase. This closing date may be extended upon the written consent of the Trustee and all beneficiaries who are to receive a portion of the proceeds. In the event the option is not exercised or fails to close, the Residence will then be offered to each of the Grantor's children, subject to the same conditions as set forth herein, in the following order: **Mark F. Buckman** and **Matthew B. Buckman**.

In the event the Residence is not purchased by any of the Grantor's children, the Trustee shall sell the Residence and divide the net proceeds pursuant to the terms and conditions of paragraph 5.01(j) hereinbelow. It is the Grantor's intent and direction that the property be listed and sold by **Natalie P. Pitre**. It is the Grantor's further intent and direction that the property be cleaned and made ready for sale by **Natalie P. Pitre** and **Carl T. Pitre** with compensation for services between $15,000.00 and $20,000.00.

**(h)**     The Trustee shall hold the front house and one-half (½) of the land for the real property located at 3010 and 3010A Kaunaoa Street, Honolulu, Hawaii, subject to any and all encumbrances, in trust for the benefit of **Manoa Buckman** pursuant to the terms and conditions of paragraph 5.03 hereinbelow. It is the Grantor's intent that Rita Wong be the property manager so long as Rita Wong is doing a satisfactory job of managing the property as determined by the Trustee. The real property may be sold and reinvested in other real property (although not required to) but only with the consent of **Mark F. Buckman** and the Trustee.

**(i)**     The Trustee shall hold the back house and one-half (½) of the land for the real property located at 3010 and 3010A Kaunaoa Street, Honolulu, Hawaii, subject to any and all encumbrances, in trust for the benefit of **Matthew B. Buckman** pursuant to the terms and conditions of paragraph 5.02 hereinbelow. It is the Grantor's intent that Rita Wong be the property manager. The real property may be sold and reinvested in other real property (although not required to) but only with the consent of **Mark F. Buckman** and the Trustee.

**(j)**     The Trustee shall distribute the rest, residue and remainder of the trust property in equal shares outright to **Mark F. Buckman** and **Natalie P. Pitre**, and in trust for **Matthew B. Buckman** pursuant to the terms and conditions of paragraph 5.02 hereinbelow. In the event a child of the Grantor is not then surviving, the Trustee shall hold the share to be distributed to such deceased child of the Grantor in trust for the benefit of the issue of said deceased child of the Grantor pursuant to the terms and conditions of paragraph 5.04 hereinbelow.

**5.02. Disposition of Trust Property Held For the Benefit of Matthew B. Buckman.**

The Trustee shall hold the trust property, including the back house for the real property located at 3010 and 3010A Kaunaoa Street, Honolulu, Hawaii, for the benefit of **Matthew B. Buckman** as follows:

**(a)     Income.**

The Trustee shall pay all the net income of said trust to **Matthew B. Buckman** in convenient installments at least as often as quarter-annually.

**(b)     Principal.**

Whenever the Trustee determines that the income of **Matthew B. Buckman** from all sources known to the Trustee is not sufficient for **Matthew B. Buckman**'s HEALTH, EDUCATION, MAINTENANCE and SUPPORT, the Trustee may pay to said **Matthew B. Buckman** or use for **Matthew B. Buckman**'s benefit, so much of the principal of said trust as the Trustee determines to be required for those purposes.

**(c)     Termination of Trust.**

After **Matthew B. Buckman** shall have reached the age of sixty-five (65) years, the Trustee shall distribute to **Matthew B. Buckman** such portions or all of the principal of said trust as **Matthew B. Buckman** from time to time requests by signed instruments delivered to the Trustee.

**(d)     Distribution if Matthew B. Buckman Dies Before Trust Terminates.**

Should **Matthew B. Buckman** die before becoming entitled to receive distribution of the entire trust set aside for **Matthew B. Buckman**, such trust or its undistributed remainder, including all accumulated undistributed income, shall be held in trust for the benefit of **Matthew B. Buckman's** issue, such issue taking *per stirpes* pursuant to the terms and conditions of paragraph 5.04, or should no such issue then be surviving, such trust shall go to augment equally the shares then held for the benefit of, the other of the Grantor's children, *per stirpes*, pursuant to the terms and conditions of paragraph 5.01(j).

**5.03. Disposition of Real Property Held For the Benefit of Manoa Buckman.**

The Trustee shall hold the front house on the real property located at 3010 Kaunaoa Street, Honolulu, Hawaii for the benefit of **Manoa Buckman** (hereinafter "grandchild") as follows:

6

**(a)     Income and Principal.**

Whenever the Trustee determines that the income of said grandchild of the Grantor from all sources known to the Trustee is not sufficient for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, the Trustee may pay to said grandchild or use for said grandchild's benefit, so much of the principal of said grandchild's trust as the Trustee determines to be required for those purposes.

**(b)     Termination of Trust.**

After said grandchild of the Grantor shall have reached the age of thirty (30) years, the Trustee shall distribute to said grandchild such portions or all of the principal of said grandchild's trust as said grandchild from time to time requests by signed instruments delivered to the Trustee during said grandchild's life.

**(c)     Distribution if Grandchild Dies Before Trust Terminates.**

Should said grandchild die before becoming entitled to receive distribution of the entire trust set aside for said grandchild, such trust or its undistributed remainder, including all accumulated undistributed income, shall be distributed outright and free from any trust to said grandchild's issue, such issue taking *per stirpes* or should no such issue then be surviving, such trust shall be distributed to **Matthew B. Buckman** pursuant to the terms and conditions of paragraph 5.02 hereinabove.

**5.04.   Disposition of Trust Property Held For the Benefit of the Issue of a Grantor's Deceased Child (Separate Trusts).**

The Trustee shall divide the trust property held for a deceased child of the Grantor into separate trusts, equal in value, one (1) trust for each issue of a deceased child of the Grantor, hereinafter referred to as the Grantor's "grandchild".  In the event a grandchild of the Grantor is not then surviving, then said deceased grandchild's share of the trust property shall be distributed outright and free from any trust to said grandchild's issue, such issue taking *per stirpes* or should no such issue then be surviving, such trust shall go to augment equally the shares then held for the benefit of, and those previously distributed to, the other of the issue of the deceased child of the Grantor, such issue taking *per stirpes* pursuant to the terms and conditions of this paragraph 5.04 and if no such issue are then surviving, to the other of the Grantor's children, *per stirpes*, pursuant to the terms and conditions of paragraph 5.01(j) hereinabove.  Each trust set aside for a surviving grandchild of the Grantor shall be held and disposed of as follows:

7

(a)    **Trust Provisions Prior to Age Eighteen (Income and Principal).**

While any grandchild of the Grantor is under the age of eighteen (18) years, the Trustee shall use for said grandchild's benefit so much of the income and principal of said grandchild's trust as the Trustee determines to be required, in addition to said grandchild's other income from all sources known to the Trustee, for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, adding any excess income to principal.

(b)    **Trust Provisions Upon Attainment of Age Eighteen (Income and Principal).**

After any grandchild of the Grantor attains the age of eighteen (18) years, the Trustee shall use for said grandchild's benefit so much of the income and principal of said grandchild's trust as the Trustee determines to be required, in addition to said grandchild's other income from all sources known to the Trustee, for said grandchild's HEALTH and EDUCATION, adding any excess income to principal; PROVIDED, HOWEVER, that if said grandchild shall be enrolled full-time at an accredited technical or trade school, university, college or other institution of higher education, the Trustee shall use for said grandchild's benefit so much of the income and principal of said grandchild's trust as the Trustee determines to be required, in addition to said grandchild's other income from all sources known to the Trustee, for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, adding any excess income to principal. The definition of "full-time" shall be as it is defined by the respective accredited technical or trade school, university, college or other institution of higher education.

(i)    Notwithstanding the above, if, due to the necessity of said grandchild to secure employment, internship or otherwise, while attending such educational institution, said grandchild shall be unable to attend such educational institution full-time and, in the absolute and sole discretion of the Trustee, it shall be deemed necessary or advisable and in the best interest of said grandchild to do so, or if such grandchild shall, without such education, in the Trustee's sole discretion, have earned the right to such income and principal from such trust for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, the Trustee may distribute the income and principal of said trust to said grandchild in accordance with the provisions of this subparagraph (b).

(c)    **Trust Provisions Upon Graduation (Income and Principal).**

After any grandchild of the Grantor shall have graduated from such accredited technical or trade school, university, college or other institution of higher education and shall have obtained a Bachelor's Degree or its equivalent, the Trustee shall pay all the net income of said grandchild's trust to said grandchild in convenient

8

installments at least as often as quarter-annually. Whenever the Trustee determines that the income of any grandchild of the Grantor from all sources known to the Trustee is not sufficient for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, and that of said grandchild's dependent children, the Trustee may pay to said grandchild or use for said grandchild's benefit, so much of the principal of said grandchild's trust as the Trustee determines to be required for those purposes.

(d)    **Trust Provisions Upon Attaining Age Twenty-Five (Income and Principal).**

Notwithstanding the provisions of subparagraph (b) hereinabove, after any grandchild of the Grantor shall have attained the age of twenty-five (25) years, or shall have completed his or her education prior to attaining said age, the Trustee shall pay all the net income of said grandchild's trust to said grandchild in convenient installments at least as often as quarter-annually. Whenever the Trustee determines that the income of any grandchild of the Grantor from all sources known to the Trustee is not sufficient for said grandchild's HEALTH, EDUCATION, MAINTENANCE and SUPPORT, and that of said grandchild's dependent children, the Trustee may pay to said grandchild or use for said grandchild's benefit, so much of the principal of said grandchild's trust as the Trustee determines to be required for those purposes.

(e)    **Termination of Each Grandchild's Trust.**

After any grandchild of the Grantor shall have reached the age of twenty-five (25) years, the Trustee shall distribute to said grandchild such portions or all of the principal of said grandchild's trust as said grandchild from time to time requests by signed instruments delivered to the Trustee during said grandchild's life [not exceeding in the aggregate, however, one-fourth (1/4) in value before said grandchild reaches the age of thirty (30) years, nor one-half (1/2) in value before said grandchild reaches the age of thirty-five (35) years]. For the purpose of this subparagraph, the value of the principal of any grandchild's trust shall be its value as of the time said grandchild first became entitled to request a distribution, plus the value of any subsequent additions as of the time of addition.

(f)    **Distribution if Grandchild Dies Before Trust Terminates.**

Should any grandchild die before becoming entitled to receive distribution of the entire trust set aside for said grandchild, such trust or its undistributed remainder, including all accumulated undistributed income, shall be distributed outright and free from any trust to said grandchild's issue, such issue taking *per stirpes* or should no such issue then be surviving, such trust shall go to augment equally the shares then held for the benefit of, and those previously distributed to, the other of

9

the issue of the parent of said grandchild, or if not surviving to their issue, such issue taking *per stirpes* pursuant to the terms and conditions of this paragraph 5.04 and if no such issue are then surviving, to the other of the Grantor's children, *per stirpes*, pursuant to the terms and conditions of paragraph 5.01(j) hereinabove.

**(g)    Distribution of Trust Property With Respect to Afterborn Grandchildren.**

Notwithstanding the foregoing, in the event any child of the Grantor shall have any issue born to such child after the death of the Grantor, and said issue born after the death of the Grantor shall be the only surviving issue of the Grantor, the Trustee shall distribute to each such issue said issue's share of the trust property upon said issue's attaining the age of twenty-one (21) years.

**5.05.    Contingent Beneficiaries.**

If, upon the Grantor's death or upon the termination of any trust created hereunder, the whole or some part of the principal of such trust is not effectively disposed of by this agreement, the Trustee shall distribute such property to the Grantor's then living heirs at law, determined in accordance with the statutes of the State of Hawaii governing the intestate distribution of property which are in effect on the date of the Grantor's death. If such a distribution is to be made upon the termination of any trust hereunder, the determination of the Grantor's heirs law shall be made as if the Grantor had died immediately upon such termination."

4.    Paragraph 7.03 (y) of Article VII of said Trust Agreement is hereby added as follows:

**"(y)    Designation as Personal Representative Under HIPAA.**

The Grantor designates the Trustee as the Grantor's Personal Representative under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), to receive the Grantor's protected health information and to authorize the disclosure and use of the Grantor's protected health information as provided in 45 CFR Part 164, and as it may be amended from time to time."

5.    Article IX of said Trust Agreement is hereby revoked in its entirety and the following substituted therefor:

10

## "Article IX - Miscellaneous Trust Provisions

### 9.01. Trust Situs.

This instrument and the dispositions under it shall be construed and regulated and their validity and effect shall be determined by the laws of the State of Hawaii. Notwithstanding the foregoing provisions of this Trust, the situs of any of the trusts created hereunder may be transferred, at any time and from time to time, to such other state of the United States of America or to such other country or jurisdiction, as the Trustees shall deem advisable in their absolute discretion, without the approval of any court unless required by applicable law and without the filing of any bond. Once the situs is moved, this instrument and the disposition under it shall be construed and regulated and their validity and effect shall be determined under the laws of the jurisdiction to which the trust situs has been moved. The Trustees are hereby authorized to take whatever action may be necessary to effect a transfer of situs. If court approval is required to effect a transfer of situs, it is the Grantor's intention and desire that the court accept the determination of the Trustees even if one or more trust beneficiaries disagree with such determination. A transfer of situs by the Trustees shall be evidenced by an instrument in writing, signed and acknowledged by them.

### 9.02. Confidentiality.

The terms and provisions of this trust shall be kept in confidence by the Trustee. If and to the extent that the law permits, and then only during the lifetime of the undersigned Grantor, the Trustee is hereby directed not to and shall not file the trust instrument nor any copy thereof in any court, and shall not register the trust with any court or governmental body, and shall not reveal the terms thereof to any beneficiary or to any other person except as authorized by the Grantor. Upon the death of the Grantor the Trustee may make such filing or registration, or may from time to time make such revelation or accounting to any beneficiary as the Trustee in its sole discretion may deem necessary or advisable.

### 9.03. Definitions.

(a)    **Adopted Children.** In determining the meaning of the words "children," "grandchildren," "issue," "beneficiary" and "descendants" for the purpose of this trust, adopted children of any person, including the Grantor, shall be treated as though they were natural born children of that person.

(b)    **Survivorship.** All beneficiaries under this trust agreement shall be deemed to have survived if they survive the Grantor by Sixty (60) days.

(c)    **Incapacity.** As used herein, "disability" or "incapacity" means a physical or mental disability or incapacity as attested to by a statement of a physician that the

11

Grantor is unable to (i) sufficiently understand or lacks the capacity to make or communicate responsible decisions for himself or herself, or (ii) effectively administer the Grantor's financial and estate planning affairs.

(d)    **Health.**  The term "health" as used herein shall include medical, dental, hospital and nursing expenses as well as expenses of invalidism.

(e)    **Education.**  The term "education" as used herein shall include, but not be limited to, secondary, undergraduate, graduate, postgraduate, college, university, technical or trade schools, and whether directed toward the attainment of a specific degree or not.  It is the Grantor's desire that, insofar as the beneficiaries of the Grantor are concerned, each be enabled to obtain the highest education to which he or she is capable, and that the Trustee liberally exercise its power under this provision to provide for each beneficiary who elects to pursue his or her education all of the reasonable costs of tuition, books, supplies, room, board and living expenses at a suitable educational institution, where appropriate.

## 9.04.  Assets in Other Jurisdictions.

If at any time any trust property is situated in a jurisdiction in which any Trustee is unable or unwilling to act, such person (who may be an officer or employee of any corporate Trustee) or corporation as may be appointed in an instrument signed by the individual Trustee or by the vice-president of the corporate Trustee shall act as Trustee with respect to that property, and such Trustee and every successor Trustee so appointed shall have all the title, powers and discretion with respect to that property that is given to that Trustee. The net income from that property and any net proceeds of its sale shall be paid over to the principal Trustee.

## 9.05.  Interpretation.

Whenever necessary in this agreement and where the context permits, the singular term and the related pronoun shall include the plural, the masculine, the feminine and the neuter.

## 9.06.  Headings.

The paragraph headings used herein are for descriptive purposes only and shall not be deemed to alter or modify the meaning of any paragraph contained herein.

## 9.07.  Disclaimer.

Except to the extent fundamentally inconsistent with the provisions of this trust and the Grantor's estate plan, the Grantor hereby authorizes the Trustee to renounce, in whole or

12

in part, any devise or legacy or any interest in any trust provided for the Grantor's benefit under the will of any person or under any trust instrument at any time within nine (9) months after the date of the transfer which created an interest in the Grantor. In addition to any renunciation rights conferred by law, the Grantor hereby authorizes any person at any time within nine (9) months after the date of the Grantor's death to renounce, in whole or in part, any interest, benefit, right, privilege or power granted to such person by this trust. Any such renunciation shall be made by duly acknowledged written instrument executed by such person or his or her conservator, guardian, committee, personal representative, executor or administrator delivered to the Grantor's Personal Representative and Trustee and filed in the court having jurisdiction over this trust. The property, interest or power disclaimed or renounced shall pass as though the beneficiary predeceased the Grantor."

Subject to the terms and conditions of this Amendment, the Trust and trust estate first created by and under the provisions of the above-mentioned Trust Agreement of **Patricia W. Buckman** dated June 20, 2006, as amended, shall in all other respects continue in full force and effect.

IN WITNESS WHEREOF, **Patricia W. Buckman**, as Grantor and as Trustee, has executed this Amendment on ___APR 2 9 2011___.

_Patricia W. Buckman_
**Patricia W. Buckman**
Grantor and Trustee

STATE OF HAWAII ⎠

⎠  SS.

CITY AND COUNTY OF HONOLULU ⎠

On ___APR 2 9 2011___, as certified before me personally appeared **Patricia W. Buckman**, also known as **Patricia Whitaker Buckman**, as Grantor and as Trustee of the First Amendment to Declaration of Revocable Trust of Patricia W. Buckman dated June 20, 2006, as amended, consisting of 13 pages, to me known to be the person in and who executed the foregoing instrument dated ___APR 2 9 2011___ and acknowledged that she executed the same as her free act and deed as such Grantor and Trustee aforesaid.

Notary Public, State of Hawaii
Name: RANDALL M.L. YEE
My Commission Expires:  First Circuit
March 6, 2014

13