IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA W. BUCKMAN, PATRICIA W. BUCKMAN REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARK F. BUCKMAN, ET. AL.<br><br>Defendants. | Civil No. 1:24-CV-00129-MWJS-KJM<br><br>DECLARATION OF MARK F. BUCKMAN REGARDING SCOPE OF RULE 11 SANCTIONS MOTION AND RICHARD WILSON'S VIOLATIONS OF JUDGE MICAH W. J. SMITH'S RULE OF CIVILITY<br><br>Trial Date: Vacated<br><br>Judge: Hon. Micah W. J. Smith |

**DECLARATION OF MARK F. BUCKMAN**

I, Mark F. Buckman, declare as follows:

1.     I am an attorney licensed to practice law before this Court and I am co-counsel of record in this matter. I am also a Defendant and Counter Claimant in this matter.  I am over the age of 18, and I have personal knowledge of the facts recited in this Declaration. If called as a witness in these proceedings, I could and would testify competently to these facts.

2.     Jennifer and I believe the binding Term Sheet we signed in this case on July 17, 2025 is a binding legal agreement and enforceable.  We want it enforced pursuant to its terms and are ready, willing, and able to live with it.  By filing the

1

accompanying Rule 11 Sanctions motion, we are not seeking to set aside or disregard the Term Sheet.

3.     However, given that we served the Rule 11 Motion on Richard Wilson back in July, that Mr. Wilson is the main actor in the Rule 11 Motion, and that he has filed another pleading in Court with false and unsubstantiated allegations against me, we believe the Court should consider the motion and sanctions against Mr. Wilson.  We did not agree to absolve Mr. Wilson of his misconduct in our binding Term Sheet.  I have met and conferred with Mr. Wilson pursuant to LR 7.8 regarding this motion, and he has refused to engage on the substance.  In email and other communications, he claimed that he had not violated Rule 11 by pleading factually unsupported allegations against Jennifer because Jennifer, in her deposition months later, acknowledged that she was present when the then-disputed documents were signed.  I believe Mr. Wilson was also discourteous and abusive in that exchange.  A true and correct copy of our email exchange on this point is attached as Exhibit 1 (I did change the font size as some of it was small and I also removed some blank space, but all the words remain totally accurate.)

4.     I have a different understanding of Rule 11 in that I believe Rule 11 is violated with an attorney pleads allegations without factual basis at the time he files the pleading, especially when not made on "information and belief."

5.    As such, although we are filing the Rule 11 motion exactly as it was served back in July, the relief Jennifer Buckman is seeking is only against Mr. Wilson, and not Plaintiffs.  (We believe the motion speaks for itself and that Mr. Wilson has improperly caused Jennifer to expend time and effort in defending herself due to Mr. Wilson's improper actions.)  As stated in the motion, we do not believe Patricia engaged with Mr. Wilson, Ms. Buchwald, and Ms. Pitre to make up allegations against Jennifer in the second amended complaint.

6.    On a related matter, in accordance with Rule I of Judge Smith's Individual Rules of Practice, I am bringing the court's attention to the manner in which Mr. Wilson has been corresponding with me and treating me in a non-professional and discourteous manner.  Attached hereto as Exhibit 2 are true and correct copies of 4 pages of emails I've exchanged with Mr. Wilson.  In those emails, he says such things as

    *    "You have lost your mind.  I suggest you need to see a psychiatrist." (Exhibit 2, page 2);

    *    In response to my stating, "I would ask that you please keep your communications professional and  somewhat courteous - I'm trying to do the same for you.  Especially your crack about the psychiatrist - that's something I don't think the court wants attorneys to be doing"  Mr. Wilson responded:  "That was not a crack.  You need help."  (Exhibit 2, page 1);

\*    Mr. Wilson also accused me of "vile" behavior in a deposition, which is not borne out by the facts;

\*    In response to my saying, "If you want to file any motion, you will have to set up a meet and confer with me and we can discuss it as required by the local rules" Mr. Wilson stated, "I am disinclined to take instruction from you." [Mr. Wilson's latest filing, ECF 195, acknowledges that he again chose not to comply with LR 7.8, which has been a recurrent issue.]

7.    The Rule 11 Motion contains examples of other unprofessional conduct, such as Mr. Wilson saying he thinks that I'm a "f'ing jackass" and implying that one solution to this case would involve dumping me in a sugar cane field. He also essentially states that he cannot keep his actions "objective and impersonal" in this matter. (Exhibit 17 to my declaration in support of the motion.) I can provide additional example should the court so desire.

8.    Mr. Wilson's attitude and conduct has made the case more difficult and more expensive for us. In sum, I would like his communications to be more professional so we can wrap up this case and move on.

I declare under penalty of perjury under the laws of the United States that the facts recited above are true and correct.

Executed March 1, 2026 in Elk Grove, California.

/s/ Mark F. Buckman
MARK F. BUCKMAN

4