**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Wednesday, October 15, 2025 12:06 PM
**To:** Mark Buckman
**Cc:** 'Ing, Louise K.Y.'; 'Jeni Buckman'
**Subject:** Re: Comments to Revised Settlement Agreement / Pre-Filing Conference pursuant to LR 7.8

My comments in red.


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.


On Tuesday, October 14, 2025 at 04:28:45 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:


Rich,  MarK

    I was surprised to see that you had prepared your own draft of the agreement, since you had said you were going to comment on my draft.  Why?  I also told you that I was getting to the point of not wanting to wade through all of the irrelevant, inaccurate, longwinded, revisionist history agreement which had nothing whatsoever to do with the settlement.  MY comment is simple -- your draft is useless.

    Regardless, your draft is unacceptable because it goes beyond the terms of the agreement the parties reached and documented in the Binding Settlement Term Sheet at the settlement conference on July 17.  Um, no it doesn't.  First, my mother and I never agreed that I would dismiss the 25-010 case (yeah, you did), and second, my mother and I never agreed that Matt, Manoa, Kimi, and Tammy would be covered by the releases or signatories to the settlement agreement (yeah, you did, and that was a material term and consideration for Pat). My mother and I never even discussed these topics (so you're admitting that you had substantive settlement discussions with Pat without her counsel present and without his consent -- just another unethical act which you have engaged in), and we certainly did not agree to them (wrong, this was agreed to in the settlement conference). (See, Binding Settlement Term Sheet signed July 17, 2025), Indeed, the release was explicitly limited to the parties who signed the BSTS, and the BSTS also explicitly stated that neither Matt nor Manoa

1

**EXHBIT 1**

would be a signatory (and it never mentioned Kim or Tammy). And you allowed that EO in that case to stand, stating that the case would be dismissed with prejudice by August 29, 2025. I'm simply relying upon YOUR actions.

If you change your mind and decide to follow the BSTS, and Pat's direction (you can stop anytime from pushing the narrative that Pat's wishes are being ignored, no one buys it, its getting old, and shows your desperation), please contact me with comments to the settlement agreement I sent you. Otherwise, we are at an impasse. Impasse? More like we're facing your decision to renege on your agreement.

Regarding the Rule 11 motion, you continue to repeat allegations that you made in the Complaint, but (as we have stated all along) you have no facts to support these allegations (read Pat's deposition). No matter how many times you repeat your claim that mom was "defrauded," it is just an argument for which you have no evidence -- and it is belied by the fact that my mother and I agreed to essentially the same terms at July 17 settlement conference, in the presence of the judge, that we had previously come to in fall 2023. MarK, again, read her deposition, you know, the one you took.

Rule 11 does not permit an attorney to maintain claims that lack any factual support. Rule 11 is also violated by your decision to continue to press claims against Jennifer when my mother has repeatedly testified that she did not even know she was suing Jennifer; indeed, I think every time I've spoken with my mom, she didn't know that "she" was suing Jennifer, including at the MSC in the presence of Judge Mansfield. More admissions of unethical contact with a client represented by counsel. And for the umpteenth time, read her deposition, where she lays it out in simple terms that you stole her property. And, read your wife's deposition, she admitted she was with you, knew what you were doing, and is a practicing lawyer who benefitted from your fraud. I understand, however, that you do not see the facts this way, and that you have made the decision not to dismiss the case against Jennifer, and not to dismiss the conspiracy claim, without discussing the matter with my mother. Is you new name Mr. Clairvoyant? Thank you for letting me know your position; it appears we are at an impasse on this matter as well. You are certainly welcome.

Regards, Bye bye

Mark F. Buckman

P.S.    I would appreciate if you would try to be more professional in our communications. Thanks. I will if you will ......

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Friday, October 03, 2025 1:07 PM
**To:** Mark Buckman
**Subject:** Re: Comments to Revised Settlement Agreement / Pre-Filing Conference pursuant to LR 7.8

My response in red.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com

2

Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Friday, October 3, 2025 at 09:44:56 AM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Rich, Mark

For the record (what record), you have stalled for months and improperly refused to provide comments to the settlement agreement unless I first agree to your (Natalie's and Tammy's) new demand that I agree to dismiss other parties from another Case.  Um, that's a no, there has never been any new demands, just that you stick to your agreement.  All of your settlement drafts read like "War and Peace" wherein you attempt to re-write the history of the Buckman family with you as their Patron Saint of Virtue and Glory.  The agreement, whether memorialized in your handwritten document or not, was that **all** litigation ended.  I note that the EO in the second case issued the same day as the concluded settlement conference memorialized that understanding, and I note you did nothing about it.  I presume that if Judge Mansfield had it wrong, and there was no agreement to dismiss the second lawsuit by August 29 because it had not been settled, you would have been the first to correct him.  Hell, you would have been up-in-arms over it.  Yet, all we received was silence, which equates to estoppel.  That precondition is nowhere in our signed agreement.  So what.

Further, except for dismissing Natalie and Carl, the dismissal of the other defendants from the 25-010 case was not discussed nor agreed between my mom and I.  No Mark, that was **THE** KEY POINT for Pat.  As you were not at the MSC for much of the day (wrong again), and you were not present when my mom and I spoke , it seems you are getting misinformation from Natalie.  Your focus on Natalie is becoming and obsession with you.  You really need help.  Try https://www.betterhelp.com/ or https://helloalma.com/.  These sites will point you to a therapist who might be able to help you.  Let me know if you would like a referral the next time you're in town.  Obviously, that has been a continuing problem in this case.  Again, believe what you like, wrong as it is.

Please speak directly with your client Pat and not through Natalie or anyone else as to what my mom and I agreed. I don't generally take instructions from opposing counsel, and while its tempting, you know, you being you, that's another no.  And I know what Pat agreed to. There is not a single word about dismissing the other defendants from Case 25-010 in our signed agreement, and for good reason.  So.  And riddle me this Batman, why were you silent after you received the second EO in that case?  Hmmmm, I look forward to your explanation.  There is great 9th Circuit law regarding judicial estoppel and waiver.

I will calendar Monday at 11 AM HST for a call to comply with LR 7.8.  Okie dokie.

Hopefully you speak with Pat in the meantime so we get the settlement agreement documented and done.  I'm confident it's agreeable to my mom.  Sure, fine, whatever you say.

Regards,  Bye bye.

Mark Buckman

Sent by my Continuum Transfunctioner

3

On Oct 3, 2025, at 12:16 PM, Richard Wilson <rewilson_law@yahoo.com> wrote:  Mark --  I don't work on your schedule.  Three months means nothing -- I just got this newest, 10-page agreement yesterday.  Unlike you, I have other cases which require my attention.  I will review your proposed revised settlement agreement over the weekend.  Be advised, however, as I told Louise, as long as you insist to pursue others in the companion lawsuit there will be no settlement.  A, perhaps the most, material point for Pat was that all of the litigation in these lawsuits was ended.

I will, however, give you my preliminary thoughts on your bullet points.

My comments are in red.

RichRichard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

<markfbuckman@sbcglobal.net> wrote:

Good Morning Rich,  (Hi Mark)

Could I please get your comments to the revised settlement draft today?  It's been three months and we really need to fish or cut bait.  (See above)  If you cannot or will not provide comments / revisions, then please confirm 10:00 a.m. this morning (or another time today or Monday) for a meet and confer call (Monday is fine for a call) so we can discuss the (1) Motion to Lift Stay (I will not agree), (2) Motion to Enforce Settlement (Seems moot if the stay is not lifted, but if it is, we will likely move to enforce), (3) Motion to Appoint a Guardian Ad Litem for Patricia (Proceed as you like, we will respond once I see your motion), and (4) Rule 11 Sanctions Motion (*Id*.).

Thank you. (You're welcome)

Mark F. Buckman, Esq.

8359 Elk Grove Florin Rd

Suite 103 - 320

Sacramento, CA 95829

Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.

---

**From:** Mark Buckman [mailto:markfbuckman@sbcglobal.net]
**Sent:** Thursday, October 02, 2025 12:49 PM
**To:** 'Richard WIlson'; 'Thomas Bush'
**Cc:** 'Ing, Louise K.Y'; 'Jeni Buckman'
**Subject:** RE: Revised Settlement Agreement - Privileged & Confidential Settlement Communication

Rich,

Here you go.

Mark

---

**From:** Richard WIlson [mailto:rewilson_law@yahoo.com]
**Sent:** Thursday, October 02, 2025 12:01 PM
**To:** 'Thomas Bush'; Mark Buckman
**Cc:** 'Ing, Louise KY.'; 'Jeni Buckman'
**Subject:** Re: Revised Settlement Agreement - Privileged & Confidential Settlement Communication

Mark,

Please send me the revised settlement agreement in word.  My non-commenting on the remainder of your email signals neither approval of, or acquiescence to it substance.

Rich


Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoocom
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system Thank you for your cooperation.

On Wednesday, October 1, 2025 at 06:46:12 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Counsel,

        Attached is a revised and simplified settlement agreement for your review and comment.

        Despite a successful settlement conference back in July, we have not been able to get either of you to comment on the draft agreement that we agreed to prepare. We need to either obtain your comments / approval to the attached document, or move these matters forward with the court.

        I prefer we work to get the settlement agreement finalized.

However, if we have to move forward with the court, we will need to meet and confer on a number of matters. I suggest we meet and confer this Friday at 10:00 am HST.  I alternatively have 1:00 p.m. available.  We need to discuss: (1) Motion to Lift Stay, (2) Motion to Enforce Settlement in both cases, plus:

Case 24-129, Rich and I will have to discuss (3) Motion to Appoint a Guardian Ad Litem for Patricia, so that Rich has someone other than Natalie that he can communicate with regarding "Pat's position," and (4) Rule 11 Sanctions Motion (previously served in July, just need Rich's / Plaintiff's response or remedial actions).

Case 25-010, Tom and I will also have to discuss (4) Motion for default Judgment against Matt, Kimi, and Manoa, and (5) Motion to amend against Tamara Buchwald and Natalie Pitre (due to our discovery of their further tortious interference and secretly conspiring to and using undue influence to change Patricia's estate plan documents so they do not reflect Patricia's stated intentions) as well as spoliation of evidence.

Thank you for your prompt attention to these matters.

Regards,

Mark F. Buckman, Esq.

8359 Elk Grove Florin Rd

Suite 103 - 320

Sacramento, CA 95829

Phone: (916) 442-8300

CONFIDENTIALITY NOTICE:  Privileged and Confidential Attorney-Client Communication and/or Attorney Work Product.  This communication and any accompanying document(s) may be confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege and attorney work product as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address or by telephone at (916) 442-8300.  Thank you.