**Mark Buckman**

| | |
|---|---|
| **From:** | Richard WIlson [rewilson_law@yahoo.com] |
| **Sent:** | Thursday, February 13, 2025 2:21 PM |
| **To:** | Mark Buckman |
| **Subject:** | Re: Your request for admissions |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

My comments in red.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Thursday, February 13, 2025 at 12:06:21 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Hello Rich, Hi MarK

Thank you for your email.  You're welcome.  I would ask that you please keep your communications professional and  somewhat courteous - I'm trying to do the same for you.  Especially your crack about the psychiatrist - that's something I don't think the court wants attorneys to be doing  That was not a crack.  You need help.  Anyone who has no regard for his almost 90 year old Mother (who would repeatedly hammer her in a deposition when she was clearly fading), and who has a vendetta against his sister -- needs help.

You have not met your obligation to meet and confer to try to identify the issues and narrow them down.  For example, your claiming that it's a "waste of time" to respond to part of my email is pretty much the definition of not meeting and conferring.  As another example, you still have not identified more than a single RFA to which you discuss your objection(s).  It seems you believe they are irrelevant?  However, the surrounding circumstances, which involve Natalie's misconduct, are relevant to claims of undue influence and the defense to same, among other issues.  You're not suing Natalie.  'Nough said.  All of the admissions are irrelevant to this case.

The fact is, plaintiff interacted with your other client, Natalie Pitre.  Further, in the months preceding the signing of the disputed deed, Natalie stole from plaintiff, forged plaintiff's name, impersonated plaintiff, owed ~$87,000 of back taxes (for not paying them for ~10 years) and was in a desperate financial situation.  Those circumstances are relevant, as are plaintiff's interactions with Ms. Pitre.  See my preceding comment.  And you Mother already testified that she has full confidence in Natalie.

Plaintiff was put in a bad spot by Ms. Pitre before she signed the deed.  Ms. Pitre was supposed to be the "property manager" of the back house, so when the real estate commission fined her for violating her fiduciary duties and engaging in unethical and illegal conduct to a tenant in mid-2023, that's a relevant consideration for

**EXHIBIT 2**

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Wednesday, February 12, 2025 at 03:47:14 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Hi Richard,

Thank you for your email.  I see that you haven't taken issue with any specific RFA except for number 34, which I address below.  First, though, I'm not sure of the relevance of your block quote - it seems to be simply generic law, not applicable to our facts.  Wrong.  As I previously noted: "The lion share of your request for admissions are irrelevant, and have nothing to do with the claims or defenses in this case.  They primarily concern Natalie and/or her husband Carl."  As for the law, ignore it if you like.

It would be easier if plaintiff simply responded to the RFAs.  Actually it would have been easier if you simply asked appropriate questions during your Mother's deposition.,  They are relevant to defendant's claims and defenses as well as my counterclaim.  No they are not. Your client Natalie Pitre took advantage and stole from your other client, plaintiff Patricia Buckman, impersonated plaintiff, had plaintiff's money levied by the state, and attempted to take over plaintiff's property - that is the background of the dispute.  Finally, you admit the silent part out loud.  Your discovery is on behalf of your Mother, whom you are suing, which is supposedly relevant to a lawsuit which has neither been filed nor is pending.  So, while you might not want to acknowledge my counterclaim, or defenses, the rules do not allow parties to simply stonewall discovery / RFAs if they believe it only relates to the opposing parties' claims.  If you look at them, the RFAs ask straightforward questions and are pretty straight forward to answer.  No, MarK, they aren't.

In my view, you are trying to protect your client, Natalie Pitre, at plaintiff's expense by objecting to these RFAs.  Not only is that ethically questionable, it is simply improper and not a ground to refuse to answer RFAs.  You should be working only to protect plaintiff's interests, and not Natalie Pitre's interests.  Remember, the state court disqualified you and ejected you for the courtroom when you tried to represent both Natalie Pitre and Patricia Buckman at the same time.  That was very troubling, and you should not be using Patricia and this lawsuit to further your client Natalie Pitre's interests.  You have lost your mind.  I suggest you need to see a psychiatrist.

In either case, the RFAs will help use to narrow the disputed issues, lead to relevant evidence, establish issues in the case, avoid unnecessary testimony, and generally moves the case forward.

3

**Mark Buckman**

---

| | |
|---|---|
| **From:** | Richard WIlson [rewilson_law@yahoo.com] |
| **Sent:** | Saturday, February 15, 2025 1:29 PM |
| **To:** | Mark Buckman |
| **Subject:** | Re: Meet and Confer - RFAs |

My responses in RED.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Friday, February 14, 2025 at 02:17:45 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Richard, MarK

I again ask you again to refrain from your ad hominem attacks.  I'm not attacking you MarK. Your doubling down on psychiatrist crack is not professional or necessary.  Your claims of plaintiff being abused or "hammered" in deposition is also contrary to fact. MarK, you refused to allow you Mother to leave the deposition even when it was obvious to all that she was tired and fading.  That is vile behavior, especially when directed at a 90-year-old woman.

In either case, you have not met and conferred in good faith to resolve or narrow down your blanket objections.  As of this date, you still have not stated whether you would answer a single one of the RFAs. I disagree.  It's not my job to fix your improper admissions.  Why don't we just do letter briefs to Judge Mansfield, and schedule a discovery conference.  How's about that.

You have not identified, beyond #34, any objectionable interrogatory, and your objection to that was that it was "over the top."  It's hard to know what you mean, and when I asked discussed the issue and asked for clarification of your concern, you didn't respond.  I've responded to you ad nauseum.  Let's call the Court.

1

## Mark Buckman

| | |
|---|---|
| **From:** | Richard WIlson [rewilson_law@yahoo.com] |
| **Sent:** | Thursday, October 09, 2025 11:46 AM |
| **To:** | Mark Buckman |
| **Cc:** | Louise K.Y. Ing; Jeni Buckman Buckman |
| **Subject:** | Re: meet and confer |

My comments in red.

Richard E. Wilson
735 Bishop St., Ste. 306
Honolulu, HI 96813

rewilson_law@yahoo.com
Direct -- 808.545.1311
Fax -- 808.545.1388

CONFIDENTIALITY NOTICE:  The information contained in this email and any attachments may be privileged, confidential and protected from disclosure.  Any disclosure, distribution or copying of this email or any attachments by persons or entities other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by replying to the message and deleting this email and any attachments from your system. Thank you for your cooperation.

On Wednesday, October 8, 2025 at 05:37:58 PM HST, Mark Buckman <markfbuckman@sbcglobal.net> wrote:

Rich, MarK
Although I disagree with some of your statements in your confirming email, I am not going to provide a point-by-point response. Awe, now that's disappointing.  At this time, I am limiting my response to the following:
- First, we met and conferred by phone to fulfill the requirement of the local rule regarding the motions I intend to bring.  Um, ok.  Although I would point out that you refused to or perhaps were simply unable to tell me what "real" remedies you sought by you Rule 11 motion.
- Second, you said you would get me comments to the settlement agreement on Monday.  I said I would try.  As I told Louise and reiterated to you, spending hours wading through your "settlement agreement" is not high on my list considering that you have or are attempting to renege on the deal, to wit: not dismissing the related case.  So we will never have an agreement unless you stick to the bargain you made.  I still have not received those. Please provide your comments ASAP.
- Third, you confirmed you had not spoken to Patricia in over a week.  So. I do not see how you can be following Pat's direction without communicating with her.  I neither said nor implied that I do not communicate with her.  Please do work with her to prepare comments on the settlement that reflect her position.  I have conveyed to you her position a million times.
- Fourth, it was readily apparent you had not reviewed the Rule 11 motion when we met and conferred, although it was served on you before the July settlement conference. Really, readily apparent.  Please review it and let me know by Monday whether you intend to dismiss the claims against Jennifer and the conspiracy claim against both defendants.  Ok, so now I know.  I am not inclined to dismiss those claims for the simple reason that she, a practicing lawyer, accompanied you when you defrauded Pat, an individual represented by counsel, behind everyone's back, and which gave her POA and other control over Pat.  Two lawyers know better than that. For someone who has been previously sanctioned for unethical conduct with regard to client funds, you certainly know better.
- Finally, I am not amenable to your suggestions as to the timing of the motions, and I disagree with your other statements.  For example, I do not agree with your assertion that we can fulfill the local rule requirement by email because the judge lifted that exception months ago. At this point, I believe we all know what the law is on recording and there is no further need to discuss it. I have no clue what the hell this paragraph means.

If you want to file any motion, you will have to set up a meet and confer with me and we can discuss it as required by the local rules.  I am disinclined to take instruction from you.

Bye bye.

Mark Buckman
Sent by my Continuum Transfunctioner

On Oct 6, 2025, at 12:45 PM, Richard WIlson <rewilson_law@yahoo.com> wrote:

1