IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA W. BUCKMAN, individually, and as Trustee of the PATRICIA W. BUCKMAN REVOCABLE TRUST; and PATRICA W. BUCKMAN REVOCABLE TRUST,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MARK F. BUCKMAN, individually, and as Trustee of the MARK F. BUCKMAN TRUST, *et al.*,<br><br>          Defendants. | Civil No. 24-00129 MWJS-KJM<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY SUPPLEMENTAL REQUEST FOR AN EXTENSION OF TIME TO FILE A FED. R. CIV. P. 25(a)(1) MOTION FOR SUBSTITUTION AND DISMISS ALL CLAIMS BY AND AGAINST PATRICIA W. BUCKMAN |

**INTRODUCTION**

In early November 2025, Plaintiff Patricia W. Buckman passed away.  *See* Dkt. No. 194.  Several months later, in February 2026, Richard Wilson—who had served as counsel for Plaintiffs prior to Patricia's passing—sought an extension of time to file a motion to substitute a proper party for Patricia, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.  Dkt. No. 195.  Over Defendants' objection, the court granted the extension, setting a new deadline for Wilson to file a motion for substitution by May 16, 2026.  Dkt. No. 199.

But a motion for substitution was not filed by May 16.  Instead, on May 8, 2026, Wilson filed a supplemental request for an extension of time to file the Rule 25(a)(1) motion.  Dkt. No. 206.  Defendants again opposed the request.  Dkt. No. 208.  The Honorable Kenneth J. Mansfield, Chief U.S. Magistrate Judge, issued Findings and a Recommendation to deny the supplemental request and to dismiss all claims by and against Patricia without prejudice (the "Findings and Recommendation").  Wilson timely objected to the Findings and Recommendation, Dkt. No. 212, and Defendants opposed that objection, Dkt. No. 215.  Defendants also timely objected to the Findings and Recommendation.  Dkt. No. 213.  The court reviews the Magistrate Judge's Findings and Recommendation *de novo*, finds the matter suitable for resolution without a hearing as authorized by Local Rule 7.1(d), ADOPTS the Findings and Recommendation, and DENIES both Plaintiffs' and Defendants' objections.

## **DISCUSSION**

### A.    **The Findings and Recommendation Denying the Supplemental Request for an Extension of Time to File a Motion for Substitution is Adopted**

Before the extended deadline to file a Rule 25 motion for substitution had expired, Wilson requested a supplemental extension of that deadline.  Such requests are governed by Rule 6(b), which "works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution."  *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (cleaned up).  Rule 6(b), in turn, allows the

2

court to extend a deadline for "good cause" when the request is made "before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).

The Magistrate Judge raised two main concerns regarding Wilson's supplemental request for an extension of time to file the motion for substitution.  The first concern, as explained in the Findings and Recommendation, arose out of Wilson's request to "continue the deadline to file a Rule 25 motion for substitution to 'two (2) business days after the appropriate Order appointing the personal representative" of Patricia's estate was filed in the state probate proceedings.  Dkt. No. 211, at PageID.3680 (quoting Dkt. No. 206, at PageID.3616).  Although the hearing at which the state probate court was set to decide the matter was calendared for June 26, 2026, the Magistrate Judge observed that that date, "like any court date, [was] subject to continuance"—a possibility which seemed likely, given the parties' "contentious" relationships and Defendant Mark Buckman's objections in the probate proceedings.  *Id.*  The bottom line was that it appeared far from clear "when the probate court would issue a ruling," and in light of that uncertainty, Wilson's supplemental request essentially amounted to "asking the Court to issue a blank check."  *Id.* at PageID.3681.  Granting that request, the Magistrate Judge explained, would "certainly prejudice Defendants."  *Id.*

That conclusion was a reasonable one at the time the Findings and Recommendation was issued.  But the possibility that probate proceedings would be dragged out does not appear to have ultimately come to pass.  On June 26, three weeks

3

after the Magistrate Judge issued his Findings and Recommendation, Wilson filed a supplement informing the court that Natalie Pitre had been appointed by the state probate court as Special Administrator of Patricia's estate.  Dkt. No. 214.  And on August 5, Wilson filed a second supplement confirming that Pitre had been "formally . . . empowered to represent the Estate" in the instant lawsuit and to finalize the settlement agreement therein.[1]  Dkt. No. 216, at PageID.3953.  The upshot is that the possibility of the open-ended extension amounting to a blank check—while very real at the time of the Findings and Recommendation—appears to have been mooted by subsequent events.

These developments might address the concerns about the potential prejudice an open-ended extension would pose to Defendants.  They do not, however, address the second reason for the Magistrate Judge's denial of the supplemental extension request: that Wilson had failed to show that Patricia's heirs used the initial extension of the Rule 25 deadline to diligently seek the appointment of a personal representative for Patricia's estate.  As the Magistrate Judge noted, despite Patricia's passing in November 2025, and despite the court's three-month extension of Rule 25's 90-day deadline in February 2026, proceedings to seek the appointment of a personal representative were not initiated in state probate court until April 23, 2026.  And Wilson's supplemental request failed to

---

[1]     The court elects to use its discretion here to consider the evidence of the subsequent developments in the state probate proceedings.  *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

"sufficiently explain . . . what efforts Patricia's heirs made" towards appointing a personal representative prior to April 2026, including the nature of the "difficulty" the heirs had finding an independent attorney to perform the probate work, how many other attorneys Natalie contacted while seeking representation, or whether she contacted her own attorney in the related case at the outset about the possibility of performing the probate work.  Dkt. No. 211, at PageID.3679-80.  Without a meaningful explanation of "the now *seven-month delay* in appointing a personal representative to Patricia's estate," the Magistrate Judge concluded that good cause had not been shown to justify an additional extension.  *Id.* at PageID.3681 (emphasis in original).

The record does not support a different conclusion.  Despite the Magistrate Judge specifically outlining his concerns in the Findings and Recommendation—concerns which this court shares—Wilson has still not explained what actions were taken prior to the initiation of the state probate proceedings or why those actions should be considered sufficiently diligent to establish good cause for a further extension of the deadline to file a motion for substitution.  Although timely requests for extensions pursuant to Rule 6(b)(1)(A) "should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (cleaned up), it remains incumbent on the movant to "demonstrate [the] justification for the issuance of the extension."  4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (4th ed.

2026).  And to this day, Wilson has not meaningfully addressed the gaps in the record or explained why the steps taken prior to the supplemental request were sufficiently diligent to justify the additional extension of the time to file the motion for substitution. Without that information, this court cannot find that "good cause" exists to further extend the deadline.  *Accord Kriley v. Browne*, No. 25-2891, 2026 WL 2241780, at *1 (9th Cir. Aug. 4, 2026) (finding that it was not an abuse of discretion for the district court to deny a second motion to extend a deadline under Rule 6(b), when the court had previously granted a monthslong extension and the movant "made no showing that she [had] diligently" worked towards addressing the source of the delay "during that extension period").

The court therefore OVERRULES Plaintiffs' objection, ADOPTS the Findings and Recommendation, and DENIES the Supplemental Request for an Extension of Time to File a Fed. R. Civ. P. 25(a)(1) Motion for Substitution, Dkt. No. 206.

### B.    The Findings and Recommendation on Dismissal Without Prejudice is Adopted

Defendants object to the Magistrate Judge's recommendation to dismiss this case without prejudice rather than with prejudice.  They assert two primary arguments in support of their contention that dismissal with prejudice is the only appropriate outcome.  First, they contend that in light of settlement reached by the parties before Patricia's death, "the appropriate remedy . . . is dismissal with prejudice, as contemplated in the binding settlement agreement."  Dkt. No. 213, at PageID.3708.

6

Second, they argue that given the pendency of various motions for summary judgment, judgment on the pleadings, and for Rule 11 sanctions, Plaintiffs "would not have been permitted" to voluntarily dismiss the case without prejudice and should not be enabled to obtain a result through Rule 25 that they could not obtain under Rule 41." *Id.* at PageID.3711.  They assert that such an outcome would cause them to suffer legal prejudice.

In support of their position, Defendants rely heavily on cases dismissing actions with prejudice pursuant to Rule 41.  They do not, however, offer any authority in support of the proposition that a Rule 25(a) dismissal without prejudice is subject to the same requirements or considerations—including an evaluation of legal prejudice—as one issued pursuant to Rule 41.  But that distinction is a critical one, because the dismissal provisions in each Rule do not function in precisely in the same way.  *See generally Zanowick*, 850 F.3d at 1093-96 (discussing "Rules 41(a)(2) and 25(a)(1)").  For example, on a motion to dismiss without prejudice pursuant to Rule 41(a)(2), the court must approve of the propriety of the terms of dismissal and "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  Rule 25(a)(1), by contrast, states only that if a timely motion for substitution is not made, "the action by or against the decedent must be dismissed."  Its operation is correspondingly straightforward:  if a party fails to make a timely substitution, "district courts exercise

7

their discretion and decide whether to dismiss the case with or without prejudice."
*Zanowick*, 850 F.3d at 1094-95.  And as the Ninth Circuit has explained, "[t]he rule, its history, and the courts applying it for more than 50 years make clear that dismissal with prejudice . . . is not mandatory—either a dismissal without prejudice or an extension of the 90-day deadline are [also] discretionary options for the district court."  *Id.* at 1095-96.

Although Defendants take issue with the application of *Zanowick* to this case and attempt to distinguish it, *see* Dkt. No. 213, at PageID.3712-1, the court finds its reasoning persuasive and applicable to the circumstances of this action.  After the plaintiffs in *Zanowick* failed to timely file a Rule 25 motion to substitute, the district court dismissed the action without prejudice.  On appeal, the Ninth Circuit noted that while the Rule 25 motion had not been timely filed, the record would have nonetheless supported an extension of the deadline to file the Rule 25 motion.  Based on that record—and because dismissal with prejudice was not required under Rule 25—the court held that the decision to dismiss without prejudice was "well within the district court's ambit."  *Zanowick*, 850 F.3d at 1095-96.

Similar circumstances are present here.  As the Magistrate Judge acknowledged in the Findings and Recommendation, the decision to deny the request for additional time to file a motion for substitution was a "close call."  Dkt. No. 211, at PageID.3681. This court agrees.  And given how close of a call the decision to deny a further

extension is, the court cannot conclude that dismissal with prejudice would be an appropriate exercise of its discretion under Rule 25.  *Accord Zanowick*, 850 F.3d at 1095 n. 6 (collecting cases dismissing actions without prejudice pursuant to Rule 25 for failure to timely substitute); *see also, e.g., Leiva v. Zaldivar-Galves*, No. 23-cv-00986, 2024 WL 2393138, at *2 (E.D. Cal. May 23, 2024), *report and recommendation adopted*, 2024 WL 3013591 (E.D. Cal. June 13, 2024); *Steward v. City of New York*, No. 04-CV-1508, 2007 WL 2693667, at *6 (E.D.N.Y. Sept. 10, 2007) (denying motion to extend time to file Rule 25 motion where plaintiff's counsel had advocated a "'wait and see' approach" but dismissing the action without prejudice pursuant to Rule 25).

The court therefore OVERRULES Defendants' objection, ADOPTS the Findings and Recommendation, and DISMISSES WITHOUT PREJUDICE all claims by and against Patricia W. Buckman.  *See* Dkt. No. 211, at PageID.3682-83 (listing affected claims).

### C.    Defendants' Request to Substitute Mark F. Buckman as Successor Trustee is Denied

Defendants also ask this court to substitute Mark as trustee of the Patricia W. Buckman Revocable Trust, "as he is named as the successor trustee under Patricia's 2023 Trust Amendment," so that he "can move forward to have the claims by and against the Trust dismissed, with prejudice."  Dkt. No. 213, at PageID.3714-15. Defendants' argument for substituting Mark as successor trustee is based on speculation about alleged differences between certain evidence proffered by each

9

party—disputes that are well beyond the scope of objections to the Magistrate Judge's

Findings and Recommendation.  And to the extent that Mark requests to be substituted

as the representative of a plaintiff in an action in which he is a defendant, it "is among

the rudiments of the law that the same person cannot act for himself and at the same

time, with respect to the same matter, as the agent of another whose interests are

conflicting."  *Wardell v. Union Pac. R. Co.*, 103 U.S. 651, 658 (1880).  The request is

therefore DENIED.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1.  Plaintiffs' Objections, Dkt. No. 212, and Defendants' Objections, Dkt. No. 213,

    are OVERRULED.

2.  The Findings and Recommendations issued June 4, 2026, Dkt. No. 211, are

    ADOPTED in full.

3.  The Supplemental Request for an Extension of Time to File a Fed. R. Civ. P.

    25(a)(1) Motion for Substitution, Dkt. No. 206, is DENIED.

4.  All claims by and against Patricia W. Buckman are DISMISSED without

    prejudice.

//

//

//

IT IS SO ORDERED.

DATED:  August 11, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Patricia W. Buckman*, et al. *v. Mark F. Buckman*, et al.; Civil No. 24-00129 MWJS-KJM,
ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION
TO DENY SUPPLEMENTAL REQUEST FOR AN EXTENSION OF TIME TO FILE A
FED. R. CIV. P. 25(a)(1) MOTION FOR SUBSTITUTION AND DISMISS ALL CLAIMS
BY AND AGAINST PATRICIA W. BUCKMAN